**FILED**

SEP 1 4 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT



THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THERESA BRIDIE, STELLA STORM, )
AS PRIVATE ATTORNEYS GENERAL, )
EX REL, THE UNITED STATES OF AMERICA, )
522 HUNTCLUB BLVD #122 Apopka FL )
PLAINTIFFS,  561-628-4333    32703 )
                407-353-4792 )
VS. )
 )
GARY C. ADLER, ROBERT M. ADLER, )
ALLISON ILENE BROWN, JEANNE M. )
CROUSE, RAOMONA DEE ELLIOTT, )
GEOFFREY SMITH IRWIN, CHARLES KEVIN )
KOBBE, JOHN J. LOCURTO, WILLIAM N. )
LOBEL, GLENN A MITCHELL, MALINI )
MITHAL, LUCY EMILY MORRIS, DARA B. )
OLIPHANT, KEVYN D. ORR, JEFFREY MARK )
REISNER, SANFORD M. SAUNDERS, JR., )
ROGER SCHLOSSBERG, MARK DAVID )
TAYLOR, JOHN BUCHANAN WILLIAMS, )
CHRISTINA M. CARROLL, GARY OWEN )
CARIS, LESLEY ANNE HAWES, PETER J. )
MESSITTE, BRICK KANE, JEANNE-MARIE S. )
BURKE, MAIYSHA R. BRANCH, ROBERT S. )
KAYE, WILLIAM E. KOVACIC, ROBB EVANS )
& ASSOCIATES, LLC, JONES DAY, LP AND )
DOES 1-5, INDIVIDUALLY AND JOINTLY )
 )
DEFENDANTS. )

CIVIL CASE NO.:

_____

A FEDERAL RICO COMPLAINT

Case: 1:07-cv-01634
Assigned To : Urbina, Ricardo M.
Assign. Date : 9/14/2007
Description: Pro se General Civil

## STATEMENT OF AUTHORITIES

1) Know all Men by these Presents, that in accord with Ancient Custom, Law, Statute, Rules, Regulations, Public Policy, and all International Treaties, including, but not limited to, the Uniform Commercial Code as adopted and enacted en toto, the undersigned, in their capacity as Private Attorneys General, (See Agency Holding Corp. v. Malley-Duff & Associates, 107 S.Ct. 2759, 483 U.S. 143,151 (1987), do hereby bring this action before this Court pursuant to the

above said authorities, and in addition, do hereby invoke the specific authority of The RICO Act as contained in 18 USC, Section 1961 through Section 1968.

2) THE DISTRICT COURT OF THE UNITED STATES FOR THE DISTRICT OF COLUMBIA has subject matter jurisdiction to consider this claim under authority of 18 USC, Sections 1964 (a) and (c); and by virtue of any pleadings clearly articulating violations of Federal and State laws regarding offenses found at 18 USC, Sections 371, 1962, & 1341. THE DISTRICT COURT OF THE UNITED STATES FOR THE DISTRICT OF COLUMBIA also has subject matter jurisdiction to hear factually sufficient complaints brought under authority of USC 42, Section 1983, for the denial of the right to due process and the denial of the right to equal protection, as these terms have meaning in Law and Statute whenever such acts are committed under the color of law and authority.

## STATEMENT OF VENUE

3) This venue is appropriate in that the true name of the various U.S. District Courts located in the various states outside of the District is actually "THE DISTRICT COURT OF THE UNITED STATES FOR THE DISTRICT OF COLUMBIA", (See USC 40, Section 489 (c)). This fact renders those courts outside of the District mere extensions of the Court located here in the District, (See Balzac v. Porto Rico, 258 U.S. 298 (1922)). Additionally, as the agencies for which the defendants putatively performed the various acts complained of herein are located within the jurisdiction of THE DISTRICT COURT OF THE UNITED STATES FOR THE DISTRICT OF COLUMBIA, this complaint is properly before the Court.

## STATEMENT OF IN PERSONUM JURISDICTION

4) This Court has jurisdiction over the persons named as Defendants by way of the authorities invoked above. Additionally, as the Defendants are agents and/or employees of the United States of America, their actions and behavior in this matter make them accountable pursuant to the authorities invoked above.

5) The Plaintiffs hereby inform the Court that the Plaintiffs are in no way implying that the Defendants in this matter have ever had the sanction of The United States of America in the commissions of their acts as they pertain to the subject matter of this action. Instead, the Plaintiffs contend that the actions and behavior of the Defendants, at all times material to the

claims made in this action, were, and are, outside of the Law.  In point of fact, the Plaintiffs contend that the actions and behavior of the Defendants in this matter are *ultra vires* as to the putative authority of the Defendants to act on behalf of The United States of America.

## STATEMENT OF THE CLAIM

6) The Plaintiffs contend that beginning on or about November 3, 2003, the Defendants engaged in acts, and continue to engage in acts that have in fact caused injury to various entities both natural and *ens legis*.  These historical and continuing acts, have worked, and continue to work, to deprive and destroy the Victims of these acts.  The Defendants, by way of, and because of, their actions and inactions, have in fact trespassed upon and destroyed the rights of the Victims to be safe and secure in their lives, their liberty, and their property.  These acts are set forth more fully below.

7) Specifically, the Defendants have in fact committed violations of the following United States Codes:  a) 18 USC, Sections 471,472, and 473 (Counterfeiting)

b) 18 USC, Section 1341 (Mail Fraud)

c) 18 USC, Section 1343 (Wire Fraud)

d) 18 USC, Section 1503 (Obstruction of Justice)

e) 18 USC, Section 1512 (Witness Tampering)

f) 18 USC, Section 1513 (Retaliating against a Witness)

g) 18 USC, Section 1951 (Interference with Interstate Commerce)

h) 18 USC, Section 1957 (Transactions in Unlawfully Derived Property)

i) 18 USC, Sections 2314, 2315 (Interstate Transportation of Stolen Property)

j) 18 USC, Sections 1956, 1957 (Money Laundering)

k) 18 USC, Section 371 (Fraud)

8) The Plaintiffs contend that the Defendants are liable by way of their actions and inactions in the matter as proven by the self authenticating evidence contained in the record of FTC v. Ameridebt, Case No.: PJM 03-3317.

9) The Plaintiffs contend that the Defendants caused to be issued sham process, pleadings, orders, and other writings, as evidenced in the record, all of which worked to deprive the Victims in this matter of the right to the quiet enjoyment of their lives, liberty, and property.

10) The Plaintiffs have attached hereto, and incorporate herein by reference, the whole of the record of the case in the matter as identified by the attached and certified docket sheet. Additionally, the Plaintiffs have attached hereto a sampling of the above said self authenticating documents identified as follows:

l) Exhibit A, Summons and Complaint (void, fails to meet jurisdictional requirements)

m) Exhibit B, Stipulated Final Judgment (void on its face)

n) Exhibit C, Receiver's Application (void on its Face)

o) Exhibit D, FTC's Application for Immediate Incarceration (void on its face)

p) Exhibit E, Stipulation for Release (void on its face)

11) The Plaintiffs contend that the above said documents, alone, and in conjunction with the whole of the record in FTC v. Ameridebt, Case No.: PJM 03-3317, constitute legally competent evidence of the culpability and liability of the Defendants in the matter now before the Court.

12) Specifically, the Defendants caused the Victims in this matter to lose everything that constituted their wealth and private property by committing acts that the Defendants knew, or should have known, were designed to trespass and destroy the rights of the Victims in this matter. Proof of these acts are self evident and already in the record of the case. The value of the economic loss to the Victims may well be over a Trillion Dollars based on data extrapolated from the record. In addition to the economic losses, at least two of the Victims were incarcerated by way of orders that failed to meet the due process requirements of both Law and Statute. These putative orders were issued in violation of both State and Federal Laws and Statutes prohibiting the punishment by way of retaliation for anyone who stands on his or her rights. In the matter of FTC v. Ameridebt, Case No.: PJM 03-3317, the Victims were incarcerated because they filed documents challenging the validity and veracity of the putative judgment entered in favor of the FTC. The Plaintiffs have attached copies of these documents, filed by the Victims themselves, hereto as Exhibit F.

13) The Defendants, despite timely notice of a challenge filed by the Victims in this matter, as to the Standing and the Jurisdictional issues arising from the actions and inactions of the Defendants, completely failed to perform their duties, which are both sworn and fiduciary. Specifically, the Defendants failed to treat the above said challenge as a motion to dismiss the FTC action against the Victims; and in so doing, the Court adjudicating the matter lost subject

matter jurisdiction. The record of the matter clearly demonstrates that the Defendants have been remiss in the performance of their obligations to the Victims.

14) The Defendants committed acts against the Victims in the FTC matter that they knew or should have known would cause injury to the same said Victims including, but not limited to, those listed herein. The Defendants are Professionals, as that term has meaning in Law and Statute. In fact, they belong to one or more Professional Organizations established to promote and protect the interests of the Defendants. Therefore, the Defendants must be held to a higher standard of behavior. The awesome powers of these Defendants are invested in them because they have supposedly sworn oaths promising to execute the duties of their various offices with diligence. Diligence is defined as "with care and precision". The actions and behavior of the Defendants in this matter belie that presumption.

### NOTICE TO THE COURT

15) The Plaintiffs inform the Court that it must take Judicial Notice of the facts establishing the acts of the Defendants already contained in the record of FTC v. Ameridebt, Case No.: PJM 03-3317, and incorporated by reference herein.

16) The Plaintiffs inform the Court that it must take Judicial Notice of the facts establishing the losses of the Victims already contained in the record of FTC v. Ameridebt, Case No.: PJM 03-3317, and incorporated by reference herein.

17) The Plaintiffs inform the Court that it must take Judicial Notice of the facts establishing that the acts of the Defendants constitute a pattern of activity as already contained in the record of FTC v. Ameridebt, Case No.: PJM 03-3317, and incorporated by reference herein.

18) The Plaintiffs inform the Court that it must take Judicial Notice of the facts establishing the acts of the Defendants as proof that the Defendants are constituent members of an enterprise as defined by the authorities invoked above; specifically 18 USC, Section 1961(4) as already contained in the record of FTC v. Ameridebt, Case No.: PJM 03-3317, and incorporated by reference herein.

### REMEDY SOUGHT AND PRAYER FOR RELIEF

19) Whereas THE DISTRICT COURT OF THE UNITED STATES FOR THE DISTRICT OF COLUMBIA has a duty to order the dissolution of the enterprise, the Plaintiffs

hereby seek the order of the Court to do so immediately upon judgment, or as soon as practicable thereafter under the authority of 18 USC, Section1964(a).

20) Whereas THE DISTRICT COURT OF THE UNITED STATES FOR THE DISTRICT OF COLUMBIA is empowered to order treble damages as a remedy for the injuries suffered by the Victims in this matter at the hands of the Defendants pursuant to the authorities invoked above, the Plaintiffs hereby seek the order of the Court to do so immediately upon judgment, or as soon as practicable thereafter under the authority of 18USC, Section 1964 (c).

21) Whereas THE DISTRICT COURT OF THE UNITED STATES FOR THE DISTRICT OF COLUMBIA is empowered to make and issue orders to remedy the injuries suffered by the Victims in this matter at the hands of the Defendants pursuant to the authorities invoked above, including, but not limited to, the return of all property taken from the Victims in violation of Law and Statute, the Plaintiffs hereby seek the order of the Court to do so immediately upon judgment, or as soon as practicable thereafter under the authority of 18USC, Section 1964 (c).

*Request trial by Jury*

Done and executed this *14th* day of *September*, *2007* A.D., at *Washington*, District of Columbia.

Theresa Bridie©/Authorized Representative, as a Private Attorney General, UCC 1.308

Stella Storm©/Authorized Representative, as a Private Attorney General, UCC 1.308

*522 HUNTCLUB BLVD #/22*
*APOPKA, FL 32703*
*407-353-4792*
*407-869-5330*
*561-628-4333*

JS-44
(Rev.1/05 DC)

**CIVIL COVER SHEET**

## I (a) PLAINTIFFS

*THERESA BRIDIE + STELLA STURM EX REL as PRIVATE ATTORNEY GENERAL*

## DEFENDANTS

GARY C. ADLER CTAN

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

*Seminole County FLORIDA*

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   DC
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
*THERESA BRIDIE + STELLA STORM
533 HUNT CLUB BLVD. #1122
APOPKA, FL 32703
407-353-4792*

Case: 1:07-cv-01634
Assigned To : Urbina, Ricardo M.
Assign. Date : 9/14/2007
Description: Pro se General Civil

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☒ 4 Diversity
(Indicate Citizenship of Parties in item III)

## III CITIZENS
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)  **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

☐ **A.** *Antitrust*

☐ 410 Antitrust

☐ **B.** *Personal Injury/ Malpractice*

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

☐ **C.** *Administrative Agency Review*

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

☐ **D.** *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

☒ **E.** *General Civil (Other)* OR ☒ **F.** *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth In Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant)
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☒ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ☐ **G.** *Habeas Corpus/* *2255* | ☐ **H.** *Employment Discrimination* | ☐ **I.** *FOIA/PRIVACY ACT* | ☐ **J.** *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General ☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation) *(If pro se, select this deck)* | ☐ 895 Freedom of Information Act ☐ 890 Other Statutory Actions (if Privacy Act) *(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ☐ **K.** *Labor/ERISA (non-employment)* | ☐ **L.** *Other Civil Rights (non-employment)* | ☐ **M.** *Contract* | ☐ **N.** *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act ☐ 720 Labor/Mgmt. Relations ☐ 730 Labor/Mgmt. Reporting & Disclosure Act ☐ 740 Labor Railway Act ☐ 790 Other Labor Litigation ☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act) ☐ 443 Housing/Accommodations ☐ 444 Welfare ☐ 440 Other Civil Rights ☐ 445 American w/Disabilities-Employment ☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance ☐ 120 Marine ☐ 130 Miller Act ☐ 140 Negotiable Instrument ☐ 150 Recovery of Overpayment & Enforcement of Judgment ☐ 153 Recovery of Overpayment of Veteran's Benefits ☐ 160 Stockholder's Suits ☐ 190 Other Contracts ☐ 195 Contract Product Liability ☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ Multi district Litigation  ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

1962- Civil RICO Action 18 USC 1962

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23   **DEMAND $** _____   Check YES only if demanded in complaint **JURY DEMAND:** ☒ YES  ☐ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   ☐ YES ☒ NO   If yes, please complete related case form.

DATE 9/14/07   SIGNATURE OF ATTORNEY OF RECORD *[signature]*

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

N:\forms\js-44.wpd

*Exhibit "A"*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

Federal Trade Commission
**Plaintiff**

vs.

Ameridebt, Inc.  et al.
**Defendant**

**S U M M O N S**

**Civil Action No.  PJM-03-CV-3317**

**TO THE ABOVE NAMED DEFENDANT:**

Debtworks, Inc.
12850 Middlebrook Road
Germantown, Maryland 20874

    **You are hereby summoned and required to serve upon Plaintiff's Attorney, whose address is:**

Jeanne-Marie S. Burke
Maiysha R. Branch
Federal Trade Commission
600 Pennsylvania Avenue, NW
Room NJ-3158
Washington, DC 20580

**an answer to the complaint which is herewith served upon you, within ___20___ days after service of this summons upon you, exclusive of the date of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.**

    Sincerely,

    **FELICIA C. CANNON, CLERK**

By: _____
    Deputy Clerk

**DATE:** NOV 2 4 2003 _____

U.S. District Court (11/1999) - Summons

07 1634

**FILED**

SEP 1 4 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

FILED
U.S. DISTRICT COURT
ICT OF MARYLAND

2003 NOV 19  A II: 30

ERK'S OFFICE
AT GREENBELT

BY_____DEPUTY

## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

|  |  |
|---|---|
| **FEDERAL TRADE COMMISSION**<br>600 Pennsylvania Avenue, Northwest<br>Washington, District of Columbia 20580<br>Plaintiff,<br><br>v.<br><br>**AMERIDEBT, INC.,**<br>12800 Middlebrook Road<br>Germantown, Maryland 20874<br>Montgomery County,<br><br>**DEBTWORKS, INC.,**<br>12850 Middlebrook Road<br>Germantown, Maryland 20874<br>Montgomery County,<br><br>**ANDRIS PUKKE,**<br>11509 Dahlia Terrace<br>Potomac, Maryland 20854-1174<br>Montgomery County<br>Defendants, and<br><br>**PAMELA PUKKE a/k/a Pamela Shuster**<br>11509 Dahlia Terrace<br>Potomac, Maryland 20854-1174<br>Montgomery County<br>Relief Defendant. | Civil Action No.:  PJM 03 CV 3317<br><br>Complaint for Injunctive and<br>Other Equitable Relief |

## COMPLAINT FOR INJUNCTIVE
## AND OTHER EQUITABLE RELIEF

The Federal Trade Commission alleges:

1.      This is an action under Sections 5(a) and 13(b) of the Federal Trade Commission Act

("FTC Act"), 15 U.S.C. §§ 45(a) and 53(b), and Sections 503 and 505(a)(7) of the Gramm-Leach-Bliley

Act ("GLB Act"), 15 U.S.C. §§ 6803 and 6805(a)(7), to secure permanent injunctive relief and other

equitable relief, including rescission, reformation, restitution, and disgorgement, against Defendants for engaging in unfair or deceptive acts or practices in or affecting commerce in violation of Section 5(a) of the FTC Act, as amended, 15 U.S.C. § 45(a), and failure to provide consumers with the disclosures required by Subtitle A of Title V of the GLB Act, 15 U.S.C. §§ 6801 through 6809, and the FTC's Privacy of Consumer Financial Information Rule ("Privacy Rule"), 16 C.F.R. Part 313.

## JURISDICTION AND VENUE

2.    This Court has subject matter jurisdiction over this matter pursuant to 15 U.S.C. §§ 45(a), 53(b), 6805(a)(7), and 28 U.S.C. §§ 1331, 1337(a) and 1345.

3.    Venue is proper in the United States District Court for the District of Maryland under 28 U.S.C. §§ 1391(b) and (c), and 15 U.S.C. § 53(b).

## PARTIES

4.    Plaintiff, the Federal Trade Commission, is an independent agency of the United States Government created and given statutory authority and responsibility by the FTC Act, as amended, 15 U.S.C. §§ 41-58. The Commission is charged with enforcing Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), which prohibits unfair or deceptive acts or practices in or affecting commerce, and Title V of the GLB Act, 15 U.S.C. §§ 6803 and 6805(a)(7). The Commission is authorized by Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), to initiate federal district court proceedings to enjoin violations of the FTC Act and to secure such equitable relief as may be appropriate in each case, including, but not limited to, restitution and disgorgement.

5.    AmeriDebt, Inc. ("AmeriDebt") is a Maryland non-stock corporation with its principal place of business at 12800 Middlebrook Road, Germantown, Maryland. AmeriDebt has also

2

conducted business at 12850 Middlebrook Road, Suite 400, Germantown, Maryland. AmeriDebt

transacts business in this District. Although AmeriDebt has obtained 501(c)(3) status from the Internal

Revenue Service, it operates for the economic benefit of for-profit companies and/or private persons and

is therefore a "corporation" within the meaning of Sections 4 and 5(a) of the FTC Act, 15 U.S.C. §§ 44

and 45(a).

     6.     DebtWorks, Inc. ("DebtWorks") is a Maryland corporation with its principal

place of business at 12850 Middlebrook Road, Suite 210, Germantown, Maryland. Previously,

DebtWorks maintained its principal place of business at 12850 Middlebrook Road, Suite 400,

Germantown, Maryland. DebtWorks is a for-profit company that transacts business in this District.

     7.     Andris Pukke ("Pukke") is DebtWorks' founder and sole shareholder. In

addition, Pukke was chairman and chief executive officer of DebtWorks from July 1999 to May 2002

and its president from July 1999 to January 2002. Pukke also assisted in the founding of AmeriDebt.

Individually or in concert with others, he directs, controls, formulates, or participates in the acts or

practices alleged in this complaint. He resides, transacts or has transacted business in this District.

     8.     Defendants AmeriDebt, DebtWorks, and Pukke operate together as a common enterprise.

     9.     Relief Defendant Pamela Pukke (also known as Pamela Shuster) was one of the

original founders of AmeriDebt and served as a director, vice president, and treasurer from at least

March 1997 until October 1999. She also signed at least one document as President of AmeriDebt in

December 2000. Individually or jointly with her spouse, Andris Pukke, she has received funds and other

property that were derived unlawfully from payments by consumers as a consequence of the acts and

practices complained of herein, and she does not have a legitimate claim to those funds. She resides in

this District.

## DEFENDANTS' BUSINESS PRACTICES

10.    AmeriDebt styles itself as a non-profit credit counseling organization dedicated to assisting consumers having difficulties with their personal finances. Its clients include over-extended consumers with excessive debt who are having difficulties making their required monthly payments on time.

11.    The credit counseling industry has been in existence for over 50 years. Historically, credit counseling organizations have been non-profit companies offering consumers with financial difficulties advice from credit counselors. This advice may include helping consumers develop a budget and providing advice on reducing expenses.

12.    When appropriate for a particular consumer, a credit counseling organization may also offer to help the consumer restructure his existing debt payments through a debt management plan ("DMP"). DMPs allow consumers to pay the credit counseling organization one consolidated monthly payment for all of their unsecured debts that are included in the plan. After the monthly payment is collected, the organization disburses payments to the creditors on the plan. Creditors often offer reduced interest rates and waiver of certain fees to consumers who pay through a DMP. Many of these non-profit organizations charge small fees, such as $19 to enroll plus $12 for monthly maintenance, or no fee at all.

13.    Although AmeriDebt's website has stated that Defendants are "the industry leader in credit counseling and debt management," and that they will "teach you how to handle credit in the future" (Exhibits 1 and 2), Defendants do not provide advice about consumers' finances or teach them

4

how to handle debt in the future. Instead, they enroll all of their clients in DMPs, and their dealings with consumers consist of describing the DMPs and enrolling consumers on the plans. Defendants solicit prospective clients for the DMPs through television, radio, print, and internet advertisements. These advertisements make various claims about the services that Defendants provide to consumers and invite consumers to call AmeriDebt for a free consultation. In 2001, Defendants spent more than $11 million on advertisements.

14.     Defendants employ customer service representatives, whom Defendants call "counselors," to sell DMPs to consumers. Defendants train these representatives to market the DMPs by making a variety of statements about the services offered and terms of enrollment. The representatives receive bonuses based on the amount of revenue they generate – that is, the amount of fees they collect from consumers.

15.     Defendants represent, both in advertisements and orally, that they do not charge up-front fees for enrolling in the DMPs. For example, in a television advertisement, Defendants state, "We're a non-profit organization offering free consultations and solutions to consumers seeking to eliminate their debt." (Exhibit 3). In response to the question, "How much will it cost me to be on the Debt Management Program," AmeriDebt's website has stated, "Due to the fact that AmeriDebt is a non-profit organization, we do not charge any advance fees for our service. We do request that clients make a monthly contribution to our organization to cover the costs involved in handling the accounts on a monthly basis." (Exhibit 4).

16.     In the initial telephone call with the consumer, Defendants' representative obtains the consumer's debt information, determines the estimated amount of the consumer's monthly payment

under the DMP, tells the consumer when he will receive the contract (usually the same day via fax or internet), and presses the consumer to return the signed contract immediately.

17.    After Defendants receive the signed contract, Defendants' representative contacts the consumer, tells him that he must make the first payment to be formally enrolled in the program, and urges him to make the payment quickly. In most instances, Defendants keep the consumer's first payment as the up-front fee for participating in the DMP, and disburse none of it to creditors.

18.    Although Defendants refer to the up-front payments in their form contracts, they call the payments "contributions" and state that they are voluntary. These disclosures, which come late in the transaction, are inconsistent with the statements Defendants have already made to consumers that there are no up-front fees to obtain Defendants' services. Moreover, Defendants' description of the fees as "voluntary" leads consumers to believe that they have a choice about whether and when to make these contributions, not that Defendants will automatically keep consumers' first payments.

19.    In addition to charging up-front fees, Defendants charge consumers monthly fees in order to participate in the DMPs. Monthly fees are typically $7 for each account included in the DMP, with a minimum total monthly fee of $20 and a maximum fee of $70 per month for the life of the plan (typically, three to five years). Although the fees generate substantial revenues for affiliated for-profit entities and individuals, Defendants repeatedly represent to consumers that AmeriDebt is a non-profit entity.

20.    Once AmeriDebt has enrolled the consumer in the DMP, AmeriDebt sends the consumer's file to its servicing company. From September 1999 until December 31, 2002, DebtWorks was the servicing company for all of Defendants' DMP accounts. DebtWorks has earned substantial

6

fees from these services. For example, AmeriDebt paid DebtWorks over $13 million in 2000 and $27 million in 2001 for servicing the DMP accounts.

21.     As AmeriDebt's servicing company, DebtWorks handled all communications with creditors and consumers, including setting up repayment terms with creditors, fielding incoming calls from consumers, making outgoing calls to consumers and creditors, updating consumers' information, collecting payments from consumers, and disbursing payments to creditors.

22.     Defendants conduct the business practices described in this complaint through an interrelated maze of companies that have had common ownership, officers, and business functions. For example, Defendant Pukke was instrumental in the founding of AmeriDebt, currently owns DebtWorks, and controlled both companies for a period of time. Further, other individuals have held key leadership positions for more than one of the corporate Defendants. For example, DebtWorks' former chief operating officer was also a manager and director of AmeriDebt. In addition, after AmeriDebt enrolled a consumer in a DMP, DebtWorks performed the remainder of the operations associated with the DMP, and DebtWorks employees held themselves out to be employees of AmeriDebt.

## FEDERAL TRADE COMMISSION ACT VIOLATIONS

### Count I: Misrepresentation of Up-Front Fees

23.     Plaintiff incorporates by reference all of the foregoing paragraphs.

24.     In numerous instances, through their advertisements, contracts, and employees Defendants have represented, expressly or by implication, that they charge no up-front fees for enrolling in the DMPs.

25.     In truth and in fact, Defendants do charge up-front fees for enrolling in the DMPs. Therefore, Defendants' representations were, and are, false or misleading.

7

### Count II: Deceptive Omission That Defendants Retain All or a Substantial Portion of a Consumer's First Payment as a Fee

26.    Plaintiff incorporates by reference all the foregoing paragraphs.

27.    Defendants, through their advertisements, contracts, and employees, have represented, expressly or by implication, that consumers' payments will be disbursed to creditors. Defendants have failed to disclose that Defendants keep all or a substantial portion of a consumer's first payment as a fee. This fact would be material to consumers. Defendants' failure to disclose this fact, in light of the representations made, was, and is, a deceptive practice.

### Count III: Misrepresentation That Defendants Teach Consumers How to Handle Credit and Finances in the Future

28.    Plaintiff incorporates by reference all the foregoing paragraphs.

29.    Defendants, through their advertisements, contracts, and employees, have represented, expressly or by implication, that they teach consumers how to handle their credit and finances in the future.

30.    In truth and in fact, Defendants do not teach consumers how to handle their credit and finances in the future. Therefore, Defendants' representations were, and are, false or misleading.

### Count IV: Misrepresentation That AmeriDebt is a Non-Profit Entity

31.    Plaintiff incorporates by reference all of the foregoing paragraphs.

32.    Defendants, through their advertisements, contracts, and employees, have represented, expressly or by implication, that AmeriDebt is a non-profit entity.

33.    In truth and in fact, AmeriDebt is not a non-profit entity. Therefore, Defendants' representations were, and are, false or misleading.

8

## GRAMM- LEACH- BLILEY ACT VIOLATION

### Count V: Failure to Provide Required Disclosures

34. Plaintiff incorporates by reference all of the foregoing paragraphs.

35. AmeriDebt is a financial institution for purposes of the GLB Act and the Privacy Rule. 15 U.S.C. 6809(3); 16 C.F.R. Part 313.3(k). Pursuant to the GLB Act and the Privacy Rule, AmeriDebt was required to provide, on or before July 1, 2001, notices to their customers regarding the collection, disclosure, and protection of nonpublic personal information about its customers.

36. AmeriDebt did not send these required notices to its existing customers until July 2002.

37. AmeriDebt's failure to provide notices to its existing customers on or before July 1, 2001 constitutes a violation of Section 503 of the GLB Act, 15 U.S.C. § 6803, and the Privacy Rule, 16 C.F.R. Part 313.

## CONSUMER INJURY

38. Consumers have suffered, and will continue to suffer, substantial injury as a result of Defendants' violations of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), Section 503 of the GLB Act, 15 U.S.C. § 6803, and the Privacy Rule, 16 C.F.R. Part 313, as set forth above.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court, as authorized in Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), and pursuant to its own equitable powers:

1. Enter judgment against Defendants and in favor of plaintiff for each violation charged in the Complaint;

2. Permanently enjoin and restrain Defendants from violating the FTC Act as alleged herein;

9

3.    Permanently enjoin and restrain Defendant AmeriDebt from violating Section 503 of the

GLB Act or the Privacy Rule as alleged herein;

4.    Award such relief as the Court finds necessary to redress injury to consumers

resulting from Defendants' violations of the FTC Act, including, but not limited to, the recission of

contracts, the refund of monies, and the disgorgement of ill-gotten monies;

5.    Award such relief against Relief Defendant Pamela Pukke that the Court deems

necessary to protect and return funds and other property to which Pamela Pukke has no legitimate claim

that were derived from Defendants' violations of Section 5(a) of the FTC Act, including an order to

disgorge all ill-gotten gains or proceeds that she has received as a result of the acts and practices

complained of herein, and an order imposing a constructive trust upon such gains or proceeds; and

///

///

///

///

///

///

///

///

///

///

///

6.    Award Plaintiff such other and additional equitable relief as the Court may determine to

be just and proper.

Dated: November 19 2003

Respectfully Submitted,

FEDERAL TRADE COMMISSION
WILLIAM E. KOVACIC
General Counsel

JEANNE-MARIE S. BURKE
MAIYSHA R. BRANCH
Federal Trade Commission
600 Pennsylvania Avenue, NW
Room NJ-3158
Washington, DC 20580
(202) 326-2874 (telephone)
(202) 326-3768 (facsimile)

Local Counsel
ROBERT S. KAYE
MD.D.CT. # 09560
Federal Trade Commission
600 Pennsylvania Avenue, NW
Room H-238
Washington, DC 20580
(202) 326-2215 (telephone)
(202) 326-3395 (facsimile)

# UNITED STATES DISTRICT COURT
### OFFICE OF THE CLERK
## DISTRICT OF MARYLAND

Felicia C. Cannon, Clerk

Reply to Southern Division Address

John A. Cerino, Chief Deputy

TO:       Party or Counsel

FROM:     Clerk of Court

SUBJECT:  Disclosure of Corporate Interest

Within ten (10) days of receipt of this notice, please file a disclosure of corporate interest in accordance with Fed. R. Civ. P. 7.1 and Local Rule 103.3 (D. Md.). If there are no such interests which are required to be disclosed you must file a statement saying there are no interests to be disclosed.    A form disclosure of corporate interest is available on our web site: www.mdd.uscourts.gov.

This information is required to inform the Judge to whom this case is assigned of any possible need for disqualification from hearing this case.

Very truly yours,

Felicia C. Cannon, Clerk

U.S. District Court Disclosure of Corporate Interest Notice (Rev. 6/13/2003)

Northern Division • 4415 U.S. Courthouse • 101 W. Lombard Street • Baltimore, Maryland 21201• 410-962-2600
Southern Division • 240 U.S. Courthouse • 6500 Cherrywood Lane • Greenbelt, Maryland 20770 • 301-344-0660

Visit the U.S. District Court's Web Site at www.mdd.uscourts.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| _____ | * | |
| Plaintiff | * | |
| vs. | * | Civil Action No.: _____ |
| _____ | * | |
| Defendant | * | |

\* \* \* \* \* \*

## GENERAL CONSENT TO PROCEED
## BEFORE A UNITED STATES MAGISTRATE JUDGE

In accordance with the provisions of Title 28 U.S.C. § 636(c), the parties to the above-captioned civil matter hereby voluntarily waive their rights to proceed before a United States District Judge and consent to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and order the entry of a final judgment.

_____          _____
Name of Party                                              Name of Party

_____          _____
Signature of Party or Counsel                       Signature of Party or Counsel

_____          _____
Date                                                             Date

## ORDER OF REFERENCE

IT IS HEREBY **ORDERED** this _____ day of _____, 20_____, that the above-captioned matter be referred to United States Magistrate Judge _____ for all proceedings and the entry of judgment in accordance with Title 28 U.S.C. § 636(c) and the foregoing consent of the parties.

_____
United States District Judge

Ameridebt: Who We Are



## ☆ Who we are

AmeriDebt is a non-profit organization dedicated to assisting consumers that are having difficulties with their personal finances. We are the industry leader in credit counseling and debt management.

In a national climate of rising debt, we can provide both advice and solutions to consumers who are struggling with their creditors.

AmeriDebt offers the most beneficial program in the industry. We offer many solutions through our debt management program that can assist our clients into reducing their overall debt.

AmeriDebt understands the countless circumstances that force consumers into debt: medical emergencies, sudden loss of income, and over spending... Our counselors can tailor a repayment plan to meet your particular needs. We negotiate the best possible arrangements with your creditors so that you repay your debt and meet living expenses at the same time.

Click Here to Apply On-line

☆ Call NOW 1-800-408-0044

Who We Are | Our Services | Apply Online
Credit Report | Debt Facts | Debt Calculator | FAQ
News Media | Contact Us | Home
Existing Clients Home Page

**Privacy Statement**
Copyright©Ameridebt, Inc.

Exhibit 1

7/24/200

meridebt: Our Services



## ☆ Our Services

### Benefits

AmeriDebt works directly with your creditors to create the ideal repayment plan for you. Since AmeriDebt is a non-profit agency, creditors are willing to offer our clients numerous benefits, such as:

- Reduction in minimum payments, as much as 50%
- Consolidation of multiple payments into one simple monthly payment
- Reduced or eliminated interest rates
- Elimination of late charges and over the limit fees
- Re-aging of past due accounts (Bringing accounts to current status with creditor)

### Program Steps

1. Your specialized counselor will review your budget information and suggest one of our debt management programs. Most credit counseling companies offer few options, while Ameridebt leads the industry with many solutions for your individual needs. We can even refer you to a lender after completing 7 months of on-time and in-full payments to apply for a debt consolidation loan. However, we cannot guarantee you a loan since approval or denial is the sole right of the lender. With these unique programs and top rated customer service, Ameridebt is the leading choice for your personal financial needs.

2. After deciding which program will be the most beneficial, you will decide when you will be making your first payment to AmeriDebt. You will have one easy date that will be your payment date every month. There will be no more different due dates to remember or budget for!

3. If after discussing your financial situation with your counselor you decide to enroll in our debt management program, AmeriDebt will contact your creditors and negotiate with them to have your monthly payments lowered and your interest rates reduced. You then simply send one reduced monthly payment to AmeriDebt and we distribute the funds to your creditors on your behalf. You will still receive your monthly statements, so you will see your balances dropping. If any of your creditors contact you, you can direct them to AmeriDebt. You'll be assigned a personal account specialist to deal with any questions or situations that may arise.

**Exhibit 2**

7/24/200

Ameridebt: Our Services

**4.** Simply keep making your monthly payments on time and you will be on the road to a better credit rating, stable finances and eliminating your debt!

(The initial repayment plan is subject to adjustment based on creditors' individual requirements-AmeriDebt will notify you when more payment may be required to satisfy creditor's needs. There is no industry standard as to what benefits creditors will extend to AmeriDebt's clients, so every repayment plan depends in part on which creditor is involved.)

## Results

As a result of the benefits that we can achieve for you, you will be able to pay off your debt in much less time than you could on your own.

Our average client maintains a $10,000 debt with an 18.5% interest rate. Without AmeriDebt, by paying the monthly minimum payment, it would take at least 32 years and $24,500 to pay off the original debt.

With AmeriDebt that same client's debt will be paid off much sooner: usually 3 to 5 years, even with the reduced monthly payments!

How? Interest rate reductions, consistent on-time payments, and reduced late charges work together to effectively shrink the total balance owed. Before a client joins AmeriDebt, most of his or her payments are applied to interest charges. This barely changes the balance amount. By reducing the interest, you can pay off the balances in a lot less time!

The Debt Management Program is also designed to provide you with easily accessible help and guidance. Our counselors are available to handle harassing phone calls from creditors, assist you with legal situations and teach you how to handle credit in the future. Our counselors also make budgeting suggestions so that you can save more money each month and spend your earnings more efficiently.

### Do you think you'd be better off declaring bankruptcy?

AmeriDebt can probably help save you those court costs and the loss of precious assets. Please talk to one of our counselors if you are considering bankruptcy to find out about the alternatives. We can direct you to bankruptcy assistance if that is the best solution for your specific situation.

We're here to find the best way to get you back on track

Exhibit 2

7/24/200

Ameridebt: Our Services

and debt free!

Click Here to Apply Online



Who We Are | Our Services | Apply Online
Credit Report | Debt Facts | Debt Calculator | FAQ
News Media | Contact Us | Home
Existing Clients Home Page

**Privacy Statement**
Copyright©Ameridebt, Inc.

**Exhibit 2**

May 28 02 04:03p     Tina Gardner                    305-674-0917           P.4

CONFIDENTIAL

# emm television

| | |
|---|---|
| **Client:** | **AMERIDEBT** |
| **Title:** | **One Story/ Revised** |
| **Length:** | **: 60** |
| **Draft:** | **Original** |
| **Date:** | **March 27, 2001** |

| Video | Audio |
|---|---|
| 1. Open on a shot of a middle aged man going to the mailbox. (Bob) | 1. Bob VO: When you have money problems, just going to the mailbox can be frightening. |
| 2. Cut to him reaching in and getting the mail. (The view is from inside the mailbox as he opens the door and reaches inside.) | 2. Bob VO: The bills and balances keep piling up; you're scared to even look. |
| 3. Cut a close up of the telephone and the camera tilts up to include Bob's face as he looks at it. | 3. Bob VO: It's the same when the phone rings. You know it's another creditor. So you're afraid to answer. |
| 4. Cut to Bob walking up a flight of stairs in his home. | 4. Bob VO: I don't know how my debt got so out of control; I thought bankruptcy was the only way out. Than I called Ameridebt and found the answer. |
| 5. Cut to out of focus shot as Bob goes into his kids room and wakes them up. Super Ameridebt Logo and phone number. Super: Free consultation | 5. Announcer: Everyday, Ameridebt helps more people with money problems. We're a non-profit organization offering free consultations and solutions to consumers seeking to eliminate their debt. |

00682

Exhibit 3

CONFIDENTIAL

May 28, 2002

6. Camera racks into focus as kids jump out of bed excited and give Bob a hug.

6. Bob VO: Now I don't have to struggle to keep up my monthly payments, and I won't spend the next 20 years paying off my credit card bills

7. Cut to Bob's wife brushing her hair in mirror as Bob comes in and jokes with her.

7. Bob VO: Ameridebt contacted my creditors. They were able to get my interest rates reduced, and my payments were almost cut in half.

8. Cut to family putting luggage in car with beach stuff, ready to go on vacation.

8. Bob VO: Now, my balances are dropping and I only have one small monthly payment.

9. Cut to Ameridebt logo and phone number.

Super: Home ownership not required

9. Announcer: Call this number and in minutes, regardless of your situation, Ameridebt can help change your financial future.

10. Cut to family in car happily pulling away.

10. Bob: Ameridebt gave me back my life.

11. Super: Ameridebt logo
    Super: phone number
    Super: Helping America get out of debt.

11. Announcer: Ameridebt. Helping America get out of debt.

Exhibit 3

meridebt: Frequently Asked Questions



## ☆ FAQ

Why can't I just negotiate with creditors on my own?
Why can't I just keep paying off my creditors on my own?
How much will it cost me to be on the Debt Management Program?
How will joining AmeriDebt's Program affect my credit rating?
Can I send in more money once I have a better cash flow?
Should I pay my bills in the time before I send you my first payment?
After I pay off one account, can I just pay less?
Will I still receive harassing phone calls?

**Q: Why can't I just negotiate with creditors on my own?**
**A:** In some cases, you can negotiate with creditors on your own to arrange payment or have positive information reported to a credit bureau. However, to get the benefits of lowered monthly payments, lower interest rates, stopped late charges, and waived over the limit fees, you need AmeriDebt. As a non-profit organization, AmeriDebt credit counselors can secure you these benefits not usually available to credit consumers.

**Q: Why can't I just keep paying off my creditors on my own?**
**A:** If you keep paying just the minimum to your creditors at the current interest rate, it will take you much longer than if you paid off your debt through AmeriDebt. A $10,000 debt usually takes 32 years and $24,500 to pay off, if you are paying the monthly minimum of 2.5% of the balance at an average interest rate of 18.5%. Because we may be able to reduce your interest rates, stop over the limit fees, and so on, it will take a lot less time to pay off your debt through us. Chances are, in the past, all your debt payments have just gone to pay off interest. You probably haven't even reduced the balance! On average, AmeriDebt clients pay off their debts in 3 to 5 years, depending on individual circumstances.

**Q: How much will it cost me to be on the Debt Management Program?**
**A:** Due to the fact that AmeriDebt is a non-profit organization, we do not charge any advance fees for our service. We do request that clients make a monthly contribution to our organization to cover the costs involved

**Exhibit 4**          7/24/20

Ameridebt: Frequently Asked Questions

in handling the accounts on a monthly basis. As a non-profit organization, AmeriDebt depends on these small contributions to meet our operating costs. Our clients find that their increased cash flow from lower monthly payments, interest rate reductions and stopped late charges more than covers the cost of the monthly contribution.

**Q: How will joining AmeriDebt's Program affect my credit rating?**
**A1:** Do you have a good credit history? If yes, then you should be aware that your credit report may state that you are working through AmeriDebt. We can't guarantee how future creditors will interpret this information, but we believe that it shows you are trying to get help. Your credit report probably states that you've been carrying balances, made late payments in the past 7 years, or even missed payments, so it may not be as perfect a credit history as you think.
**A2:** If no, then AmeriDebt can only help you. If you make your payments in full and on time to AmeriDebt, then many of your creditors will "re-age" your account, which means they will show your accounts as current after several payments. Showing that you are working through a credit counseling service may show future creditors that you needed help but wanted to pay off your debts in full.

**Q: Can I send in more money once I have a better cash flow?**
**A:** Of course - you can always increase your monthly payment. The more you pay, the faster your accounts will be paid off. Just let AmeriDebt know you want to increase your payments beforehand so we can figure out which creditors to pay more money.

**Q: Should I pay my bills in the time before I send you my first payment?**
**A:** That's your decision, however we recommend that you do if you can. There is a brief negotiation period of approximately 30 days after we receive your first AmeriDebt payment. During this time we make arrangements for future payments with creditors. If you miss due dates for accounts during the negotiation period, you are at risk of penalties and negative information reported to the credit bureau.

**Q: After I pay off one account, can I just pay less?**
**A:** That's your decision, but we highly recommend that you pay the same amount and transfer whatever you used to pay for the other account to a high interest account. That way, as you pay off each account, you end up paying more to the remaining accounts, speeding up the process without changing your monthly spending budget.

Exhibit 4

7/24/20

meridebt: Frequently Asked Questions

**Q: Will I still receive harassing phone calls?**
**A:** You might the first several months on the program since it takes time for your creditor's collections department to find out you're with AmeriDebt. If you get a harassing call, inform the party to call AmeriDebt and speak to your account specialist. If you get a harassing call from a collection agency that is not part of your creditor's company, we will provide you with a cease and desist letter. 3rd party collection agents must obey this letter, according to the Fair Debt Collection Practices Act. Make sure you tell your account specialist if you receive any such calls from a collection agent.

☆ Call Now 1-800-408-0044
FREE

Who We Are | Our Services | Apply Online
Credit Report | Debt Facts | Debt Calculator | FAQ
News Media | Contact Us | Home
Existing Clients Home Page

**Privacy Statement**
**Copyright©Ameridebt, Inc.**

Exhibit 4

7/24/200

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2003 NOV 19  A 11: 30

Federal Trade Commission
**Plaintiff**

vs.

AmeriDebt, Inc. et al.
**Defendants**

Case No.

CLERK'S OFFICE
AT GREENBELT

BY_____DEPUTY

## DISCLOSURE OF CORPORATE INTEREST

*Check all that apply:*

[  ]  I certify, as party/counsel in this case that _____

(name of party)

is not an affiliate or parent of any corporation, and no corporation, unincorporated association,

partnership or other business entity, not a party to the case, has a financial interest in the outcome

of this litigation as defined in Local Rule 103.3 (D. Md.)

[ X ] The following corporate affiliations exist with _____ AmeriDebt, Inc. _____:

(name of party)

As explained more fully in the complaint, DebtWorks is an affiliate of AmeriDebt's and they operate
together as a common enterprise.

(names of affiliates)

[  ]  The following corporations, unincorporated associations, partnerships or other business

entities which are not parties may have a financial interest in the outcome of this litigation:

_____

(names of entities with possible financial interests)

November 18, 2003

*Robert S. Kaye / jmb*

Jeanne-Marie S. Burke
Maiysha R. Branch
Robert S. Kay MD.D.CT. # 09560
Federal Trade Commission
600 Pennsylvania Avenue, NW
Room NJ-3158
Washington, DC 20580
(202) 326-2874 (telephone)
(202) 326-3395(facsimile)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2003 NOV 19 A 11: 31

CLERK'S OFFICE
AT GREENBELT

BY_____
_____DEPUTY

|  |  |  |
|---|---|---|
| **Federal Trade Commission** | * |  |
| **Plaintiff** | * | Case No. |
| **vs.** | * |  |
| **AmeriDebt, Inc. et al.** | * |  |
| **Defendants** | *** |  |

## DISCLOSURE OF CORPORATE INTEREST

*Check all that apply:*

[   ]  I certify, as party/counsel in this case that _____
(name of party)

is not an affiliate or parent of any corporation, and no corporation, unincorporated association,

partnership or other business entity, not a party to the case, has a financial interest in the outcome

of this litigation as defined in Local Rule 103.3 (D. Md.)

[ X ]  The following corporate affiliations exist with _____ DebtWorks, Inc. _____:
(name of party)

As explained more fully in the complaint, DebtWorks is an affiliate of AmeriDebt's and they operate
together as a common enterprise.
(names of affiliates)

[   ]  The following corporations, unincorporated associations, partnerships or other business

entities which are not parties may have a financial interest in the outcome of this litigation:

_____
(names of entities with possible financial interests)

November 18, 2003

*Robert S. Kay /gmg*
Jeanne-Marie S. Burke
Maiysha R. Branch
Robert S. Kay MD.D.CT. # 09560
Federal Trade Commission
600 Pennsylvania Avenue, NW
Room NJ-3158
Washington, DC 20580
(202) 326-2874 (telephone)
(202) 326-3395 (facsimile)

U.S. District Court (6/13/2003) Disclosure of Corporate Interest

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| FEDERAL TRADE COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. PJM 03-3317 |
| | ) | |
| AMERIDEBT, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PRELIMINARY INJUNCTION ORDER
WITH ASSET FREEZE, APPOINTMENT OF A RECEIVER,
REPATRIATION OF ASSETS, AND OTHER EQUITABLE RELIEF**

Plaintiff, the Federal Trade Commission ("Commission" or "FTC"), having filed its Motion for

Preliminary Injunction Including Asset Freeze, Accounting, and Repatriation of Assets against

Defendants Andris Pukke and DebtWorks, Inc., pursuant to Fed. R. Civ. P. 65 and Section 13(b) of

the Federal Trade Commission Act, 15 U.S.C. § 53(b), and the Court having considered all pleadings,

memoranda of law, and exhibits concerning this matter, and having heard oral argument, and now being

fully advised in the premises, finds that:

**FINDINGS**

1.    This Court has jurisdiction over the subject matter of this case and over all parties, and

venue in this district is proper.

2.    The Commission has shown it is likely to succeed on the merits of its claims that Defendants Andris Pukke and DebtWorks, Inc. have violated Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

3.    The Commission has shown that an immediate asset freeze, accounting, repatriation of assets, and appointment of a receiver will increase the likelihood of preserving existing assets, pending final determination of this matter.

4.    There is a possibility that, absent an asset freeze, Defendants Andris Pukke and DebtWorks, Inc., and others pursuant to their direction, on their behalf, or under their control, will transfer, conceal, dissipate, or otherwise divert their assets, thereby defeating the possibility of effective final relief in the form of equitable monetary relief for consumers.

5.    The Commission has shown that Defendant Andris Pukke has transferred money from the United States, and that repatriation of Defendant Andris Pukke's funds to the United States will increase the likelihood of providing for effective final relief.

6.    Good cause exists for appointing a Receiver for the Receivership Property.

7.    The balance of the equities tips in favor of the Commission, and entry of this Order is in the public interest.

8.    No security is required of any agency of the United States for issuance of a preliminary injunction. Fed. R. Civ. P. 65(c).

## DEFINITIONS

For the purposes of this Order, the following definitions shall apply:

A.      "AmeriDebt Trustee" means Mark D. Taylor, the trustee appointed over AmeriDebt,

Inc. in *In re AmeriDebt,* Case No. 04-23649-PM (Bankr. D. Md.).

B.      "Assets" means any legal or equitable interest in, right to, or claim to, any real or

personal property, including, without limitation, chattels, goods, instruments, equipment, fixtures, general

intangibles, leaseholds, mail or other deliveries, inventory, checks, notes, accounts, credits, contracts,

receivables, shares of stock, interest in any trust, and all cash, wherever located, and shall include both

existing Assets and Assets acquired after the date of entry of this Order. Further, the definition of

Assets shall include all books, records, computer files, databases and other information that may be

utilized to determine the existence of Assets, liabilities, or the location of property.

C.      "DebtWorks" means DebtWorks, Inc., and its successors and assigns, whether acting

directly or indirectly or through any other corporation, subsidiary, division, or other device.

D.      "Defendants" means Andris Pukke and DebtWorks.

E.      "Financial Institution" means any bank, savings and loan institution, credit union, or any

financial depository of any kind, including but not limited to any brokerage house, trustee, broker-

dealer, escrow agent, title company, or commodity trading company.

F.      The term "including" in this Order shall mean "without limitation."

G.      The terms "and" and "or" in this Order shall be construed conjunctively or disjunctively

as necessary, to make the applicable phrase or sentence inclusive rather than exclusive.

H.      "*Polacsek* Class Representatives" means Alyssa Polacsek, Sarah Leoni, Greg

Cavataio and Felicia Robinson, and counsel to the class appointed by Order of the Court dated

November 4, 2004, in *Polacsek, et al. v. Debticated Consumer Counseling, Inc., et al.*, Civil

Action No. 8:04-cv-0631 PJM.

        I.        "Pukke" means Andris Pukke, individually and as the owner of DebtWorks, whether

acting directly or indirectly or through any corporation or other device.

        J.        "Receiver" shall mean the receiver appointed in Paragraph VI of this Order and any

deputy receivers that may be named by the receiver.

        K.        "Receivership Property" means any Assets, wherever located, that are (1) owned,

controlled or held by or for the benefit of Pukke or DebtWorks, in whole or in part; (2) in the actual or

constructive possession of Pukke or DebtWorks; (3) held by an agent of Pukke or DebtWorks,

including as a retainer for the agent's provision of services to either or both of them; or (4) owned,

controlled or held by, or in the actual or constructive possession of, or otherwise held for the benefit of,

any corporation, partnership, trust, or other entity directly or indirectly owned or controlled by either

Pukke or DebtWorks, including The P Family Trust, The P II Family Trust, and The Pukke 2002

Family Irrevocable Trust.

## ORDER

### I.  ASSET FREEZE

        IT IS HEREBY ORDERED that Defendants Pukke and DebtWorks, their successors and

assigns, and their officers, agents, servants, employees, affiliates, and attorneys, and all persons in active

concert or participation with them who receive actual notice of this Order by personal service or

otherwise, whether acting directly or indirectly or through any corporation, subsidiary, division, trust, or

other device, are hereby restrained and enjoined from:

A.    Transferring, liquidating, converting, loaning, gifting, encumbering, selling, concealing, pledging, hypothecating, assigning, spending, withdrawing, disbursing, conveying, dissipating, or otherwise disposing of any funds, property, shares of stock, interest in any trust, or other Assets, or any interest therein, wherever located, that are (1) owned, controlled or held by, or for the benefit of Pukke or DebtWorks, in whole or in part; (2) in the actual or constructive possession of Pukke or DebtWorks; (3) held by an agent of Pukke or DebtWorks, including as a retainer for the agent's provision of services to either of them; or (4) owned, controlled or held by, or in the actual or constructive possession of, or otherwise held for the benefit of, any corporation, partnership, trust, or other entity directly or indirectly owned or controlled by either Pukke or DebtWorks, including The P Family Trust, The P II Family Trust, and The Pukke 2002 Family Irrevocable Trust;

B.    Opening or causing to be opened any safe deposit box, commercial mail box, or storage facility (1) titled in the name of Pukke or DebtWorks, or any corporation, partnership, or other entity directly or indirectly owned or controlled by either Pukke or DebtWorks, or (2) subject to access by Pukke or DebtWorks, or any corporation, partnership, or other entity directly or indirectly owned or controlled by either Pukke or DebtWorks; and

C.    Incurring charges or cash advances on any credit or debit card issued in the name, singly or jointly, of Pukke or DebtWorks, or any corporation, partnership, or other entity directly or indirectly owned or controlled by either Pukke or DebtWorks.

*Provided however*, that, notwithstanding the asset freeze provisions of Sub-parts A-C above, nothing in this Order shall (1) prohibit Defendant Pukke from seeking gainful employment not related to the activities described in the Complaint; (2) prohibit Defendant Pukke from paying, from income

earned through such employment, for reasonable and necessary living expenses and reasonable

attorneys' fees, or from other funds, after written prior approval by the Receiver or by the Court; or

(3) prohibit Defendant DebtWorks from paying for reasonable attorneys' fees, after written prior

approval by the Receiver or by the Court. ***Provided further***, that no living expenses or attorneys' fees

shall be paid from Assets subject to this Order unless and until the Receiver or the Court has

determined that Defendants Pukke and DebtWorks have completed and provided the accountings

required by Paragraphs II and IV of this Order.

## II.    ACCOUNTING

IT IS FURTHER ORDERED that each Defendant shall:

A.      Within ten (10) business days following service of this Order, provide to the Receiver,

the Commission, the AmeriDebt Trustee, and counsel for the *Polacsek* Class Representatives a full

accounting, verified under oath and accurate, of all Assets that are held, jointly or singly: (1) by them;

(2) for their benefit; (3) in trust by or for them, individually or jointly; or (4) under their direct or indirect

control. Such accounting shall include the names, addresses, and telephone numbers of all Financial

Institutions or other entities or persons holding such Assets, the name of the account representative, and

the account numbers and balances. The accounting shall include all financial information as requested

in, and be submitted in the form of, the Department of Treasury - Internal Revenue Service Collection

Information Statement for Individuals (Form 433-A, located at www.irs.gov/pub/irs-pdf/f433a.pdf, for

Pukke) and the corresponding Collection Information Statement for Businesses (Form 433-B, located

at www.irs.gov/pub/irs-pdf/f433b.pdf, for DebtWorks).

B.       Within ten (10) business days following service of this Order, provide to the Receiver,

the Commission, the AmeriDebt Trustee, and counsel for the *Polacsek* Class Representatives a

completed statement, verified under oath and accurate, of all payments, transfers, or assignment of

Assets made by Defendants, in the amount of $10,000 or more, since May 17, 2002.  Such statement

shall include (a) the amount transferred or assigned; (b) the name, address and telephone number of the

transferor or assignor; (c) the name, address and telephone number of each transferee or assignee;

(d) the date of the assignment or transfer; (e) the type and amount of consideration for any payment;

and (f) the method of transfer, *e.g.*, wire transfer, and the name and address of the entity or person

directing or accomplishing the transfer.

C.       Within ten (10) business days of any material change in the information contained in the

financial statements required above, or any other material change to the financial condition of a

Defendant, provide the Receiver, the Commission, the AmeriDebt Trustee, and counsel for the

*Polacsek* Class Representatives with an amended financial statement to reflect such change.

### III.   CONSUMER CREDIT REPORTS

IT IS FURTHER ORDERED that pursuant to Section 604(1) of the Fair Credit Reporting Act,

15 U.S.C. §1681b(1), any consumer reporting agency may furnish a consumer report concerning

Defendants DebtWorks or Pukke.

### IV.   FOREIGN ASSET REPATRIATION

IT IS FURTHER ORDERED that within ten (10) business days following service of this Order,

Defendants shall:

A.     Transfer to the United States all Assets outside the United States held, jointly or singly: (1) by them; (2) for their benefit; (3) in trust by them or for them individually or jointly; or (4) under their direct or indirect control, including any Assets held in The P Family Trust and The P II Family Trust.

B.     Provide the Receiver, the Commission, the AmeriDebt Trustee, and counsel for the *Polacsek* Class Representatives with a full accounting, verified under oath and accurate, of all Assets outside of the territory of the United States that are held, jointly or singly: (1) by them; (2) for their benefit; (3) in trust by or for them, individually or jointly; or (4) under their direct or indirect control. Such accounting shall include the names, addresses, telephone numbers, and facsimile numbers of all Financial Institutions or other entities or persons holding such Assets, along with the account numbers and balances.

C.     On the same business day as any transfer under Paragraph IV.A. above, notify the Receiver, the Commission, the AmeriDebt Trustee, and counsel for the *Polacsek* Class Representatives, of the names, addresses, telephone numbers, facsimile numbers, and account representatives of all Financial Institutions or other entities that are the recipients of such Assets.

D.     Hold and retain all repatriated Assets and prevent any transfer, disposition, or dissipation whatsoever of any such Assets, except that Pukke may pay for reasonable and necessary living expenses and reasonable attorneys' fees, after written prior approval by the Receiver or the Court, and except as specifically provided in this order.

E.     Provide the Receiver and the Commission full and complete access to Defendants' records and documents held by Financial Institutions outside of the territorial United States, by signing

and delivering to the Receiver and the Commission the Consent to Release of Financial Records attached to this Order as Attachment A.

## V.    NONINTERFERENCE WITH REPATRIATION

IT IS FURTHER ORDERED that Defendants Pukke and DebtWorks, their successors and assigns, and their officers, agents, servants, employees, affiliates, and attorneys, and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are hereby enjoined from taking any action, directly or indirectly, which may result in the encumbrance or dissipation of foreign Assets, or in the hindrance of the repatriation required by the preceding Paragraph of this Order, including, but not limited to:

A.    Sending any statement, letter, fax, email or wire transmission, or telephoning or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement until such time that all Assets have been fully repatriated pursuant to Paragraph IV of this Order;

B.    Notifying any trustee, trust protector, or other agent of any foreign trust or other related entities of either the existence of this Order, or of the fact that repatriation is required pursuant to a court order, until such time that all Assets have been fully repatriated pursuant to Paragraph IV of this Order.

## VI.    APPOINTMENT OF RECEIVER

IT IS FURTHER ORDERED that Robb Evans and Associates, LLC, Sun Valley, California is appointed receiver ("Receiver") to marshal, conserve, protect, and operate Receivership Property,

wherever such Assets may be found, and, with the approval of the Court, dispose of any wasting

Assets of Defendants Pukke and DebtWorks.

      A.     The Receiver shall have the following powers and duties to fulfill its obligations:

          1.     Use reasonable efforts to determine the nature, location, and value of all

Receivership Property;

          2.     Take custody, control, and possession of Assets constituting Receivership

Property;

          3.     Conserve, hold, and manage all Assets constituting Receivership Property,

pending further order of this Court;

          4.     Engage and employ, with the approval of the Court, accountants and money

managers ("Retained Professionals"). The Receiver may employ without the approval of the Court

other individuals or entities that the Receiver deems necessary to assist it in its duties in the ordinary

course of the receivership's business, including, but not limited to, out of state counsel, foreign attorneys

and accountants, realtors, appraisers and auctioneers ("Ordinary Course Professionals and Vendors")

(collectively, the "Retained Personnel"). The Receiver may compensate the Ordinary Course

Professionals and Vendors in the ordinary course but may, in its discretion, seek the approval of the

Court in advance of approving payments to such persons. The Retained Professionals may only be

compensated pursuant to order of the Court;

          5.     Take such action as the Receiver deems appropriate to prevent the dissipation

or concealment of any Assets constituting Receivership Property and otherwise preserve any such

Assets;

6.    Oversee the operations of any and all businesses owned or controlled by Defendants or otherwise constituting a part of the Receivership Property;

7.    Bring such legal actions based on law or equity in any state, federal, or foreign court as it deems necessary or appropriate in discharging its duties as Receiver relating to the location, marshaling and management of Assets constituting Receivership Property, and enforcement of this Order; and

8.    Cooperate with reasonable requests for information or assistance from any state or federal law enforcement agency. So long as the Receiver agrees to be bound by the protective order in this case, titled Stipulated Order Regarding Confidentiality of Discovery Materials and entered on November 10, 2004, the FTC and the Receiver may exchange information deemed confidential under the protective order.

B.    The Receiver is entitled to reasonable compensation and expense reimbursement from the Receivership Property. Such compensation shall be in amounts commensurate with the services performed by the Receiver and shall be subject to the approval of the Court. The Receiver and the Retained Professionals shall apply to the Court for such compensation and expense, and such amounts shall be paid from the Assets constituting Receivership Property, and any extensions, renewals or modifications thereof.

C.    The Receiver shall be required to file with the Clerk of the Court a receiver's bond in the sum of $50,000 with sureties to be approved by the Court, conditioned that the Receiver will well and truly perform the duties of the office and abide by and perform all acts the Court directs. The FTC reserves the right to ask the Court to increase the amount of the bond.

D.    The Receiver and Retained Personnel are entitled to rely on all outstanding rules of law and Court orders and shall not be liable to anyone for their own good faith compliance with any order, rule, law, judgment, or decree. In no event shall the Receiver or Retained Personnel be liable to anyone for their good faith compliance with their duties and responsibilities as Receiver or Retained Personnel, nor shall the Receiver or Retained Personnel be liable to anyone for any actions taken or omitted by them except upon a finding by the Court that they acted or failed to act as a result of malfeasance, bad faith, gross negligence, or in reckless disregard of their duties.

E.    The Receiver shall establish one or more bank account(s), in its discretion, to deposit Defendants' frozen funds and any other funds the Receiver may recover. The Receiver shall use such funds for any legitimate purpose consistent with the Receiver's powers and duties and this Order, including paying fees and expenses of the Receiver and Retained Personnel, as approved by the Court.

## VII.    COOPERATION WITH RECEIVER

IT IS FURTHER ORDERED that Defendants and all other persons or entities served with a copy of this Order shall fully cooperate with and assist the Receiver in taking and maintaining possession, custody, or control of Receivership Property. This cooperation and assistance shall include, but not be limited to: providing information to the Receiver that the Receiver deems necessary in order to exercise the authority and discharge the responsibilities of the Receiver under this Order; providing any password required to access any computer, electronic file, or telephonic data in any medium; advising all persons who owe money to the Defendants that all debts should be paid directly to the Receiver; transferring funds at the Receivers' direction; and producing records related to the assets and sales of the Receivership Property. The entities obligated to cooperate with the Receiver under this

provision include, but are not limited to, banks, broker-dealers, savings and loans, escrow agents, title

companies, commodity trading companies, precious metals dealers and other Financial Institutions and

depositories of any kind, and all third-party billing agents, common carriers, and other

telecommunications companies, that have transacted business with Defendants.

## VIII.   DELIVERY OF RECEIVERSHIP PROPERTY

IT IS FURTHER ORDERED that:

A.     Immediately upon service of this Order upon them, or within such period as may be

permitted by the Receiver, Defendants or any other person or entity shall transfer or deliver possession,

custody, and control of the following to the Receiver:

1.     All Receivership Property;

2.     All documents of the Receivership Property, including but not limited to, books

and records of accounts, all financial and accounting records, balance sheets, income statements, bank

records (including monthly statements, canceled checks, records of wire transfers, and check registers),

title documents and other papers; and

3.     All keys, codes and passwords necessary to gain or to secure access to any

Assets constituting Receivership Property;

*Provided, however,* that this provision does not apply to any Assets in the possession,

custody, or control of the AmeriDebt Trustee.

B.     In the event any person or entity fails to deliver or transfer any Receivership Property

or otherwise fails to comply with any provision of this Section, the Receiver may file *ex parte* an

Affidavit of Non-Compliance regarding the failure.  Upon filing of the affidavit, the Court may authorize,

without additional process or demand, Writs of Possession or Sequestration or other equitable writs

requested by the Receiver.  The writs shall authorize and direct the United States Marshal or any sheriff

or deputy sheriff of any county, or any other federal or state law enforcement officer, to seize the

Receivership Property or document, or other thing, and to deliver it to the Receiver.

## IX.    RETENTION OF ASSETS AND DOCUMENTS BY THIRD PARTIES

IT IS FURTHER ORDERED that any Financial Institution, other entity or person served with a

copy of this Order shall:

A.    Hold and retain, except as specifically provided in this order, within such financial

institution's, other entity's or person's control, and prohibit the withdrawal, removal, assignment,

transfer, pledge, hypothecation, encumbrance, disbursement, dissipation, conversion, sale, liquidation,

or other disposal of any Assets held by or under such financial institution's, other entity's or person's

control:

    1.    on behalf of, or for the benefit or use of, any Defendant;

    2.    in any account maintained in the name of, or subject to withdrawal by, any

Defendant; or

    3.    that are subject to access or use by, or under the signatory power of, any

Defendant.

B.    Deny access to any Defendant to any safe deposit boxes, commercial mail boxes or

storage facilities that are:

    1.    titled in the name, individually or jointly, of any Defendant;

    2.    subject to access by any Defendant; or

        3.        held for the beneficial interest of any Defendant.

    C.      Provide to the Receiver, within five (5) business days, a statement setting forth:

        1.        the identification of each account or asset titled in the name of, individually or jointly, or held on behalf of, or for the benefit or use of, any Defendant, whether in whole or in part, or to which any Defendant is a signatory;

        2.        the balance of each such account, or a description of the nature and value of such asset;

        3.        the identification of any safe deposit box, commercial mail box, or storage facility that is either titled in the name of, individually or jointly, or is otherwise subject to access or control by, any Defendant, whether in whole or in part;

        4.        if the account, safe deposit box, or other asset has been closed or removed, or more than $1,000 withdrawn or transferred from it within the last ninety (90) days, the date of the closure or removal of funds, the balance on said date, and the name and account number of the person or entity to whom such account, funds, or other asset was remitted; and

        5.        upon the request of the Receiver, such statement shall be accompanied by the account statement for every full or partial month the account has been open and by copies of: (i) every wire transfer statement for every wire transfer sent to or received by such account and (ii) all checks for more than One Thousand Dollars ($1,000.00 USD).

    D.      Allow the Receiver or its counsel to inspect and copy, or upon the Commission's or the AmeriDebt Trustee's request, promptly provide the Commission's or the AmeriDebt Trustee's representatives with copies of, any records or other documents pertaining to any such account or asset,

including but not limited to originals or copies of account applications, corporate resolutions, account

statements, wire transfer applications or receipts, signature cards, checks, drafts, deposit tickets,

transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction

reports, 1099 forms, and safe deposit logs.

      E.     The Assets subject to this Paragraph include existing assets and assets deposited after

the effective date of this Order. This Paragraph shall not prohibit transfers in accordance with provisos

(2) and (3) that follow Paragraph I.C. of this Order, Paragraph IV.A. of this Order, or any further

order of the Court.

## X.   NONINTERFERENCE WITH RECEIVER

      IT IS FURTHER ORDERED that all clients and vendors of Defendants, creditors, and other

persons, and all others acting on behalf of any such client, vendor, creditor or other persons, including

sheriffs, marshals, other officers, deputies, servants, agents, employees, and attorneys, are stayed from:

      A.     Commencing, prosecuting, continuing or enforcing any suit or proceeding against or

affecting Defendants or any other part of the Receivership Property, except that such actions may be

filed to toll any statutes of limitations;

      B.     Using self-help or executing or issuing or causing the execution or issuance of any court

attachment, subpoena, replevin, execution, or other process for the purpose of impounding or taking

possession of or interfering with or creating or enforcing a lien upon any portion of the Receivership

Property, including, without limitation, any property owned by or in the possession of Defendants or the

Receiver, wherever situated;

C.     Attempting to modify, cancel, terminate, call, extinguish, revoke or accelerate (the due date), of any lease, loan, mortgage, indebtedness, security agreement or other agreement with Defendants, or any entity controlled by Defendants, or otherwise affecting Receivership Property;

D.     Doing any act to interfere with the taking control, possession, management, or sale by the Receiver, of any portion of the Receivership Property, or to in any way interfere with or harass the Receiver, or to interfere in any manner with the exclusive jurisdiction of the Court over the Receivership Property.

**Provided, however,** this provision shall not be construed to restrict:

1.     The commencement or continuation of a criminal action or proceeding;

2.     The commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power, including this action;

3.     The enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power;

4.     The continuation of *In re AmeriDebt,* Case No. 04-23649-PM (Bankr. D. Md.), or the commencement and continuation of any suit or proceeding filed by the AmeriDebt Trustee; or

5.     The continuation of *Polacsek, et al. v. Debticated Consumer Counseling, et al.,* Case No. 04-CV-00631-PJM (D. Md.).

## XI.  RECEIVER'S REPORTS

IT IS FURTHER ORDERED that:

A.    Within ninety (90) days of its appointment as Receiver, or such longer time as the Court

may approve, the Receiver shall file a preliminary inventory and estimate of value of all Receivership

Property. The preliminary inventory may be filed under seal if, in the judgment of the Receiver, the

public dissemination of the information contained therein might impede the Receiver's efforts to collect

and marshal the Defendants' Assets.

B.    Within thirty (30) days after the filing of the preliminary inventory, and at regular

intervals of approximately three (3) months thereafter until discharged, the Receiver shall file reports of

his acts and transactions in its official capacity as Receiver.  These reports shall periodically update the

preliminary inventory as new Receivership Property is identified and located.

## XII.  SERVICE OF ORDER

IT IS FURTHER ORDERED that copies of this Order may be served upon Defendants by

electronic service upon their counsel through this Court's CM/ECF system; and also by facsimile

transmission, personal service, overnight delivery, or U.S. Mail, by agents and employees of the FTC,

the Receiver, or any state or federal enforcement agency or by private process server, on

(1) Defendants or any of their agents or employees; (2) any Financial Institution, entity, or person that

holds, controls, or maintains custody, or has held, controlled, or maintained custody of any account or

Asset of Pukke or DebtWorks that is held, jointly or singly: (a) by them, (b) for their benefit, (c) in trust

by or for them, individually or jointly, or (d) under their direct or indirect control; or (3) any other

person or entity that may be subject to any provision of this Order.

## XIII.  MONITORING

IT IS FURTHER ORDERED that the Receiver and the FTC are granted leave, pursuant to

Federal Rule of Civil Procedure 45, to subpoena documents immediately from any Financial Institution,

account custodian, or other entity, including any Financial Institution, account custodian or other entity

(1) listed in the accounting required pursuant to Paragraph II of this Order, (2) receiving repatriated

Assets pursuant to Paragraph IV of this Order, (3) that has held Assets of Defendants since May 17,

2002, or (4) that is subject to Paragraph IX of this Order, concerning the nature, location, status, and

extent of the Defendants' assets and compliance with this Order, and such financial institution, account

custodian or other entity shall respond to such subpoena within five (5) business days after service.

## XIV.  AMERIDEBT TRUSTEE EXCLUSION

IT IS FURTHER ORDERED THAT:

A.      This Order shall not be construed to impose substantive obligations on the AmeriDebt

Trustee or to affect or include property of AmeriDebt's bankruptcy estate, as defined by 11 U.S.C.

§ 541; and

B.      This order shall not be construed to freeze any Asset in the possession, custody or

control of the AmeriDebt Trustee, or to restrict in any way his administration of AmeriDebt's

bankruptcy estate or the disposition including liquidation of its property, including the bankruptcy

estate's accounts with Financial Institutions and its debt management plans.  The powers of the

Receiver provided for in Paragraph VI shall not be construed as powers over the AmeriDebt Trustee.

The AmeriDebt Trustee shall not be required to render account to the Receiver, to retain Assets, or to

repatriate Assets under this order.  The Trustee is free to institute such legal actions as he deems to be

in the best interest of AmeriDebt's bankruptcy estate to determine any liability of Defendants Pukke

and DebtWorks to the bankruptcy estate, and the filing and prosecution of such actions shall not be

deemed to be interference under Paragraph X.

## XV.    CORRESPONDENCE WITH PLAINTIFF

For the purposes of this Order, all correspondence and pleadings to the Commission shall be

addressed to:

> Lucy Morris, Esq.
> Federal Trade Commission
> Via facsimile (202-326-3768) or email (lmorris@ftc.gov)
>
> With confirmation via U.S. mail to:
> 600 Pennsylvania Ave., N.W., Room NJ-3158
> Washington, D.C. 20580
> (202) 326-3295 (voice)

## XVI.    RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for all

purposes.[*]

IT IS SO ORDERED.

April 20, 2005                                    /s/
                                    _____
                                    PETER J. MESSITTE
                                    UNITED STATES DISTRICT JUDGE

_____

   [*]    A written opinion setting forth the reasons for the Court's decision herein will follow.

## ATTACHMENT A

**Form of Consent to Release of Financial Records**

I, _____, of the State of _____ in the United States of America, do hereby direct any bank or trust company at which I have a bank account of any kind or at which a corporation or other entity has a bank account of any kind upon which I am authorized to draw, and its officers, employees and agents, to disclose all information and deliver copies of all documents of every nature in your possession or control which relate to the said bank accounts to any attorney of the Federal Trade Commission and to the Receiver appointed by the United States District Court for the District of Maryland in the matter of the Federal Trade Commission v. AmeriDebt, Inc. et al.; and to give evidence relevant thereto in such case, and this shall be irrevocable authority for so doing. This direction is intended to apply to the laws of countries other than the United States which restrict or prohibit the disclosure of bank information without the consent of the holder of the account, and shall be construed as consent with respect thereto, and the same shall apply to any of the bank accounts for which I may be a relevant principal. This consent form is being executed pursuant to court order.


Dated:          _____, 2005


Signature:      _____


Printed full name:   _____

Exhibit "B"

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **FEDERAL TRADE COMMISSION,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Civil Action No. PJM 03-3317** |
| | ) | |
| **AMERIDEBT, INC., et al.,** | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## STIPULATED FINAL JUDGMENT AND PERMANENT INJUNCTION
## AS TO DEFENDANTS DEBTWORKS, INC. AND ANDRIS PUKKE

Plaintiff, the Federal Trade Commission ("Plaintiff," "FTC" or "Commission"), filed a

Complaint for permanent injunctive and other equitable relief pursuant to Sections 5(a) and 13(b)

of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a) and 53(b). The

Complaint charges Defendants AmeriDebt, Inc. ("AmeriDebt"), DebtWorks, Inc.

("DebtWorks"), and Andris Pukke ("Pukke") with unfair or deceptive acts or practices in

promoting and offering credit counseling and debt management plans ("DMPs") in violation of

Section 5(a) of the FTC Act, 15 U.S.C. § 45(a). The Complaint also names Pamela Pukke as a

relief defendant.

The Plaintiff and Defendants Pukke and DebtWorks ("Defendants"), by and through their

respective counsel, have agreed to entry of this Stipulated Final Judgment and Permanent

Injunction ("Order") by this Court without trial or adjudication of any issue of fact or law, and

without Defendants admitting liability for any of the matters alleged in the Complaint, except that Defendants stipulate that: (1) any and all funds and assets that comprise Receivership Property were derived from payments by consumers as an alleged consequence of the acts and practices alleged in the FTC's complaint; (2) the Defendants do not have a legitimate claim to those funds; and (3) those funds are held in constructive trust for consumers.

This Order settles only the FTC's claims against Defendants Pukke and DebtWorks, and shall not act as a bar to any claim by the FTC nor preclude the FTC from seeking any remedy against any other persons, corporations, or entities, including persons who may be subject to portions of this Order as persons acting in active concert or participation with Defendants, or persons who are party to any indemnification agreement with Defendants. Further, the Parties have agreed that this Order shall be filed for approval contemporaneously with the filing of a motion for approval of the nationwide class action settlement as to Defendants in *Alyssa Polacsek, et al. v. Debticated Consumer Counseling, Inc., et al.,* Case Number PJM-04-cv-631 (D. Md.) (consolidated for trial with the Commission's action herein) ("Nationwide Class Action"). These two settlements are intended to resolve all claims that have been or could have been asserted on the facts as alleged in the FTC and Nationwide Class Action cases. In the event that, for any reason, the settlement in the Nationwide Class Action does not receive final approval or the Nationwide Class does not prevail on any appeal taken from a final approval, Defendants agree and stipulate that this Order remains final as to the FTC and the Defendants.

**NOW, THEREFORE,** the Plaintiff and Defendants having requested the Court to enter this Order,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

## FINDINGS

1.  This is an action under Section 13(b) of the FTC Act, 15 U.S.C. § 53(b), to secure permanent injunctive relief, rescission, restitution, disgorgement, and other equitable relief for Defendants' violations of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a).

2.  This Court has subject matter jurisdiction over this action and jurisdiction over all parties. Venue in the District of Maryland is proper.

3.  The activities of Defendants charged in the Complaint are in or affecting commerce, as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

4.  Any and all funds and assets comprising Receivership Property were derived from payments by consumers as an alleged consequence of the acts and practices alleged in the FTC's complaint. Further, Defendants do not have a legitimate claim to those funds. Therefore, any and all funds and assets comprising Receivership Property are held in constructive trust for consumers as defined by applicable state law.

5.  Defendants waive all rights to seek judicial review or otherwise challenge or contest the validity of this Order. Defendants also waive all rights that may arise under the Equal Access to Justice Act, 28 U.S.C. § 2412.

6.  This action and the relief awarded herein are in addition to, and not in lieu of, other remedies as may be provided by law, including both civil and criminal remedies.

7.  Pursuant to Federal Rule of Civil Procedure 65(d), the provisions of this Order are binding upon Defendants, their successors, and assigns, and their officers, agents, servants, employees, and attorneys, and upon those persons or entities in active concert or participation with them who receive actual notice of this Order by personal service or

otherwise.

8.    This Order is remedial in nature and shall not be construed as the payment of a fine,

penalty, punitive assessment, or forfeiture.

9.    On July 11, 2005, Pukke filed a voluntary petition for relief under the provisions of

Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, in the United States

Bankruptcy Court for the Central District of California, Santa Ana Division ("Pukke

Bankruptcy Case").

10.    Subsequently, the Bankruptcy Court granted the FTC's motion to transfer venue of the

Pukke Bankruptcy Case to the District of Maryland, where it was docketed as Case No.

05-2362-PJM. This Court withdrew the reference as to the Pukke Bankruptcy Case and

then stayed the Pukke Bankruptcy Case.

11.    The Commission's action against Pukke, including the entry and enforcement of this

Order, is not stayed by 11 U.S.C. § 362(a)(1), (2), (3) or (6) because it is an exercise of

the Commission's police or regulatory power as a governmental unit pursuant to 11

U.S.C. § 362(b)(4) and thus falls within an exemption from the automatic stay.

12.    Entry of this Order is in the public interest.

## DEFINITIONS

For purposes of this Order, the following definitions shall apply:

1.    "Assets" means any legal or equitable interest in, right to, or claim to, any real or personal

property, including, without limitation, chattels, goods, instruments, equipment, fixtures,

general intangibles, leaseholds, mail or other deliveries, inventory, checks, notes,

accounts, credits, contracts, receivables, shares of stock, interest in any trust, and all cash,

wherever located, and shall include both existing Assets and Assets acquired after the date of entry of this Order. Further, the definition of Assets shall include all books, records, computer files, databases and other information that may be utilized to determine the existence of Assets, liabilities, or the location of property.

2. "Assisting" means providing assistance or support to any person or entity, including, but not limited to, providing any of the following goods or services: (a) formulating, drafting, providing, or arranging for the formulation, drafting, or provision of any marketing material; (b) providing names of, or assisting in the generation of, potential customers; (c) performing marketing services of any kind; (d) formulating, drafting, providing, or arranging for the formulation, drafting, or provision of any employee script; (e) providing any training or training materials; or (f) providing information, advice, consultation, or materials regarding business operations, processes, or practices.

3. "Credit counseling" means providing individualized advice to a consumer about the consumer's credit, debts, or budget.

4. "Credit education" means providing general information or advice to a consumer about credit, debt, or budget matters.

5. "Debt management" means providing any service to a consumer relating to managing debts, including providing debt management plans.

6. "Debt management plan," "debt management program," or "DMP" means a plan or program that involves or purports to involve (a) a consumer paying one consolidated periodic payment to the program to cover the debts that are included in the program; and (b) the program disbursing payments to the creditors of the consumer.

7.  "DebtWorks" means DebtWorks, Inc., whether acting directly or through any corporation, subsidiary, division, or other device.

8.  "Document" is synonymous in meaning and equal in scope to the usage of the term in Rule 34(a) of the Federal Rules of Civil Procedure and includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which the information can be obtained and translated, if necessary, through detection devices into reasonably usable form.  A draft or other non-identical copy is a separate document within the meaning of the term.

9.  "Net Monies" means all monies obtained by the Receiver after the Receiver marshals and liquidates Receivership Property and pays all approved compensation and expenses.

10.  "Person" means any natural person or organization including, but not limited to, any proprietorship, partnership, company, firm, corporation, joint venture, society, association, trust, or government agency or unit, and any other group or combination acting as an entity.

11.  "Pukke Bankruptcy Estate" means the bankruptcy estate that was created pursuant to 11 U.S.C. § 541(a) upon the commencement of the Pukke Bankruptcy Case.

12.  "Receiver" or "Permanent Receiver" shall mean Robb Evans & Associates LLC, the receiver appointed by the Court in this matter over the Assets of Defendants Andris Pukke and DebtWorks, Inc.

13.  "Redress Program" shall mean a program to be established and administered by the FTC for the purpose of providing consumer redress as set forth in this Order.

14.  "Receivership Property" shall mean any Assets, wherever located, that are (1) owned,

controlled or held by or for the benefit of Pukke or DebtWorks, in whole or in part; (2) in

the actual or constructive possession of Pukke or DebtWorks; (3) held by an agent of

Pukke or DebtWorks, including as a retainer for the agent's provision of services to either

or both of them; or (4) owned, controlled or held by, or in the actual or constructive

possession of, or otherwise held for the benefit of, any corporation, partnership, trust, or

other entity directly or indirectly owned or controlled by either Pukke or DebtWorks,

including The P Family Trust, The P II Family Trust, and The Pukke 2002 Family

Irrevocable Trust. Defendants agree that all Receivership Property constitutes assets held

for consumers in constructive trust as defined by applicable state law. *Provided however*,

that Receivership Property shall not include (1) income earned by Pukke from gainful

employment in accordance with Sections I, II, and XII of this Order or (2) funds given to

Pukke by his friends and family members, so long as such funds did not derive or

originate from Receivership Property, directly or indirectly, in whole or in part;

15.    "Telemarketing" means any business activity (which includes, but is not limited to,

initiating or receiving telephone calls, managing or contracting with others who initiate or

receive telephone calls, operating an enterprise that initiates or receives telephone calls,

owning an enterprise that initiates or receives telephone calls, or otherwise participating

as an officer, director, employee or independent contractor in an enterprise that initiates

or receives telephone calls) that involves attempts to induce consumers to purchase any

item, good, or service, or to enter a contest for a prize, by means of telephone sales

presentations, either exclusively or in conjunction with the use of other forms of

marketing. *Provided* that, for the purpose of Section II.D of this Order, "telemarketing"

shall be as defined as set forth in the Telemarketing Sales Rule, 16 C.F.R. § 310.2.

## I. BAN ON CREDIT COUNSELING, CREDIT EDUCATION, OR DEBT MANAGEMENT

**IT IS FURTHER ORDERED** that Defendants are hereby permanently restrained and enjoined from engaging in, participating in, or assisting others to engage or participate in credit counseling, credit education, or debt management. Nothing in this Order shall be read as an exception to this Section I.

## II. PROHIBITED BUSINESS ACTIVITIES

**IT IS FURTHER ORDERED** that, in connection with the telemarketing of any good or service, Defendants, as well as their successors, assigns, officers, agents, servants, employees, or affiliates, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are hereby permanently restrained and enjoined from:

A. making, or causing or assisting others to make, expressly or by implication, any false or misleading representation, including but not limited to misrepresenting:

  1. the existence, absence, terms, or amount of any fees, contributions, monies, or other costs, whether monetary or in kind, associated with the goods or services;

  2. that no profits are being made from the goods or services provided;

  3. any restriction, limitation, or condition to purchase the goods or services;

  4. any aspect of the performance, efficacy, nature, or central characteristics of the goods or services; and

5.    any other matter regarding the goods or services;

B.    requesting or receiving payment of any fee or consideration for goods or services represented to remove derogatory information from, or improve, a person's credit history, credit record, or credit rating until:

1.    the time frame in which the defendant has represented all of the goods or services will be provided to that person has expired; and

2.    the defendant has provided the person with the documentation in the form of a consumer report from a consumer reporting agency demonstrating that the promised results have been achieved, such report having been issued more than six months after the results were achieved;

C.    requesting or receiving payment of any fee or consideration in advance of obtaining a loan or other extension of credit when the defendant has guaranteed or represented a high likelihood of success in obtaining or arranging a loan or other extension of credit for a person; and

D.    violating the Telemarketing Sales Rule, 16 C.F.R. Part 310.

### III. MONETARY RELIEF

**IT IS FURTHER ORDERED** that:

A.    Judgment is hereby entered in favor of the Commission and against Defendants Pukke and DebtWorks, jointly and severally, in the amount of ONE HUNDRED SEVENTY-TWO MILLION DOLLARS ($172,000,000) (the "Judgment").

B.    Except as provided in Sections III.D. and IV of this Order, the Judgment shall be suspended if the Defendants satisfy the following conditions:

1.    Defendants acknowledge that the Receivership Property is comprised of

Assets held in constructive trust under applicable state law and irrevocably

assign, waive, release, discharge, and disclaim to the Commission any and

all right, title, interest, and claims, known and unknown, that either

Defendant has or may have in, to or against any and all Receivership

Property; *provided however*, that Pukke and anyone residing with him may

continue to reside at the Receivership Property located at 31 Linda Isle,

Newport Beach, California 92660 ("Linda Isle property") until ten (10)

days prior to the closing of a contract for sale of the property or 180 days

after the date of entry of this Order, whichever occurs first, at which time

he and anyone residing with him must vacate the property, so long as

Pukke, and anyone residing at that address with him, (1) fully cooperate

with the Receiver's efforts to market and sell the property, including

granting the Receiver or its agents access to the property to show it to

prospective buyers upon twenty-four (24) hour telephonic notice at

Pukke's telephone number to be provided to the Receiver upon the date of

entry of this Order; (2) do not interfere with such sale; and (3) do not by

action or inaction reduce the value of the property; *provided further* that

Pukke may retain his personal furnishings located in the residence at the

Linda Isle property;

2.    Pukke releases and waives any statutory, common law, or other homestead

exemption, including tenancy by the entirety protection, that may apply to

the Linda Isle property or to any other real or personal property in which

Pukke has any interest as of the date of entry of this Order and shall not

declare or claim any homestead exemption in the Linda Isle Property, or

such other property. Pukke also releases and waives any statutory,

common law or other exemption in any and all assets, real or personal,

constituting Receivership Property;

3.  Pukke shall cooperate fully with the Commission and be responsible for

preparing, executing, and recording the necessary documents and taking

any additional actions the Commission deems necessary or desirable to

evidence and effect the assignment, waiver, release, discharge, and

disclaimer to the Commission of his right, title, interest, and claims in, to

or against the assets constituting Receivership Property and to carry out

the purposes of this Order; and

4.  Within three (3) business days of execution of this Order by both Plaintiff

and Defendants, Pukke shall file a motion in the Pukke Bankruptcy Case

to obtain that court's permission to enter into this Order and take any and

all actions necessary and appropriate to implement and effectuate this

Order. Any plan of reorganization or liquidation proposed by Defendant

Pukke or otherwise confirmed in the Pukke Bankruptcy Case, pursuant to

11 U.S.C. § 1129, shall be consistent with the terms of this Order and shall

not modify or otherwise supersede this Order, including the District

Court's exclusive jurisdiction to interpret and enforce this Order.

5.  If the Defendants satisfy all of the conditions described in this Section III.B. and except as provided in Sections III.D. and IV of this Order, the Judgment against Defendants shall be suspended, and the FTC agrees that it will not participate in any distribution to creditors in the Pukke Bankruptcy Case or file a complaint for nondischargeability or take any other action to determine nondischargeability of the Judgment owed to the FTC under Section III.A. of this Order.

C.  If Defendants do not satisfy the conditions set forth in Section III.B.:

1.  The Judgment shall not be suspended, and Defendants shall owe the FTC $172,000,000, the approximate amount of consumer injury alleged in Plaintiff's complaint;

2.  The FTC shall hold an allowed, general non-priority unsecured claim against Pukke in the Pukke Bankruptcy Case pursuant to 11 U.S.C. § 502 in the amount of ONE HUNDRED SEVENTY-TWO MILLION DOLLARS ($172,000,000), and the FTC shall receive any distribution to which it is entitled under the priorities of the Bankruptcy Code in the Pukke Bankruptcy Case;

3.  Pukke shall not oppose any motion by the FTC for the appointment of a trustee in the Pukke Bankruptcy Case, but the FTC agrees that it will not nominate or otherwise propose the Receiver to serve as the trustee; and

4.  The FTC reserves its right to file a complaint to determine the nondischargeability of the Judgment owed to the FTC under Section III.A.

of this Order.  Pukke agrees that the deadline for the FTC to file any such

complaint to determine nondischargeability shall be up to and including

the effective date of any plan confirmed in the Pukke Bankruptcy Case or

the date on which the Pukke Bankruptcy Case is closed, whichever is later.

D.    The Receiver shall marshal and liquidate the Receivership Property in accordance

with Section IX of this Order, and turn over monies to the FTC in accordance with

Section IX.O. of the Order.  If the Net Monies derived from liquidation of the

Receivership Property exceed $35 million, the FTC agrees to accept THIRTY-

FIVE MILLION DOLLARS ($35,000,000) in satisfaction of its Judgment, and

any Net Monies exceeding $35,000,000 shall be turned over to the Pukke

Bankruptcy Estate for distribution in accordance with the priorities of the

Bankruptcy Code. *Provided however* that if for any reason the Receiver is

precluded from turning over any Net Monies to the FTC as set forth herein or such

Net Monies are determined to belong to the Pukke Bankruptcy Estate, then

(1) the FTC shall hold an allowed, general non-priority unsecured claim against

Pukke in the Pukke Bankruptcy Case pursuant to 11 U.S.C. § 502 in the amount

of ONE HUNDRED SEVENTY-TWO MILLION DOLLARS ($172,000,000),

(2) the FTC shall receive any distribution to which it is entitled under the

priorities of the Bankruptcy Code in the Pukke Bankruptcy Case, and (3) the FTC

agrees that it will not file a complaint for nondischargeability or take any other

action to determine nondischargeability except as provided in Section IV.C. of

this Order; *provided further* that Pukke shall not oppose any motion by the FTC

Page 13 of 35

for the appointment of a trustee in the Pukke Bankruptcy Case, but the FTC agrees

that it will not nominate or otherwise propose the Receiver to serve as the trustee.

E.    Any and all funds paid pursuant to this Order shall be paid by electronic funds

transfer pursuant to instructions provided by the Commission for deposit into a

fund administered by the Commission or its agents for equitable relief including,

but not limited to, consumer redress and any attendant expenses for the

administration of any redress fund. If the related settlement in the Nationwide

Class Action receives final approval and the Nationwide Class prevails on any

appeal noticed from that settlement, the FTC and counsel for the plaintiffs in the

Nationwide Class Action shall agree upon a program whereby the funds will be

distributed fairly to class members in the Nationwide Class Action, and for

plaintiffs' attorneys' fees and costs as approved by the Court in the Nationwide

Class Action, *provided, however,* that the FTC reserves the right to object to the

amount of attorneys fees and costs requested by plaintiffs' counsel in the

Nationwide Class Action. In the event that direct redress to consumers is wholly

or partially impracticable or funds remain after redress is completed, the FTC, in

consultation with plaintiffs' counsel in the Nationwide Class Action, may apply

any remaining funds for such other equitable relief (including consumer

information remedies) as it determines to be reasonably related to Defendants'

practices as alleged in the Complaint. Any funds not used for such equitable relief

shall be deposited to the United States Treasury as disgorgement. Defendants

shall have no right to challenge the FTC's choice of remedies under this

Subsection.

F.    Except as otherwise provided herein, Defendants relinquish all dominion, control and title to the funds and assets comprising Receivership Property and to funds paid to the FTC pursuant to this Order. Defendants shall make no claim to or demand for the return of the funds, directly or indirectly, through counsel or otherwise.

G.    All funds paid pursuant to this Order are equitable monetary relief, solely remedial in nature, and not a fine, penalty, punitive assessment, or forfeiture; and

H.    Defendants are hereby required, in accordance with 31 U.S.C. § 7701, to furnish to the FTC their tax identification numbers, which shall be used for purposes of collecting and reporting any delinquent amounts arising out of this Order.

## IV. TERMINATION OF SUSPENSION

**IT IS FURTHER ORDERED** that:

A.    The Commission's agreement to, and the Court's approval of, this Order as to Defendants is expressly premised upon the truthfulness, accuracy, and completeness of Defendants' financial condition, as represented in DebtWorks' financial statement dated May 2, 2005, and Pukke's financial statement dated January 5, 2006, upon which the Commission relied in negotiating and agreeing to the terms of this Order. By agreeing to this Order, Defendants reaffirm and attest to the truthfulness, accuracy, and completeness of these financial statements.

B.    If, upon motion by the Commission, this Court finds that any Defendant possessed, in whole or in part, of record or beneficially, any Asset not disclosed in

the Defendants' financial statements that constitutes Receivership Property and that is exempt from the Pukke Bankruptcy Estate, such Asset, or the fair market value thereof, calculated as of the date of entry of this Order or the date of turnover of the Asset, whichever value is greater, shall be turned over to the FTC by that Defendant within ten (10) days and shall be used for consumer redress in accordance with this Order. *Provided* that in all other respects this Judgment shall remain in full force and effect unless otherwise ordered by this Court, and that proceedings instituted under this section are in addition to, and not in lieu of, any other civil or criminal remedies as may be provided by law, including any other proceedings the FTC may initiate to enforce this Order.

C.      The FTC reserves its right to file a complaint to determine the nondischargeability of any debt determined to be owed to the FTC under Section IV.B. of this Order. Pukke agrees that the deadline for the FTC to file any such complaint to determine nondischargeability of such debt shall be up to and including the effective date of any plan confirmed in the Pukke Bankruptcy Case or the date on which the Pukke Bankruptcy Case is closed, whichever is later.

## V. EFFECT OF NATIONWIDE CLASS ACTION SETTLEMENT

**IT IS FURTHER ORDERED** that the claims settled in this Order shall be distinct and severable from any claims advanced by the plaintiffs in the Nationwide Class Action and settled with Defendants. If the United States District Court for the District of Maryland or any appeals court should decline to certify, decertify, or refuse to approve the settlement of any such claims, that decision shall not affect either the implementation of the Redress Program or the terms of

this Order, and nothing in this Order shall be used as evidence against the Defendants in the Nationwide Class Action.

## VI. COORDINATION WITH NATIONWIDE CLASS ACTION

**IT IS FURTHER ORDERED** that the FTC and counsel for the plaintiffs in the Nationwide Class Action shall negotiate and agree upon the content and manner of dissemination of a notice of the parallel settlement achieved in the Nationwide Class Action (the "Notice"), which must be submitted to and approved by the United States District Court for the District of Maryland in the Nationwide Class Action. Upon approval of such settlement, the FTC and counsel for the plaintiffs in the Nationwide Class Action shall negotiate and agree upon the manner of dissemination of the distribution to any class members of the Nationwide Class Action. Class members in the Nationwide Class Action that receive redress through the FTC Redress Program shall be notified that the distribution constitutes a distribution from the Nationwide Class Action and satisfies the Nationwide Class Action's obligations to those consumers. The Nationwide Class Action plaintiffs shall bear all costs associated with dissemination of the Notice. In addition, plaintiffs' counsel in the Nationwide Class Action shall bear all costs associated with receiving and processing consumers' requests for exclusion ("opt outs") from the class. Plaintiffs' counsel in the Nationwide Class Action shall not be responsible for any costs directly related to the FTC's redress program (*e.g.,* the FTC's provision of redress checks to consumers).

## VII. REDRESS PROGRAM ADMINISTRATION

**IT IS FURTHER ORDERED** that the Redress Program shall be established and administered by the FTC in its sole discretion for the purpose of providing consumer redress.

The FTC, in consultation with plaintiffs' counsel in the Nationwide Class Action, shall determine

the plan for the disbursement of the funds to consumers in the Nationwide Class Action. The

FTC, in its sole discretion, shall assign the administration of the Redress Program to one of its

approved contractors (Redress Program Administrator). Defendants shall have no right to

contest the substance or manner of distribution of redress (including any attendant costs), nor the

FTC's selection of the Redress Program Administrator.

## VIII. COOPERATION WITH GOVERNMENT COUNSEL

**IT IS FURTHER ORDERED** that Pukke shall, in connection with this action and in

connection with the Pukke Bankruptcy Case, cooperate in good faith with the FTC and appear at

such places and at such times as the FTC shall reasonably request for interviews, conferences,

pretrial discovery, review of documents, and for other matters as may be reasonably requested by

the FTC. If requested in writing by the FTC, Pukke shall appear and provide testimony under

oath in any trial, without the service of a subpoena. Cooperation by Pukke shall not require

Pukke to waive his constitutional right against self-incrimination and right to counsel.

## IX. RECEIVERSHIP PROVISIONS

**IT IS FURTHER ORDERED** that Robb Evans & Associates LLP is appointed as

Permanent Receiver ("Receiver"), with the full power of an equity receiver over all the

Receivership Property, with directions and authority to accomplish the following:

A.    Within three (3) business days of entry of this Order, release to Pukke from funds

held in constructive trust, as payment for Pukke's living expenses incurred since

April 20, 2005, ONE HUNDRED TWENTY-FIVE THOUSAND DOLLARS

($125,000). The Receiver shall release no further funds held in constructive trust

for the payment of Pukke's living expenses;

B.    Upon Pukke's execution of this agreement and with this Court's approval,

withdraw any freeze on Pukke's existing personal credit cards so that Pukke may

use such credit cards; *provided however*, that Pukke, not the Receivership, shall

be obligated to pay any and all debts incurred thereafter on Pukke's credit cards;

*provided further* that Pukke's use of said credit cards shall be in accordance with

the Bankruptcy Code and applicable Bankruptcy rules;

C.    Upon court order, entered in this action or in the Pukke Bankruptcy Case after

notice to parties in interest, release from funds held in constructive trust TWO

HUNDRED TWENTY-TWO THOUSAND DOLLARS ($222,000) to the Jones

Day law firm in payment of Pukke's attorneys fees and costs logged by the Jones

Day law firm in defending this action through December 29, 2005. Neither the

FTC nor the Receiver shall object to this payment or contest or seek disgorgement

of payments previously received by the Jones Day law firm in connection with

this action. In addition, upon court order, entered in this action or in the Pukke

Bankruptcy Case after notice to parties in interest, the Receiver shall release from

funds held in constructive trust up to an additional SEVENTY-EIGHT

THOUSAND DOLLARS ($78,000) for the payment of attorneys fees or other

costs of administration in the Pukke Bankruptcy Case. In no event shall any

monies released pursuant to this Section IX.C. revert to Pukke personally. Except

as provided in this Section, the Receiver shall release no further funds to

Defendants for any reason. Nothing in this Section mitigates or contravenes

Defendants' stipulation and this Court's finding that (1) any and all funds and assets that comprise Receivership Property were derived from payments by consumers as an alleged consequence of the acts and practices alleged in the FTC's complaint; (2) Defendants do not have a legitimate claim to those funds; and (3) any and all funds paid pursuant to this Order are held in constructive trust for consumers;

D.      The Receiver and the FTC shall not seek disgorgement or otherwise contest payments previously made to the law firm of Collier Shannon Scott for attorneys fees and costs in connection with its defense of this matter, *provided that* Collier Shannon Scott, within three (3) business days of entry of this Order, withdraws and abandons any claim in the Pukke Bankruptcy Case for outstanding, unpaid attorneys fees and costs;

E.      In attempting to sell and liquidate a lot of real property constituting Receivership Property located in Centerpoint, New York, the Receiver shall consider any offer received by Pukke's father, Janis Pukke, to purchase said property, and allow Janis Pukke the right of first refusal to purchase the property at fair market value; *provided however,* the Receiver may put the property up for sale on the open market and consider any offers received in determining the fair market value of the property, and may sell the property to a bidder with a higher or better offer if Janis Pukke declines to match or exceed all material terms of the offer; *provided further* that the Receiver may take all steps necessary, including the taking of Janis Pukke's deposition, to assure itself that any funds to be used by Janis Pukke

to purchase the property do not constitute Receivership Property, and may refuse to sell the property to Janis Pukke if any such funds constitute Receivership Property;

F.    Maintain full control of the Receivership Property;

G.    Maintain custody, control, and possession of all Assets, including the funds, property, premises, accounts, mail and other assets constituting Receivership Property, wherever situated, the income and profits therefrom, and all sums of money now or hereafter due or owing to the Receivership, with full power to: collect, receive, and take possession of all Assets, including goods, chattels, rights, credits, monies, effects, lands, leases, books and records, work papers, and records of accounts, including computer-maintained information, contracts, financial records, monies on hand in banks and other financial institutions, and other papers and documents of the Receivership and customers of the Receivership whose interest are now held by or under the direction, possession, custody, or control of the Receivership;

H.    Continue performing all reasonable efforts to determine the nature, location, and value of all Receivership Property;

I.    Engage and employ, with the approval of the Court, accountants and money managers ("Retained Professionals"). The Receiver may employ without the approval of the Court other individuals or entities that the Receiver deems necessary to assist it in its duties in the ordinary course of the Receivership's business, including, but not limited to, foreign attorneys and accountants, realtors,

appraisers and auctioneers ("Ordinary Course Professionals and Vendors"). The

Receiver may compensate the Ordinary Course Professionals and Vendors in the

ordinary course but, may, in its discretion, seek the approval of the Court in

advance of approving payments to such persons. The Retained Professionals and

counsel of record for the Receiver may only be compensated pursuant to order of

the Court;

J.    Take such action as the Receiver deems appropriate to prevent the dissipation or

concealment of any Assets constituting Receivership Property and otherwise

preserve any such Assets;

K.    Liquidate Assets constituting Receivership Property in accordance with the terms

of this Order or any prior or subsequent order of this Court; and to transfer

Receivership Property to storage facilities, cancel leases, and reject and enter

contracts;

L.    Oversee the operations of any and all businesses owned or controlled by

Defendants that otherwise constitute Receivership Property;

M.    Bring such legal actions based on law or equity in any state, federal, or foreign

court as it deems necessary or appropriate in discharging its duties as Receiver

relating to the location, marshaling, and management of Assets constituting

Receivership Property;

N.    Immediately enforce the monetary judgment set forth in Section III of this Order

by taking all necessary or appropriate post-judgment collection steps, including

but not limited to obtaining and levying writs of execution and creating, perfecting

and enforcing judgment liens on any real or personal property of the Defendants that constitutes Receivership Property;

O.    After all Assets that constitute Receivership Property have been liquidated, the Receiver shall turn over no more than THIRTY-FIVE MILLION ($35,000,000) from Net Monies to the FTC in accordance with Section III of this Order. Notwithstanding that such monies represent funds held in constructive trust for consumers, the Receiver shall turn over any monies exceeding $35,000,000 to the Pukke Bankruptcy Estate for distribution to creditors in accordance with the priorities of the Bankruptcy Code. The FTC reserves the right to request that the Court order the Receiver to distribute funds on an interim basis to the FTC prior to winding up liquidation of the Receivership Property; and

P.    The Receiver shall pay all taxes and other approved expenses from Receivership Property and provide a final accounting (1) within thirty (30) days after the Receiver winds up liquidation and distribution of the Receivership Property or (2) upon Court order at the request of the FTC.

**IT IS FURTHER ORDERED** that, to the extent they are not inconsistent with this Order, all powers granted to the Receiver pursuant to this Court's order of April 20, 2005, shall remain in full force and effect.

## X. COMPENSATION OF RECEIVER

**IT IS FURTHER ORDERED** that the Receiver and those he employs are entitled to reasonable compensation for the performance of their duties pursuant to this Order and for the costs of actual out-of-pocket expenses incurred by them, from the Assets constituting

Receivership Property. The Receiver and the Retained Professionals shall apply to the Court for such compensation and expense.

## XI. COOPERATION WITH RECEIVER

**IT IS FURTHER ORDERED** that the undersigned shall cooperate fully with the Receiver in: (A)assisting the Receiver in defending any and all actions or claims brought against the Receiver or the Receivership Property by other persons or entities; (B) executing any documents necessary to transfer assets or ownership interest to the Receiver pursuant to the terms of this Order; and (C) refraining from any act that would interfere or impede the Receiver in the execution of the performance of his duties. Pukke shall cooperate in good faith with the Receiver and appear at such places and at such times as the Receiver shall reasonably request for deposition testimony, interviews, conferences, review of documents, and for other matters as may be reasonably requested by the Receiver, without the service of a subpoena. Cooperation by Pukke shall not require Pukke to waive his constitutional right against self-incrimination, but Pukke agrees that he will not assert this right with respect to his Assets and the Receiver's attempts to locate, marshal, and liquidate Receivership Property.

## XII. MAINTENANCE OF ASSET FREEZE

**IT IS FURTHER ORDERED** that, except as provided herein, the freeze of the Assets by the Court's order dated April 20, 2005 shall remain in effect, except as necessary for the Receiver to liquidate all Receivership Property, until the Receiver concludes all activities required to wind up the Receivership. *Provided however*, that nothing in this Order shall (1) prohibit Pukke from seeking gainful employment in accordance with Sections I and II of this Order; or (2) prohibit Pukke from using income earned through such employment, money

released for his living expenses pursuant to Section IX of this Order, or funds given to Pukke by his friends and family members, so long as such funds did not derive or originate from Receivership Property, directly or indirectly, in whole or in part.

## XIII. ACKNOWLEDGMENT OF RECEIPT OF ORDER

**IT IS FURTHER ORDERED** that Defendants, within five (5) business days after receipt of this Order as entered by the Court, each must submit to the Commission a truthful sworn statement acknowledging receipt of this Order, in the form set forth in Attachment A to this Order.

## XIV.    DISTRIBUTION OF ORDER BY DEFENDANTS

**IT IS FURTHER ORDERED** that, for a period of five (5) years from the date of entry of this Order, Defendants shall deliver copies of the Order as directed below:

A.    DebtWorks shall deliver a copy of this Order to all of its principals, officers, directors, and managers.  DebtWorks shall also deliver copies of this Order to all of its employees, agents, and representatives who engage in conduct related to the subject matter of the Order.  For current personnel, delivery shall be within five (5) days of service of this Order upon DebtWorks.  For new personnel, delivery shall occur prior to them assuming their responsibilities.

B.    For any business that Pukke controls, directly or indirectly, or in which Pukke has a majority ownership interest, Pukke shall deliver a copy of this Order to all principals, officers, directors, and managers of that business.  Pukke shall also deliver copies of this Order to all employees, agents, and representatives of that business who engage in conduct related to the subject matter of Sections I and II

of the Order. For current personnel, delivery shall be within five (5) days of service of this Order upon Pukke. New personnel shall be given copies of this Order at least one (1) business day before they start work.

C.    For any business where Pukke is not a controlling person of the business but otherwise engages in conduct related to the subject matter of Sections I and II of the Order, Pukke shall deliver a copy of this Order to all principals and managers of such business before engaging in such conduct.

D.    Defendants shall secure a signed and dated statement acknowledging receipt of the Order, within thirty (30) days of delivery, from all persons receiving a copy of the Order pursuant to this Section.

## XV.    RECORD KEEPING PROVISIONS

**IT IS FURTHER ORDERED** that, for a period of eight (8) years from the date of entry of this Order, in connection with the marketing, providing, or assisting in the marketing or providing of credit counseling, credit education, or debt management or in the telemarketing of any good or service, Defendants and their agents, employees, officers, corporations, successors, and assigns, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are hereby restrained and enjoined from failing to create and retain the following records:

A.    Accounting records that reflect the cost of goods or services sold, revenues generated, and the disbursement of such revenues;

B.    Personnel records accurately reflecting: the name, address, and telephone number of each person employed in any capacity by such business, including as an

independent contractor; that person's job title or position; the date upon which the person commenced work; and the date and reason for the person's termination, if applicable;

C.     Customer files containing the names, addresses, phone numbers, dollar amounts paid, quantity of items or services purchased, and description of items or services purchased, to the extent such information is obtained in the ordinary course of business;

D.     Complaints and refund requests (whether received directly, indirectly, or through any third party) and any responses to those complaints or requests;

E.     Copies of all sales scripts, training materials, advertisements, or other marketing materials; and

F.      All records and documents necessary to demonstrate full compliance with each provision of this Order, including but not limited to, copies of acknowledgments of receipt of this Order, required by Section XIII and XIV of this Order, and all reports submitted to the FTC pursuant to Section XVI of this Order.

## XVI.   COMPLIANCE REPORTING BY DEFENDANTS

**IT IS FURTHER ORDERED** that, in order that compliance with the provisions of this Order may be monitored:

A.     For a period of five (5) years from the date of entry of this Order,

    (1)    Pukke shall notify the Commission of the following:

        (a)    Any changes in residence, mailing addresses, and telephone numbers, within ten (10) days of the date of such change;

(b)    Any changes in employment status (including self-employment) of Pukke, and any change in the ownership of Pukke in any business entity, within ten (10) days of the date of such change. Such notice shall include the name and address of each business that Pukke is affiliated with, employed by, creates or forms, or performs services for; a statement of the nature of the business; and a statement of Pukke's duties and responsibilities in connection with the business or employment; and

(c)    Any changes in Pukke's name or use of any aliases or fictitious names; and

(2)    Defendants shall notify the Commission of any changes in corporate structure of DebtWorks or any business entity that Pukke directly or indirectly control(s), or has an ownership interest in, that may affect compliance obligations arising under this Order, including but not limited to a dissolution, assignment, sale, merger, or other action that would result in the emergence of a successor entity; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; the filing of a bankruptcy petition; or a change in the corporate name or address, at least thirty (30) days prior to such change, *provided* that, with respect to any proposed change in the corporation about which the Defendants learn less than thirty (30) days prior to the date such action is to take place, Defendants shall notify the Commission

Page 28 of 35

as soon as is practicable after obtaining such knowledge.

B.   One hundred eighty (180) days after the date of entry of this Order, Defendants shall each provide a written report to the FTC, sworn to under penalty of perjury, setting forth in detail the manner and form in which they have complied and are complying with this Order.  This report shall include, but not be limited to:

    (1)   The then-current residence address, mailing addresses, and telephone numbers of Pukke;

    (2)   The then-current employment and business addresses and telephone numbers of Pukke, a description of the business activities of each such employer or business, and the title and responsibilities of Pukke, for each such employer or business;

    (3)   A copy of each acknowledgment of receipt of this Order, obtained pursuant to Section XIII and XIV; and

    (4)   Any other changes required to be reported under subparagraph A of this Section.

C.   For purposes of the compliance reporting and monitoring required by this Order, the Commission is authorized to communicate directly with Defendants.

## XVII.   COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring and investigating compliance with any provision of this Order,

A.   Within ten (10) days of receipt of written notice from a representative of the Commission, each Defendant shall submit additional written reports, sworn to

under penalty of perjury; produce documents for inspection and copying; appear for deposition; and/or provide entry during normal business hours to any business location in such defendant's possession or direct or indirect control to inspect the business operation;

B.  In addition, the Commission is authorized to monitor compliance with this Order by all other lawful means, including but not limited to the following:

　　(1)  obtaining discovery from any person, without further leave of court, using the procedures prescribed by Fed. R. Civ. P. 30, 31, 33, 34, 36, and 45;

　　(2)  posing as consumers and suppliers to Defendants' employees, or any other entity managed or controlled in whole or in part by Pukke or DebtWorks, without the necessity of identification or prior notice; and

C.  Defendants each shall permit representatives of the Commission to interview any employer, consultant, independent contractor, representative, agent, or employee who has agreed to such an interview, relating in any way to any conduct subject to this Order. The person interviewed may have counsel present.

*Provided, however,* that nothing in this Order shall limit the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, to obtain any documentary material, tangible things, testimony, or information relevant to unfair or deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

## XVIII. AUTOMATIC STAY

**IT IS FURTHER ORDERED** that, to the extent necessary to effectuate the provisions of this Order, the automatic stay in the Pukke Bankruptcy Case pursuant to 11 U.S.C. § 362 shall be and hereby is terminated as to the FTC and the Receiver.

## XIX. NONINTERFERENCE WITH RECEIVER

**IT IS FURTHER ORDERED** that all clients and vendors of Defendants, creditors and other persons, and all others acting on behalf of any such client, vendor, creditor or other persons, including sheriffs, marshals, other officers, deputies, servants, agents, employees, and attorneys, are stayed from:

A.    Commencing, prosecuting, continuing or enforcing any suit or proceeding against the Receivership Property, except that such actions may be filed to toll any statutes of limitations;

B.    Using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution, or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any portion of the Receivership property, wherever situated;

C.    Attempting to modify, cancel, terminate, call, extinguish, revoke or accelerate (the due date), of any lease, loan, mortgage, indebtedness, security agreement or other agreement affecting the Receivership Property;

D.    Doing any act to interfere with the taking control, possession, management, or sale by the Receiver, of any portion of the Receivership Property, or to in any way interfere with or harass the Receiver, or to interfere in any manner with the exclusive jurisdiction of the Court over the Receivership Property.

*Provided, however,* this provision shall not be construed to restrict:

1.     The commencement or continuation of a criminal action or proceeding;

2.     The commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power;

3.     The enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power; or

4.     The continuation of *In re AmeriDebt*, Case No. 04-23649-PM (Bankr. D. Md.), or the commencement and continuation of any suit or proceeding filed by the AmeriDebt Trustee.

## XX. NOTIFICATIONS

**IT IS FURTHER ORDERED** that, for purposes of this Order, Defendants shall, unless otherwise directed by the FTC or its authorized representatives, mail all written notifications to the FTC relating to this Order to:

> Associate Director, Division of Enforcement
> Federal Trade Commission
> 600 Pennsylvania Ave., N.W.
> Washington, D.C.  20580
> Re: FTC v. AmeriDebt, et al.

For purposes of this Order, the FTC and Receiver shall, unless otherwise provided by this Order or otherwise directed by Defendants or their authorized representatives, mail all written notifications to Defendants relating to this Order to:

John B. Williams, Esq.
Jones Day
51 Louisiana Avenue, N.W.
Washington, D.C. 20001

## XXI.  RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for all

purposes, including construction, modification and enforcement of this Order.


**IT IS SO ORDERED.**


Dated:_____        _____
                                   UNITED STATES DISTRICT COURT JUDGE

**STIPULATED AND AGREED TO BY:**

_____

LUCY E. MORRIS
PEDER V.W. MAGEE
ALLISON I. BROWN
JAMIE HINE
Attorneys for Plaintiff, Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Mail Stop NJ-3158
Washington, D.C. 20580
(202) 326-3295 (telephone)
(202) 326-3768 (facsimile)


Local Counsel
JEANNE M. CROUSE - #05329
RAMONA D. ELLIOTT - #05738
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Mail Stop H-485
Washington, D.C. 20580
(202) 326-3312 (telephone)
(202) 326-3799 (facsimile)


By: Andris Pukke, Individually, and as
    President of DebtWorks, Inc.,
    and as Chapter 11 Debtor


By: John B. Williams, Esq.
    Geoffrey S. Irwin, Esq.
Attorneys for Andris Pukke and DebtWorks, Inc.
And Special Counsel for Debtor Andris Pukke
Jones Day
51 Louisiana Avenue, N.W.
Washington, DC 20001
(202) 879-3678 (telephone)
(202) 626-1700 (facsimile)

*Attachment A: Affidavit for Receipt of Final Order*
**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| _____ )<br>)<br>FEDERAL TRADE COMMISSION, )<br>)<br>    Plaintiff, )<br>)<br>  v. )<br>)<br>AMERIDEBT, INC., et al., )<br>)<br>    Defendants. )<br>)<br>_____ ) | Civil No.  PJM 03-3317 |

[*Name of defendant*], being duly sworn, hereby states and affirms as follows:

  1.  My name is _____. My current residence address is _____.
I am a citizen of _____ and am over the age of eighteen.  I have personal knowledge of the facts set forth in this Affidavit.

  2.  I am a defendant in *Federal Trade Commission v. AmeriDebt, Inc., et al.* Civil No. PJM 03-3317 (United States District Court for the District of Maryland).

  3.  On _____, I received a copy of the Stipulated Order for Permanent Injunction and Final Judgment, which was signed by the Court, and entered by the Court on _____.  A true and correct copy of the Order I received is appended to this Affidavit.

  I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed on _____[*date*], at _____[*city and state*].


             _____
             [*Full name of Defendant*]

State of _____, City of _____
    Subscribed and sworn to before me this __ day of _____, 2006.

_____    My Commission Expires:
Notary Public



*Exhibit "C"*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### SOUTHERN DIVISION

FEDERAL TRADE COMMISSION,      )
                                       )

        Plaintiff,             )

                                    )
      vs.                    )     Civil Action No. PJM 03-3317

                                    )
AMERIDEBT, INC., et al.,         )

                                  )
        Defendants.        )

---

## RECEIVER'S APPLICATION FOR SUPPLEMENTAL RELIEF UNDER ORDER HOLDING ANDRIS PUKKE AND PETER BAKER IN CONTEMPT OF COURT; REQUEST FOR IMMEDIATE INCARCERATION OF ANDRIS PUKKE AND PETER BAKER TO COERCE COMPLIANCE WITH COURT ORDERS

Robb Evans & Associates LLC as Receiver over the assets of Andris Pukke and DebtWorks, Inc. ("Receiver") hereby applies to the Court for supplemental relief in furtherance of the enforcement of, and pursuant to the provisions of, the Court's Order Holding Andris Pukke and Peter Baker in Contempt of Court filed March 30, 2007 ("Contempt Order"). The Receiver specifically seeks an order of the Court directing that Andris Pukke ("Pukke") and Peter Baker ("Baker") be immediately incarcerated until Pukke and Baker fully and strictly comply with the terms and provisions of the Contempt Order and the Court's related Order for Vesting and Control of Dolphin Development Company Limited and Proceeds in Receiver filed March 30, 2007 ("Dolphin Vesting Order"). The Receiver contends good cause exists for such relief based on the memorandum of law, the declarations of M. Val Miller, Brick Kane and Gary Owen Caris filed concurrently herewith in support of this Application and the following:

## I.    INTRODUCTION

The Contempt Order determined that Pukke and Baker are in civil contempt of court for their violations of the Court's Preliminary Injunction Order with Asset Freeze, Appointment of A Receiver, Repatriation of Assets, and Other Equitable Relief dated April 20, 2005 ("Preliminary

Injunction") and the Stipulated Final Judgment and Permanent Injunction as to Defendants Debtworks, Inc. and Andris Pukke ("Stipulated Final Judgment") dated May 17, 2006. The Contempt Order imposes various duties upon Pukke and Baker with respect to Concealed Assets which have been improperly not disclosed to and withheld from the Receiver, including the IO/Sportingbet Stock and Proceeds, the Hansabanka Funds and Proceeds, the Emerald Bay Property and Proceeds, and Dolphin Development Rights and Proceeds, as those terms are defined in the Contempt Order. Further, paragraphs 6 and 8 of the Contempt Order permit the Receiver to submit additional orders and apply to the Court or other courts for additional relief to implement and enforce the provisions of the Contempt Order. Paragraphs 9 and 10 of the Contempt Order permit the Receiver to seek additional relief from the Court in the event Pukke and/or Baker fail to comply "strictly, fully and timely" with the Contempt Order, including the turnover duty and duty of cooperation imposed on each of them in the Contempt Order.

## II.    BAKER'S DUTIES AND POST-ORDER HEARING ACTIVITIES BY BAKER UNDER THE CONTEMPT ORDER

After the Contempt Order was entered, on April 2, 2007, and pursuant to the duty of cooperation set forth in paragraph 5, and particularly paragraph 5.C. of the Contempt Order, the Receiver's counsel sent by overnight mail to Jones Day on behalf of Baker a detailed letter requiring Baker to make disclosures, turn over documents and execute various demand letters, consents to disclosure of account records and the grant deed to the Emerald Bay Property. The Receiver's counsel delivered a supplemental request for documents to be executed on April 4, 2007, requesting that Pukke and Baker each execute instruction letters to Rodwell Williams of Williams & Barrow in Belize, directing the firm to turn over records and files to the Receiver.

Baker initially took steps to comply with his duties under the Contempt Order, and since shortly after the conclusion of the contempt hearing had been in communication with the Receiver's representatives regarding his duties. Baker executed and delivered to the Receiver a grant deed to the Emerald Bay Property and timely vacated that Property, and title to the Emerald Bay Property is now vested in the receivership estate's qualified settlement fund. Baker also executed and delivered to the Receiver's representative, Kenton Johnson, most, but not all,

2

of the demand letters and the consents to disclosure of account records. Baker was also in communication with Brick Kane of the Receiver's office regarding the Dolphin Development Rights and Proceeds, pursuant to which Baker turned over limited records of Starfish Development Limited ("Starfish") and provided some information regarding the Starfish business activities, although the information Baker provided regarding the location of various banking and other records and the persons with custody of various documents concerning Dolphin Development Company Limited ("Dolphin Development"), Sanctuary Bay Limited ("Sanctuary Bay") and Starfish was inconsistent and incomplete.

In addition, as detailed in the accompanying declaration of M. Val Miller, the Receiver's representative met with John Usher and Mishell Hernandez in Belize during the week of March 26, 2007. During the two meetings the Receiver held with Mr. Usher, Mr. Usher was cooperative with the Receiver. Mr. Usher and Ms. Hernandez met with Mr. Miller for several hours, including driving Mr. Miller on a tour of the Sanctuary Bay Estates project. Mr. Usher specifically offered to prepare a proposed development and operating budget for the project to be provided to the Receiver and to work with the Receiver to create a successful development, and the Receiver indicated that after the Receiver's review of the financial and other information, if the Receiver determined it was appropriate and beneficial to the receivership estate, the Receiver would provide additional funding for the project if needed.

After the Contempt Order and related orders were entered, on April 2, 2007, the Receiver directed an e-mail to Mr. Usher and Ms. Hernandez with copies of the entered Contempt Order and Dolphin Vesting Order. Ms. Hernandez acknowledged receipt of the orders and again indicated a willingness to work with the Receiver and turn over all documents requested by the Receiver <u>if instructed to do so by Baker</u>. Mr. Usher in fact appeared at the contempt hearing voluntarily as a witness on behalf of Baker, and under oath Mr. Usher confirmed that he was employed by Baker through Starfish and was the General Manager of Starfish in Belize.

A.     <u>Cessation of Cooperation and Turnover by Baker as of April 16, 2007</u>

The Receiver's representative, Brick Kane, was scheduled to meet with Baker on April 18, 2007 to obtain a turnover of the additional documents pertaining to Starfish and Sanctuary

Bay. In furtherance of the turnover demand, the Receiver directed an e-mail to Baker asking him

to sign and deliver to the Receiver a letter of instructions to Mr. Usher regarding the turnover of

documents concerning the Dolphin Development Rights and Proceeds, as well as the two letters

he had previously refused to turn over, specifically demand letters to Baker's former lawyers,

Rutan & Tucker and Rus, Miliband & Smith, both of whom apparently received transfers of

IO/Sportingbet Proceeds from Baker, and the letter to Barrow & Williams which Baker had also

not executed and returned.

On April 16, 2007, Baker advised Mr. Kane in a telephone call that Baker would not

execute the letter to Mr. Usher. Later on the same date, Baker sent an e-mail to Mr. Kane and

concurrently sent to Mr. Kane by facsimile a "GS Questionnaire" created by Baker for Mr. Kane

to complete, sign and "certify" as a condition to Baker agreeing to be "interviewed" by Mr.

Kane.[1] Despite efforts by the Receiver to obtain Baker's cooperation in, at a minimum, having

documents turned over to the Receiver either personally by Baker or through a representative of

Baker, he refused to meet and has refused all forms of cooperation and contact with the Receiver

since April 16, 2007. Not coincidentally, on April 23 and 24, 2007, the Receiver received two

letters signed by John Usher in his capacity as Chairman of the Board of Sittee River Wildlife

Reserve ("Sittee River"). One of the letters was sent to the Receiver informing the Receiver that

the Board of Sittee River had terminated all development rights and contracts of Dolphin

Development, Sanctuary Bay, Starfish, and Baker at a recent Board meeting. The second letter

was sent by Mr. Usher on behalf of the Sittee River Board to all of the lot owners at the project,

demanding that they make payments on their purchase obligations to Sittee River instead of the

Receiver. Given the significant about face in Mr. Usher's position regarding the Receiver and

the Receiver's rights in the development that followed closely on the heels of Baker's complete

cessation of cooperation and refusal to comply with the Contempt Order, it is apparent that Mr.

Usher's position was prompted by instructions from Baker.

---

[1] This "GS Questionnaire" is essentially identical in form and content to the one that Pukke handed to Gary Caris at Pukke's aborted April 11, 2007 deposition which had been noticed in the litigation brought by Stephen Todd Cook against the Receiver as discussed hereafter in Section IV.

4

B.    Independent Board Members of Sittee River Shut Out of Meeting

The Receiver has investigated the Sittee River Board's actions. The Receiver has contacted the three outside directors on the Board, directors who are not affiliated with Baker. Two of them have advised Mr. Miller that they were not aware of, not invited to and did not attend any meeting of the Sittee River Board in the last 30 days. The third member advised Miller that he was aware of the meeting but did not attend or otherwise participate in it. The other members of the Sittee River Board, as reconstituted in 2006, include Baker's father, Richard Baker, Mr. Usher, Mishell Hernandez, who was the bookkeeper or accountant for Dolphin Development and subsequently Starfish, and three individuals who are also employed at the project. Therefore, to the extent that Sittee River Board action has taken place since April 16, 2007, it is action that has been taken by purported Board members related to, employed by and/or otherwise affiliated with Baker.

## III.    **BAKER'S DELIBERATE AND MATERIAL NON-COMPLIANCE WITH CONTEMPT ORDER**

Baker is in substantial default in the performance of his obligations under the Contempt Order at this time. Baker has (a) refused to turn over the funds in the Starfish and Sanctuary Bay bank accounts to the Receiver; (b) failed to turn over substantial records of Sanctuary Bay and Starfish pertaining to the Sanctuary Bay Estates development, including accounts receivable and accounts payable records and bank statements as more fully detailed in the proposed letter to Mr. Usher prepared by the Receiver for Baker's signature; (c) provided inconsistent information regarding where the Starfish business records, including bank statements, are located; (d) knowingly failed and refused to deliver executed demand letters to his counsel, Rutan & Tucker and Rus, Miliband & Smith, both of whom apparently received IO/Sportingbet proceeds from Baker, as well as to Williams & Barrow in Belize; (e) failed to account for and turn over proceeds of IO/Sportingbet Stock and Proceeds and Emerald Bay Proceeds in his possession or in the possession of third party transferees; and (f) refused to meet with the Receiver or have further communications or turn over any documents unless and until Brick Kane signed the "GS Questionnaire" presented by Baker. Moreover, to date, other than turning over title and

5

possession to the Emerald Bay Property, his execution and delivery of some of the demand letters to third parties required in the April 2, 2007 letter, Baker has failed to provide any information and documents concerning how he came to acquire the IO/Sportingbet Stock and Proceeds, as well as the other information required in the April 2, 2007 letter.[2]  As set forth below, it seems clear that notwithstanding the civil contempt citation, Baker continues to act in concert with Pukke to protect Pukke's Concealed Assets from turnover to the Receiver and to prevent full and accurate information regarding these assets from being disclosed to the Receiver.  It is also clear that Baker has intentionally and willfully impeded the Receiver from taking possession and control of the Sanctuary Bay Estates development, including all of the assets thereof.

## IV.    PUKKE'S UTTER FAILURE AND REFUSAL TO COMPLY WITH HIS DUTIES UNDER THE CONTEMPT ORDER

On April 2, 2007, the Receiver's counsel also directed a detailed letter to Jones Day on behalf of Pukke by overnight mail.  The letter demanded a detailed statement of the history of Pukke's interest in the IO/Sportingbet Stock and Proceeds and accounting of his stock, detailed information regarding the other Concealed Assets subject to the Contempt Order, a turnover of records pertaining to Pukke's rights and interests in those assets, and execution of various enclosed demand letters and consents to disclosure of account records.  The letter required Pukke to deliver the information and executed letters within 15 days, in accordance with paragraph 5 of the Contempt Order.

On April 11, 2007, in the related lawsuit filed by Pukke's friend Stephen Todd Cook pending before the Court, Pukke appeared at a duly noticed deposition in that litigation.  He appeared without counsel.  Pukke was approximately one hour late for the deposition and handed

---

[2]  On April 27, 2007, when the threat of incarceration was apparently made known to him by his counsel John Williams or by Pukke, Baker surfaced, called the Receiver's counsel from Belize and said that he would sign the remaining documents required to be executed by the Receiver. However, he falsely claimed that he was not in Belize in connection with the Sanctuary Bay Estates development, that he had no control over the Sittee River Board and that he had visited attorney Rodwell Williams in Belize over a week ago in order to obtain Rodwell Williams' consent to the execution of one of the required letters.

6

counsel for the Receiver a "GS Questionnaire" to be completed, signed and "certified" by Gary Caris, counsel to the Receiver. Pukke refused to provide substantive testimony at the deposition unless and until Mr. Caris completed and signed the document. The deposition was suspended and Pukke's misconduct is the subject of a separate motion to compel and for sanctions filed by the Receiver in the Cook litigation on April 19, 2007.

Pukke failed to respond to the April 2, 2007 and April 4, 2007 letters and failed to execute or deliver any of the enclosed demand letters, instructions to third parties and consents to disclosure of account records by the applicable 15-day deadlines or at any time thereafter. More important, Pukke has not turned over any of the concealed IO/Sportingbet Stock and Proceeds or provided any explanation or accounting as to where those assets are hidden. Instead, on April 19, 2007, Pukke began filing a series of legally baseless pleadings and "motions" in this Court, seeking among other things, extensions of the deadline for him to perform under the Contempt Order and to hold this action "in abeyance." On April 20, 2007, the Court issued an order denying these motions and directing Pukke to cease filing pleadings individually, as he is represented by counsel, Jones Day. Pukke has ignored the Court's order of April 20, 2007, and on April 25, 2007, Pukke filed another frivolous pleading demanding that the Court find a lack of jurisdiction over the action and lack of standing by the FTC in the case.[3]

## V.     IMMEDIATE INCARCERATION OF PUKKE AND BAKER IS ESSENTIAL TO OBTAIN COMPLIANCE WITH THE COURT'S ORDERS

Pukke's and Baker's recent conduct has been obstreperous and abusive of the litigation process. Pukke has made it clear that he has no intention of complying either with the Contempt Order, Dolphin Vesting Order or any other order of this Court, as evidenced by his immediate violation of the Court's April 20, 2007 order with the filing of yet another baseless pleading on April 25, 2007. Baker has also made a deliberate decision to change course from his initial,

---

[3] As with Baker, Pukke finally surfaced on April 27, 2007 under the threat of incarceration. While he signed and returned various of the letters required by the Receiver, no assets whatsoever were turned over and no accountings were provided. Instead, he continues to assert that he does not own and never owned any interest in Internet Opportunity or Sportingbet, and that he has no interest and never had any interest in any Hansabanka account.

7

sporadic cooperation with the Receiver under the Contempt Order to conscious disregard of the Receiver's demands and Baker's duties under the order and intentional interference with the Receiver's rights and remedies under the Contempt Order and Dolphin Vesting Order. Other than the Emerald Bay Property grant deed signed by Baker, not a single dollar nor any other asset has been turned over by Pukke and Baker to the Receiver since the Court's contempt orders. The IO/Sportingbet Stock and Proceeds are worth at least $20 million and the Dolphin Development Rights and Proceeds are worth at least another $10 million. Why haven't the contemnors turned over any of these assets and funds?

It is apparent that only immediate incarceration of both Pukke and Baker will bring Pukke and Baker into compliance with these Orders. Not until they were apprised of the imminent incarceration did either of them provide even a minimal amount of cooperation. The Court has given Pukke and Baker a fair and reasonable opportunity to purge their contempt, restore receivership assets to the estate and provide the Receiver the information and cooperation needed to allow the Receiver to administer the Concealed Assets for the benefit of the injured consumers who are the beneficiaries of this estate.

WHEREFORE, the Receiver respectfully submits that a bench warrant should issue forthwith directing the United States Marshal to immediately take into custody civil contemnors Pukke and Baker, and directing that Pukke and Baker, and each of them, shall remain

8

incarcerated unless and until Pukke and Baker complies fully and strictly with all duties and obligations imposed on Pukke and Baker, respectively, under the Contempt Order and the Dolphin Vesting Order.

Dated: April 30, 2007

MCKENNA LONG & ALDRIDGE LLP

By:  /s/ Gary Owen Caris
    GARY OWEN CARIS
    California Bar No. 088918
    LESLEY ANNE HAWES
    California Bar No. 117101
    444 South Flower Street, 8th Floor
    Los Angeles, California  90071
    Telephone: (213) 688-1000
    Facsimile:  (213) 243-6330
    E-Mail:    gcaris@mckennalong.com
            lhawes@mckennalong.com

Dated: April 30, 2007

MCKENNA LONG & ALDRIDGE LLP

By: _____/s/_____
    Christina M. Carroll (Bar No. 16863)
    McKENNA LONG & ALDRIDGE LLP
    1900 K Street, N.W.
    Washington, DC  20006
    Telephone: (202) 496-7500
    Fax:    (202) 496-7756
    E-mail: ccarroll@mckennalong.com

Attorneys for Robb Evans & Associates LLC, Receiver

9

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 30th day of April 2007, a copy of the RECEIVER'S APPLICATION FOR SUPPLEMENTAL RELIEF UNDER ORDER HOLDING ANDRIS PUKKE AND PETER BAKER IN CONTEMPT OF COURT; REQUEST FOR ORDER FOR IMMEDIATE INCARCERATION OF ANDRIS PUKKE AND PETER BAKER was served on the parties listed on the attached Service List in the manner indicated.

_____/s/_____
Christina M. Carroll
McKENNA LONG & ALDRIDGE LLP
1900 K Street, N.W.
Washington, DC 20006
Telephone:    (202) 496-7500
Fax:    (202) 496-7756
E-mail:  ccarroll@mckennalong.com

Attorneys for Robb Evans & Associates
LLC, Receiver

10

## SERVICE LIST

The following CM/ECF participants were served by electronic means on April 30, 2007:

Gary C. Adler - gadler@oconnorhannan.com; jmurphy@oconnorhannan.com

Robert M .Adler - radler@oconnorhannan.com; jcomisiak@oconnorhannan.com; jtowell@oconnorhannan.com

Allison Ilene Brown - aibrown@ftc.gov

Jeanne M. Crouse - jcrouse@ftc.gov

Ramona Dee Elliott - relliott@ftc.gov

Geoffrey Smith Irwin - gsirwin@jonesday.com

Charles Kevin Kobbe - kevin.kobbe@dlapiper.com

William N. Lobel - wlobel@irell.com

Glenn A. Mitchell - gamitchell@steinmitchell.com; abeato@steinmitchell.com

Malini Mithal – mmithal1@ftc.gov

Lucy Emily Morris - lmorris@ftc.gov

Kevyn D. Orr - korr@jonesday.com

Jeffrey Mark Reisner - jreisner@irell.com

Sanford M. Saunders, Jr. - saunderss@gtlaw.com

Roger Schlossberg - bkcreditor@schlosslaw.com; rschlossberg@schlosslaw.com

Mark David Taylor - taylor.mark@arentfox.com

John Buchanan Williams - jbwilliams@jonesday.com; aypowell@jonesday.com

The following non-CM/ECF participants were served by first-class mail, postage prepaid on April 30, 2007:

John F. Kaley, Esq.
Doar Rieck Kaley & Mack
217 Broadway, Suite 707
New York, NY 10007

Stuart M. Fischbein
United States Department of Justice
PO Box 227
555 Fourth St NW
Washington, DC 20044

11

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| FEDERAL TRADE COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. PJM 03-3317 |
| | ) | |
| AMERIDEBT, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## FTC'S APPLICATION FOR IMMEDIATE INCARCERATION

The Federal Trade Commission ("FTC" or "Commission") requests the immediate incarceration of Andris Pukke and Peter Baker to coerce them to comply with the Court's Order Holding Andris Pukke and Peter Baker in Contempt of Court ("Contempt Order," DE # 571, filed March 30, 2007). As explained in the Receiver's Application for Supplemental Relief and Request for Immediate Incarceration ("Receiver's Application," filed April 30, 2007), Mr. Pukke and Mr. Baker have not turned over Mr. Pukke's assets to the Receiver, in violation of several Court orders entered over the past two years. Even the Court's recent contempt findings have failed to provide the contemnors with the incentive to comply. According to the Receiver's estimates, Mr. Pukke and Mr. Baker are withholding at least $30 million worth of assets from the Receiver, and ultimately from the financially distressed consumers whom Mr. Pukke cheated out of millions of dollars. Clearly, the contemnors need a much stronger incentive to part with that $30 million. As demonstrated by their continuing contumacious conduct, only immediate incarceration will force them to relinquish these funds.

1

## I.    FACTUAL BACKGROUND

On March 30, 2007, after a ten-day bench trial requiring considerable Receivership and judicial resources, the Court entered a Contempt Order finding that Mr. Pukke and Mr. Baker have concealed various valuable assets ("Concealed Assets") in violation of two previous orders: the Preliminary Injunction Order with Asset Freeze, Appointment of a Receiver, Repatriation of Assets, and Other Equitable Relief (DE #122, filed April 20, 2005), and the Stipulated Final Judgment and Permanent Injunction as to Defendants Debtworks, Inc. and Andris Pukke (DE # 473, filed May 16, 2006). The Contempt Order requires the contemnors to "take all steps necessary or convenient" to turn over these assets and "cooperate fully with the Receiver." Contempt Order at ¶¶ 4-5.

As set forth in the Receiver's Application, Mr. Pukke and Mr. Baker continue to refuse to turn over the vast majority of the Concealed Assets, totaling at least $30 million. As of this past Friday, April 27, 2007, Mr. Pukke had taken absolutely no steps to abide by the Contempt Order, ignoring the Receiver's requests for an accounting of assets and turnover of records pertaining to the Concealed Assets and failing to sign letters directing third parties to turn over the assets. Mr. Pukke also has tried to protract these proceedings by filing a *pro se* pleading attacking this Court's jurisdiction and the FTC's standing to bring this action (DE # 587, filed April 25, 2007), despite the Court's order requiring that any official communication between the Court and Mr. Pukke take place through his counsel at Jones Day (Order, DE # 584, filed April 20, 2007). Only after Mr. Pukke's counsel John Williams apparently informed him that the Court likely would incarcerate him shortly unless he complied with the Contempt Order did Mr. Pukke finally send select third-party letters to the Receiver on Friday, April 27, 2007. However, he also sent the Receiver an unsworn cover letter stating that he never owned any interest in assets

2

that the Court concluded in its contempt findings that he owned. Further, Pukke again failed to provide any accounting of assets or turn over any records.

Mr. Baker likewise has demonstrated that this Court's orders have no influence on him. He has refused to turn over funds and records pertaining to the Concealed Assets, provided inconsistent information regarding the location of relevant documents, failed to deliver letters directing third parties to return assets that belong to the Receiver, and refused to meet with the Receiver or turn over any documents unless the Receiver completes, signs, and certifies a questionnaire Mr. Baker created.[1]

## II.    LEGAL ANALYSIS

Mr. Pukke and Mr. Baker's contumacious conduct demonstrates that this Court's orders have not provided them with a sufficient incentive to surrender Mr. Pukke's assets. Accordingly, a stronger coercive sanction is necessary. "The paradigmatic coercive, civil contempt sanction . . . involves confining a contemnor indefinitely until he complies with an affirmative command such as an order 'to pay alimony, or to surrender property ordered to be turned over to a receiver . . . .'" *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 828, 114 S. Ct. 2552, 2556, 129 L. Ed. 2d 642, 651 (1994) (citation omitted); *United States v. Pratt*, 351 F.3d 131 (4th Cir. 2003) (explaining that "a civil contempt sentence aims to 'coerce the defendant to do the thing required' . . . .") (citation omitted).[2]

---

[1]    Like Mr. Pukke, Mr. Baker became aware on April 27, 2007 that he faced incarceration for his contumacious behavior. Accordingly, he called the Receiver's counsel from Belize that day; however, Mr. Baker hung up after he was reminded that he had not provided accountings or assets as ordered.

[2]    Although coercive fines are also appropriate in civil contempt cases, *see Bagwell*, 512 U.S. at 828, 114 S. Ct. at 2556, 129 L. Ed. 2d at 651, in this case, Mr. Pukke has already been ordered to turn over all of his assets, and he refuses to do so. Thus, a fine would be an inadequate means of enforcing compliance.

3

As explained above and more fully in the Receiver's Application, Mr. Pukke and Mr. Baker have shown that absent stronger coercive measures, they will not turn over Mr. Pukke's assets, but rather actively will impede the Receiver's efforts to collect assets for consumers. In its contempt ruling on March 14, 2007, the Court specifically found that Mr. Pukke and Mr. Baker were not forthcoming with the Court and that many of their assertions were "ridiculous" and "outlandish." Yet despite the pains the Court took to impress upon them the severity of the matter, the contemnors continue to be uncooperative and evasive. Unfortunately, the Court's contempt ruling, the *third* Court order requiring that Mr. Pukke give up his assets, has had no coercive effect on the contemnors, and has not yet motivated them to cooperate fully in immediately turning over Mr. Pukke's assets. The contemnors have given no indication that additional time will change their contumacious, uncooperative behavior; rather, absent stronger coercive measures, they will continue to hide Mr. Pukke's assets and play games with the Receiver and this Court, further diminishing Receivership resources at the expense of consumer redress.

4

## III.   CONCLUSION

For the foregoing reasons, the FTC requests that the Court immediately incarcerate Mr.

Pukke and Mr. Baker until they purge their contempt by complying with this Court's Contempt

Order.

Dated: April 30, 2007                          Respectfully submitted,


                                               FEDERAL TRADE COMMISSION
                                               William Blumenthal
                                               General Counsel

                                               */s/ Malini Mithal*
                                               MALINI MITHAL
                                               600 Pennsylvania Ave., NW
                                               Mail Drop NJ-2122
                                               Washington, DC 20580
                                               (202) 326-2972 (telephone)
                                               (202) 326-2558 (facsimile)
                                               mmithal1@ftc.gov

                                               Local Counsel
                                               JEANNE M. CROUSE (#05329)
                                               600 Pennsylvania Ave., N.W.
                                               Mail Stop NJ-2122
                                               Washington, D.C.  20580
                                               (202) 326-3312 (telephone)
                                               (202) 326-2558 (facsimile)
                                               jcrouse@ftc.gov

G.    The Receiver and the FTC recommend that Pukke be released from incarceration under the terms of this Stipulation for the purpose of complying with the terms of the Contempt Order, the Dolphin Order, and the Incarceration Order, and to further assist the Receiver in obtaining Janis Pukke's cooperation under the Turnover Order.

NOW THEREFORE, with reference the facts set forth above the parties hereto do stipulate and agree as follows:

1.    Vipulis shall transfer to the Receiver by wire transfer the sum of $4,500,000, net of all wire transfer fees and any other fees and charges of any kind, which sum shall be unconditionally retained by the Receiver and which shall become a part of the funds of the receivership estate pursuant to the terms of the Stipulated Final Judgment and Permanent Injunction as to Defendants DebtWorks, Inc. and Andris Pukke ("Stipulated Final Judgment") (this payment is hereinafter referred to as the "Vipulis Payment"). The Vipulis Payment shall be applied against the $172,000,000 judgment in favor of the FTC pursuant to the Stipulated Final Judgment. The Vipulis Payment shall not be applied against the non-suspended $35,000,000 portion of the judgment, whether or not the balance of the money judgment set forth in the Stipulated Final Judgment is suspended, in whole or in part. Vipulis represents and warrants that the Vipulis Payment is not Receivership Property, as defined in the Stipulated Final Judgment, and the Receiver and the FTC are relying on that representation and warranty in entering into their Stipulation. Based upon that representation and warranty by Vipulis, the Receiver and the FTC agree that they will not use the fact of the Vipulis Payment as a basis to assert that Vipulis is in possession of Receivership Property, as defined in the Stipulated Final Judgment.

2.    The sum of $3,250,000 of the Vipulis Payment shall be considered to be a loan from Vipulis to Pukke ("Vipulis Loan"). The terms of the loan shall be the subject of such

- 3 -

*Exhibit "E"*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
# SOUTHERN DIVISION

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. PJM 03-3317 |
| | ) | |
| AMERIDEBT, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

---

## STIPULATION FOR CONDITIONAL RELEASE OF ANDRIS PUKKE FROM INCARCERATION SUBJECT TO COMPLIANCE WITH COURT ORDERS

Robb Evans & Associates LLC as Receiver over the assets of Andris Pukke and

DebtWorks, Inc. ("Receiver"), Plaintiff Federal Trade Commission ("FTC"), contemnor Andris

Pukke ("Pukke"), and John Vipulis ("Vipulis") by and through their respective counsel, hereby

enter into this Stipulation for Conditional Release of Andris Pukke from Incarceration Subject to

Compliance with Court Orders ("Stipulation") based on the following facts:

### RECITALS

A.    On March 30, 2007, the Court entered three orders in connection with the

Receiver's application to hold Pukke and Peter Baker ("Baker") in Contempt of Court:  (a) Order

Holding Andris Pukke and Peter Baker in Contempt of Court ("Contempt Order"); (b) Order for

Vesting and Control of Dolphin Development Company Limited and Proceeds in Receiver

("Dolphin Order"); and (c) Order Compelling Janis Pukke to Turn Over Receivership Property

("Turnover Order").

B.    On May 2, 2007, following the filing of the Receiver's Application for

Supplemental Relief Under Order Holding Andris Pukke and Peter Baker in Contempt of Court;

LA:17260891.3

Request for Immediate Incarceration of Andris Pukke and Peter Baker to Coerce Compliance With Court Orders ("Receiver's Application") and the FTC's Application for Immediate Incarceration ("FTC Application"), the Court conducted a hearing on the Receiver's Application and the FTC's Application and ordered the immediate incarceration of Pukke and Baker as reflected in the Order For Immediate Incarceration of Andris Pukke and Peter Baker to Coerce Compliance with Court Orders ("Incarceration Order") entered May 4, 2007.

C.    On May 15, 2007, the Receiver, the FTC, and Baker by and through their counsel, entered into the Stipulation for Conditional Release of Peter Baker from Incarceration Subject to Compliance with Court Orders ("Baker Stipulation"). On May 15, 2007, the Court entered the Order approving the Baker Stipulation and thereafter Baker was conditionally released from incarceration.

D.    Since his incarceration pursuant to the Incarceration Order, Pukke caused to be transferred to the Receiver from the Valkyr Trust which is designated as the "Liechenstein Trust" in the Cash Proceeds Chart attached as Exhibit 1 to the Contempt Order the sum of $1,749,975 as part of Pukke's attempt to purge his contempt.

E.    Pukke has not purged his contempt of Court but has promised to cooperate with the Receiver under the Contempt Order, the Dolphin Order and the Incarceration Order, and to assist the Receiver in obtaining Janis Pukke's cooperation under the Turnover Order, in order to purge Pukke's contempt of Court.

F.    Vipulis has offered to pay the Receiver the sum of $4,500,000 as an inducement to obtain the agreement by the Receiver and the FTC to stipulate to Pukke's conditional release from incarceration, pursuant to the terms and conditions of this Stipulation.

- 2 -

separate agreement as Vipulis and Pukke may enter into, if any, provided however that Vipulis agrees to subordinate repayment of the Vipulis Loan to satisfaction in full of the FTC judgment under the terms of the Stipulated Final Judgment. Therefore, Pukke shall not repay all or any portion of the Vipulis Loan to Vipulis until such time as the FTC judgment is satisfied in full under the terms of the Stipulated Final Judgment, as such terms and satisfaction shall be agreed to by the FTC and Pukke or determined by the Court.

3.    The sum of $1,250,000 of the Vipulis Payment shall be paid to the Receiver in consideration for the transfer and relinquishment of all of the Receiver's rights in the property designated as "Riga Latvia Farm Land" in the Cash Proceeds Chart, Exhibit 1 to the Contempt Order and generally referred to as "Langas Krasti" ("Langas Krasti"). Upon receipt of the Vipulis Payment, the Receiver does hereby transfer and relinquish all of its rights in Langas Krasti. It is agreed that as a consequence of this transfer and relinquishment, Pukke will thereafter cause to be transferred to Vipulis all right, title and interest in and to Langas Krasti irrespective of the person or entity currently holding title to Langas Krasti. Vipulis agrees that he will not, at any time thereafter, transfer or assign any beneficial interest in Langas Krasti, in whole or in part, directly or indirectly, to Pukke, or to any entity owned or controlled in whole or in part by Pukke.

4.    Pukke shall be conditionally released from his incarceration in the Charles County Detention Center immediately upon the Receiver's verification that the Vipulis Payment has been paid by wire transfer to the Receiver. Pukke is subject to re-incarceration if he fails to fully and strictly comply with his duties under the Contempt Order to fully purge his contempt by fulfilling Pukke's turnover duty and duty of cooperation concerning the Concealed Assets as set forth in the Contempt Order and the Incarceration Order. Without limiting the generality of the

- 4 -

preceding sentence, Pukke specifically agrees that his release from incarceration is subject to the

additional express condition that Pukke shall meet with the Receiver and the Receiver's counsel

in person at one or more dates, times and locations to be provided by the Receiver, through

counsel, to Pukke or his counsel on 24 hours' telephonic notice for the purpose of answering

questions, producing and turning over documents and records, executing and causing to be

executed such additional documents and letters as may be required by the Receiver, and taking

all such other steps to complete turnover to the Receiver of all Concealed Assets which Pukke is

obligated to return to the Receivership Estate under the Contempt Order and the Incarceration

Order and otherwise fulfilling Pukke's duty of cooperation concerning the concealed assets as

specified under the Contempt Order and the Incarceration Order.

5.    Any failure by Pukke to fully and strictly comply with his duties under the

Contempt Order, Incarceration Order and this Stipulation, including without limitation his failure

to meet with the Receiver and the Receiver's counsel and/or to make the disclosures and

turnover of Concealed Assets, and information and documents related thereto, and/or to execute

such additional documents and letters as may be required by the Receiver, shall be grounds for

immediate re-incarceration of Pukke upon the filing of a declaration of non-compliance by the

Receiver or its counsel and entry of an order for re-incarceration.

6.    The Receiver agrees that it shall not seek to recover from Janis Pukke, in whole or

in part, any amounts purportedly lent by DebtWorks, Inc. to Janis Pukke which purported loan

was in the original aggregate sum of $2,150,000 ("DebtWorks Loan").

7.    Notwithstanding paragraph 6 above, other than Langas Krasti, the Receiver

retains all of its rights in and to all Receivership Property, as defined in the Stipulated Final

Judgment, wherever located and regardless of the title holder thereof, and to recover from any

- 5 -

person or entity all Receivership Property, and the Receiver does not waive, release or discharge any of its rights whatsoever to recover all Receivership Property. Without limiting the generality of the preceding sentence, all rights the Receiver may have in Latvian real property which may directly or indirectly constitute Receivership Property shall remain unaffected by this Stipulation and any order entered hereon.

8.    Pukke shall cause Janis Pukke to assign to the Receiver all of Janis Pukke's rights to any refund paid or to be paid from the Internal Revenue Service on account of Janis Pukke's payment of taxes in connection with Janis Pukke's purported gain on the sale of Sportingbet Plc stock.

9.    All obligations, duties and requirements imposed upon Pukke, Baker, and/or Janis Pukke pursuant to the Contempt Order, Dolphin Order, Turnover Order, and Incarceration Order shall remain in full force and effect according to their terms.

10.    By agreeing to this Stipulation, the Receiver and the FTC do not in any way limit or waive the right to seek and obtain further permissible contempt remedies against Pukke.

DATED: May 30, 2007              McKENNA LONG & ALDRIDGE LLP


By:_____/s/_____

GARY OWEN CARIS
California Bar No. 088918
LESLEY ANNE HAWES
California Bar No. 117101
444 South Flower Street, 8th Floor
Los Angeles, California 90071
Telephone:   (213) 688-1000
Facsimile:   (213) 243-6330
E-Mail:      gcaris@mckennalong.com
             lhawes@mckennalong.com

Attorneys for Robb Evans & Associates LLC
as Receiver over the Assets of Andris Pukke
and DebtWorks, Inc.

- 6 -

DATED: May ___, 2007          FEDERAL TRADE COMMISSION

                              By:_____
                                  MALINI MITHAL
                                  600 Pennsylvania Avenue, N.W.
                                  Mail Drop NJ 2122
                                  Washington, D.C. 20580
                                  Telephone:  (202) 326-2972
                                  E-Mail:    mmithal1@ftc.gov

DATED: May ___, 2007          JONES DAY

                              By:_____
                                  JOHN B. WILLIAMS
                                  51 Louisiana Avenue, N.W.
                                  Washington, D.C. 20001
                                  Telephone:  (202) 879-3939
                                  Facsimile:  (202) 626-1700
                                  E-Mail:    jwilliams@jonesday.com

                                  Attorneys for Andris Pukke

DATED: May 30, 2007           GREENBERG TRAURIG

                              By:_____
                                  PATRICK L. O'BRIEN
                                  401 East Las Olas Boulevard, Suite 2000
                                  Fort Lauderdale, Florida 33301
                                  Telephone:  (954) 768-8221
                                  Facsimile:  (954) 765-1477
                                  E-Mail:    obrienp@gtlaw.com

                                  Attorneys for John Vipulis

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 30th day of May 2007, a copy of the STIPULATION FOR CONDITIONAL RELEASE OF ANDRIS PUKKE FROM INCARCERATION SUBJECT TO COMPLIANCE WITH COURT ORDERS was served on the parties listed on the attached Service List in the manner indicated.

_____/s/_____

CHRISTINA M. CARROLL
McKENNA LONG & ALDRIDGE LLP
1900 K Street, N.W.
Washington, D.C. 20006
Telephone: (202) 496-7500
Facsimile: (202) 496-7756
E-mail: ccarroll@mckennalong.com

Attorneys for Robb Evans & Associates LLC, Receiver

## SERVICE LIST

The following CM/ECF participants were served by electronic means on May 30, 2007:

Gary C. Adler - gadler@oconnorhannan.com; jmurphy@oconnorhannan.com

Robert M .Adler - radler@oconnorhannan.com; jcomisiak@oconnorhannan.com; jtowell@oconnorhannan.com

Allison Ilene Brown - aibrown@ftc.gov

Jeanne M. Crouse - jcrouse@ftc.gov

Ramona Dee Elliott - relliott@ftc.gov

Geoffrey Smith Irwin - gsirwin@jonesday.com

Charles Kevin Kobbe - kevin.kobbe@dlapiper.com

John J. Locurto – john.j.locurto@usdoj.gov

William N. Lobel - wlobel@irell.com

Glenn A. Mitchell - gamitchell@steinmitchell.com; abeato@steinmitchell.com

Malini Mithal – mmithal1@ftc.gov

Lucy Emily Morris - lmorris@ftc.gov

Dara B. Oliphant – dara.b.oliphant@usdoj.gov

Kevyn D. Orr - korr@jonesday.com

Jeffrey Mark Reisner - jreisner@irell.com

Sanford M. Saunders, Jr. - saunderss@gtlaw.com

Roger Schlossberg - bkcreditor@schlosslaw.com; rschlossberg@schlosslaw.com

Mark David Taylor - taylor.mark@arentfox.com

John Buchanan Williams - jbwilliams@jonesday.com; aypowell@jonesday.com

To:                                            From:

_____                        _____
_____                        _____
_____                        _____
_____                        _____
in his/her Official Capacity.                   as a Private Citizen.

      Know All Men By These Presents In Commerce, that in accord with, and in substantial compliance with, Ancient Custom, Law, Statute, Rules, Regulations, Public Policy, and all applicable International Treaties, including, but not limited to, the Uniform Commercial Code as adopted and enacted en toto, the above named Private Citizen, hereby gives notice to the above named person acting in his/her official capacity as an agent/employee of the Federal Trade Commission, as to the demands made against him/her herein, as follows, to wit:

      The above named government agent/employee has made a demand that the Private Citizen named above shall contact the said government agent/employee and make arrangements to report in person to a location as yet to be determined for the purpose of an interview in regards to an investigation being conducted by the Federal Trade Commission. In the abundance of caution, and to preserve the rights of all of the parties concerned in this matter, the undersigned hereby makes demand that the above named government agent/employee answer the following questions for and on the record of this matter:

1) Please identify yourself, giving your full lawful and legal name, address, and telephone number and your official status in the space provided:

_____                        _____
_____                        _____
_____                        _____

2) Please provide a list of your credentials and association memberships, including any and all badges, photo ID's, etc., in the space provided and/or attach photo copies of the same to this document:

_____                        _____
_____                        _____
_____                        _____

3) Please state the specific lawful or legal authority by which you compel the appearance of the Private Citizen named above? Please include all of the specific authorities including, but not limited to, any and all Laws, Statutes, etc.:

_____
_____
_____    _____
_____

4) Does the demand to appear before you require the Private Citizen to wave any of his/her rights in Commerce pursuant to the Law Merchant, as these terms have meaning in Law and Statute?  Explain:

_____
_____
_____

5) Does the demand to appear before you require the Private Citizen to wave any of his/her rights under the Civil Rights Act, as these terms have meaning in Law and Statute?  Explain:

_____
_____
_____

6) Does the demand to appear before you require the Private Citizen to wave any of his/her rights under the Constitution for the United States of America, as these terms have meaning in Law and Statute?  Explain:

_____
_____
_____

7) Is the Internal Revenue Service an Agency of any branch of the Government of the United States of America, as these terms have meaning in Law and Statute,?  Explain:

_____
_____
_____

8) What is the purpose of the interview?  Explain:

_____
_____
_____

9) If the Private Citizen answers any questions or provides any information in any form whatsoever, can the answers and/or the information provided be used to cause him/her to suffer any fee, fine, forfeiture, or any other pain or penalty, as these terms have meaning in Law and Statute?  Explain:

_____
_____
_____

10) May the Private Citizen tape record the interview?  Explain:

_____
_____
_____

11) Please identify your immediate supervisor, giving his/her full lawful and legal name,

address, and telephone number in the space provided:

_____        _____
_____        _____
_____        _____

12) Are you providing the Private Citizen named above with the full protections of administrative due process under the Administrative Procedures Act, as these terms have meaning in Law and Statute?  Explain:

_____
_____
_____

13) Is the matter in which you move a commercial one, as that term has meaning in Law and Statute?  Explain:

_____
_____
_____

14) Please provide proof of your standing, as that term has meaning in Law and Statute, to bring this matter against the Private Citizen identified above.  Explain:

_____
_____
_____

15) Please provide proof that the agency you represent has standing, as that term has meaning in Law and Statute, to bring this matter against the Private Citizen identified above.  Explain:

_____
_____
_____

16) Please execute the following Certification for the record of this matter:

## CERTIFICATION

I, the undersigned, in my capacity as an agent/employee of the Government of the United States of America, do hereby certify for the record of this matter that the Private Citizen named above has been afforded the opportunity to exercise each and every right available to him/her pursuant to the authorities invoked herein.  I further certify for the record of this matter that the United States of America has not violated any of the above said authorities while in the course of the prosecution of its interests in this matter.

_____
As the Authorized Representative of and for
The United States of America

_____

Print or Type the name used above

Please take notice that your failure to respond to this presentment as required by the above named authorities within ten (10) days of the date first indicated below, will constitute a default on your part and a stipulation that the matter is closed and that you and the agency you represent have no further claims against the Private Citizen named above.

Done and executed this _____ day of _____, _____A.D.,

at _____, County of _____, California.

_____

Print or Type Name

_____

As Authorized Representative, UCC 1.308

IN THE UNITEDSTATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION | ) | CIVIL ACTION NO.: PJM 03-03317 |
| | ) | |
| PLAINTIFF, | ) | INSTRUCTIONS TO THE CLERK |
| | ) | |
| VS. | ) | |
| | ) | |
| AMERIDEBT, INC., et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |
| _____ | ) | |

### AUTHORITIES

**Know All Men By These Presents In Commerce, that in accord with, and in substantial compliance with Ancient Custom, Law, Statute, Rules, Regulations, Public Policy, and all other applicable International Treaties, including, but not limited to, the Uniform Commercial Code as adopted and enacted en toto, the person named and identified below hereby performs the following, to wit:**

Comes now Andris Pukke©, in Propria Persona, for himself and for no others; and who by way of this document does hereby give notice to all whom it may concern, that he appears before this court by way of Special Appearance in the above entitled action. Please take notice that Andris Pukke© hereby admits to no jurisdiction of any kind whatsoever in any matter arising out of, or connected hereto. Please take notice that hereinafter, Andris Pukke© shall be referred to as Mr. Pukke.

### INSTRUCTIONS TO THE CLERK

1) Mr. Pukke hereby instructs the Clerk to enter into the records of this matter the document attached hereto and titled as "NOTICE TO ALL PARTIES". Mr. Pukke further instructs the Clerk to provide him with a file stamped copy of the same by return envelope, one of which is enclosed herewith, postpaid.

2) Please take notice, to all whom it may concern, your failure to act in accord with these instructions will work, by operation of law, to subject you to claims for money damages arising out of, or connected to, any injury however, or whatsoever, done to, or suffered by, Mr. Pukke in the matter which is the subject of this Notice. Govern yourself accordingly.

Done and executed this _____ day of _____, _____A.D.

at _____, in the County of _____,

California.

_____
Andris Pukke©, as Authorized Representative,
UCC 1.308.

IN THE UNITEDSTATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION | ) | CIVIL ACTION NO.: PJM 03-03317 |
| | ) | |
| PLAINTIFF, | ) | NOTICE TO ALL PARTIES |
| | ) | |
| VS. | ) | |
| | ) | |
| AMERIDEBT, INC., et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |
| _____ | ) | |

## AUTHORITIES

**Know All Men By These Presents In Commerce, that in accord with, and in substantial compliance with Ancient Custom, Law, Statute, Rules, Regulations, Public Policy, and all other applicable International Treaties, including, but not limited to, the Uniform Commercial Code as adopted and enacted en toto, Mr. Pukke hereby gives notice to all whom it may concern, as follows, to wit:**

## NOTICE TO ALL PARTIES

Comes now Andris Pukke©, in Propria Persona, for himself and for no others; and who by way of this document does hereby give notice to all whom it may concern, that he appears before this court by way of Special Appearance in the above entitled action. Please take notice that Andris Pukke© hereby admits to no jurisdiction of any kind whatsoever in any matter arising out of, or connected hereto. Please take notice that hereinafter, Andris Pukke© shall be referred to as Mr. Pukke.

1) Please take notice that the following persons, and the corporate entities to which they are associated, are hereby jointly and severally terminated for cause and that these persons, and the corporate entities to which they are associated, no longer have any authority to transact, as the term has meaning in law and statute, any matter whatsoever, in Commerce or otherwise, as to Andris Pukke©, a natural man, and/or any and all derivative ens legis entities so named. The list includes, but is not limited to, the following:

William Lobell, Esquire
IRELL & MANELLA, LLP
840 Newport Center Drive, Suite 400
Newport Beach, CA 92660-6324

William MacLeod, Esquire
KELLY, DRYE, & WARREN, LLP
Washington Harbour, Suite 400
3050 K Street NW
Washington, DC 20001-2113

Kerry L. Cook, Esquire
KELLY, DRYE, & WARREN, LLP
Washington Harbour, Suite 400
3050 K Street NW
Washington, DC 20001-2113

Jeffrey A. Kaufman, Esquire
KELLY, DRYE, & WARREN, LLP
Washington Harbour, Suite 400
3050 K Street NW
Washington, DC 20001-2113

John Williams, Esquire
JONES DAY
51 Louisiana Avenue NW
Washington, DC 20001-2113

Geoffrey Irwin, Esquire
JONES DAY
51 Louisiana Avenue NW
Washington, DC 20001-2113

2) Please take notice, to all whom it may concern, your failure to act in accord with this notice of termination will work, by operation of law, to subject you to claims for money damages arising out of, or connected to, any injury however, or whatsoever, done to or suffered by, Mr. Pukke in the matter which is the subject of this Notice. Govern yourself accordingly.

Done and executed this _____ day of _____, _____ A.D.

at _____, in the County of _____,

California.

_____
Andris Pukke©, as Authorized Representative,
UCC 1.308.

## JURAT OF THE NOTARY PUBLIC

As evidenced and attested to by the attachment of my signature under the seal of my office as a Notary Public for the State indicated below, I do hereby affirm and attest that the natural person identified above appeared before me and presented me with legally competent evidence of his/her identity and as a result this person became personally known to me. I do hereby further attest and affirm that this same person did execute this document in my presence acknowledging to me that this document is true, correct, certain, and complete; that it is not meant to mislead or misinform in any way whatsoever, and that it is executed as a true bill.

_____
Date and Time

_____
Signature and Seal of the Notary Public

_____
Print or type the name of the Notary Public

_____
Date on which my Commission expires

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION | ) | CIVIL ACTION NO.: PJM 03-03317 |
| | ) | |
| PLAINTIFF, | ) | NOTICE TO ALL PARTIES; |
| | ) | CLAIM OF RIGHTS; |
| VS. | ) | DECLARATIONS. |
| | ) | |
| AMERIDEBT, INC., et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

## AUTHORITIES

**Know All Men By These Presents In Commerce, that in accord with, and in substantial compliance with Ancient Custom, Law, Statute, Rules, Regulations, Public Policy, and all other applicable International Treaties, including, but not limited to, the Uniform Commercial Code as adopted and enacted en toto, Mr. Pukke hereby gives notice to all whom it may concern of his claims and demands herein, and performs the following acts herewith, as follows, to wit:**

## NOTICE TO ALL PARTIES

Comes now Andris Pukke©, in Propria Persona, for himself and for no others; and who by way of this document does hereby give notice to all whom it may concern, that he appears before this court by way of Special Appearance in the above entitled action.  Please take notice that Andris Pukke© hereby admits to no jurisdiction of any kind whatsoever in any matter arising out of, or connected hereto.  Please take notice that hereinafter, Andris Pukke© shall be referred to as Mr. Pukke.

## CLAIM OF RIGHTS

Mr. Pukke hereby gives notice to this court, and to all whom it may concern, that at all times material to this matter, or to any matter connected to, or arising therefrom, and under any

and all circumstances whatsoever, he claims the powers and protections of all of his rights and waives none of them for any cause or reason.

Mr. Pukke hereby claims and invokes the powers and protections of the United States Constitution, Annotated, and the California Constitution, Annotated.

Mr. Pukke hereby claims and invokes the powers and protections of Anastasoff vs. US, cited as Anastasoff vs. US, 223 F3d, 898 (Vacated as moot at Anastasoff vs. US, 235 F3d, 1054), especially as it relates to and describes the ancient custom and historical underpinnings and foundation of the Doctrine of Precedent.

Mr. Pukke hereby claims and invokes the powers and protections of Haines vs. Kerner, cited as Haines vs. Kerner, 404 US 519, and of Platsky vs. CIA, cited as Platsky vs. CIA, 953 F2d, 25, especially as it relates to and describes the standards as to pleadings and other legal writings submitted by litigants In Propria Persona; the rights of litigants In Propria Persona to submit evidence to the court for adjudication; and where the court dismisses any such pleading or writing, the duty of the court to provide to any such litigant, sua sponte, curative instructions and leave to refile.

Mr. Pukke hereby claims and invokes the powers and protections of Due Process, as that term has meaning in law and statute, to demand of this court that it include findings of fact and conclusions of law in support of any opinion or order issued by the court in this matter.

Mr. Pukke hereby claims and invokes the powers and protections of the Statutes of Fraud, Annotated, especially as it relates to and describes the requirements as to the rubric for the validation and the verification of debt.

## DECLARATIONS

Mr. Pukke hereby gives notice to this court, and to all whom it may concern, that at all times material to this matter, or to any matter connected to, or arising therefrom, and under any and all circumstances whatsoever, that he claims non-corporate status.

Mr. Pukke hereby gives notice to this court, and to all whom it may concern, that at all times material to this matter, or to any matter connected to, or arising therefrom, and under any and all circumstances whatsoever, that he claims domicile in California.

Mr. Pukke hereby gives notice to this court, and to all whom it may concern, that at all times material to this matter, or to any matter connected to, or arising therefrom, and under any and all circumstances whatsoever, that he claims his name is Andris Pukke©.

Mr. Pukke respectfully reminds the court that this is an administrative matter subject to the authorities invoked above and elsewhere in the record.

Done and executed this _____ day of _____, _____A.D. at _____, in the County of _____, California.

_____
Andris Pukke©, Authorized Representative,
UCC 1.308.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION | ) | CIVIL ACTION NO.: PJM 03-03317 |
| | ) | |
| PLAINTIFF, | ) | DEMAND FOR ABEYANCE OF |
| | ) | ACTION. |
| VS. | ) | |
| | ) | |
| AMERIDEBT, INC., et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |
| _____ | ) | |

## AUTHORITIES

**Know All Men By These Presents In Commerce, that in accord with, and in substantial compliance with Ancient Custom, Law, Statute, Rules, Regulations, Public Policy, and all other applicable International Treaties, including, but not limited to, the Uniform Commercial Code as adopted and enacted en toto, Mr. Pukke hereby gives notice to all whom it may concern of his claims and demands herein, and performs the following acts herewith, as follows, to wit:**

## NOTICE TO ALL PARTIES

Comes now Andris Pukke©, in Propria Persona, for himself and for no others; and who by way of this document does hereby give notice to all whom it may concern, that he appears before this court by way of Special Appearance in the above entitled action.   Please take notice that Andris Pukke© hereby admits to no jurisdiction of any kind whatsoever in any matter arising out of, or connected hereto.   Please take notice that hereinafter, Andris Pukke© shall be referred to as Mr. Pukke.

## DEMAND FOR ABEYANCE OF ACTION

Mr. Pukke hereby gives notice to the court that serious and material questions as to the validity of actions taken in the past by officers of the court, as those actions relate to the disputes

arising out of, and connected to, the above entitled action, have arisen. In light of, and as a result of the seriousness of these newly discovered issues, Mr. Pukke will file a challenge to the jurisdiction of this court and a challenge to the standing of the FTC to bring this matter against Andris Pukke© or any derivative thereof. Mr. Pukke believes that he has suffered, and continues to suffer, actionable injuries at the hands of officers of the court and parties known and unknown to him in this matter and hereby claims that damages are accruing.

As a result of the former, and in the abundance of caution so as to preserve the rights he has in this matter, Mr. Pukke hereby makes demand on the court that it hold in abeyance any action it may take in the above said matter for a period of thirty days from the date of this demand.

Mr. Pukke respectfully reminds the court that this is an administrative matter subject to the authorities invoked above and elsewhere in the record of this action.

Done and executed this _____ day of _____, _____A.D. at _____, in the County of _____, California.

_____
Andris Pukke©, Authorized Representative,
UCC 1.308.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION | ) | CIVIL ACTION NO.: PJM 03-03317 |
| | ) | |
| PLAINTIFF, | ) | DEMAND FOR EXTENSION |
| | ) | OF TIME TO RESPOND |
| VS. | ) | |
| | ) | |
| AMERIDEBT, INC., et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |
| | ) | |

### AUTHORITIES

**Know All Men By These Presents In Commerce, that in accord with, and in substantial compliance with Ancient Custom, Law, Statute, Rules, Regulations, Public Policy, and all other applicable International Treaties, including, but not limited to, the Uniform Commercial Code as adopted and enacted en toto, Mr. Pukke hereby gives notice to all whom it may concern of his claims and demands herein, and performs the following acts herewith, as follows, to wit:**

### NOTICE TO ALL PARTIES

Comes now Andris Pukke©, in Propria Persona, for himself and for no others; and who by way of this document does hereby give notice to all whom it may concern, that he appears before this court by way of Special Appearance in the above entitled action. Please take notice that Andris Pukke© hereby admits to no jurisdiction of any kind whatsoever in any matter arising out of, or connected hereto. Please take notice that hereinafter, Andris Pukke© shall be referred to as Mr. Pukke.

### DEMAND FOR EXTENSION OF TIME

Mr. Pukke hereby reiterates his notice to the court that he is at this time without representation and without the assistance of counsel; and that he appears by way of Special

FTC VS. AMERIDEBT
Document No.: 1704072
Page 1 of 2

Appearance, In Propria Persona. As a result of the former, Mr. Pukke hereby makes demand on the court for the extension of time to respond to any and all outstanding motions or orders of the court arising out of, or connected to, the above entitled action as any such motion or order may relate to Mr. Pukke. Mr. Pukke hereby makes demand for a period of extension of time of thirty (30) days from the date of this demand.

Mr. Pukke respectfully reminds the court that this is an administrative matter subject to the authorities invoked above and elsewhere in the record.

Done and executed this _____ day of _____, _____A.D. at _____, in the County of _____, California.

_____
Andris Pukke©, Authorized Representative, UCC 1.308.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION | ) | CIVIL ACTION NO.: PJM 03-03317 |
| | ) | |
| PLAINTIFF, | ) | CHALLENGE TO JURISDICTION; |
| | ) | CHALLENGE TO STANDING. |
| VS. | ) | |
| | ) | |
| AMERIDEBT, INC., et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |
| | ) | |

## AUTHORITIES

**Know All Men By These Presents In Commerce, that in accord with, and in substantial compliance with Ancient Custom, Law, Statute, Rules, Regulations, Public Policy, and all other applicable International Treaties, including, but not limited to, the Uniform Commercial Code as adopted and enacted en toto, Mr. Pukke hereby gives notice to all whom it may concern of his claims and demands herein, and performs the following acts herewith, as follows, to wit:**

## NOTICE TO ALL PARTIES

Comes now Andris Pukke©, in Propria Persona, for himself and for no others; and who by way of this document does hereby give notice to all whom it may concern, that he appears before this court by way of Special Appearance in the above entitled action.   Please take notice that Andris Pukke© hereby admits to no jurisdiction of any kind whatsoever in any matter arising out of, or connected hereto.   Please take notice that hereinafter, Andris Pukke© shall be referred to as Mr. Pukke.

## CHALLENGE TO JURISDICTION

Mr. Pukke hereby gives notice to this court, and to all whom it may concern, that

pursuant to the authorities invoked herein and elsewhere in the record of this matter, he does hereby demand that proof of Lawful and Legal jurisdiction, as that term has meaning in Law and Statute, be placed in the said record of this matter. Please let the court take notice of the axiom that any party to a dispute such as this one, has the right to challenge the jurisdiction of the court in all of its permutations at any time, even after judgement has been rendered. ( See Basso v. Utah Power and Light Co., 495 F2d, 906 ).

In point of fact, jurisdiction in matters such as this one cannot be presumed as there is a presumption against the existence of federal jurisdiction; thus, it is the party invoking the jurisdiction of the court that bears the burden of proof in this matter. (See 28 U.S.C.A. §§1332, 1332(c); Fed.Rules Civ. Proc. rule 12(h)(3), 28 U.S.C.A., Atlas Life Insurance Co. v. W. I. Southern Inc., 306 U.S. 563, 59 S.Ct. 657, 83 L.Ed. 987 (1939); Continental Mining and Milling Co. v. Migliaccio, 16 F.R.D. 217 (D.C. Utah 1954), City of Lawton, Okla. v. Chapman, 257 F.2d 601 (10th Cir. 1958) ). Where there is no jurisdiction there is no judge; the proceeding is as nothing. Such has been the law of our system from the days of the Marshalsea, and continues to work unto now even in this matter presently before the court. (See 10 Coke 68; also Bradley v. Fisher, 13 Wall 335,351. Manning v. Ketcham, 58 F.2d 948 ).

Additionally, let the court take notice that if the parties to a dispute do not raise the question of the lack of jurisdiction, it is the duty of the court to determine the manner for itself, sua sponte. ( See 28 U.S.C.A. §1332). This is because the lack of jurisdiction cannot be waived and jurisdiction cannot be conferred upon a federal court by consent, inaction, or stipulation. ( See 28 U.S.C.A. §1332, California v. LaRue, 409 U.S. 109, 93 S.Ct. 390, 34 L.Ed.2d 342 (1972); Natta v. Hogan, 392 F.2d 686 (10th Cir. 1968); Reconstruction Finance Corp. v. Riverview State Bank, 217 F.2d 455 (10th Cir. 1955 ).

## CHALLENGE TO STANDING

Mr. Pukke hereby gives notice to this court, and to all whom it may concern, that pursuant to the authorities invoked herein and elsewhere in the record of this matter, he does hereby demand that proof of Lawful and Legal Standing, as that term has meaning in Law and Statute, be placed in the said record of this matter as such relates to the FTC. Please let the court take notice that Parties themselves cannot invoke the jurisdiction of a federal court by stipulating

to the jurisdictional requirement of standing. ( See Vannatta v. Keisling, D.Or.1995, 899 F.Supp. 488, affirmed 151 F.3d 1215, certiorari denied 119 S.Ct. 870, 142 L.Ed.2d 771 ).

## DUTIES OF THE COURT

Mr. Pukke hereby gives notice to this court, and to all whom it may concern, that pursuant to the authorities invoked herein and elsewhere in the record of this matter, he does hereby inform the court specifically that pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, which provides that whenever it appears by suggestion of the parties, or otherwise, that the court lacks jurisdiction of the subject matter, it is the duty of the court that it shall dismiss the action. Mr. Pukke reminds the court that a court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking. Bradbury v. Dennis, 310 F.2d 73 (10th Cir. 1962), cert. denied, 372 U.S. 928, 83 S.Ct. 874, 9 L.Ed.2d 733 (1963).

## RELIEF DEMANDED

Mr. Pukke demands of the court that it compel the response of the FTC as to this presentment within ten (10) days, in writing and on the record. In the event of a default by the FTC as to this presentment, the FTC will be deemed, by way of the said default, to stipulate that its case against Mr. Pukke is without merit or foundation, and that the matter is closed.

Additionally, as it appears on the record that this court is without jurisdiction in the above said matter, Mr. Pukke reiterates his demand that the court, in the abundance of caution, and in an effort to preserve all those affected hereby, abate any action it may take until the issue of jurisdiction, in all of its permutations, has been finally decided.

Done and executed this _____ day of _____, _____ A.D.

_____

Andris Pukke©, Authorized Representative,
UCC 1.308.

AFFIDAVIT OF ANDRIS PUKKE
IN THE MATTER OF CASE NO: PJM 03-3317
FTC V. AMERIDEBT, ET AL

Comes now, Andris Pukke©, hereinafter referred to as the Affiant, a natural, flesh and blood man, competent and of lawful age, who does hereby make this affidavit of his own free will, with no intent to deceive, misinform, or mislead. The Affiant hereby states further, that this affidavit is true, correct, and complete; and based upon his own personal knowledge as to the facts presented herein.

On or about April 2, 2007, the Affiant was ordered by the Receiver in the above entitled case to perform certain tasks in connection with a previous order issued by the court in the above said case. A copy of the order is attached hereto as Exhibit One.

The Affiant affirms and attests as follows:

1) That as to the entity referred to in the above said order of the Receiver as IO/Sportingbet in section I (A) (1), the Affiant cannot provide the data required thereunder because the Affiant does not now, nor has he ever owned any such stock either in his own name or by any other means including, but not limited to, assigns, nominees, strawmen, or other ens legis entities and as a consequence, the Affiant has no such data.

2) That as to the entity referred to as IO/Sportingbet in section I (A) (2), the Affiant cannot provide the data required thereunder because the Affiant does not now, nor has he ever owned any such stock either in his own name or by any other means including, but not limited to, assigns, nominees, strawmen, or other ens legis entities and as a consequence, the Affiant has no such data.

3) That as to the entity referred to as IO/Sportingbet in section I (A) (3), the Affiant cannot provide the data required thereunder because the Affiant does not now, nor has he ever owned any such stock either in his own name or by any other means including, but not limited to, assigns, nominees, strawmen, or other ens legis entities and as a consequence, the Affiant has no such data.

4) That as to the entity referred to as IO/Sportingbet in paragraph 1 of page 2, items 1-8, the Affiant cannot provide the data required thereunder because the Affiant does not now, nor has he ever owned any such stock either in his own name or by any other means including, but not limited to, assigns, nominees, strawmen, or other ens legis entities and as a consequence, the Affiant has no such data.

5) That as to the entity referred to as IO/Sportingbet in section I (B), the Affiant cannot provide the data required thereunder because the Affiant does not now, nor has he ever owned any such stock either in his own name or by any other means including, but not limited to, assigns, nominees, strawmen, or other ens legis entities and as a consequence, the Affiant has no such data.



6) That as to the entity referred to as Hansabanka in section II (A), (1-3), and as to those items in paragraph 2, the Affiant cannot provide the data required thereunder because the Affiant does not now, nor has he ever owned or controlled therein, any type of account, either in his own name or by any other means including, but not limited to, assigns, nominees, strawmen, or other ens legis entities and as a consequence, the Affiant has no such data.

7) That as to the entity referred to as Hansabanka in section II (A), paragraph 2, items 1-2, the Affiant cannot provide the data required thereunder because the Affiant does not now, nor has he ever owned or controlled, any type of account therein, either in his own name or by any other means including, but not limited to, assigns, nominees, strawmen, or other ens legis entities and as a consequence, the Affiant has no such data.

8) That as to the entity referred to as Hansabanka, in section II (B), items a-d, the Affiant cannot provide the data required thereunder because the Affiant does not now, nor has he ever owned or controlled, any type of account therein, either in his own name or by any other means including, but not limited to, assigns, nominees, strawmen, or other ens legis entities and as a consequence, the Affiant has no such data.

9) That as to the demands and instructions in section III (A) and (B), the Affiant has already delivered some of the said items to the Receiver by way of email/fax and Federal Express and the same are attached hereto as Exhibit Two. The Affiant will deliver to the Receiver the remaining documents on Saturday, April 27, 2007 as they require execution in the presence of a Notary Public.

As to the subject matter of this affidavit, the Affiant has nothing further to say at this time.

Under the pains and penalties pursuant to the laws of the State of California, I do hereby execute this affidavit on this, the _____ day of _____, _____A.D.

Done and executed at _____, _____ County, State of California.

_____
Andris Pukke©, as Affiant

As evidenced and attested to by the attachment below and hereto of my signature and seal, the above named Affiant, who is personally known to me, did autograph, affirm, attest, and execute this affidavit indicating it to be true, complete, and correct; and based upon the facts as presented therein. This document was executed as of the date and time indicated below.

_____          _____
Date                                                       Signature and Seal of the Notary Public

_____          _____
Time                                                       Date My Commission Expires

*Attachment A: Affidavit for Receipt of Final Order*
### UNITED STATES DISTRICT COURT
### DISTRICT OF MARYLAND

| | |
|---|---|
| FEDERAL TRADE COMMISSION, )<br><br>Plaintiff, )<br><br>v. )<br><br>AMERIDEBT, INC., et al., )<br><br>Defendants. ) | Civil No.  PJM 03-3317 |

[*Name of defendant*], being duly sworn, hereby states and affirms as follows:

1. My name is _____. My current residence address is _____.
I am a citizen of _____ and am over the age of eighteen.  I have personal knowledge of the facts set forth in this Affidavit.

2. I am a defendant in *Federal Trade Commission v. AmeriDebt, Inc., et al.* Civil No. PJM 03-3317 (United States District Court for the District of Maryland).

3. On _____, I received a copy of the Stipulated Order for Permanent Injunction and Final Judgment, which was signed by the Court, and entered by the Court on _____.  A true and correct copy of the Order I received is appended to this Affidavit.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed on _____ [*date*], at _____ [*city and state*].

_____
[*Full name of Defendant*]

State of _____, City of _____
 Subscribed and sworn to before me this __ day of _____, 2006.

_____ My Commission Expires:

Notary Public

35

CASREF, MAG-D

# U.S. District Court
## District of Maryland (Greenbelt)
## CIVIL DOCKET FOR CASE #: 8:03-cv-03317-PJM

Federal Trade Commission v. Ameridebt, Inc. et al
Assigned to: Judge Peter J. Messitte
Referred to: Magistrate Judge Charles B. Day
Related Case: 8:06-cv-02396-PJM
Case in other court: USCA, 05-01457
                  USCA, 07-01381
Cause: 15:0045 Federal Trade Commission Act

Date Filed: 11/19/2003
Jury Demand: None
Nature of Suit: 890 Other Statutory Actions
Jurisdiction: U.S. Government Plaintiff

**Plaintiff**

**Federal Trade Commission**

represented by **Jeanne M Crouse**
Federal Trade Commission
600 Pennsylvania Ave NW
Washington, DC 20580
12023263312
Fax: 12023263799
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeanne-Marie Sidonie Raymond Burke**
United States Federal Trade Commission
600 Pennsylvania Ave NW Room NJ 3158
Washington, DC 20580
12023262874
Fax: 12023263768
Email: jburke@ftc.gov
*TERMINATED: 11/23/2005*
*LEAD ATTORNEY*

**Ramona Dee Elliott**
Executive Office for United States Trustees
20 Massachusetts Avenue, NW
Suite 8102
Washington, DC 20530
12023534206
Fax: 12023072397
Email: ramona.d.elliott@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

JUN 12 2007

I hereby attest and certify on _____
that the foregoing document is a full, true and correct
copy of the original on file in my office and in my
legal custody.

FELICIA C. CANNON
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND

By _____ Deputy

h    ecf    c  c   c  cg  b

**Allison Ilene Brown**
Federal Trade Commission
600 Pennsylvania Ave NW
Washington, DC 20580
12023263079
Fax: 12023263768
Email: aibrown@ftc.gov
*ATTORNEY TO BE NOTICED*

**James Anthony Silver**
Federal Trade Commission
600 Pennsylvania Ave NW
Washington, DC 20580
12023263708
Fax: 12023263768
Email: jsilver@ftc.gov
*TERMINATED: 11/23/2005*

**Jamie E Hine**
Federal Trade Commission
600 Pennsylvania Ave NW
Washington, DC 20580
12023262188
Fax: 12023263768
Email: jhine@ftc.gov
*TERMINATED: 10/13/2006*

**Lucy Emily Morris**
Federal Trade Commission
600 Pennsylvania Ave NW Room NJ
3158
Washington, DC 20580
12023263295
Fax: 12023263768
Email: lmorris@ftc.gov
*ATTORNEY TO BE NOTICED*

**Maiysha Renee Branch**
United States Federal Trade
Commission
600 Pennsylvania Ave NW
Washington, DC 20580
12023262745
Fax: 12023263768
Email: mbranch@ftc.gov
*TERMINATED: 11/23/2005*

**Malini Mithal**
Federal Trade Commission

600 Pennsylvania Ave NW
Mail Drop NJ 2122
Washington, DC 20580
12023262972
Fax: 12023262558
Email: mmithal1@ftc.gov
*ATTORNEY TO BE NOTICED*

**Michael Daniel Bergman**
Federal Trade Commission
600 Pennsylvania Ave NW
Washington, DC 20580
12023263184
Fax: 12023262477
Email: mbergman@ftc.gov
*TERMINATED: 11/23/2005*

**Peder van Wagonen Magee**
Federal Trade Commission
601 New Jersey Ave NW Room 3163
Washington, DC 20580
12023263538
Fax: 12023263768
Email: pmagee@ftc.gov
*TERMINATED: 10/13/2006*

**Robert S Kaye**
Federal Trade Commission
600 Pennsylvania Ave NW
Mail Drop NJ 2122
Washington, DC 20580
12023262215
Fax: 12023262558
Email: rkaye@ftc.gov
*TERMINATED: 11/23/2005*

V.

**Defendant**

**Ameridebt, Inc.**                    represented by   **Glenn A Mitchell**
Stein Mitchell and Mezines LLP
1100 Connecticut Ave NW Ste 1100
Washington, DC 20036
12027377777
Fax: 12022968312
Email: gamitchell@steinmitchell.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Debtworks, Inc.**                    represented by   **John Buchanan Williams**

h      ecf      c   c      c   cg   b

Jones Day
51 Louisiana Ave NW
Washington, DC 20001
12028793678
Fax: 12026261700
Email: jbwilliams@jonesday.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Geoffrey Smith Irwin**
Jones Day
51 Louisiana Ave NW
Washington, DC 20001
12028793768
Fax: 12026261700
Email: gsirwin@jonesday.com
*ATTORNEY TO BE NOTICED*

**Kerrie L Campbell**
Kelley Drye Collier Shannon
3050 K St NW Ste 400
Washington, DC 20007
12023428890
Fax: 12023428451
Email: khook@colliershannon.com
*TERMINATED: 10/03/2005*

**Kevin Clark Maclay**
Caplin and Drysdale
One Thomas Circle NW
Washington, DC 20005-5802
12028625000
Email: kcm@capdale.com
*TERMINATED: 12/15/2006*

**Kevyn D Orr**
Jones Day
51 Louisiana Ave NW
Washington, DC 20001
12028795560
Fax: 12026261700
Email: korr@jonesday.com
*ATTORNEY TO BE NOTICED*

**Michael L Kolis**
Jones Day
51 Louisiana Ave NW
Washington, DC 20001-2113
12028793939
Fax: 12026261700

*ATTORNEY TO BE NOTICED*

**Theresa A Coetzee**
Collier Shannon and Scott PLLC
3050 K St NW Ste 400
Washington, DC 20007
12023428400
Fax: 12023428451
*TERMINATED: 04/07/2005*

**Defendant**

**Andris Pukke**                    represented by **Jeffrey Mark Reisner**
Irell and Manella
840 Newport Center Dr Ste 400
Newport Beach, CA 92660
19497605242
Fax: 19497176306
Email: jreisner@irell.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John Buchanan Williams**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William N Lobel**
Irell and Manella
840 Newport Center Dr
Newport Beach, CA 92660
19497605237
Fax: 19497605242
Email: wlobel@irell.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Geoffrey Smith Irwin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kerrie L Campbell**
(See above for address)
*TERMINATED: 10/03/2005*

**Kevin Clark Maclay**
(See above for address)
*TERMINATED: 12/15/2006*

**Kevyn D Orr**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Michael L Kolis**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Peter John Romatowski**
Jones Day
51 Louisiana Ave NW
Washington, DC 20001
12028797625
Fax: 12026261700
Email: pjromatowski@jonesday.com
*ATTORNEY TO BE NOTICED*

**Theresa A Coetzee**
(See above for address)
*TERMINATED: 04/07/2005*

**Defendant**

**Pamela Pukke**                    represented by    **Charles L Eisen**
*also known as*                                       Kirkpatrick and Lockhart Nicholson
Pamela Shuster                                        Graham LLP
                                                      1601 K St NW
                                                      Washington, DC 20006
                                                      12027789000
                                                      Fax: 12027789100
                                                      Email: ceisen@klng.com
                                                      *TERMINATED: 05/17/2005*

                                                      **Gary C Adler**
                                                      Roetzel and Andress
                                                      1025 Connecticut Ave NW Ste 220
                                                      Washington, DC 20036-5405
                                                      12026250600
                                                      Fax: 12023386340
                                                      Email: gadler@ralaw.com
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Robert M Adler**
                                                      O Connor and Hannan LLP
                                                      1666 K St NW Ste 500
                                                      Washington, DC 20006-2803
                                                      12028871428
                                                      Fax: 12028876186
                                                      Email: Radler@oconnorhannan.com
                                                      *ATTORNEY TO BE NOTICED*

**Respondent**

**Cross-Frederick Associates, LLC**    represented by    **Roger Schlossberg**

Schlossberg and Kurtyka
134 W Washington St
PO Box 4227
Hagerstown, MD 21741-4227
13017398610
Fax: 13017916302
Email: bkcreditor@schlosslaw.com
*ATTORNEY TO BE NOTICED*

**Respondent**

**Peter Baker**                    represented by    **John Buchanan Williams**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

**Movant**

**Saul Ewing, LLP**                represented by    **Gilbert David Dean, II**
                                                      Saul Ewing LLP
                                                      Lockwood Place
                                                      500 E Pratt St Ste 800
                                                      Baltimore, MD 21202
                                                      14103328704
                                                      Fax: 14103328163
                                                      Email: gdean@saul.com
                                                      *ATTORNEY TO BE NOTICED*

**Interested Party**

**Robb Evans & Associates, LLC**   represented by    **Gary Owen Caris**
                                                      McKenna Long and Aldridge LLP
                                                      444 S Flower St Eighth Fl
                                                      Los Angeles, CA 90071-2901
                                                      12136881000
                                                      Fax: 12132436330
                                                      Email: gcaris@mckennalong.com
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Lesley Anne Hawes**
                                                      McKenna Long and Aldridge LLP
                                                      444 S Flower St Eighth Fl
                                                      Los Angeles, CA 90071-2901
                                                      12136881000
                                                      Fax: 12132436330
                                                      Email: lhawes@mckennalong.com
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

**Interested Party**

**Media Choice, LLC**              represented by    **Charles Kevin Kobbe**
                                                      DLA Piper US LLP
                                                      The Marbury Building

6225 Smith Avenue
Baltimore, MD 21209-3600
14105803000
Fax: 14105803189
Email: kevin.kobbe@dlapiper.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Interested Party**

**Andris Pukke**

**Trustee**

**Chapter 11 Trustee**                    represented by **Mark David Taylor**
                                          Arent Fox PLLC
                                          1050 Connecticut Ave NW
                                          Washington, DC 20036
                                          12028576000
                                          Fax: 12028576395
                                          Email: taylor.mark@arentfox.com
                                          *ATTORNEY TO BE NOTICED*

V.

**Receiver**

**Robb Evans and Associates, LLC**       represented by **Gary Owen Caris**
*Sun Valley, California*                  (See above for address)
                                          *LEAD ATTORNEY*
                                          *ATTORNEY TO BE NOTICED*

                                          **Lesley Anne Hawes**
                                          (See above for address)
                                          *LEAD ATTORNEY*
                                          *ATTORNEY TO BE NOTICED*

                                          **Christina Marleen Carroll**
                                          McKenna Long and Aldridge LLP
                                          1900 K St NW
                                          Washington, DC 20006
                                          12024967212
                                          Fax: 12024967756
                                          Email: ccarroll@mckennalong.com
                                          *ATTORNEY TO BE NOTICED*

                                          **Daniel E Johnson**
                                          McKenna Long and Aldridge LLP
                                          1900 K St NW
                                          Washington, DC 20006
                                          12024967500
                                          Fax: 12024967756

Email: djohnson@mckennalong.com
*ATTORNEY TO BE NOTICED*

**Gilbert David Dean, II**
(See above for address)
*TERMINATED: 08/22/2006*

**Irving Edward Walker**
Saul Ewing LLP
Lockwood Pl
500 E Pratt St
Baltimore, MD 21202
14103328672
Fax: 14103328107
Email: iwalker@saul.com
*TERMINATED: 08/22/2006*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 11/19/2003 | ❶1 | COMPLAINT For Injunctive and Other Equitable Relief against Ameridebt, Inc., Debtworks, Inc., Andris Pukke, Pamela Pukke , filed by the Federal Trade Commission. (Attachments: # 1 Exhibit 1# 2 Exhibit 2# 3 Exhibit 3# 4 Exhibit 4# 5 Civil Cover Sheet)(zf, Deputy Clerk) (Entered: 11/21/2003) |
| 11/19/2003 | ❶2 | Local Rule 103.3 Disclosure of Corporate Interest filed by the Federal Trade Commission re: Defendant, Ameridebt, Inc. (zf, Deputy Clerk) (Entered: 11/21/2003) |
| 11/19/2003 | ❶3 | Local Rule 103.3 Disclosure of Corporate Interest filed by the Federal Trade Commission re: Defendant, Debtworks, Inc. (zf, Deputy Clerk) (Entered: 11/21/2003) |
| 11/19/2003 | ❶ | MOTION of Jeanne-Marie S.R. Burke to Appear Pro Hac Vice as counsel for plaintiff. (zf, Deputy Clerk) (Entered: 11/24/2003) |
| 11/19/2003 | ❶ | MOTION of Maiysha R. Branch to Appear Pro Hac Vice as counsel for plaintiff . (zf, Deputy Clerk) (Entered: 11/24/2003) |
| 11/24/2003 | ❶4 | ORDER granting Motion of Jeanne-Marie S.R. Burke to Appear Pro Hac Vice as counsel for plaintiff. Signed by Felicia C. Cannon, Clerk of Court on 11/24/03. (zf, Deputy Clerk) (Entered: 11/24/2003) |
| 11/24/2003 | ❶5 | ORDER granting Motion of Maiysha R. Branch to Appear Pro Hac Vice as counsel for plaintiff. Signed by Felicia C. Cannon, Clerk of Court on 11/24/03. (zf, Deputy Clerk) (Entered: 11/24/2003) |
| 11/24/2003 | ❶6 | Summons Issued (20 days) as to Ameridebt, Inc., Debtworks, Inc., Andris Pukke, Pamela Pukke. (zf, Deputy Clerk) (Entered: 11/24/2003) |
| 12/08/2003 | ❶7 | Local Rule 103.3 Disclosure of Corporate Interest. (Mitchell, Glenn) (Entered: 12/08/2003) |

| 12/11/2003 | 🔵8 | STIPULATION by Ameridebt, Inc.. (Mitchell, Glenn) (Entered: 12/11/2003) |
|---|---|---|
| 12/11/2003 | 🔵9 | SUMMONS Returned Executed by Federal Trade Commission. Andris Pukke served on 11/29/2003, answer due 12/19/2003. (Burke, Jeanne-Marie) (Entered: 12/11/2003) |
| 12/11/2003 | 🔵10 | SUMMONS Returned Executed by Federal Trade Commission. Ameridebt, Inc. served on 11/25/2003, answer due 12/16/2003. (Burke, Jeanne-Marie) (Entered: 12/11/2003) |
| 12/11/2003 | 🔵11 | SUMMONS Returned Executed by Federal Trade Commission. Debtworks, Inc. served on 11/25/2003, answer due 12/16/2003. (Burke, Jeanne-Marie) (Entered: 12/11/2003) |
| 12/11/2003 | 🔵12 | SUMMONS Returned Executed by Federal Trade Commission. Pamela Pukke served on 11/29/2003, answer due 12/19/2003. (Burke, Jeanne-Marie) (Entered: 12/11/2003) |
| 12/12/2003 | 🔵13 | PAPERLESS ORDER APPROVING 8 Stipulation. Answers due on or before January 14, 2004; The deadline for Plaintiff to file an Opposition to any Motion filed by Defendants before January 14, 2004 shall be extended by 7 business days; Proper service has been accomplished as to Defendants DebtWorks, Andris Pukke and Pamela Pukke. Signed by Judge Peter J. Messitte on 12/12/03. (Messitte, Peter) (Entered: 12/12/2003) |
| 12/18/2003 | 🔵14 | MOTION for Lucy E. Morris to Appear Pro Hac Vice by Federal Trade Commission (ajh, Deputy Clerk) (Entered: 12/18/2003) |
| 12/18/2003 | 🔵15 | ORDER "Granting" re [14] MOTION for Lucy E. Morris to Appear Pro Hac Vice filed by Federal Trade Commission Signed by Felicia Cannon, Clerk on 12/16/03 (ajh, Deputy Clerk) (Entered: 12/18/2003) |
| 01/14/2004 | 🔵16 | MOTION to Dismiss by Pamela Pukke. Responses due by 2/2/2004 (Attachments: # 1 Text of Proposed Order)(Eisen, Charles) (Entered: 01/14/2004) |
| 01/14/2004 | 🔵17 | Memorandum re 16 MOTION to Dismiss filed by Pamela Pukke. (Eisen, Charles) (Entered: 01/14/2004) |
| 01/14/2004 | 🔵18 | MOTION to Dismiss for Lack of Jurisdiction by Ameridebt, Inc.. Responses due by 2/2/2004 (Attachments: # 1 Memorandum of Law# 2 Text of Proposed Order)(Mitchell, Glenn) (Entered: 01/14/2004) |
| 01/14/2004 | 🔵19 | MOTION to Dismiss *Count V for Failure to State a Claim Upon Which Relief Can Be Granted* by Ameridebt, Inc.. Responses due by 2/2/2004 (Attachments: # 1 Memorandum of Law in Support of Motion to Dismiss Count V for Failure to State a Claim# 2 Text of Proposed Order) (Mitchell, Glenn) (Entered: 01/14/2004) |
| 01/14/2004 | 🔵20 | MOTION to Dismiss *for Failure to STate a Claim Upon Which Relief Can be Granted* by Debtworks, Inc.. Responses due by 2/2/2004 (Attachments: # 1 Text of Proposed Order Proposed Order# 2 |

| | | Memorandum in Support of Defendant Debtworks, Inc.'s Motion to Dismiss Counts I Through V)(Hook, Kerrie) (Entered: 01/14/2004) |
|---|---|---|
| 01/14/2004 | 21 | MOTION to Dismiss *for Failure To State A Claim Upon Which Relief Can Be Granted* by Andris Pukke. Responses due by 2/2/2004 (Attachments: # 1 Text of Proposed Order)(Hook, Kerrie) (Entered: 01/14/2004) |
| 01/15/2004 | 22 | MEMO Scheduling Hearing for May 3, 2004 at 2:00 p.m. re: 16 Defendant Pamela Pukke's Motion to Dismiss; 18 Defendant Ameridebt's Motion to Dismiss for Lack of Jurisdiction; 19 Defendant Ameridebt's Motion to Dismiss Count V; 20 Defendant Debtworks' Motion to Dismiss for Failure to State Claim; 21 Defendant Andris Pukke's Motion to Dismiss for Failure to State Claim. (lyh, Chambers) (Entered: 01/15/2004) |
| 02/06/2004 | 23 | RESPONSE in Opposition *to DebtWorks', Andris Pukke's, and Pamela Pukke's Motions to Dismiss* filed by Federal Trade Commission. Replies due by 2/20/2004. (Attachments: # 1 Text of Proposed Order)(Burke, Jeanne-Marie) (Entered: 02/06/2004) |
| 02/06/2004 | 24 | RESPONSE in Opposition *to AmeriDebt's Motion to Dismiss Count V* filed by Federal Trade Commission. Replies due by 2/20/2004. (Attachments: # 1 Text of Proposed Order)(Burke, Jeanne-Marie) (Entered: 02/06/2004) |
| 02/06/2004 | 25 | RESPONSE in Opposition *to AmeriDebt's Motion to Dismiss for Lack of Subject Matter Jurisdiction* filed by Federal Trade Commission. Replies due by 2/20/2004. (Attachments: # 1 Exhibit # 2 Exhibit # 3 Exhibit # 4 Exhibit # 5 Exhibit # 6 Exhibit # 7 Exhibit # 8 Exhibit # 9 Exhibit # 10 Text of Proposed Order)(Burke, Jeanne-Marie) (Entered: 02/06/2004) |
| 02/12/2004 | 26 | MOTION for Extension of Time to File Response/Reply as to 23 Response in Opposition to Motion, 24 Response in Opposition to Motion, 25 Response in Opposition to Motion, *Defendants' Motion for Five-Business Day Enlargement of Time* by Ameridebt, Inc., Debtworks, Inc., Andris Pukke, Pamela Pukke. Responses due by 3/1/2004 (Attachments: # 1 Text of Proposed Order)(Hook, Kerrie) (Entered: 02/12/2004) |
| 02/12/2004 | 27 | MOTION to Expedite *Consideration of Motion for Five-Business Day Enlargement of Time* by Ameridebt, Inc., Debtworks, Inc., Andris Pukke, Pamela Pukke. Responses due by 3/1/2004 (Attachments: # 1 Text of Proposed Order)(Hook, Kerrie) (Entered: 02/12/2004) |
| 02/13/2004 | 28 | RESPONSE in Opposition *to Defendants' Motion for Enlargment of Time* filed by Federal Trade Commission. Replies due by 2/27/2004. (Attachments: # 1 Text of Proposed Order)(Burke, Jeanne-Marie) (Entered: 02/13/2004) |
| 02/13/2004 | 29 | PAPERLESS ORDER GRANTING 26 Motion for Extension of Time to File Reply (to 2/27/04) and FINDING AS MOOT 27 Motion to Expedite. Signed by Judge Peter J. Messitte on 2/13/04. (Messitte, Peter) (Entered: 02/13/2004) |

| 02/27/2004 | ◉30 | Memorandum re 18 MOTION to Dismiss for Lack of Jurisdiction *Reply Memorandum In Support of Its Motion to Dismiss for Lack of Subject Matter Jurisdiction* filed by Ameridebt, Inc.. (Mitchell, Glenn) (Entered: 02/27/2004) |
|---|---|---|
| 02/27/2004 | ◉31 | REPLY to Response to Motion re 16 MOTION to Dismiss filed by Pamela Pukke. (Eisen, Charles) (Entered: 02/27/2004) |
| 02/27/2004 | ◉32 | Memorandum re 19 MOTION to Dismiss *Count V for Failure to State a Claim Upon Which Relief Can Be Granted Reply Memorandum In Support of Its Motion to Dismiss Count V* filed by Ameridebt, Inc.. (Mitchell, Glenn) (Entered: 02/27/2004) |
| 02/27/2004 | ◉33 | REPLY to Response to Motion re 21 MOTION to Dismiss *for Failure To State A Claim Upon Which Relief Can Be Granted*, 20 MOTION to Dismiss *for Failure to STate a Claim Upon Which Relief Can be Granted Defendants Debtworks, Inc.'s and Andris Pukke' Reply Memorandum in Support of Their Motions to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted* filed by Debtworks, Inc., Andris Pukke. (Hook, Kerrie) (Entered: 02/27/2004) |
| 03/24/2004 | ◉34 | MOTION for James A. Silver to Appear Pro Hac Vice by Federal Trade Commission. (elt, Deputy Clerk) (Entered: 03/24/2004) |
| 03/24/2004 | ◉35 | MOTION for Allison I. Brown to Appear Pro Hac Vice by Federal Trade Commission. (elt, Deputy Clerk) (Entered: 03/24/2004) |
| 03/24/2004 | ◉36 | MOTION for Michael D. Bergman to Appear Pro Hac Vice by Federal Trade Commission. (elt, Deputy Clerk) (Entered: 03/24/2004) |
| 03/24/2004 | ◉37 | ORDER granting [34] Motion for James A. Silver to Appear Pro Hac Vice, signed on 03/22/2004. (elt, Deputy Clerk) (Entered: 03/24/2004) |
| 03/24/2004 | ◉38 | ORDER granting [35] Motion for Allison I. Brown to Appear Pro Hac Vice, signed on 03/22/2004. (elt, Deputy Clerk) (Entered: 03/24/2004) |
| 03/24/2004 | ◉39 | ORDER granting [36] Motion for Michael D. Bergman to Appear Pro Hac Vice, signed 03/22/2004. (elt, Deputy Clerk) (Entered: 03/24/2004) |
| 05/03/2004 | ◉ | Motion Hearing re 20 MOTION to Dismiss *for Failure to STate a Claim Upon Which Relief Can be Granted* filed by Debtworks, Inc., 21 MOTION to Dismiss *for Failure To State A Claim Upon Which Relief Can Be Granted* filed by Andris Pukke, 16 MOTION to Dismiss filed by Pamela Pukke, 18 MOTION to Dismiss for Lack of Jurisdiction filed by Ameridebt, Inc., 19 MOTION to Dismiss *Count V for Failure to State a Claim Upon Which Relief Can Be Granted* filed by Ameridebt, Inc. held before Judge Peter J. Messitte. (Court Reporter Marshall.) (esp, Deputy Clerk) (Entered: 05/03/2004) |
| 05/03/2004 | ◉ | Argument of counsel. (esp, Deputy Clerk) (Entered: 05/03/2004) |
| 05/03/2004 | ◉ | Ruling taken under advisement. (esp, Deputy Clerk) (Entered: 05/03/2004) |

| 05/10/2004 | 🔘40 | Correspondence re: Unable to Reach Settlement of Count V (Mitchell, Glenn) (Entered: 05/10/2004) |
|---|---|---|
| 05/10/2004 | 🔘41 | TRANSCRIPT of Proceedings held before Messitte, J. on 5/3/04 (ajh, Deputy Clerk) (Court Reporter: Marshall) (Entered: 05/14/2004) |
| 06/07/2004 | 🔘42 | NOTICE by Ameridebt, Inc. *of Filing of Chapter 11 Bankruptcy Case and of Automatic Stay* (Nichols, Stephen) (Entered: 06/07/2004) |
| 06/10/2004 | 🔘43 | NOTICE by Federal Trade Commission *of Appearance of Jeanne M. Crouse* (Brown, Allison) (Entered: 06/10/2004) |
| 06/10/2004 | 🔘44 | NOTICE by Federal Trade Commission *of Appearance of Ramona D. Elliott* (Brown, Allison) (Entered: 06/10/2004) |
| 06/10/2004 | 🔘45 | RESPONSE re 42 Notice (Other) *of Chapter 11 Bankruptcy Case and of Automatic Stay* filed by Federal Trade Commission. (Brown, Allison) (Entered: 06/10/2004) |
| 06/23/2004 | 🔘46 | STIPULATION by Ameridebt, Inc.. (Mitchell, Glenn) (Entered: 06/23/2004) |
| 06/24/2004 | 🔘47 | PAPERLESS ORDER APPROVING 46 STIPULATION by Ameridebt, Inc. Signed by Judge Peter J. Messitte 6/23/04. (Messitte, Peter) (Entered: 06/24/2004) |
| 06/25/2004 | 🔘48 | RESPONSE re 45 Response *by FTC to Bankruptcy Stay Notice* filed by Ameridebt, Inc.. (Mitchell, Glenn) (Entered: 06/25/2004) |
| 07/02/2004 | 🔘49 | RESPONSE re 48 Response *to Notice of Chapter 11 Bankruptcy Case* filed by Federal Trade Commission. (Brown, Allison) (Entered: 07/02/2004) |
| 07/12/2004 | 🔘50 | MOTION for Theresa A. Coetzee to Appear Pro Hac Vice by Debtworks, Inc., Andris Pukke (c/m) (ajh, Deputy Clerk) (Entered: 07/12/2004) |
| 07/12/2004 | 🔘51 | ORDER "Granting" re [50] MOTION for Theresa A. Coetzee to Appear Pro Hac Vice filed by Debtworks, Inc., Andris Pukke Signed by Felicia Cannon, Clerk on 7/7/04 (c/m)(ajh, Deputy Clerk) (Entered: 07/12/2004) |
| 09/21/2004 | 🔘52 | NOTICE of Appearance by Mark David Taylor on behalf of Chapter 11 Trustee (Attachments: # 1 Exhibit A)(Taylor, Mark) (Entered: 09/21/2004) |
| 09/24/2004 | 🔘53 | MEMORANDUM OPINION Signed by Judge Peter J. Messitte on 9/24/04 (c/m)(ajh, Deputy Clerk) (Entered: 09/27/2004) |
| 09/24/2004 | 🔘54 | ORDER "Directing" that case will NOT be Stayed; "Denying" 18 Motion to Dismiss for Lack of Jurisdiction; "Denying" 19 Motion to Dismiss Count V for Failure to State a Claim; "Granting" in part and "Denying" in part 20 Motion to Dismiss for Failure to State a Claim, 21 Motion to Dismiss for Failure to State a Claim; "Granting" without prejudice as to dismissal of Count V as to these two defendants; "Denying" Motions in all other respects; "Granting" in part and "Denying" in part; "Granting" without prejudice insofar as it seeks relief under Count V and "Denying" |

| | | |
|---|---|---|
| | | Motion in all other respects 16 Motion to Dismiss Signed by Judge Peter J. Messitte on 9/24/04 (c/m)(ajh, Deputy Clerk) (Entered: 09/27/2004) |
| 09/30/2004 | 55 | STIPULATION *re Extension of AmeriDebt's Time to Answer* by Federal Trade Commission. (Brown, Allison) (Entered: 09/30/2004) |
| 10/04/2004 | 56 | PAPERLESS ORDER GRANTING 55 STIPULATION re Extension of AmeriDebt's Time to Answer (to 10/27/04). Signed by Judge Peter J. Messitte on 10/4/04. (Messitte, Peter) (Entered: 10/04/2004) |
| 10/04/2004 | 57 | SCHEDULING ORDER: Status Report due by 2/16/2005 Signed by Judge Peter J. Messitte on 10/4/04 (c/m)(ajh, Deputy Clerk) (Entered: 10/04/2004) |
| 10/08/2004 | 58 | ANSWER to Complaint by Debtworks, Inc., Andris Pukke.(Hook, Kerrie) (Entered: 10/08/2004) |
| 10/11/2004 | 59 | ANSWER to Complaint by Pamela Pukke.(Eisen, Charles) (Entered: 10/11/2004) |
| 10/14/2004 | 60 | NOTICE by Federal Trade Commission *of Compliance with Scheduling Order* (Brown, Allison) (Entered: 10/14/2004) |
| 10/25/2004 | 61 | STIPULATION *re Extension of AmeriDebt's Time to Answer* by Federal Trade Commission. (Brown, Allison) (Entered: 10/25/2004) |
| 10/26/2004 | 62 | PAPERLESS ORDER APPROVING 61 Stipulation for Extension of Time to File Answer. Answer due on or before November 29, 2004. Signed by Judge Peter J. Messitte on 10/25/04. (Messitte, Peter) (Entered: 10/26/2004) |
| 10/28/2004 | 63 | MOTION to Strike *Certain Affirmative Defenses of Defendants DebtWorks and Andris Pukke, and Relief Defendant Pamela Pukke* by Federal Trade Commission. Responses due by 11/15/2004 (Attachments: # 1 Memorandum in Support of Motion to Strike# 2 Attachment A# 3 Attachment B)(Brown, Allison) (Entered: 10/28/2004) |
| 11/09/2004 | 64 | Joint MOTION for Protective Order *Regarding Confidentiality of Discovery Material* by Federal Trade Commission. Responses due by 11/26/2004 (Attachments: # 1 Text of Proposed Order)(Brown, Allison) (Entered: 11/09/2004) |
| 11/10/2004 | 65 | PAPERLESS ORDER granting 64 Joint Motion for Protective Order. Signed by Judge Peter J. Messitte on 11/10/04. (Messitte, Peter) (Entered: 11/10/2004) |
| 11/11/2004 | 66 | RESPONSE in Opposition re 63 MOTION to Strike *Certain Affirmative Defenses of Defendants DebtWorks and Andris Pukke, and Relief Defendant Pamela Pukke* filed by Pamela Pukke. Replies due by 11/26/2004. (Eisen, Charles) (Entered: 11/11/2004) |
| 11/16/2004 | 67 | MOTION for Summary Judgment by Pamela Pukke. Responses due by 12/3/2004 (Attachments: # 1 Memo in Support of Motion for Summary Judgment# 2 Exhibit # 3 Text of Proposed Order)(Eisen, Charles) |

| | | (Entered: 11/16/2004) |
|---|---|---|
| 11/16/2004 | ●68 | MEMO Setting Date for Motions Hearing. (Messitte, Peter) (Entered: 11/16/2004) |
| 11/18/2004 | ●69 | MOTION to Stay *and for Protective Order* by Pamela Pukke. Responses due by 12/6/2004 (Attachments: # 1 Memorandum in Support of Motion for Stay# 2 Text of Proposed Order)(Eisen, Charles) (Entered: 11/18/2004) |
| 11/18/2004 | ●70 | REPLY to Response to Motion re 63 MOTION to Strike *Certain Affirmative Defenses of Defendants DebtWorks and Andris Pukke, and Relief Defendant Pamela Pukke* filed by Federal Trade Commission. (Attachments: # 1 Exhibit)(Brown, Allison) (Entered: 11/18/2004) |
| 11/18/2004 | ●71 | NOTICE by Ameridebt, Inc. *Regarding Compliance with Scheduling Order* (Mitchell, Glenn) (Entered: 11/18/2004) |
| 11/24/2004 | ●72 | STIPULATION re *Extension of AmeriDebt's Time to Answer* by Federal Trade Commission. (Brown, Allison) (Entered: 11/24/2004) |
| 11/24/2004 | ●73 | RESPONSE in Opposition re 69 MOTION to Stay *and for Protective Order* filed by Federal Trade Commission. Replies due by 12/8/2004. (Brown, Allison) (Entered: 11/24/2004) |
| 11/24/2004 | ●74 | MOTION to Compel *Discovery Responses from Relief Defendant Pamela Shuster Pukke* by Federal Trade Commission. Responses due by 12/13/2004 (Attachments: # 1 Memo in Support of Motion to Compel# 2 Exhibit # 3 Certificate of Compliance with Rule 37(a)(2)(B)# 4 Text of Proposed Order)(Brown, Allison) (Entered: 11/24/2004) |
| 11/24/2004 | ●75 | PAPERLESS ORDER APPROVING 72 Joint Stipulation for Extension for AmeriDebt to Answer Complaint. Signed by Judge Peter J. Messitte on 11/24/04. (Messitte, Peter) (Entered: 11/24/2004) |
| 12/02/2004 | ●76 | RESPONSE in Opposition re 67 MOTION for Summary Judgment *of Relief Defendant Pamela Shuster Pukke* filed by Federal Trade Commission. Replies due by 12/16/2004. (Attachments: # 1 Declaration of James A. Silver# 2 Notice of Filing Under Seal - Exhibit 1# 3 Notice of Filing Under Seal - Exhibit 2# 4 Exhibit 3# 5 Exhibit 4# 6 Exhibit 5# 7 Notice of Filing Under Seal - Exhibit 6)(Brown, Allison) (Entered: 12/02/2004) |
| 12/02/2004 | ●77 | MOTION to Seal *Exhibits to the Declaration of James A. Silver* by Federal Trade Commission. Responses due by 12/20/2004 (Brown, Allison) (Entered: 12/02/2004) |
| 12/08/2004 | ●78 | REPLY to Response to Motion re 69 MOTION to Stay *and for Protective Order* filed by Pamela Pukke. (Eisen, Charles) (Entered: 12/08/2004) |
| 12/10/2004 | ●79 | ORDER "Directing" counsel to submit to the Court proposed Findings of Fact and Conclusions of Law and a Proposed Sealing Order as therein set forth re 77 MOTION to Seal Exhibits to the Declaration of James A. |

| | | |
|---|---|---|
| | | Silver filed by Federal Trade Commission Signed by Judge Peter J. Messitte on 12/10/04 (c/m)(ajh, Deputy Clerk) (Entered: 12/10/2004) |
| 12/13/2004 | ❷80 | RESPONSE in Opposition re 74 MOTION to Compel *Discovery Responses from Relief Defendant Pamela Shuster Pukke* filed by Pamela Pukke. Replies due by 12/27/2004. (Eisen, Charles) (Entered: 12/13/2004) |
| 12/14/2004 | ❷81 | NOTICE by Federal Trade Commission re 77 MOTION to Seal *Exhibits to the Declaration of James A. Silver of Filing of Proposed Findings of Fact and Conclusions of Law, and Proposed Order* (Attachments: # 1 Text of Proposed Order)(Brown, Allison) (Entered: 12/14/2004) |
| 12/16/2004 | ❷82 | REPLY to Response to Motion re 67 MOTION for Summary Judgment filed by Pamela Pukke. (Eisen, Charles) (Entered: 12/16/2004) |
| 12/16/2004 | ❷83 | STIPULATION *Relating to Discovery From Relief Defendant* by Federal Trade Commission. (Brown, Allison) (Entered: 12/16/2004) |
| 12/16/2004 | ❷84 | PAPERLESS ORDER APPROVING 81 Proposed Order Sealing Exhibits. Signed by Judge Peter J. Messitte on 12/16/04. (Messitte, Peter) (Entered: 12/16/2004) |
| 12/16/2004 | ❷85 | ORDER "Denying" re 69 MOTION to Stay and for Protective Order filed by Pamela Pukke; "Granting" 74 MOTION to Compel Discovery Responses from Relief Defendant Pamela Shuster Pukke filed by Federal Trade Commission, Signed by Judge Peter J. Messitte on 12/16/04 (c/s) (ajh, Deputy Clerk) (Entered: 12/17/2004) |
| 12/17/2004 | ❷86 | PAPERLESS ORDER APPROVING 83 STIPULATION Relating to Discovery From Relief Defendant. Signed by Judge Peter J. Messitte on 12/17/04. (Messitte, Peter) (Entered: 12/17/2004) |
| 01/03/2005 | ❷87 | NOTICE by Ameridebt, Inc. *re Compliance with Scheduling Order* (Mitchell, Glenn) (Entered: 01/03/2005) |
| 01/07/2005 | ❷88 | STIPULATION *re Extension of AmeriDebt's Time to Answer* by Federal Trade Commission. (Brown, Allison) (Entered: 01/07/2005) |
| 01/11/2005 | ❷89 | PAPERLESS ORDER APPROVING 88 Stipulation Extending Time for AmeriDebt, Inc. to File Answer by February 16, 2005. Signed by Judge Peter J. Messitte on 1/11/05. (Messitte, Peter) (Entered: 01/11/2005) |
| 01/11/2005 | ❷90 | MOTION to Compel *the Deposition of Defendant Andris Pukke* by Federal Trade Commission. Responses due by 1/28/2005 (Attachments: # 1 Certificate of Compliance With Fed. R. Civ. P. 37(a)(2)(B)# 2 Memorandum In Support of Motion to Compel Deposition of Defendant Andris Pukke# 3 Proposed Order)(Silver, James) (Entered: 01/11/2005) |
| 01/19/2005 | ❷91 | ORDER REFERRING CASE to Magistrate Judge Charles B. Day for Discovery and Related Scheduling Matters. Signed by Judge Peter J. Messitte on 1/19/2005. (lad3, Deputy Clerk) (Entered: 01/19/2005) |
| 01/28/2005 | ❷92 | RESPONSE in Opposition re 90 MOTION to Compel *the Deposition of* |

| | | |
|---|---|---|
| | | *Defendant Andris Pukke* filed by Debtworks, Inc., Andris Pukke. Replies due by 2/11/2005. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C)(Hook, Kerrie) (Entered: 01/28/2005) |
| 02/08/2005 | ❍93 | REPLY to Response to Motion re 90 MOTION to Compel *the Deposition of Defendant Andris Pukke* filed by Federal Trade Commission. (Silver, James) (Entered: 02/08/2005) |
| 02/16/2005 | ❍94 | STATUS REPORT by Federal Trade Commission. (Brown, Allison) (Entered: 02/16/2005) |
| 02/16/2005 | ❍95 | STIPULATION re *Extension of AmeriDebt's Time to Answer* by Federal Trade Commission. (Brown, Allison) (Entered: 02/16/2005) |
| 02/25/2005 | ❍96 | PAPERLESS ORDER APPROVING 95 Stipulation Extending Time for AmeriDebt, Inc. to File an Answer by March 18, 2005. Signed by Judge Roger W Titus on 2/24/05 on behalf of Judge Peter J. Messitte. (Messitte, Peter) (Entered: 02/25/2005) |
| 03/10/2005 | ❍97 | PAPERLESS ORDER granting 90 Motion to Compel. Signed by Judge Charles B. Day on 03/10/2005. (Day, Charles) (Entered: 03/10/2005) |
| 03/18/2005 | ❍98 | MOTION for Summary Judgment Against Defendants DebtWorks, Inc. and Andris Pukke by Federal Trade Commission. Responses due by 4/4/2005 (Attachments: # 1 Memorandum In Support of Motion for Summary Judgment Against DebtWorks, Inc. and Andris Pukke# 2 Exhibit 2# 3 Exhibit 8# 4 Exhibit 13# 5 Exhibit 14# 6 Exhibit 26# 7 Exhibit 36# 8 Exhibit 40# 9 Exhibit 46# 10 Exhibit 49# 11 Exhibit 50# 12 Exhibit 51# 13 Exhibit 52# 14 Exhibit 55# 15 Exhibit 57# 16 Exhibit 61# 17 Exhibit 62# 18 Exhibit 67# 19 Exhibit 68# 20 Exhibit 69# 21 Notice of Filing Exhibits Under Seal# 22 Notice of Filing Lengthy Exhibits# 23 Declaration of James A. Silver# 24 Appendix Containing Unreported Case# 25 Certificate of Service)(Brown, Allison) (Paper pleadings recv'd. 3/21/05) (Entered: 03/18/2005) |
| 03/18/2005 | ❍99 | MOTION to Seal Confidential Exhibits Attached to Memorandum of Law in Support of Motion for Summary Judgment Against Defendants DebtWorks, Inc. and Andris Pukke by Federal Trade Commission. Responses due by 4/4/2005 (Attachments: # 1 Proposed Findings of Fact and Conclusions of Law# 2 Proposed Order)(Brown, Allison) (Paper pleadings recv'd. 3/21/05) (Entered: 03/18/2005) |
| 03/21/2005 | ❍100 | MEMO Scheduling a Hearing for June 20, 2005 at 11:30 a.m. re: 98 Plaintiff's Motion for Summary Judgment. (Messitte, Peter) (Entered: 03/21/2005) |
| 03/25/2005 | ❍101 | ORDER "Granting" re 63 MOTION to Strike Certain Affirmative Defenses of Defendants DebtWorks and Andris Pukke, and Relief Defendant Pamela Pukke filed by Federal Trade Commission; "Striking" affirmative defenses numbers 1, 3-5, and 7-11 from their answer as therein set forth Signed by Judge Peter J. Messitte on 3/24/05 (c/m) (ajh, Deputy Clerk) (Entered: 03/25/2005) |
| | ❍ | |

| 03/28/2005 | | Motion Hearing held on 3/28/2005 re 67 MOTION for Summary Judgment filed by Pamela Pukke, held before Judge Peter J. Messitte. Motion "DENIED" for reasons stated in open court. (Court Reporter L. Marshall.) (pat, Deputy Clerk) (Entered: 03/28/2005) |
| 03/28/2005 | ✇102 | ORDER "Denying" re 67 MOTION for Summary Judgment filed by Pamela Pukke, Signed by Judge Peter J. Messitte on 3/28/05 (c/m)(ajh, Deputy Clerk) (Entered: 03/28/2005) |
| 03/29/2005 | ✇103 | MOTION for Preliminary Injunction *Including Asset Freeze, Accounting, and Repatriation of Assets* by Federal Trade Commission. Responses due by 4/15/2005 (Attachments: # 1 Memorandum in Support of Motion for Preliminary Injunction Including Asset Freeze, Accounting, And Repatriation of Assets# 2 Exhibit 13# 3 Exhibit 15# 4 Exhibit 17# 5 Notice of Filing Exhibits Under Seal# 6 Notice of Filing Lengthy Exhibits# 7 Declaration of Allison I. Brown# 8 Proposed Order# 9 Certificate of Service)(Brown, Allison) (paper pleadings recv'd. 3/30/05) (Entered: 03/29/2005) |
| 03/29/2005 | ✇104 | MOTION to Seal *Confidential Exhibits to Motion for Preliminary Injunction Including Asset Freeze, Accounting, and Repatriation of Assets* by Federal Trade Commission. Responses due by 4/15/2005 (Attachments: # 1 Proposed Findings of Fact and Conclusions of Law# 2 Proposed Order)(Brown, Allison) (Entered: 03/29/2005) |
| 03/31/2005 | ✇105 | NOTICE by Federal Trade Commission re 103 MOTION for Preliminary Injunction *Including Asset Freeze, Accounting, and Repatriation of Assets , Filing of Appendix of Unreported Case Decisions* (Attachments: # 1 FTC v. Commercial Electrical Supply, Inc.# 2 FTC v. Global Patent Research Servs., Inc.# 3 FTC v. Independence Medical, Inc.# 4 FTC v. Nwaigwe)(Brown, Allison) (Entered: 03/31/2005) |
| 04/01/2005 | ✇106 | Request for Hearing/Trial *re Motion for Preliminary Injunction Including Asset Freeze, Accounting, and Repatriation of Assets* (Brown, Allison) (Entered: 04/01/2005) |
| 04/04/2005 | ✇107 | NOTICE of Appearance by John B Williams on behalf of Debtworks, Inc., Andris Pukke (Williams, John) FILED IN ERROR. Modified on 4/7/2005 (fk, Deputy Clerk). (Entered: 04/04/2005) |
| 04/05/2005 | ✇108 | STIPULATION re 98 MOTION for Summary Judgment *Against Defendants DebtWorks, Inc. and Andris Pukke re briefing deadlines* by Federal Trade Commission. (Morris, Lucy) (Entered: 04/05/2005) |
| 04/05/2005 | ✇109 | Correspondence re: scheduling details (Williams, John) (Entered: 04/05/2005) |
| 04/05/2005 | ✇110 | STIPULATION re 98 MOTION for Summary Judgment *Against Defendants DebtWorks, Inc. and Andris Pukke Re Briefing Deadlines (Amended)* by Federal Trade Commission. (Morris, Lucy) (Entered: 04/05/2005) |
| 04/05/2005 | ✇111 | PAPERLESS ORDER APPROVING 110 Amended Stipulation. Signed |

| | | |
|---|---|---|
| | | by Judge Peter J. Messitte on 4/5/05. (Messitte, Peter) (Entered: 04/05/2005) |
| 04/06/2005 | ◑112 | PAPERLESS CORRESPONDENCE to counsel advising that a motions hearing has been scheduled for April 15, 2005 at 9:30 a.m. in Courtroom 4B re: 103 Plaintiff's Motion for Preliminary Injunction. (Messitte, Peter) (Entered: 04/06/2005) |
| 04/06/2005 | ◑113 | TRANSCRIPT of Proceedings held before Messitte, J. on 3/28/05 (Filed Separately) (ajh, Deputy Clerk) (Entered: 04/07/2005) |
| 04/07/2005 | ◑ | Judge Charles B. Day no longer assigned to case (ajh, Deputy Clerk) (Entered: 04/08/2005) |
| 04/11/2005 | ◑114 | RESPONSE in Support re 103 MOTION for Preliminary Injunction *Including Asset Freeze, Accounting, and Repatriation of Assets :Response of Mark. D. Taylor, Chapter 11 Trustee of AmeriDebt, Inc., In Support Of Plaintiff Federal Trade Commission's Motion For Preliminary Injunction Including Asset Freeze, Accounting and Repatriation of Assets* by Chapter 11 Trustee. (Attachments: # 1 Exhibit A)(Taylor, Mark) (Entered: 04/11/2005) |
| 04/11/2005 | ◑115 | RESPONSE in Opposition re 103 MOTION for Preliminary Injunction *Including Asset Freeze, Accounting, and Repatriation of Assets* filed by Debtworks, Inc., Andris Pukke. Replies due by 4/25/2005. (Attachments: # 1 Exhibit 1# 2 Exhibit 2# 3 Exhibit 3# 4 Exhibit 4# 5 Exhibit 5)(Hook, Kerrie) (Entered: 04/11/2005) |
| 04/13/2005 | ◑116 | RESPONSE in Support re 103 MOTION for Preliminary Injunction *Including Asset Freeze, Accounting, and Repatriation of Assets* filed by Federal Trade Commission. Replies due by 4/27/2005. (Attachments: # 1 Exhibit 1# 2 Text of Proposed Order)(Silver, James) (Entered: 04/13/2005) |
| 04/15/2005 | ◑117 | PAPERLESS ORDER GRANTING 99 Plaintiff's Motion to Seal Exhibits attached to Memorandum of Law in Support of Motion for Summary Judgment; GRANTING 104 Plaintiff's Motion to Seal Exhibits to Motion for Preliminary Injunction. Signed by Judge Peter J. Messitte on 4/14/05. (Messitte, Peter) (Entered: 04/15/2005) |
| 04/15/2005 | ◑118 | MOTION for John B. Williams to Appear Pro Hac Vice by Debtworks, Inc., Andris Pukke (ajh, Deputy Clerk) (Entered: 04/15/2005) |
| 04/15/2005 | ◑119 | ORDER "Granting" re [118] MOTION for John B. Williams to Appear Pro Hac Vice filed by Debtworks, Inc., Andris Pukke Signed by Felicia C. Cannon, Clerk on 4/15/05 (ajh, Deputy Clerk) (Entered: 04/15/2005) |
| 04/15/2005 | ◑ | Motion Hearing held on 4/15/2005 re 103 MOTION for Preliminary Injunction *Including Asset Freeze, Accounting, and Repatriation of Assets* filed by Federal Trade Commission, held before Judge Peter J. Messitte.Court Reporter Marshall) (esp, Deputy Clerk) (Entered: 04/15/2005) |
| 04/15/2005 | ◑ | Argument of counsel. (esp, Deputy Clerk) (Entered: 04/15/2005) |

| 04/15/2005 | ◑ | Ruling taken under advisement. (esp, Deputy Clerk) (Entered: 04/15/2005) |
|---|---|---|
| 04/19/2005 | ◑120 | RESPONSE re 103 MOTION for Preliminary Injunction *Including Asset Freeze, Accounting, and Repatriation of Assets Opposition of Defendants to the FTC's Proposed Order Freezing and Repatriating Defendants' Assets* filed by Debtworks, Inc., Andris Pukke. (Hook, Kerrie) (Entered: 04/19/2005) |
| 04/20/2005 | ◑121 | RESPONSE re 120 Response, *Re Proposed Preliminary Injunction Order* filed by Federal Trade Commission. (Morris, Lucy) (Entered: 04/20/2005) |
| 04/20/2005 | ◑122 | Preliminary Injunction ORDER with Asset Freeze, Appointment of a Receiver, Repatriation of Assets, and Other Equitable Relief. Signed by Judge Peter J. Messitte on 4/20/2005. (c/m 4/20/05)(elt, Deputy Clerk) (Entered: 04/20/2005) |
| 04/21/2005 | ◑123 | MOTION to Stay re 122 Order *Motion for Partial Stay Pending Appeal* by Debtworks, Inc., Andris Pukke. Responses due by 5/9/2005 (Attachments: # 1 Memorandum in Support of Motion for Partial Stay# 2 Exhibit A# 3 Exhibit B)(Williams, John) (Entered: 04/21/2005) |
| 04/21/2005 | ◑124 | NOTICE OF APPEAL as to 122 Order by Debtworks, Inc., Andris Pukke. Filing fee $ 255, Receipt no. 846370001062. Appeal Record due by 5/23/2005. (Williams, John) (4/21/05) Additional attachment(s) added on 4/22/2005 (krc, Deputy Clerk). Modified on 4/22/2005 (krc, Deputy Clerk). (Entered: 04/21/2005) |
| 04/22/2005 | ◑ | Transmission of Notice of Appeal and Docket Sheet to US Court of Appeals re 124 Notice of Appeal, (krc, Deputy Clerk) (Entered: 04/22/2005) |
| 04/25/2005 | ◑125 | ORDER "Granting" provisionally re 123 MOTION for Partial Stay re 122 Order Motion for Partial Stay Pending Appeal filed by Debtworks, Inc. Andris Pukke Signed by Judge Peter J. Messitte on 4/25/05 (c/m) (ajh, Deputy Clerk) (Entered: 04/26/2005) |
| 04/29/2005 | ◑126 | RESPONSE in Opposition re 123 MOTION to Stay re 122 Order *Motion for Partial Stay Pending Appeal* filed by Federal Trade Commission. Replies due by 5/13/2005. (Attachments: # 1 Declaration of James A. Silver# 2 Notice of Filing of Documents Under Seal# 3 Exhibit 3)(Silver, James) (Entered: 04/29/2005) |
| 04/29/2005 | ◑127 | MOTION to Seal *Confidential Exhibits* by Federal Trade Commission. Responses due by 5/16/2005 (Attachments: # 1 Proposed Findings of Fact and Conclusions of Law Relating to Motion to Seal Exhibits# 2 Proposed Order Sealing Exhibits)(Silver, James) (Entered: 04/29/2005) |
| 05/02/2005 | ◑128 | PAPERLESS ORDER GRANTING 127 Plaintiff's Motion to Seal Confidential Exhibits. Signed by Judge Peter J. Messitte on 4/29/05. (Messitte, Peter) (Entered: 05/02/2005) |
| 05/02/2005 | ◑129 | Bond by Robb Evans and Associates, LLC. Responses due by 5/19/2005 |

| | | |
|---|---|---|
| | | (Dean, Gilbert) Modified on 5/2/2005 (mcb, Deputy Clerk). (Entered: 05/02/2005) |
| 05/03/2005 | ○ | USCA Case Number 05-1457 for 124 Notice of Appeal, filed by Debtworks, Inc.,, Andris Pukke, (Case Manager - Diane Burke) (krc, Deputy Clerk) (Entered: 05/03/2005) |
| 05/03/2005 | ○130 | MOTION for Gary Owen Caris to Appear Pro Hac Vice by Robb Evans and Associates, LLC. (ajh, Deputy Clerk) (Entered: 05/03/2005) |
| 05/03/2005 | ○131 | ORDER "Granting" re [130] MOTION for Gary Owen Caris to Appear Pro Hac Vice filed by Robb Evans and Associates, LLC Signed by Felicia C. Cannon, Clerk on 5/3/05 (ajh, Deputy Clerk)(c/m) (Entered: 05/03/2005) |
| 05/03/2005 | ○132 | MOTION for Lesley Anne Hawes to Appear Pro Hac Vice by Robb Evans and Associates, LLC.(ajh, Deputy Clerk) (Entered: 05/03/2005) |
| 05/03/2005 | ○133 | ORDER "Granting" re [132] MOTION for Lesley Anne Hawes to Appear Pro Hac Vice filed by Robb Evans and Associates, LLC. Signed by Felicia C. Cannon, Clerk on 5/3/05 (ajh, Deputy Clerk)(c/m) (Entered: 05/03/2005) |
| 05/04/2005 | ○134 | RESPONSE in Opposition re 98 MOTION for Summary Judgment *Against Defendants DebtWorks, Inc. and Andris Pukke* filed by Debtworks, Inc., Andris Pukke. Replies due by 5/18/2005. (Attachments: # 1 Exhibit 1# 2 Exhibit 3# 3 Exhibit 4# 4 Exhibit 5# 5 Exhibit 6# 6 Exhibit 7# 7 Exhibit 11# 8 Exhibit 15# 9 Exhibit 16# 10 Exhibit 17# 11 Exhibit 18# 12 Exhibit 19# 13 Exhibit 20# 14 Exhibit 21# 15 Exhibit 22# 16 Exhibit 23# 17 Exhibit 24# 18 Exhibit 25# 19 Notice of Filing Lengthy Exhibits)(Williams, John) (Entered: 05/04/2005) |
| 05/04/2005 | ○135 | MOTION for Leave to File Excess Pages *re Opposition of DebtWorks and Andris Pukke to the FTC's Motion for Summary Judgment* by Debtworks, Inc., Andris Pukke. Responses due by 5/23/2005 (Attachments: # 1 Text of Proposed Order)(Williams, John) (Entered: 05/04/2005) |
| 05/05/2005 | ○136 | NOTICE of Appearance by Roger Schlossberg on behalf of Cross-Frederick Associates, LLC (Schlossberg, Roger) (Entered: 05/05/2005) |
| 05/05/2005 | ○137 | TRANSCRIPT of Proceedings held before Messitte, J. on 4/15/05 (Filed Separately) (Court Reporter: Marshall) (ajh, Deputy Clerk) (Entered: 05/05/2005) |
| 05/05/2005 | ○138 | Supplemental to 135 MOTION for Leave to File Excess Pages *re Opposition of DebtWorks and Andris Pukke to the FTC's Motion for Summary Judgment* filed by Debtworks, Inc., Andris Pukke. (Williams, John) (Entered: 05/05/2005) |
| 05/06/2005 | ○139 | RESPONSE in Opposition re 135 MOTION for Leave to File Excess Pages *re Opposition of DebtWorks and Andris Pukke to the FTC's Motion for Summary Judgment* filed by Federal Trade Commission. Replies due by 5/20/2005. (Silver, James) (Entered: 05/06/2005) |

| | | |
|---|---|---|
| 05/06/2005 | 🌑140 | REPLY to Response to Motion re 123 MOTION to Stay re 122 Order *Motion for Partial Stay Pending Appeal Reply to FTC's Opposition to Motion for Partial Stay* filed by Debtworks, Inc., Andris Pukke. (Attachments: # 1 Exhibit A)(Williams, John) (Entered: 05/06/2005) |
| 05/09/2005 | 🌑141 | MOTION to Shorten Time *to Respond to Emergency Motion by Receiver for Order Authorizing Receiver to Complete Sale of Ballenger Center Property and Approving Sale Procedures* by Robb Evans and Associates, LLC. Responses due by 5/26/2005 (Attachments: # 1 Memorandum in Support of Motion to Shorten Time to Respond to Emergency Motion by Receiver for Order Authorizing Receiver to Complete Sale of Ballenger Center Property and Approving Sale Procedures# 2 Text of Proposed Order Shortening Time to Response to Emergency Motion by Recevier for Order Authorizing Recevier to Complete Sale of Ballenger Center Property and Approving Sale Procedures)(Dean, Gilbert) (Entered: 05/09/2005) |
| 05/09/2005 | 🌑142 | Emergency MOTION for Order of Sale *by Receiver for Order Authorizing Receiver to Complete Sale of Ballenger Center Property and Approving Sale Procedures* by Robb Evans and Associates, LLC. Responses due by 5/26/2005 (Attachments: # 1 Memorandum of Law in Support of Recevier's Emergency Motion for Order Authorizing Receiver to Complete Sale of Ballenger center Property and Approving Sale Procedures# 2 Text of Proposed Order Order Granting Emergency Motion for Order Authorizing Receiver to Complete Sale of Ballenger Center Property and Approving Sale Procedures)(Dean, Gilbert) (Paper pleadings recv'd. 5/10/05) (Entered: 05/09/2005) |
| 05/09/2005 | 🌑143 | AFFIDAVIT re 142 Emergency MOTION for Order of Sale *by Receiver for Order Authorizing Receiver to Complete Sale of Ballenger Center Property and Approving Sale Procedures by M. Val Miller* by Robb Evans and Associates, LLC. (Attachments: # 1 Exhibit 1 to Declaration of M. Val Miller# 2 Exhibit 2 Notice of Filing Lengthy Exhibit# 3 Exhibit 3 Amendment to Agreement of Purchase and Sale)(Dean, Gilbert) (Entered: 05/09/2005) |
| 05/09/2005 | 🌑144 | AFFIDAVIT re 142 Emergency MOTION for Order of Sale *by Receiver for Order Authorizing Receiver to Complete Sale of Ballenger Center Property and Approving Sale Procedures Consent by Tim McCallan* by Robb Evans and Associates, LLC. (Dean, Gilbert) (Entered: 05/09/2005) |
| 05/09/2005 | 🌑145 | NOTICE by Robb Evans and Associates, LLC re 142 Emergency MOTION for Order of Sale *by Receiver for Order Authorizing Receiver to Complete Sale of Ballenger Center Property and Approving Sale Procedures Notice of Filing Lengthy Exhibit to Emergency Motion* (Dean, Gilbert) (Entered: 05/09/2005) |
| 05/09/2005 | 🌑146 | NOTICE by Robb Evans and Associates, LLC re 142 Emergency MOTION for Order of Sale *by Receiver for Order Authorizing Receiver to Complete Sale of Ballenger Center Property and Approving Sale Procedures Certificate of Service of Emergency Motion, Proposed Amended Order, Memorandum in Support of Motion, Consent by Tim* |

| | | |
|---|---|---|
| | | *McCallan, Declaration of M. Val Miller in Support of Motion, Notice of Filing Lengthy Exhibits, Motion to Shorten Time to Respond to Motion, Proposed Order and Memorandum of Support of Motion to Shorten Time* (Dean, Gilbert) (Entered: 05/09/2005) |
| 05/09/2005 | 147 | NOTICE by Robb Evans and Associates, LLC re 142 Emergency MOTION for Order of Sale *by Receiver for Order Authorizing Receiver to Complete Sale of Ballenger Center Property and Approving Sale Procedures of Amended Order Granting Emergency Motion by Receiver for Order Authorizing Receiver to Complete Sale of Ballenger Center Property and Approving Sale Procedures* (Dean, Gilbert) (Entered: 05/09/2005) |
| 05/09/2005 | 148 | PAPERLESS ORDER granting 141 Motion to Shorten Time to Respond to 142 Emergency Motion (to 5/16/05). Signed by Judge Peter J. Messitte on 5/9/05. (Messitte, Peter) (Entered: 05/09/2005) |
| 05/09/2005 | 149 | NOTICE of Appearance by Robert M Adler on behalf of Pamela Pukke (Adler, Robert) (Entered: 05/09/2005) |
| 05/09/2005 | 150 | MEMORANDUM OPINION Signed by Judge Peter J. Messitte on 5/9/05 (c/m)(ajh, Deputy Clerk) (Filed in Error--Modified on 5/10/2005) (ajh, Deputy Clerk) (Entered: 05/09/2005) |
| 05/09/2005 | 151 | MEMORANDUM OPINION Signed by Judge Peter J. Messitte on 5/9/05 (c/m) (ajh, Deputy Clerk) (Entered: 05/10/2005) |
| 05/10/2005 | 152 | MOTION to Withdraw as Attorney by Pamela Pukke. Responses due by 5/27/2005 (Attachments: # 1 Text of Proposed Order # 2)(Eisen, Charles) (Entered: 05/10/2005) |
| 05/11/2005 | 153 | Emergency MOTION to Compel *Receiver to Comply with the Terms of the Asset Freeze Order* by Debtworks, Inc., Andris Pukke. Responses due by 5/31/2005 (Attachments: # 1 Memorandum in Support of Motion# 2 Exhibit A# 3 Exhibit B# 4 Exhibit C# 5)(Williams, John) (Entered: 05/11/2005) |
| 05/12/2005 | 154 | MOTION to Shorten Time *to Respond to Emergency Motion to Complete Sale of Potomac Residential Property and Approving Sale Procedures* by Robb Evans and Associates, LLC. Responses due by 5/31/2005 (Attachments: # 1 Memorandum in Support of Motion to Shorten Time# 2 Text of Proposed Order Shortening Time to Respond)(Dean, Gilbert) (Entered: 05/12/2005) |
| 05/12/2005 | 155 | Emergency MOTION for Order of Sale *of Potomac Residential Property and Approving Sale Procedures* by Robb Evans and Associates, LLC. Responses due by 5/31/2005 (Attachments: # 1 Memorandum in Support of Emergency Motion# 2 Text of Proposed Order Granting Emergency Motion)(Dean, Gilbert) (Entered: 05/12/2005) |
| 05/12/2005 | 156 | AFFIDAVIT re 155 Emergency MOTION for Order of Sale *of Potomac Residential Property and Approving Sale Procedures* by Robb Evans and Associates, LLC. (Attachments: # 1 Exhibit 1# 2 Exhibit 2# 3)(Dean, |

| | | |
|---|---|---|
| | | Gilbert) (Entered: 05/12/2005) |
| 05/12/2005 | ●157 | CERTIFICATE OF SERVICE by Robb Evans and Associates, LLC re 154 MOTION to Shorten Time *to Respond to Emergency Motion to Complete Sale of Potomac Residential Property and Approving Sale Procedures*, 155 Emergency MOTION for Order of Sale *of Potomac Residential Property and Approving Sale Procedures*, 156 Affidavit (Dean, Gilbert) (Entered: 05/12/2005) |
| 05/13/2005 | ●158 | RESPONSE re 142 Emergency MOTION for Order of Sale *by Receiver for Order Authorizing Receiver to Complete Sale of Ballenger Center Property and Approving Sale Procedures* filed by Cross-Frederick Associates, LLC. (Schlossberg, Roger) (Entered: 05/13/2005) |
| 05/13/2005 | ●159 | RESPONSE to Motion re 155 Emergency MOTION for Order of Sale *of Potomac Residential Property and Approving Sale Procedures* filed by Pamela Pukke. Replies due by 5/27/2005. (Adler, Robert) (Entered: 05/13/2005) |
| 05/13/2005 | ●160 | REPLY to Response to Motion re 135 MOTION for Leave to File Excess Pages *re Opposition of DebtWorks and Andris Pukke to the FTC's Motion for Summary Judgment* filed by Debtworks, Inc., Andris Pukke. (Williams, John) (Entered: 05/13/2005) |
| 05/13/2005 | ●161 | RESPONSE re 142 Emergency MOTION for Order of Sale *by Receiver for Order Authorizing Receiver to Complete Sale of Ballenger Center Property and Approving Sale Procedures*, 155 Emergency MOTION for Order of Sale *of Potomac Residential Property and Approving Sale Procedures* filed by Andris Pukke. (Williams, John) (Entered: 05/13/2005) |
| 05/17/2005 | ●162 | PAPERLESS ORDER GRANTING 152 Motion to Withdraw as Attorney. TERMINATING Attorney Charles L Eisen, Esquire of Kirkpatrick & Lockhart Nicholson Graham, LLP. Signed by Judge Peter J. Messitte on 5/16/05. (Messitte, Peter) (Entered: 05/17/2005) |
| 05/17/2005 | ●163 | RESPONSE re 161 Response, *by Receiver to Consent of Andris Pukke to Sales of Ballenger Center and Potomac Residential Property* filed by Robb Evans and Associates, LLC. (Dean, Gilbert) (Entered: 05/17/2005) |
| 05/17/2005 | ●164 | NOTICE by Robb Evans and Associates, LLC re 156 Affidavit *Line - Filing of Amended Exhibit 3 to the Declaration of M. Val Miller In Support of Emergency Motion by Receiver Robb Evans & Associates, LLC to Complete Sale of Potomac Residential Property and Approving Sale Procedures* (Attachments: # 1 Exhibit Amended Exhibit 3)(Dean, Gilbert) (Entered: 05/17/2005) |
| 05/18/2005 | ●165 | PAPERLESS ORDER GRANTING 142 Emergency Motion for Order of Sale; FINDING AS MOOT 154 Motion to Shorten Time; GRANTING 155 Emergency Motion for Order of Sale. Signed by Judge Peter J. Messitte on 5/18/05. (Messitte, Peter) (Entered: 05/18/2005) |
| 05/19/2005 | ●166 | NOTICE by Robb Evans and Associates, LLC *Request for Entry of* |

| | | |
|---|---|---|
| | | *Paper Orders Authorizing Receiver to Complete Sales of Ballenger and Potomac Properties* (Dean, Gilbert) (Entered: 05/19/2005) |
| 05/19/2005 | ◑167 | ORDER "Granting" re 155 Emergency MOTION for Order of Sale of Potomac Residential Property and Approving Sale Procedures filed by Robb Evans and Associates, LLC Signed by Judge Peter J. Messitte on 5/19/05 (c/m)(ajh, Deputy Clerk) (Entered: 05/19/2005) |
| 05/19/2005 | ◑168 | ORDER "Granting" re 142 Emergency MOTION for Order of Sale by Receiver for Order Authorizing Receiver to Complete Sale of Ballenger Center Property and Approving Sale Procedures filed by Robb Evans and Associates, LLC, Signed by Judge Peter J. Messitte on 5/19/05 (c/m)(ajh, Deputy Clerk) (Entered: 05/19/2005) |
| 05/19/2005 | ◑169 | RESPONSE in Opposition re 153 Emergency MOTION to Compel *Receiver to Comply with the Terms of the Asset Freeze Order* filed by Robb Evans and Associates, LLC. Replies due by 6/2/2005. (Attachments: # 1 Affidavit of Kenton Johnson in Support of Memorandum in Opposition to Emergency Motion# 2 Affidavit of Jesun Paik in Support of Memorandum in Opposition to Emergency Motion# 3 Affidavit of M. Val Miller in Support of Memorandum in Opposition to Emergency Motion)(Dean, Gilbert) (Entered: 05/19/2005) |
| 05/20/2005 | ◑170 | CERTIFICATE OF SERVICE by Robb Evans and Associates, LLC re 169 Response in Opposition to Motion, (Dean, Gilbert) (Entered: 05/20/2005) |
| 05/20/2005 | ◑171 | Certificate of Clerk certifying the record is complete for appeal purposes re: 124 Notice of Appeal, (Attachments: # 1 Transmittal Sheet)(krc, Deputy Clerk) (Entered: 05/20/2005) |
| 05/23/2005 | ◑172 | PAPERLESS CORRESPONDENCE to counsel of record advising that, at Judge Messitte's direction, a telephonic conference, including all necessary counsel, has been SCHEDULED for Wednesday, JUNE 1, 2005 (at 2:30 p.m.) A court reporter will be present for this conference. The conference is to be initiated by counsel for Plaintiff. (Messitte, Peter) (Entered: 05/23/2005) |
| 05/23/2005 | ◑173 | NOTICE by Robb Evans and Associates, LLC re 168 Order, *Request for Entry of Amended Order* (Attachments: # 1 Text of Proposed Order Amended Order)(Dean, Gilbert) (Entered: 05/23/2005) |
| 05/25/2005 | ◑174 | PAPERLESS ORDER GRANTING 135 Motion for Leave to File Excess Pages. Signed by Judge Peter J. Messitte on 5/25/05. (Messitte, Peter) (Entered: 05/25/2005) |
| 05/26/2005 | ◑175 | PAPERLESS ORDER APPROVING 173 Request for Entry of Amended Order Approving Sale of Ballenger Center Property. Signed by Judge Peter J. Messitte on 5/26/05. (Messitte, Peter) (Entered: 05/26/2005) |
| 05/26/2005 | ◑176 | MOTION for Leave to File Excess Pages by Federal Trade Commission. Responses due by 6/13/2005 (Silver, James) (Entered: 05/26/2005) |
| 05/26/2005 | ◑177 | REPLY to Response to Motion re 98 MOTION for Summary Judgment |

| | | |
|---|---|---|
| | | *Against Defendants DebtWorks, Inc. and Andris Pukke* filed by Federal Trade Commission. (Attachments: # 1 Notice of Filing Lengthy Exhibits# 2 Certificate of Service)(Silver, James) (Entered: 05/26/2005) |
| 05/26/2005 | 178 | AFFIDAVIT re 177 Reply to Response to Motion, *Declaration of James A. Silver* by Federal Trade Commission. (Attachments: # 1 Exhibit 1# 2 Exhibit 2# 3 Exhibit 3)(Silver, James) (Entered: 05/26/2005) |
| 05/26/2005 | 179 | CERTIFICATE OF SERVICE by Federal Trade Commission *Amended* (Silver, James) (Entered: 05/26/2005) |
| 05/26/2005 | 180 | MOTION Approve Correspondence *with Foreign Trustees* by Debtworks, Inc., Andris Pukke. Responses due by 6/13/2005 (Attachments: # 1 Exhibit A# 2 Exhibit B)(Williams, John) (Entered: 05/26/2005) |
| 05/26/2005 | 181 | AMENDED ORDER "Granting" re 142 Emergency MOTION for Order of Sale by Receiver for Order Authorizing Receiver to Complete Sale of Ballenger Center Property and Approving Sale Procedures as therein set forth filed by Robb Evans and Associates, LLC Signed by Judge Peter J. Messitte on 5/26/05 (c/m)(ajh, Deputy Clerk) (Entered: 05/26/2005) |
| 05/31/2005 | 182 | PAPERLESS ORDER granting 176 Motion for Leave to File Excess Pages. Signed by Judge Peter J. Messitte on 5/31/05. (Messitte, Peter) (Entered: 05/31/2005) |
| 05/31/2005 | 183 | NOTICE by Debtworks, Inc., Andris Pukke re 180 MOTION Approve Correspondence *with Foreign Trustees Correction to Motion for Order Approving Correspondence with Foreign Trustees* (Attachments: # 1 Exhibit Corrected Exhibit B)(Williams, John) (Entered: 05/31/2005) |
| 06/02/2005 | 184 | ORDER Rendering "MOOT" re 123 MOTION to Stay re 122 Order Motion for Partial Stay Pending Appeal filed by Debtworks, Inc., Andris Pukke; Rendering "MOOT" 153 Emergency MOTION to Compel Receiver to Comply with the Terms of the Asset Freeze Order filed by Debtworks, Inc., Andris Pukke as therein set forth Signed by Judge Peter J. Messitte on 6/2/05 (c/m)(ajh, Deputy Clerk) (Entered: 06/02/2005) |
| 06/07/2005 | 185 | NOTICE by Federal Trade Commission re 98 MOTION for Summary Judgment *Against Defendants DebtWorks, Inc. and Andris Pukke of Filing of Proposed Final Order* (Attachments: # 1 Exhibit 1)(Silver, James) (Entered: 06/07/2005) |
| 06/08/2005 | 186 | ORDER of USCA "DISMISSING" the Appeal as to 124 Notice of Appeal, filed by Debtworks, Inc., Andris Pukke, (c/s) (krc, Deputy Clerk) (Entered: 06/08/2005) |
| 06/08/2005 | 187 | MANDATE of USCA (certified copy) Order as to 124 Notice of Appeal, filed by Debtworks, Inc., Andris Pukke, (c/s) (Attachments: # 1 certified copy of Order)(krc, Deputy Clerk) (Entered: 06/08/2005) |
| 06/09/2005 | 188 | RESPONSE to Motion re 180 MOTION Approve Correspondence *with Foreign Trustees* filed by Robb Evans and Associates, LLC. Replies due by 6/23/2005. (Dean, Gilbert) (Entered: 06/09/2005) |

| 06/10/2005 | ●189 | PAPERLESS ORDER finding as moot 180 Defendant Andris Pukke's Motion for Order Approving Correspondence With Foreign Trustees. Signed by Judge Peter J. Messitte on 6/10/05. (Messitte, Peter) (Entered: 06/10/2005) |
|---|---|---|
| 06/13/2005 | ●190 | PAPERLESS CORRESPONDENCE to parties advising that the MOTIONS HEARING scheduled for MONDAY, JUNE 20, 2005 at 11:30 a.m. will begin at 10:00 a.m. on that day instead (Courtroom 4C). (Messitte, Peter) (Entered: 06/13/2005) |
| 06/17/2005 | ●191 | MOTION for Peder Magee to Appear Pro Hac Vice by Federal Trade Commission (ajh, Deputy Clerk) (Entered: 06/20/2005) |
| 06/17/2005 | ●192 | ORDER "Granting" [191] Motion for Peder Magee to Appear Pro Hac Vice for Federal Trade Commission Signed by Felicia C. Cannon, Clerk on 6/16/05 (c/m) (ajh, Deputy Clerk) (Entered: 06/20/2005) |
| 06/20/2005 | ●193 | ORDER "Granting" in part and "Denying" in part 98 Motion for Summary Judgment; "Granting" insofar as defendant Andris Pukke is held to have had actual knowledge of any corporate acts which he was asked about and "Denying" in all other respects Signed by Judge Peter J. Messitte on 6/20/05 (c/m) (ajh, Deputy Clerk) (Filed in Error) (Entered: 06/20/2005) |
| 06/20/2005 | ●194 | ORDER "Granting" in part insofar as defendant Andris Pukke is held to have had actual knowledge of any corporate acts which he was asked about on deposition and "Denying" in all other respects 98 MOTION for Summary Judgment Against Defendants DebtWorks, Inc. and Andris Pukke filed by Federal Trade Commission Signed by Judge Peter J. Messitte on 6/20/05 (c/m)(ajh, Deputy Clerk) (Entered: 06/20/2005) |
| 06/20/2005 | ● | Motion Hearing held on 6/20/2005 re 98 MOTION for Summary Judgment *Against Defendants DebtWorks, Inc. and Andris Pukke* filed by Federal Trade Commission, held before Judge Peter J. Messitte. (Court Reporter Marshall) (esp, Deputy Clerk) (Entered: 06/21/2005) |
| 06/20/2005 | ● | Argument of counsel. (esp, Deputy Clerk) (Entered: 06/21/2005) |
| 06/20/2005 | ● | Oral ruling of the Court. (esp, Deputy Clerk) (Entered: 06/21/2005) |
| 06/20/2005 | ● | Oral order (Messitte, J.) "granting" in part - "denying" in part - Motion for Summary Judgment Against defendants Debtworks, Inc. and Andris Pukke by Federal Trade Commissions. (Paper No. 98) for reasons stated on the record in open court. (esp, Deputy Clerk) (Entered: 06/21/2005) |
| 06/24/2005 | ●195 | Emergency MOTION for Order of Sale *by Receiver for Order Authorizing Receiver to Complete Sale of Villa C Property and Approving Sale Procedures* by Robb Evans and Associates, LLC. Responses due by 7/11/2005 (Attachments: # 1 Memorandm of Law in Support of Receiver's Emergency Motion for Order Authorizing Receive to Complete Sale of Villa C Property and Approving Sale Procedures# 2 Text of Proposed Order Granting Emergency Motion by Receiver for Order Authorizing Receiver to Complete Sale of Villa C Property and |

| | | Approving Sale Procedures# <u>3</u> Exhibit to Proposed Order - Contact of Sale)(Walker, Irving) (Entered: 06/24/2005) |
|---|---|---|
| 06/24/2005 | 🌑<u>196</u> | AFFIDAVIT re <u>195</u> Emergency MOTION for Order of Sale *by Receiver for Order Authorizing Receiver to Complete Sale of Villa C Property and Approving Sale Procedures by Gary Owen Caris in Support of Emergency Motion for Order of Sale of Villa C Property and Approving Sale Procedures* by Robb Evans and Associates, LLC. (Attachments: # <u>1</u> Exhibit 1 to Caris Declaration# <u>2</u> Exhibit 2 to Caris Declaration# <u>3</u> Exhibit 3 to Caris Declaration# <u>4</u> Exhibit 4 to Caris Declaration# <u>5</u> Exhibit 5 to Caris Declaration)(Walker, Irving) (Entered: 06/24/2005) |
| 06/24/2005 | 🌑<u>197</u> | AFFIDAVIT re <u>195</u> Emergency MOTION for Order of Sale *by Receiver for Order Authorizing Receiver to Complete Sale of Villa C Property and Approving Sale Procedures Declaration of M. Val Miller in Support of Emergency Motion for Order Authorizing Receiver to Complete the Sale of Villa C Property and Approving Sale Procedures* by Robb Evans and Associates, LLC. (Attachments: # <u>1</u> Exhibit 1 to Declaration of M. Val Miller# <u>2</u> Exhibit 2 to declaration of M. Val Miller# <u>3</u> Exhibit 3 to Declaration of M. Val Miller# <u>4</u> Exhibit 4 to V. Miller Declaration# <u>5</u> Errata 5 to Declaration of M. Val Miller)(Walker, Irving) (Paper pleadings recv'd. 6/27/05) (Entered: 06/24/2005) |
| 06/24/2005 | 🌑<u>198</u> | MOTION to Shorten Time *to Respond to Emergency Motion for Order Authorizing Receiver to Complete Sale of Villa C Property and Approving Sale Procedures* by Robb Evans and Associates, LLC. Responses due by 7/11/2005 (Attachments: # <u>1</u> Memoraundum in Support of Motion to Shorten Time to Respond to Emergency Motion by Receiver to Complete Sale of Villa C Residential Property and Approving Sale Procedures# <u>2</u> Text of Proposed Order to Shorten Time to Respond to Emergency Motion for Order Authorizing Receiver to Complete Sale of Villa C Property and Approving Sale Procedures) (Walker, Irving) (Paper pleadings filed 6/28/05) (ajh, Deputy Clerk) (Entered: 06/24/2005) |
| 06/24/2005 | 🌑<u>199</u> | CERTIFICATE OF SERVICE by Robb Evans and Associates, LLC re <u>195</u> Emergency MOTION for Order of Sale *by Receiver for Order Authorizing Receiver to Complete Sale of Villa C Property and Approving Sale Procedures,* <u>196</u> Affidavit,,, <u>197</u> Affidavit,,, <u>198</u> MOTION to Shorten Time *to Respond to Emergency Motion for Order Authorizing Receiver to Complete Sale of Villa C Property and Approving Sale Procedures* (Walker, Irving) (Entered: 06/24/2005) |
| 06/27/2005 | 🌑<u>200</u> | PAPERLESS ORDER granting <u>198</u> Motion to Shorten Time. Signed by Judge Peter J. Messitte on 6/27/05. (Messitte, Peter) (Entered: 06/27/2005) |
| 06/27/2005 | 🌑<u>201</u> | ORDER "Scheduling" a teleconference with counsel on 7/8/05 as therein set forth Signed by Judge Peter J. Messitte on 6/27/05 (c/m)(ajh, Deputy Clerk) (Entered: 06/27/2005) |
| 06/27/2005 | 🌑<u>202</u> | RESPONSE in Opposition re <u>198</u> MOTION to Shorten Time *to Respond* |

| | | |
|---|---|---|
| | | *to Emergency Motion for Order Authorizing Receiver to Complete Sale of Villa C Property and Approving Sale Procedures* filed by Villa C Acquisition Company, LLC. Replies due by 7/11/2005. (Attachments: # 1 Exhibit Exhibit A# 2 Exhibit Exhibit B# 3 Exhibit Exhibit C)(Saunders, Sanford) (Entered: 06/27/2005) |
| 06/28/2005 | ❿203 | MOTION for Reconsideration re [200] Order on Motion to Shorten Time by Villa C Acquisition Company, LLC. Responses due by 7/15/2005 (Attachments: # 1 Exhibit Opposition# 2 Exhibit Exhibit A# 3 Exhibit Exhibit B# 4 Exhibit Exhibit C)(Saunders, Sanford) (Entered: 06/28/2005) |
| 06/28/2005 | ❿204 | RESPONSE in Opposition re 203 MOTION for Reconsideration re [200] Order on Motion to Shorten Time *to Motion of Non-Parties Villa C Acquisition Company, LLC and Patrick Callahan, III to reconsider Paperless Order Granting Receiver's Motion to Shorten Time To Respond to Emergency Motion by Receiver for Order Authorizing Receiver to Complete Sale of Villa C Property and Approving Sale Procedures* filed by Robb Evans and Associates, LLC. Replies due by 7/12/2005. (Dean, Gilbert) (Entered: 06/28/2005) |
| 06/28/2005 | ❿205 | AFFIDAVIT re 204 Response in Opposition to Motion, *of Lesley Anne Hawes in Support of Opposition to Motion of Non-Parties Villa C Acquisition Company, LLC and Patrick Callahan, III to Reconsider Paperless Order Granting Receiver's Emergency Motion to Shorten Time to Respond to Motion by Receiver to Complete Sale of Villa C Property and Approving Sale Procedures* by Robb Evans and Associates, LLC. (Attachments: # 1 Exhibit 1 to Declaration of Lesley Anne Hawes# 2 Exhibit 2 to Declaration of Lesley Anne Hawes# 3 Exhibit 3 to Declaration of Lesley Anne Hawes)(Dean, Gilbert) (Entered: 06/28/2005) |
| 06/28/2005 | ❿206 | CERTIFICATE OF SERVICE by Robb Evans and Associates, LLC re 204 Response in Opposition to Motion,, 205 Affidavit,, (Dean, Gilbert) (Entered: 06/28/2005) |
| 06/28/2005 | ❿207 | ORDER "Granting" in part and "Extending" the time for response to Emergency Motion to Complete Sale 203 Motion for Reconsideration; "Directing" that all responses to Emergency Motion to Complete Sale are to be filed no later than 7/1/05 as therein set forth Signed by Judge Peter J. Messitte on 6/28/05 (c/m) (ajh, Deputy Clerk) (Entered: 06/28/2005) |
| 06/29/2005 | ❿208 | STATUS REPORT *of Receiver's Activities for the Period of April 20, 2005 through June 28, 2005 by Robb Evans & Associates LLC as Receiver of the Assets of Debtworks, Inc. and Andris Pukke* by Robb Evans and Associates, LLC. (Attachments: # 1 Tab 1 to the Report# 2 Tab 2 to the Report# 3 Tab 3 to the Report# 4 Tab 4 to the Report# 5 Tab 5 to the Report# 6 Tab 6 to the Report# 7 Tab 7 to the Report# 8 Tab 8 to the Report# 9 Tab 9 to the Report)(Dean, Gilbert) (Entered: 06/29/2005) |
| 06/29/2005 | ❿209 | NOTICE by Robb Evans and Associates, LLC re 208 Status Report,,, *of Receiver's Activities for the Period of April 20, 2005 through June 28,* |

| | | |
|---|---|---|
| | | 2005 by Robb Evans & Associates LLC as Receiver fo the Assets of Debtworks, Inc. and Andris Pukke (Dean, Gilbert) (Entered: 06/29/2005) |
| 06/29/2005 | 210 | CERTIFICATE OF SERVICE by Robb Evans and Associates, LLC re 208 Status Report,,,, 209 Notice (Other), Notice (Other) *of Filing of Report of Receiver's Actitivites for the Period of April 20, 2005 through June 28, 2005 by Robb Evans & Associates LLC as Receiver of the Assets of Debtworks, Inc. and Andris Pukke* (Dean, Gilbert) (Entered: 06/29/2005) |
| 07/01/2005 | 211 | RESPONSE in Opposition re 195 Emergency MOTION for Order of Sale *by Receiver for Order Authorizing Receiver to Complete Sale of Villa C Property and Approving Sale Procedures* filed by Villa C Acquisition Company, LLC. Replies due by 7/15/2005. (Attachments: # 1 Exhibit Exhibit 1# 2 Affidavit Callahan Declaration# 3 Exhibit Exhibit A# 4 Exhibit Exhibit B)(Saunders, Sanford) (Entered: 07/01/2005) |
| 07/02/2005 | 212 | NOTICE by Robb Evans and Associates, LLC *of filing of Correct Declaration of M. Val Miller in Support of Emergency Motion to Complete Sale of Villa C Property* (Attachments: # 1 Affidavit of M. Val Miller in Support of Emergency Motion to Complete Sale of Villa C Property)(Dean, Gilbert) (Entered: 07/02/2005) |
| 07/05/2005 | | Telephone Conference held on 7/5/2005 held before Judge Peter J. Messitte. (Court Reporter O'Neill) (esp, Deputy Clerk) (Entered: 07/05/2005) |
| 07/05/2005 | 213 | MEMORANDUM/ORDER "confirming" the discussions and ruling from today's 7/5/05 teleconference with counsel; denying 195 Emergency Motion for Order of Sale. Signed by Judge Peter J. Messitte on 7/5/05. (rank, Deputy Clerk) (Entered: 07/06/2005) |
| 07/07/2005 | 214 | RESPONSE re 208 Status Report,,, *Response to Receiver's Report* filed by Andris Pukke. (Attachments: # 1 Exhibit A# 2 Exhibit B)(Williams, John) (Entered: 07/07/2005) |
| 07/08/2005 | | Telephone Conference held in chambers on 7/8/2005 before Judge Peter J. Messitte. (esp, Deputy Clerk) (Entered: 07/12/2005) |
| 07/11/2005 | 215 | NOTICE by Andris Pukke *of Filing Petition for Bankruptcy* (Attachments: # 1 Voluntary Petition for Bankruptcy)(Williams, John) (Entered: 07/11/2005) |
| 07/13/2005 | 216 | MOTION by Receiver for Instructions and for Interpretation and Enforcement of Preliminary Injunction Order in Response to Andris Pukke Bankruptcy by Robb Evans and Associates, LLC. Responses due by 8/1/2005 (Attachments: # 1 Memorandum in Support of Motion for Instructions)(Dean, Gilbert) (Entered: 07/13/2005) |
| 07/13/2005 | 217 | AFFIDAVIT re 216 MOTION by Receiver for Instructions and for Interpretation and Enforcement of Preliminary Injunction Order in Response to Andris Pukke Bankruptcy by Robb Evans and Associates, LLC. (Attachments: # 1 Exhibit 1)(Dean, Gilbert) (Entered: 07/13/2005) |

| 07/13/2005 | 218 | Emergency MOTION *to Set Special Briefing Schedule on Motion by Receiver for Instructions and for Interpretation and Enforcement of Preliminary Injunction Order in Response to Andris Pukke Bankruptcy* by Robb Evans and Associates, LLC. Responses due by 8/1/2005 (Attachments: # 1 Exhibit 1# 2 Text of Proposed Order)(Dean, Gilbert) (Entered: 07/13/2005) |
|---|---|---|
| 07/13/2005 | 219 | CERTIFICATE OF SERVICE by Robb Evans and Associates, LLC re 218 Emergency MOTION *to Set Special Briefing Schedule on Motion by Receiver for Instructions and for Interpretation and Enforcement of Preliminary Injunction Order in Response to Andris Pukke Bankruptcy*, 216 MOTION by Receiver for Instructions and for Interpretation and Enforcement of Preliminary Injunction Order in Response to Andris Pukke Bankruptcy, 217 Affidavit *of Gary Owen Caris in Support of Motion by Receiver for Instructions and for Interpretation and Enforcement of Preliminary Injunction Order in Response to Andris Pukke Bankruptcy* (Dean, Gilbert) (Entered: 07/13/2005) |
| 07/14/2005 | 220 | Emergency MOTION Modify Asset Freeze Order *to Permit the Bankruptcy Court to Authorize Employment of Professionals and Approve Payment of Professionals' Fees* by Andris Pukke. Responses due by 8/1/2005 (Williams, John) (Entered: 07/14/2005) |
| 07/14/2005 | 221 | Emergency MOTION Modify Order Appointing Receiver re 122 Order *to Facilitate Compliance with 11 U.S.C. Section 543* by Andris Pukke. Responses due by 8/1/2005 (Attachments: # 1 Addendum A)(Williams, John) (Entered: 07/14/2005) |
| 07/14/2005 | 222 | NOTICE by Andris Pukke re 221 Emergency MOTION Modify Order Appointing Receiver re 122 Order *to Facilitate Compliance with 11 U.S.C. Section 543 Request for Judicial Notice* (Attachments: # 1 Notice of Filing of Lengthy Exhibit# 2 Exhibit 2)(Williams, John) (Entered: 07/14/2005) |
| 07/15/2005 | 223 | Correspondence re: Consolidation of Cases and Confidential Information in Receiver's Report (Attachments: # 1 Attachment)(Williams, John) (Entered: 07/15/2005) |
| 07/15/2005 | 224 | RESPONSE re 220 Emergency MOTION Modify Asset Freeze Order *to Permit the Bankruptcy Court to Authorize Employment of Professionals and Approve Payment of Professionals' Fees*, 221 Emergency MOTION Modify Order Appointing Receiver re 122 Order *to Facilitate Compliance with 11 U.S.C. Section 543* filed by Robb Evans and Associates, LLC. (Dean, Gilbert) (Entered: 07/15/2005) |
| 07/15/2005 | 225 | AFFIDAVIT re 224 Response, *to Emergency Motion to Modify Order Appointing Receiver and (2) Emergency Motion to Modify Asset Freeze Order Based on Andris Pukke Bankruptcy* by Robb Evans and Associates, LLC. (Dean, Gilbert) (Entered: 07/15/2005) |
| 07/15/2005 | 226 | CERTIFICATE OF SERVICE by Robb Evans and Associates, LLC re 224 Response,, 225 Affidavit *of Gary Caris in Support of Preliminary Response to (1) Emergency Motion to Modify Order Appointing Receiver* |

| | | |
|---|---|---|
| | | *and (2) Emergency Motion to Modify Asset Freeze Order Based on Andris Pukke Bankruptcy* (Dean, Gilbert) (Entered: 07/15/2005) |
| 07/22/2005 | ●227 | RESPONSE re 220 Emergency MOTION Modify Asset Freeze Order *to Permit the Bankruptcy Court to Authorize Employment of Professionals and Approve Payment of Professionals' Fees* filed by Robb Evans and Associates, LLC. (Dean, Gilbert) (Entered: 07/22/2005) |
| 07/22/2005 | ●228 | RESPONSE re 221 Emergency MOTION Modify Order Appointing Receiver re 122 Order *to Facilitate Compliance with 11 U.S.C. Section 543* filed by Robb Evans and Associates, LLC. (Dean, Gilbert) (Entered: 07/22/2005) |
| 07/22/2005 | ●229 | Memorandum re 216 MOTION by Receiver for Instructions and for Interpretation and Enforcement of Preliminary Injunction Order in Response to Andris Pukke Bankruptcy *, in Oppotion to Motion to Modify Order Appointing Receiver and to Modify Asset Freeze Order, and in Reply to Response to Receiver's Report* filed by Robb Evans and Associates, LLC. (Dean, Gilbert) (Entered: 07/22/2005) |
| 07/22/2005 | ●230 | AFFIDAVIT *of Brick Kane: (1) in Support of Motion for Instructions; (2) in Opposition to Motion to Modify Order Appointing Receiver; (3) in Opposition to Motion to Modify Asset Freeze Order; and (4) in Reply to Response to Receiver's Report* by Robb Evans and Associates, LLC. (Dean, Gilbert) (Entered: 07/22/2005) |
| 07/22/2005 | ●231 | AFFIDAVIT *of Gary Owen Caris: (1) in Support of Motion for Instructions; (2) in Opposition to Motion to Modify Order Appointing Receiver; (3) in Opposition to Motion to Modify Asset Freeze Order; and (4) in Reply to Response to Receiver's Report* by Robb Evans and Associates, LLC. (Dean, Gilbert) (Entered: 07/22/2005) |
| 07/22/2005 | ●232 | NOTICE by Robb Evans and Associates, LLC *Receiver's Appendix of Exhibits filed in Connection with (1) Motion for Instructions; (2) Opposition to Motion to Modify Order Appointing Receiver; (3) Opposition to Motion to Modify Asset Freeze Order; (4) Reply to Response to Receiver's Report; and (5) Declarations of Gary Caris and Brick Kane* (Attachments: # 1 Exhibit 1# 2 Exhibit 2# 3 Exhibit 3# 4 Exhibit 4# 5 Exhibit 5# 6 Exhibit 6# 7 Exhibit 7# 8 Exhibit 8# 9 Exhibit 9# 10 Exhibit 10)(Dean, Gilbert) (Entered: 07/22/2005) |
| 07/22/2005 | ●233 | CERTIFICATE OF SERVICE by Robb Evans and Associates, LLC re 230 Affidavit,, 231 Affidavit,, 232 Notice (Other), Notice (Other), Notice (Other), 227 Response, 228 Response, 229 Memorandum, (Dean, Gilbert) (Entered: 07/22/2005) |
| 07/22/2005 | ●234 | Joint MOTION for Settlement *Entry of Consent Order as to AmeriDebt, Inc.* by Federal Trade Commission. Responses due by 8/8/2005 (Attachments: # 1 Attachment A# 2 Attachment B)(Brown, Allison) (Entered: 07/22/2005) |
| 07/22/2005 | ●235 | RESPONSE in Support re 216 MOTION by Receiver for Instructions and for Interpretation and Enforcement of Preliminary Injunction Order |

| | | |
|---|---|---|
| | | in Response to Andris Pukke Bankruptcy filed by Federal Trade Commission. Replies due by 8/5/2005. (Brown, Allison) (Entered: 07/22/2005) |
| 07/22/2005 | ❷236 | RESPONSE in Opposition re 221 Emergency MOTION Modify Order Appointing Receiver re 122 Order *to Facilitate Compliance with 11 U.S.C. Section 543* filed by Federal Trade Commission. Replies due by 8/5/2005. (Brown, Allison) (Entered: 07/22/2005) |
| 07/22/2005 | ❷237 | RESPONSE in Opposition re 220 Emergency MOTION Modify Asset Freeze Order *to Permit the Bankruptcy Court to Authorize Employment of Professionals and Approve Payment of Professionals' Fees* filed by Federal Trade Commission. Replies due by 8/5/2005. (Brown, Allison) (Entered: 07/22/2005) |
| 07/22/2005 | ❷238 | NOTICE by Federal Trade Commission re 235 Response in Support of Motion, *of Request for Judicial Notice* (Attachments: # 1 Exhibit 1) (Brown, Allison) (Entered: 07/22/2005) |
| 07/22/2005 | ❷239 | RESPONSE re 214 Response *re: Receiver's Statement of Position Regarding the Posting of the Receiver's Report on its Website* filed by Robb Evans and Associates, LLC. (Dean, Gilbert) (Entered: 07/22/2005) |
| 07/25/2005 | ❷240 | Stipulated Final Judgment and Order as to Ameridebt, Inc. Signed by Judge Peter J. Messitte on 7/25/05 (c/m)(ajh, Deputy Clerk) (Entered: 07/26/2005) |
| 07/26/2005 | ❷241 | ORDER "Granting" re 218 Emergency MOTION to Set Special Briefing Schedule on Motion by Receiver for Instructions and for Interpretation and Enforcement of Preliminary Injunction Order in Response to Andris Pukke Bankruptcy filed by Robb Evans and Associates, LLC, 18 MOTION to Dismiss for Lack of Jurisdiction filed by Ameridebt, Inc. and "Scheduling" teleconference with counsel as therein set forth Signed by Judge Peter J. Messitte on 7/25/05 (c/m)(ajh, Deputy Clerk) (Entered: 07/26/2005) |
| 07/29/2005 | ❷242 | REPLY to re 220 Emergency MOTION Modify Asset Freeze Order to Permit the Bankruptcy Court to Authorize Employment of Professionals and Approve Payment of Professionals' Fees filed by Andris Pukke. Replies due by 8/12/2005. (Attachments: # 1 Exhibit A)(Williams, John) (Not a response--Modified on 8/2/2005) (ajh, Deputy Clerk) (Entered: 07/29/2005) |
| 08/01/2005 | ❷243 | RESPONSE in Opposition re 216 MOTION by Receiver for Instructions and for Interpretation and Enforcement of Preliminary Injunction Order in Response to Andris Pukke Bankruptcy filed by Andris Pukke. Replies due by 8/15/2005. (Williams, John) (Entered: 08/01/2005) |
| 08/01/2005 | ❷244 | AFFIDAVIT re 243 Response in Opposition to Motion *Declaration of John B. Williams* by Andris Pukke. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C)(Williams, John) (Entered: 08/01/2005) |
| 08/01/2005 | ❷245 | AFFIDAVIT re 243 Response in Opposition to Motion *Declaration of* |

| | | |
|---|---|---|
| | | *William Lobel* by Andris Pukke. (Attachments: # <u>1</u> Exhibit A)(Williams, John) (Entered: 08/01/2005) |
| 08/01/2005 | ◑<u>246</u> | AFFIDAVIT re <u>243</u> Response in Opposition to Motion *Declaration of Mark Roberts* by Andris Pukke. (Attachments: # <u>1</u> Exhibit A# <u>2</u> Exhibit B)(Williams, John) (Entered: 08/01/2005) |
| 08/01/2005 | ◑<u>247</u> | AFFIDAVIT re <u>243</u> Response in Opposition to Motion *Declaration of Brian Forte* by Andris Pukke. (Williams, John) (Entered: 08/01/2005) |
| 08/01/2005 | ◑<u>248</u> | AFFIDAVIT re <u>243</u> Response in Opposition to Motion *Declaration of Brian Maller* by Andris Pukke. (Williams, John) (Entered: 08/01/2005) |
| 08/01/2005 | ◑ | Telephone Conference held in chambers on 8/1/2005 held before Judge Peter J. Messitte. (Court Reporter Marshall) (esp, Deputy Clerk) (Entered: 08/02/2005) |
| 08/02/2005 | ◑<u>249</u> | ORDER "Denying" without prejudice <u>220</u> Emergency Motion to Modify Asset Freeze Order to Permit the Bankruptcy Court to Authorize Employment of Professionals and Approve Payment of Professionals' Fees Signed by Judge Peter J. Messitte on 8/2/05 (c/m) (ajh, Deputy Clerk) (Entered: 08/02/2005) |
| 08/03/2005 | ◑<u>250</u> | MOTION Appeal of Receiver's Refusal to Approve Attorneys Fees by Andris Pukke. Responses due by 8/22/2005 (Attachments: # <u>1</u> Exhibit A# <u>2</u> # <u>3</u> Exhibit C)(Williams, John) (Entered: 08/03/2005) |
| 08/03/2005 | ◑<u>251</u> | MOTION to Shorten Time *to Respond to Appeal of Receiver's Refusal to Approve Attorneys Fees* by Andris Pukke. Responses due by 8/22/2005 (Williams, John) (Entered: 08/03/2005) |
| 08/04/2005 | ◑<u>252</u> | RESPONSE in Opposition re <u>251</u> MOTION to Shorten Time *to Respond to Appeal of Receiver's Refusal to Approve Attorneys Fees* filed by Federal Trade Commission. Replies due by 8/18/2005. (Morris, Lucy) (Entered: 08/04/2005) |
| 08/05/2005 | ◑<u>253</u> | REPLY to Response to Motion re <u>251</u> MOTION to Shorten Time *to Respond to Appeal of Receiver's Refusal to Approve Attorneys Fees* filed by Andris Pukke. (Attachments: # <u>1</u> Exhibit A)(Williams, John) (Entered: 08/05/2005) |
| 08/08/2005 | ◑<u>254</u> | MOTION Appeal of Receiver's Refusal to Approve Employment and Compensation of Professionals in Connection with Pukke's Bankruptcy Case by Andris Pukke. Responses due by 8/25/2005 (Williams, John) (Entered: 08/08/2005) |
| 08/08/2005 | ◑<u>255</u> | AFFIDAVIT re <u>254</u> MOTION Appeal of Receiver's Refusal to Approve Employment and Compensation of Professionals in Connection with Pukke's Bankruptcy Case *Declaration of William N. Lobel* by Andris Pukke. (Attachments: # <u>1</u> Notice of Filing of Lengthy Exhibits) (Williams, John) (Entered: 08/08/2005) |
| 08/08/2005 | ◑<u>256</u> | REPLY to Response to Motion re <u>221</u> Emergency MOTION Modify Order Appointing Receiver re <u>122</u> Order *to Facilitate Compliance with* |

| | | |
|---|---|---|
| | | *11 U.S.C. Section 543* filed by Andris Pukke. (Attachments: # 1 Exhibit A)(Williams, John) (Entered: 08/08/2005) |
| 08/08/2005 | ○257 | ORDER Rendering "MOOT" 251 MOTION to Shorten Time to Respond to Appeal of Receiver's Refusal to Approve Attorneys Fees filed by Andris Pukke Signed by Judge Peter J. Messitte on 8/8/05 (c/m)(ajh, Deputy Clerk) (Entered: 08/09/2005) |
| 08/15/2005 | ○258 | REPLY to Response to Motion re 216 MOTION by Receiver for Instructions and for Interpretation and Enforcement of Preliminary Injunction Order in Response to Andris Pukke Bankruptcy *in support of joinder* filed by Federal Trade Commission. (Brown, Allison) (Entered: 08/15/2005) |
| 08/15/2005 | ○259 | NOTICE by Federal Trade Commission re 258 Reply to Response to Motion, *Request for Judicial Notice* (Attachments: # 1 Exhibit 1)(Brown, Allison) (Entered: 08/15/2005) |
| 08/15/2005 | ○260 | REPLY to Response to Motion re 216 MOTION by Receiver for Instructions and for Interpretation and Enforcement of Preliminary Injunction Order in Response to Andris Pukke Bankruptcy filed by Robb Evans and Associates, LLC. (Dean, Gilbert) (Entered: 08/15/2005) |
| 08/15/2005 | ○261 | AFFIDAVIT *of Cary Owen Caris in Support of Reply Memorandum to Opposition to Motion by Receiver for Instructions and for Interpretation and Enforcement of Preliminary Injunction Order in Response to Andris Pukke Bankruptcy* by Robb Evans and Associates, LLC. (Attachments: # 1 Exhibit 1# 2 Exhibit 2# 3 Exhibit 3# 4 Exhibit 4)(Dean, Gilbert) (Entered: 08/15/2005) |
| 08/15/2005 | ○262 | AFFIDAVIT *of Brick Kane in Support of Reply Memorandum to Opposition to Motion by Receiver for Instructions and for Interpretation and Enforcement of Preliminary Injunction Order in Response to Andris Pukke Bankruptcy* by Robb Evans and Associates, LLC. (Attachments: # 1 Exhibit 1# 2 Exhibit 2# 3 Exhibit 3# 4 Exhibit 4# 5 Exhibit 5)(Dean, Gilbert) (Entered: 08/15/2005) |
| 08/15/2005 | ○263 | RESPONSE re 247 Affidavit, 248 Affidavit, 246 Affidavit *Receiver's Evidentiary Objections to Declarations of Brian Maller, Brian Forte and Mark A. Roberts Filed in Opposition to Motion by Receiver for Instructions and for Interpretation and Enforcement of Preliminary Injunction Order in Response to Andris Pukke Bankruptcy* filed by Robb Evans and Associates, LLC. (Dean, Gilbert) (Entered: 08/15/2005) |
| 08/15/2005 | ○264 | CERTIFICATE OF SERVICE by Robb Evans and Associates, LLC re 260 Reply to Response to Motion, 261 Affidavit,, 262 Affidavit,, 263 Response, (Dean, Gilbert) (Entered: 08/15/2005) |
| 08/15/2005 | ○265 | MOTION to Amend/Correct 250 MOTION Appeal of Receiver's Refusal to Approve Attorneys Fees by Debtworks, Inc., Andris Pukke. Responses due by 9/1/2005 (Williams, John) (Entered: 08/15/2005) |
| 08/15/2005 | ○266 | AFFIDAVIT re 265 MOTION to Amend/Correct 250 MOTION Appeal |

| | | |
|---|---|---|
| | | of Receiver's Refusal to Approve Attorneys Fees Declaration of John B. Williams by Debtworks, Inc., Andris Pukke. (Attachments: # 1 Exhibit A# 2 Exhibit C# 3 Exhibit D# 4 Exhibit D1# 5 Exhibit D2# 6 Exhibit D3# 7 Exhibit D4)(Williams, John) (Exhibit B recv'd. in paper pleadings on 8/17/05) (SEALED) (Entered: 08/15/2005) |
| 08/15/2005 | ◑267 | NOTICE by Debtworks, Inc., Andris Pukke *Notice of Filing of Document Under Seal* (Williams, John) (Entered: 08/15/2005) |
| 08/15/2005 | ◑268 | MOTION to Seal *Document* by Debtworks, Inc., Andris Pukke. Responses due by 9/1/2005 (Williams, John) (Entered: 08/15/2005) |
| 08/16/2005 | ◑269 | TRANSCRIPT of Proceedings held before Messitte, J. on 8/1/05 (Filed Separately) (ajh, Deputy Clerk) (Court Reporter: Marshall) (Entered: 08/18/2005) |
| 08/19/2005 | ◑270 | ORDER scheduling hearing for oral argument on motions. Signed by Judge Peter J. Messitte on 08/18/2005. (c/m 8/19/05)(elt, Deputy Clerk) (Entered: 08/19/2005) |
| 08/22/2005 | ◑271 | PAPERLESS ORDER GRANTING 265 Motion to Amend. Signed by Judge Peter J. Messitte on 8/19/05. (Messitte, Peter) (Entered: 08/22/2005) |
| 08/22/2005 | ◑272 | RESPONSE in Opposition re 250 MOTION Appeal of Receiver's Refusal to Approve Attorneys Fees filed by Federal Trade Commission. Replies due by 9/6/2005. (Morris, Lucy) (Entered: 08/22/2005) |
| 08/22/2005 | ◑273 | NOTICE by Federal Trade Commission *Request for Judicial Notice* (Attachments: # 1 Exhibit 1# 2 Exhibit 2# 3 Exhibit 3)(Morris, Lucy) (Entered: 08/22/2005) |
| 08/25/2005 | ◑274 | RESPONSE re 254 MOTION Appeal of Receiver's Refusal to Approve Employment and Compensation of Professionals in Connection with Pukke's Bankruptcy Case filed by Robb Evans and Associates, LLC. (Dean, Gilbert) (Entered: 08/25/2005) |
| 08/25/2005 | ◑275 | RESPONSE re 250 MOTION Appeal of Receiver's Refusal to Approve Attorneys Fees *and Amended Appeal of Receiver's Refusal to Approve Attorneys' Fees* filed by Robb Evans and Associates, LLC. (Dean, Gilbert) (Entered: 08/25/2005) |
| 08/25/2005 | ◑276 | AFFIDAVIT re 275 Response to Appeal of "Receiver's Refusal to Approve Attorneys' Fees by Robb Evans and Associates, LLC. (Attachments: # 1 Exhibit 1# 2 Notice of Filing of Exhibit 2 Under Seal) (Dean, Gilbert) (EXHIBIT 2 SEALED)(recv'd. in paper 8/26/05) (Entered: 08/25/2005) |
| 08/25/2005 | ◑277 | MOTION to Seal *Exhibit 2 to Declaration of Gary Owen Caris in Support of Receiver's Opposition to Appeal of Receiver's Refusal to Approve Attorneys' Fees* by Robb Evans and Associates, LLC. Responses due by 9/12/2005 (Attachments: # 1 Proposed Findings of Fact and Conclusions of Law# 2 Text of Proposed Order Granting Receiver's Motion File Exhibit 2 to Caris Declaration Under Seal)(Dean, Gilbert) |

| | | (Entered: 08/25/2005) |
|---|---|---|
| 08/25/2005 | ❍278 | CERTIFICATE OF SERVICE by Robb Evans and Associates, LLC re 274 Response, 275 Response, 276 Affidavit, 277 MOTION to Seal *Exhibit 2 to Declaration of Gary Owen Caris in Support of Receiver's Opposition to Appeal of Receiver's Refusal to Approve Attorneys' Fees* (Dean, Gilbert) (Entered: 08/25/2005) |
| 08/25/2005 | ❍279 | RESPONSE in Opposition re 254 MOTION Appeal of Receiver's Refusal to Approve Employment and Compensation of Professionals in Connection with Pukke's Bankruptcy Case filed by Federal Trade Commission. Replies due by 9/8/2005. (Morris, Lucy) (Entered: 08/25/2005) |
| 08/29/2005 | ❍280 | ORDER "Scheduling" trial for same date as PJM 04-631 trial and "Directing" parties to submit a proposed pre-trial Order as therein set forth Signed by Judge Peter J. Messitte on 8/29/05 (c/m)(ajh, Deputy Clerk) (Entered: 08/29/2005) |
| 08/29/2005 | ❍281 | ORDER (CORRECTED) "SETTING" trial for PJM-03-3317 for the same date and time as previously set in the Polacsek matter PJM-04-631 Signed by Judge Peter J. Messitte on 8/29/05 (rank, Deputy Clerk) (Entered: 08/29/2005) |
| 08/30/2005 | ❍282 | PAPERLESS CORRESPONDENCE to parties correcting earlier submission. The correct trial date in this case is JANUARY 3, 2006, not January 6, 2005, as indicated in the Court's Memorandum dated August 29, 2005. (Messitte, Peter) (Entered: 08/30/2005) |
| 09/02/2005 | ❍283 | REPLY to Response to Motion re 250 MOTION Appeal of Receiver's Refusal to Approve Attorneys Fees filed by Andris Pukke. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Exhibit E) (Williams, John) (Entered: 09/02/2005) |
| 09/02/2005 | ❍284 | AFFIDAVIT re 283 Reply to Response to Motion *Declaration of John B. Williams* by Andris Pukke. (Williams, John) (Entered: 09/02/2005) |
| 09/06/2005 | ❍285 | PAPERLESS CORRESPONDENCE to counsel confirming that the pending motions hearing currently scheduled for September 26, 2005 will begin at 11:30 a.m., instead of 2:00 p.m. as originally scheduled. (Messitte, Peter) (Entered: 09/06/2005) |
| 09/06/2005 | ❍286 | REPLY to Response to Motion re 254 MOTION Appeal of Receiver's Refusal to Approve Employment and Compensation of Professionals in Connection with Pukke's Bankruptcy Case filed by Andris Pukke. (Williams, John) (Entered: 09/06/2005) |
| 09/07/2005 | ❍287 | Proposed Findings of Fact by Andris Pukke. (Attachments: # 1 Text of Proposed Order # 2 Certificate of Service)(Williams, John) (Entered: 09/07/2005) |
| 09/08/2005 | ❍ | MOTION by Jeffrey M. Reisner to Appear Pro Hac Vice by Andris Pukke. (rank, Deputy Clerk) (Entered: 09/09/2005) |

| 09/08/2005 | 288 | ORDER granting [] Motion of Jeffrey M. Reisner to Appear Pro Hac Vice. Signed by the Clerk on 9/8/05. (c/m 9/9/05 rk) (rank, Deputy Clerk) (Entered: 09/09/2005) |
| 09/08/2005 | | MOTION of William N. Lobel to Appear Pro Hac Vice by Andris Pukke. (rank, Deputy Clerk) (Entered: 09/09/2005) |
| 09/08/2005 | 289 | ORDER granting [] Motion by William N. Lobel to Appear Pro Hac Vice. Signed by the Clerk on 9/8/05. (c/m 9/9/05 rk) (rank, Deputy Clerk) (Entered: 09/09/2005) |
| 09/15/2005 | 290 | PAPERLESS CORRESPONDENCE to counsel of record advising that the PENDING MOTIONS hearing presently scheduled to begin at 11:30 a.m. on SEPTEMBER 26, 2005 has been RESCHEDULED to begin at 10:00 a.m. on that day (Courtroom 4C). (Messitte, Peter) (Entered: 09/15/2005) |
| 09/16/2005 | 291 | NOTICE by Robb Evans and Associates, LLC *Receiver's Limited Opposition to Application of Debtor and Debtor-in-Possession for Authority to Employ Jones Day as Special Litigation Counsel* (Dean, Gilbert) (Entered: 09/16/2005) |
| 09/19/2005 | 292 | PAPERLESS ORDER GRANTING 277 Motion to Seal; APPROVING Findings of Fact and Conclusions of Law. Signed by Judge Peter J. Messitte on 9/19/05. (Messitte, Peter) (Entered: 09/19/2005) |
| 09/19/2005 | 293 | AFFIDAVIT re 263 Response, *of Brian Maller to Receiver's Evidentiary Objections to Declaration Filed in Support of Opposition to Motion for Instructions and Interpretation and Enforcement of Preliminary Injunction Order in Response to Andris Pukke Bankruptcy and Supplement Thereto* by Andris Pukke. (Lobel, William) (Entered: 09/19/2005) |
| 09/19/2005 | 294 | RESPONSE re 262 Affidavit, *Objections to Declaration of Brick Kane in Support of Reply Memorandum to Opposition to Motion by Receiver for Instructions and for Interpretation and Enforcement of Preliminary Injunction* filed by Andris Pukke. (Lobel, William) (Entered: 09/19/2005) |
| 09/19/2005 | 295 | AFFIDAVIT re 243 Response in Opposition to Motion *[Declaration of Andris Pukke in Support of Opposition to Motion for Instructions and Interpretation and Enforcement of Preliminary Injunction and Order in Response to Andris Pukke Bankruptcy and Supplement Thereto]* by Andris Pukke. (Lobel, William) (Entered: 09/19/2005) |
| 09/19/2005 | 296 | CERTIFICATE OF SERVICE by Andris Pukke re 293 Affidavit, *Declaration of Brian Maller in Response to Receiver's Evidentiary Objections to Declaration Filed in Support of Opposition to Motion for Instructions and Interpretation and Enforcement of Preliminary Injunction Order in Response to Andris Pukke Bankruptcy and Supplement Thereto* (Lobel, William) (Entered: 09/19/2005) |
| 09/19/2005 | 297 | CERTIFICATE OF SERVICE by Andris Pukke re 294 Response, *Objections to Declaration of Brick Kane in Support of Reply* |

| | | |
|---|---|---|
| | | Memorandum to Opposition to Motion by Receiver for Instructions and for Interpretation and Enforcement of Preliminary Injunction filed by Andris Pukke (Lobel, William) (Entered: 09/19/2005) |
| 09/19/2005 | ❍298 | CERTIFICATE OF SERVICE by Andris Pukke re 295 Affidavit, [Declaration of Andris Pukke in Support of Opposition to Motion for Instructions and Interpretation and Enforcement of Preliminary Injunction and Order in Response to Andris Pukke Bankruptcy and Supplement Thereto] (Lobel, William) (Entered: 09/19/2005) |
| 09/20/2005 | ❍299 | NOTICE by Robb Evans and Associates, LLC Notice of Filing of Report of Receiver's Activities (Special Report Dated September 19, 2005) By Robb Evans & Associates LLC as Receiver of the Assets of Debtworks, Inc. and Andris Pukke (Attachments: # 1 Special Report of the Receiver# 2 Tab 1 to Special Report# 3 Tab 2 to Special Report# 4 Tab 3 to Special Report# 5 Tab 4 to Special Report# 6 Tab 5 to Special Report# 7 Tab 6 to Special Report)(Dean, Gilbert) (Entered: 09/20/2005) |
| 09/21/2005 | ❍300 | NOTICE by Robb Evans and Associates, LLC re 299 Notice (Other), Notice (Other) Correction to Report of Receiver's Activities (Special Report Dated September 19, 2005) By Robb Evans & Associates as Receiver of the Assets of Debtworks, Inc. and Andris Pukke (Dean, Gilbert) (Entered: 09/21/2005) |
| 09/22/2005 | ❍301 | MOTION to Intervene IN RECEIVERSHIP PROCEEDINGS by UNITED STATES OF AMERICA. Responses due by 10/11/2005 (Attachments: # 1 MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO INTERVENE IN RECEIVERSHIP PROCEEDINGS# 2 Exhibit A# 3 Exhibit B# 4 Text of Proposed Order # 5 Certificate of Service)(Oliphant, Dara) (Entered: 09/22/2005) |
| 09/23/2005 | ❍302 | RESPONSE in Support re 216 MOTION by Receiver for Instructions and for Interpretation and Enforcement of Preliminary Injunction Order in Response to Andris Pukke Bankruptcy (JOINDER IN THE RECEIVER?S REQUEST FOR ENFORCEMENT OF PRELIMINARY INJUNCTION AND OPPOSITION TO DEBTOR?S REQUEST FOR TURNOVER OF ASSETS) filed by UNITED STATES OF AMERICA. Replies due by 10/7/2005. (Oliphant, Dara) (Entered: 09/23/2005) |
| 09/26/2005 | ❍ | Motion Hearing held on 9/26/2005 before Judge Peter J. Messitte re 254 MOTION Appeal of Receiver's Refusal to Approve Employment and Compensation of Professionals in Connection with Pukke's Bankruptcy Case filed by Andris Pukke, 221 Emergency MOTION to Modify Order Appointing Receiver re 122 Order to Facilitate Compliance with 11 U.S.C. Section 543 filed by Andris Pukke, 250 MOTION Appeal of Receiver's Refusal to Approve Attorneys Fees filed by Andris Pukke, 216 MOTION by Receiver for Instructions and for Interpretation and Enforcement of Preliminary Injunction Order in Response to Andris Pukke Bankruptcy filed by Robb Evans and Associates, LLC (written order to follow) (Court Reporter - Marshall) (td, Deputy Clerk) (Entered: 09/26/2005) |

| 09/28/2005 | 303 | Correspondence re: names of practitioners to assist Court in reviewing legal expenses (Williams, John) (Entered: 09/28/2005) |
| 09/30/2005 | 304 | MOTION to Withdraw as Attorney by Debtworks, Inc.. Responses due by 10/17/2005 (Hook, Kerrie) (Entered: 09/30/2005) |
| 09/30/2005 | 305 | PAPERLESS ORDER APPROVING 287 FINDINGS OF FACT AND CONCLUSIONS OF LAW Regarding Motion to Seal. Signed by Judge Peter J. Messitte on 9/30/05. (Messitte, Peter) (Entered: 09/30/2005) |
| 10/03/2005 | 306 | NOTICE by Federal Trade Commission *of Filing of Proposed Order* (Attachments: # 1 Text of Proposed Order)(Morris, Lucy) (Entered: 10/03/2005) |
| 10/03/2005 | 307 | PAPERLESS ORDER granting 304 Motion to Withdraw as Attorney. Signed by Judge Peter J. Messitte on 10/3/05. (Messitte, Peter) (Entered: 10/03/2005) |
| 10/03/2005 | 308 | PAPERLESS ORDER APPROVING 306 NOTICE by Federal Trade Commission. Signed by Judge Peter J. Messitte 10/3/05. (Messitte, Peter) (Entered: 10/03/2005) |
| 10/03/2005 | 309 | NOTICE by Andris Pukke re 306 Notice (Other) *Objection to Proposed Order* (Williams, John) (Entered: 10/03/2005) |
| 10/03/2005 | 310 | ORDER "Granting" 216 Motion by Receiver for Instructions and for Interpretation and Enforcement of Preliminary Injunction Order; "Denying" with prejudice 221 Emergency Motion to Modify Order Appointing Receiver to Facilitate Compliance; "Denying" without prejudice as to Irell & Manella LLP; "Denying" with prejudice as to Alvarez & Marsal, LLC 254 Appeal of Receiver's Refusal to Approve Employment and Compensation of Professionals in Connection with Pukke's Bankruptcy Case; "Deferring" ruling on 250 Pukke's Appeal of Receiver's Refusal to Approve Attorneys Fees and 265 Amendment; "Directing" the Federal Trade Commission to nominate one or more individuals to serve as a Fee Examiner as therein set forth; "Directing" Alvarez & Marsal, LLC within (5) business days of entry of this Order to turn over to the Court's Receiver, Robb Evans & Associates, LLC the $15,000.00 retainer as therein set forth and "Directing" Receiver to prepare and lodge a proposed Order for the Court's consideration as therein set forth Signed by Judge Peter J. Messitte on 10/3/05 (c/m) (ajh, Deputy Clerk) (Entered: 10/05/2005) |
| 10/05/2005 | 311 | MOTION for Reconsideration re 310 Order on Motion for Miscellaneous Relief,,,,,,,,,,,,,,, by Andris Pukke. Responses due by 10/24/2005 (Attachments: # 1 Memorandum of Points and Authorities in Support of Motion for Reconsideration)(Williams, John) (Entered: 10/05/2005) |
| 10/05/2005 | 312 | MOTION to Shorten Time *to Respond to Motion for Reconsideration* by Andris Pukke. Responses due by 10/24/2005 (Attachments: # 1 Text of Proposed Order)(Williams, John) (Entered: 10/05/2005) |
| 10/06/2005 | 313 | PAPERLESS ORDER GRANTING 312 Motion to Shorten Time to |

| | | |
|---|---|---|
| | | Respond to Motion for Reconsideration. Opposition due 10/12/05; Reply due two days after Opposition is filed. Signed by Judge Peter J. Messitte on 10/5/05. (Messitte, Peter) (Entered: 10/06/2005) |
| 10/10/2005 | ❍314 | Substantive legal issues - addressing (Morris, Lucy) (Entered: 10/10/2005) |
| 10/12/2005 | ❍315 | RESPONSE in Opposition re 311 MOTION for Reconsideration re 310 Order on Motion for Miscellaneous Relief,,,,,,,,,,,,,,,,,,, filed by Federal Trade Commission. Replies due by 10/26/2005. (Morris, Lucy) (Entered: 10/12/2005) |
| 10/13/2005 | ❍316 | REPLY to Response to Motion re 311 MOTION for Reconsideration re 310 Order on Motion for Miscellaneous Relief,,,,,,,,,,,,,,,,,, filed by Andris Pukke. (Williams, John) (Entered: 10/13/2005) |
| 10/13/2005 | ❍317 | NOTICE by Federal Trade Commission *of Proposed Fee Examiner* (Attachments: # 1 Appendix Biographies)(Morris, Lucy) (Entered: 10/13/2005) |
| 10/14/2005 | ❍318 | PAPERLESS ORDER GRANTING 301 Motion to Intervene. Signed by Judge Peter J. Messitte on 10/14/05. (Messitte, Peter) (Entered: 10/14/2005) |
| 10/14/2005 | ❍ | Telephone Conference held on 10/14/2005 held before Judge Peter J. Messitte. (Court Reporter Dunlap) (esp, Deputy Clerk) (Entered: 10/19/2005) |
| 10/19/2005 | ❍319 | Substantive legal issues - addressing (Williams, John) (Entered: 10/19/2005) |
| 10/20/2005 | ❍320 | TRANSCRIPT of Proceedings held before Messitte, J. on 9/26/05 (Court Reporter: L. Marshall) (ajh, Deputy Clerk) (Entered: 10/20/2005) |
| 10/21/2005 | ❍321 | ORDER "DIRECTING" counsel for the Polacsek Class to promptly file a Motion to Lift Stay. Signed by Judge Peter J. Messitte on 10/21/05. (rank, Deputy Clerk) (Entered: 10/21/2005) |
| 10/21/2005 | ❍322 | NOTICE by Debtworks, Inc., Andris Pukke *of Filing of Proposed Order on Motion for Reconsideration* (Attachments: # 1 Text of Proposed Order)(Williams, John) (Entered: 10/21/2005) |
| 10/25/2005 | ❍323 | NOTICE by Debtworks, Inc., Andris Pukke *Submission re Proposed Fee Examiner* (Attachments: # 1 Exhibit A)(Williams, John) (Entered: 10/25/2005) |
| 10/26/2005 | ❍324 | PAPERLESS ORDER APPROVING 322 Proposed Order on Motion for Reconsideration, or in the Alternative, for Approval of Renewed Employment Application. Signed by Judge Peter J. Messitte on 10/26/05. (Messitte, Peter) (Entered: 10/26/2005) |
| 10/26/2005 | ❍325 | PAPERLESS CORRESPONDENCE to counsel of record ADVISING that for all Proposed Orders submitted to the Court, please DO NOT include the word "Proposed" in the text of the Order. It is sufficient to |

| | | |
|---|---|---|
| | | indicate that the Order is a Proposed Order by designating it as such when filing it electronically. (Messitte, Peter) (Entered: 10/26/2005) |
| 10/26/2005 | ⊙326 | MOTION in Limine *To Preclude Defendants From Introducing At Trial Evidence of Purported Consumer Satisfaction* by Federal Trade Commission. Responses due by 11/14/2005 (Attachments: # 1 Memorandum in Support# 2 Exhibit)(Morris, Lucy) (Entered: 10/26/2005) |
| 10/26/2005 | ⊙327 | MOTION in Limine to Exclude Gary T. Ford, Ph.D. From Testifying at Trial by Federal Trade Commission. Responses due by 11/14/2005 (Attachments: # 1 Memorandum of Law in Support of Motion# 2 Exhibit 3# 3 Notice of Filing Lengthy Exhibits# 4 Certificate of Service)(Brown, Allison) (Paper pleadings recv'd. 10/27/05) (Entered: 10/26/2005) |
| 10/26/2005 | ⊙328 | MOTION in Limine to Preclude Defendant Andris Pukke From Providing Testimony At Trial by Federal Trade Commission. Responses due by 11/14/2005 (Attachments: # 1 Memorandum in Support# 2 Exhibit 4# 3 Notice of Filing Lengthy Exhibits# 4 Certificate of Service) (Brown, Allison)(Paper pleadings recv'd. 10/27/05) (ajh, Deputy Clerk) (Entered: 10/26/2005) |
| 10/26/2005 | ⊙329 | MOTION in Limine to Admit Into Evidence Consumer Complaints and Consumer Declarations by Federal Trade Commission. Responses due by 11/14/2005 (Attachments: # 1 Memorandum In Support# 2 Exhibit 2# 3 Notice of Filing Lengthy Exhibits# 4 Notice of Filing Exhibits Under Seal# 5 Declaration of Morgan G. Harper# 6 Certificate of Service) (Brown, Allison) (Paper pleadings recv'd. 10/27/05) (ajh, Deputy Clerk) (Entered: 10/26/2005) |
| 10/26/2005 | ⊙330 | MOTION to Seal *Certain Exhibits to Federal Trade Commission?s Motion In Limine to Admit Into Evidence Consumer Complaints and Consumer Declarations* by Federal Trade Commission. Responses due by 11/14/2005 (Attachments: # 1 Proposed Findings of Fact and Conclusions of Law# 2 Proposed Order)(Brown, Allison) (Entered: 10/26/2005) |
| 10/26/2005 | ⊙331 | MOTION in Limine to Bar Defendants From Introducing Evidence Relating to the Purported Number of Consumers Who Paid Reduced or No Initial Fees by Federal Trade Commission. Responses due by 11/14/2005 (Attachments: # 1 Memorandum In Support# 2 Declaration of Lucy E. Morris# 3 Exhibit 1 to Morris Declaration# 4 Exhibit 2 to Morris Declaration# 5 Exhibit 3 to Morris Declaration# 6 Notice of Filing Lengthy Exhibit (Exhibit 4 to Morris Declaration)# 7 Exhibit 5 to Morris Declaration# 8 Exhibit 6 to Morris Declaration# 9 Certificate of Service)(Brown, Allison) (Paper pleadings recv'd. 10/27/05) (Entered: 10/26/2005) |
| 10/26/2005 | ⊙332 | MOTION in Limine to Exclude Evidence Relating to Defendants' Purported Reliance Upon the Review and Advice of Others by Federal Trade Commission. Responses due by 11/14/2005 (Attachments: # 1 Memorandum In Support# 2 Exhibit 3# 3 Notice of Filing Lengthy |

| | | |
|---|---|---|
| | | Exhibits# 4 Declaration of Allison I. Brown# 5 Certificate of Service) (Brown, Allison) (Paper pleadings recv'd. 10/27/05) (ajh, Deputy Clerk) (Entered: 10/26/2005) |
| 10/26/2005 | 333 | MOTION in Limine *No. 1 to Exclude Certain Evidence That Plaintiffs Have Relied On At Summary Judgment And In Prior Pleadings* by Debtworks, Inc., Andris Pukke. Responses due by 11/14/2005 (Attachments: # 1 Memorandum# 2 Errata Exhibit 1# 3 Exhibit Exhibit 2# 4 Exhibit Exhibit 3# 5 Exhibit Exhibit 4# 6 Exhibit Exhibit 6# 7 Exhibit Exhibit 7# 8 Exhibit Exhibit 8# 9 Exhibit Exhibit 12# 10 Exhibit Exhibit 16# 11 Notice of Lengthy Exhibits# 12 Cert. of Service) (Williams, John) Modified on 10/28/2005 (elt, Deputy Clerk). (Lenghty exhibits received - FILED SEPARATELY) (Entered: 10/26/2005) |
| 10/26/2005 | 334 | MOTION in Limine *No. 2 to Exclude the Testimony, In Whole or In Part, of Plaintiffs' Expert Witnesses* by Debtworks, Inc., Andris Pukke. Responses due by 11/14/2005 (Attachments: # 1 Memorandum# 2 Exhibit Exhibit 5# 3 Exhibit Exhibit 6# 4 Exhibit Exhibit 7# 5 Exhibit Exhibit 8# 6 Notice of Lengthy Exhibits# 7 Cert. of Service)(Williams, John) Modified on 10/28/2005 (elt, Deputy Clerk). (Lengthy Exhibits received - FILED SEPARATELY) (Entered: 10/26/2005) |
| 10/26/2005 | 335 | ORDER "Appointing" Elaine Kolish as Fee Examiner as therein set forth Signed by Judge Peter J. Messitte on 10/27/05 (c/m)(ajh, Deputy Clerk) (Entered: 10/27/2005) |
| 10/28/2005 | 336 | Memorandum/ORDER directing Polacsek Class to file and serve by mail notice of the Motion to those parties entitled to notice, and to file proof of service with this Court. Signed by Judge Peter J. Messitte on 10/28/2005. (c/m 10/28/05)(elt, Deputy Clerk) (Entered: 10/28/2005) |
| 10/28/2005 | 337 | CERTIFICATE OF SERVICE by Debtworks, Inc., Andris Pukke re 333 MOTION in Limine *No. 1 to Exclude Certain Evidence That Plaintiffs Have Relied On At Summary Judgment And In Prior Pleadings Amended Certificate of Service* (Williams, John) (Entered: 10/28/2005) |
| 10/28/2005 | 338 | CERTIFICATE OF SERVICE by Debtworks, Inc., Andris Pukke re 334 MOTION in Limine *No. 2 to Exclude the Testimony, In Whole or In Part, of Plaintiffs' Expert Witnesses Amended Certificate of Service* (Williams, John) (Entered: 10/28/2005) |
| 10/28/2005 | 339 | Consent MOTION for Extension of Time *for Oppositions and Replies to Motions In Limine* by Debtworks, Inc., Andris Pukke. Responses due by 11/14/2005 (Attachments: # 1 Text of Proposed Order)(Williams, John) (Entered: 10/28/2005) |
| 10/28/2005 | 340 | PAPERLESS ORDER granting 339 Consent Motion for Extension of Time for Oppositions and Replies to Motions in Limine (oppositions now due 11/9/05; replies now due 11/16/05). Signed by Judge Peter J. Messitte on 10/28/05. (Messitte, Peter) (Entered: 10/28/2005) |
| 11/02/2005 | 341 | NOTICE by Robb Evans and Associates, LLC *Receiver's Motion for Order (A) Assigning Magistrate Judge; and (B) for Limited Modification* |

| | | |
|---|---|---|
| | | of Receivership Provisions of Preliminary Injunction Order (Attachments: # 1 Memorandum in Support of Motion# 2 Proposed Order# 3 Declaration in Support of Motion)(Dean, Gilbert) (Entered: 11/02/2005) |
| 11/02/2005 | ◑342 | NOTICE by Robb Evans and Associates, LLC *Emergency Motion by Receiver for Order Authorizing Receiver to Sell Dulles Property and Approving Sale Procedures* (Attachments: # 1 Memorandum in Support of Motion# 2 Proposed Order# 3 Declaration in Support of Motion# 4 Claridge Group, LLC's Consent)(Dean, Gilbert) (Entered: 11/02/2005) |
| 11/02/2005 | ◑343 | NOTICE by Robb Evans and Associates, LLC re 342 Notice (Other), Notice (Other) *Receiver's Appendix of Exhibits Filed in Connection with Emergency Motion by Receiver Robb Evans & Associates, LLC for Order Authorizing Receiver to Sell Dulles Property* (Attachments: # 1 Notice of Lengthy Exhibit 1# 2 Exhibit 2# 3 Exhibit 3# 4 Exhibit 4# 5 # 6 Notice of Lengthy Exhibit 6# 7 Notice of Lengthy Exhibit 7# 8 Notice of Lengthy Exhibit 8)(Dean, Gilbert) (Entered: 11/02/2005) |
| 11/02/2005 | ◑344 | MOTION to Shorten Time *to Respond to Emergency Motion by Receiver to Sell Dulles Property and Approving Sale Procedures* by Robb Evans and Associates, LLC. Responses due by 11/21/2005 (Attachments: # 1 Memorandum in Support of Motion# 2 Prosed Order)(Dean, Gilbert) (Entered: 11/02/2005) |
| 11/02/2005 | ◑345 | CERTIFICATE OF SERVICE by Robb Evans and Associates, LLC re 341 Notice (Other), Notice (Other), 344 MOTION to Shorten Time *to Respond to Emergency Motion by Receiver to Sell Dulles Property and Approving Sale Procedures*, 343 Notice (Other), Notice (Other), 342 Notice (Other), Notice (Other) (Dean, Gilbert) (Entered: 11/02/2005) |
| 11/03/2005 | ◑346 | PAPERLESS ORDER GRANTING 344 Motion to Shorten Time Until November 8, 2005, to Respond to Emergency Motion by Receiver for Order Authorizing Receiver to Sell Dulles Property. Signed by Judge Peter J. Messitte on 11/2/05. (Messitte, Peter) (Entered: 11/03/2005) |
| 11/08/2005 | ◑347 | PAPERLESS ORDER APPROVING 342 Order Granting Emergency Motion by Receiver for Order Authorizing Receiver to Sell Dulles Property and Apporving Sale Procedures. Signed by Judge Peter J. Messitte on 11/8/05. (Messitte, Peter) (Entered: 11/08/2005) |
| 11/09/2005 | ◑348 | PAPERLESS CORRESPONDENCE to counsel of record advising that the PENDING MOTIONS hearing presently scheduled to begin at 3:30 p.m. on NOVEMBER 21, 2005 will begin at 2:00 P.M. on that day instead (Courtroom 4C). (Messitte, Peter) (Entered: 11/09/2005) |
| 11/09/2005 | ◑349 | ORDER "Granting" re 342 Emergency Motion by Receiver for Order Authorizing Receiver to Sell Dulles Property and Approving Sale Procedures filed by Robb Evans and Associates, LLC and "Authorizing" Receiver to sell that certain real property commonly known as 3852 Dulles South Court, Unit B8, Chantilly, Virginia 20151 as therein more particularly set forth Signed by Judge Peter J. Messitte on 11/8/05 (c/m) (ajh, Deputy Clerk) (Entered: 11/09/2005) |

| 11/09/2005 | 350 | RESPONSE in Opposition re 333 MOTION in Limine *No. 1 to Exclude Certain Evidence That Plaintiffs Have Relied On At Summary Judgment And In Prior Pleadings* filed by Federal Trade Commission. Replies due by 11/23/2005. (Morris, Lucy) (Entered: 11/09/2005) |
| --- | --- | --- |
| 11/09/2005 | 351 | RESPONSE in Opposition re 334 MOTION in Limine *No. 2 to Exclude the Testimony, In Whole or In Part, of Plaintiffs' Expert Witnesses* filed by Federal Trade Commission. Replies due by 11/23/2005. (Morris, Lucy) (Entered: 11/09/2005) |
| 11/09/2005 | 352 | RESPONSE in Opposition re 328 MOTION in Limine *to Preclude Defendant Andris Pukke From Providing Testimony At Trial* filed by Debtworks, Inc., Andris Pukke. Replies due by 11/23/2005. (Williams, John) (Entered: 11/09/2005) |
| 11/09/2005 | 353 | RESPONSE in Opposition re 331 MOTION in Limine *to Bar Defendants From Introducing Evidence Relating to the Purported Number of Consumers Who Paid Reduced or No Initial Fees* filed by Debtworks, Inc., Andris Pukke. Replies due by 11/23/2005. (Williams, John) (Entered: 11/09/2005) |
| 11/09/2005 | 354 | RESPONSE in Opposition re 327 MOTION in Limine *to Exclude Gary T. Ford, Ph.D. From Testifying at Trial* filed by Debtworks, Inc., Andris Pukke. Replies due by 11/23/2005. (Attachments: # 1 Exhibit 1# 2 Exhibit 2)(Williams, John) (Entered: 11/09/2005) |
| 11/09/2005 | 355 | RESPONSE in Opposition re 332 MOTION in Limine *to Exclude Evidence Relating to Defendants' Purported Reliance Upon the Review and Advice of Others* filed by Debtworks, Inc., Andris Pukke. Replies due by 11/23/2005. (Attachments: # 1 Exhibit 1# 2 Exhibit 2# 3 Exhibit 3# 4 Exhibit 4# 5 Exhibit 5)(Williams, John) (Entered: 11/09/2005) |
| 11/09/2005 | 356 | RESPONSE in Opposition re 326 MOTION in Limine *To Preclude Defendants From Introducing At Trial Evidence of Purported Consumer Satisfaction*, 329 MOTION in Limine *to Admit Into Evidence Consumer Complaints and Consumer Declarations* filed by Debtworks, Inc., Andris Pukke. Replies due by 11/23/2005. (Attachments: # 1 Exhibit 1# 2 Exhibit 2# 3 Exhibit 3# 4 Exhibit 4# 5 Exhibit 5# 6 Exhibit 6# 7 Exhibit 7)(Williams, John) (Entered: 11/09/2005) |
| 11/10/2005 | 357 | NOTICE of Appearance by Gary C Adler on behalf of Pamela Pukke (Adler, Gary) (Entered: 11/10/2005) |
| 11/10/2005 | 358 | Joint MOTION for Extension of Time *of Pretrial Schedule on Expedited Basis* by Federal Trade Commission. Responses due by 11/28/2005 (Attachments: # 1 Exhibit)(Morris, Lucy) (Entered: 11/10/2005) |
| 11/11/2005 | 359 | Emergency MOTION to Quash *Subpoena or, in the Alternative, for Protective Order* by Stephen Todd Cook. Responses due by 11/28/2005 (Attachments: # 1 Exhibit 1# 2 Exhibit 2# 3 Certificate of Service# 4 Proposed Order)(Kobbe, Charles) (Entered: 11/11/2005) |
| 11/14/2005 | 360 | ORDER REFERRING CASE to Magistrate Judge Charles B. Day for |

| | | |
|---|---|---|
| | | discovery. Signed by Judge Peter J. Messitte on 11/14/05. (jmw, Chambers) (Entered: 11/14/2005) |
| 11/16/2005 | ◑361 | REPLY to Response to Motion re 331 MOTION in Limine *to Bar Defendants From Introducing Evidence Relating to the Purported Number of Consumers Who Paid Reduced or No Initial Fees* filed by Federal Trade Commission. (Brown, Allison) (Entered: 11/16/2005) |
| 11/16/2005 | ◑362 | REPLY to Response to Motion re 327 MOTION in Limine *to Exclude Gary T. Ford, Ph.D. From Testifying at Trial* filed by Federal Trade Commission. (Brown, Allison) (Entered: 11/16/2005) |
| 11/16/2005 | ◑363 | REPLY to Response to Motion re 328 MOTION in Limine *to Preclude Defendant Andris Pukke From Providing Testimony At Trial* filed by Federal Trade Commission. (Brown, Allison) (Entered: 11/16/2005) |
| 11/16/2005 | ◑364 | REPLY to Response to Motion re 326 MOTION in Limine *To Preclude Defendants From Introducing At Trial Evidence of Purported Consumer Satisfaction* filed by Federal Trade Commission. (Attachments: # 1 Exhibit)(Morris, Lucy) (Entered: 11/16/2005) |
| 11/16/2005 | ◑365 | REPLY to Response to Motion re 329 MOTION in Limine *to Admit Into Evidence Consumer Complaints and Consumer Declarations* filed by Federal Trade Commission. (Morris, Lucy) (Entered: 11/16/2005) |
| 11/16/2005 | ◑366 | REPLY to Response to Motion re 332 MOTION in Limine *to Exclude Evidence Relating to Defendants' Purported Reliance Upon the Review and Advice of Others* filed by Federal Trade Commission. (Morris, Lucy) (Entered: 11/16/2005) |
| 11/16/2005 | ◑367 | REPLY to Response to Motion re 333 MOTION in Limine *No. 1 to Exclude Certain Evidence That Plaintiffs Have Relied On At Summary Judgment And In Prior Pleadings* filed by Debtworks, Inc., Andris Pukke. (Attachments: # 1 Exhibit 18# 2 Exhibit 19)(Williams, John) (Entered: 11/16/2005) |
| 11/16/2005 | ◑368 | REPLY to Response to Motion re 334 MOTION in Limine *No. 2 to Exclude the Testimony, In Whole or In Part, of Plaintiffs' Expert Witnesses* filed by Debtworks, Inc., Andris Pukke. (Williams, John) (Entered: 11/16/2005) |
| 11/17/2005 | ◑369 | RESPONSE re 341 Notice (Other), Notice (Other) *Opposition to Receiver's Motion* filed by Villa C Acquisition Company, LLC. (Attachments: # 1 Exhibit A)(Saunders, Sanford) (Entered: 11/17/2005) |
| 11/18/2005 | ◑370 | MOTION to Withdraw as Attorney *Specific Attorneys* by Federal Trade Commission. Responses due by 12/5/2005 (Attachments: # 1 Text of Proposed Order)(, 12023263768) (Entered: 11/18/2005) |
| 11/21/2005 | ◑371 | NOTICE by Federal Trade Commission re 329 MOTION in Limine to Admit Into Evidence Consumer Complaints and Consumer Declarations re Filing Corrected Exhibit #3 (Attachments: # 1 Notice of Filing Lengthy Exhibit# 2 Notice of Filing Document Under Seal)(Brown, Allison) (Paper pleadings recv'd. 11/22/05) (ajh, Deputy Clerk) (Entered: |

| | | |
|---|---|---|
| | | 11/21/2005) |
| 11/21/2005 | 372 | MOTION to Seal *Confidential Corrected Exhibit* by Federal Trade Commission. Responses due by 12/8/2005 (Brown, Allison) (Entered: 11/21/2005) |
| 11/21/2005 | | Motion Hearing held on 11/21/2005 re 334 MOTION in Limine *No. 2 to Exclude the Testimony, In Whole or In Part, of Plaintiffs' Expert Witnesses* filed by Debtworks, Inc.,, Andris Pukke,, 333 MOTION in Limine *No. 1 to Exclude Certain Evidence That Plaintiffs Have Relied On At Summary Judgment And In Prior Pleadings* filed by Debtworks, Inc.,, Andris Pukke,, 332 MOTION in Limine *to Exclude Evidence Relating to Defendants' Purported Reliance Upon the Review and Advice of Others* filed by Federal Trade Commission,, 330 MOTION to Seal *Certain Exhibits to Federal Trade Commission?s Motion In Limine to Admit Into Evidence Consumer Complaints and Consumer Declarations* filed by Federal Trade Commission,, 327 MOTION in Limine *to Exclude Gary T. Ford, Ph.D. From Testifying at Trial* filed by Federal Trade Commission,, 328 MOTION in Limine *to Preclude Defendant Andris Pukke From Providing Testimony At Trial* filed by Federal Trade Commission,, 329 MOTION in Limine *to Admit Into Evidence Consumer Complaints and Consumer Declarations* filed by Federal Trade Commission,, 326 MOTION in Limine *To Preclude Defendants From Introducing At Trial Evidence of Purported Consumer Satisfaction* filed by Federal Trade Commission,, 331 MOTION in Limine *to Bar Defendants From Introducing Evidence Relating to the Purported Number of Consumers Who Paid Reduced or No Initial Fees* filed by Federal Trade Commission, held before Judge Peter J. Messitte. (Court Reporter Marshall.) (esp, Deputy Clerk) (Entered: 11/21/2005) |
| 11/22/2005 | 373 | NOTICE by Robb Evans and Associates, LLC Motion by Receiver for Order Authorizing Receiver to Sell North Bay Property and Approving Sale Procedures (Attachments: # 1 Memorandum in Support of Motion# 2 Declaration of Mark A. Cannon# 3 Notice of Lengthy Ex 1 to Cannon Dec# 4 Declaration of M. Val Miller# 5 Exhibit 1 to Miller Declaration) (Dean, Gilbert) (Paper pleadings recv'd. 11/23/05) (Entered: 11/22/2005) |
| 11/22/2005 | | Telephone Conference held on 11/22/2005 held before Judge Peter J. Messitte. (esp, Deputy Clerk) (Entered: 11/23/2005) |
| 11/23/2005 | | MOTION to Appear Pro Hac Vice by Debtworks, Inc., Andris Pukke (zf, Deputy Clerk) (Entered: 11/23/2005) |
| 11/23/2005 | 374 | ORDER "Granting" [] Motion for Geoffrey Irwin to Appear Pro Hac Vice for Andris Pukke, DebtWorks, Inc. Signed by Judge Peter J. Messitte on 11/21/05 (zf, Deputy Clerk) (Entered: 11/23/2005) |
| 11/23/2005 | | MOTION to Appear Pro Hac Vice by Debtworks, Inc., Andris Pukke (zf, Deputy Clerk) (Entered: 11/23/2005) |
| 11/23/2005 | 375 | ORDER "Granting" [] Motion for Kevyn D. Orr to Appear Pro Hac Vice for Andris Pukke, DebtWorks, Inc. Signed by Felicia C. Cannon, Clerk on 11/22/05 (zf, Deputy Clerk) (Entered: 11/23/2005) |

| 11/23/2005 | ●376 | PAPERLESS ORDER GRANTING 370 Motion to Withdraw as Attorney. TERMINATING the appearance of the following attorneys as counsel in this case: Jeanne-Marie Sidonie Raymond Burke; Robert S Kaye; James Anthony Silver; Michael Daniel Bergman and Maiysha Renee Branch. Signed by Judge Peter J. Messitte on 11/23/05. (Messitte, Peter) (Entered: 11/23/2005) |
|---|---|---|
| 11/23/2005 | ●377 | ORDER "Directing" Receiver to release $25,000 to Mr. Pukke's counsel, John Williams for payment of expenses as therein set forth Signed by Judge Peter J. Messitte on 11/21/05 (c/m)(ajh, Deputy Clerk) (Entered: 11/23/2005) |
| 11/23/2005 | ●378 | RESPONSE re 369 Response *to Opposition of Villa C Acquisition LLC to Receiver's Motion for Order (A) Assigning Magistrate Judge; and (B) for Limited Modification of Receivership Provisions of Preliminary Injunction Order* filed by Robb Evans and Associates, LLC. (Attachments: # 1 Text of Proposed Order)(Dean, Gilbert) (Entered: 11/23/2005) |
| 11/23/2005 | ●379 | STIPULATION re 359 Emergency MOTION to Quash *Subpoena or, in the Alternative, for Protective Order* by Robb Evans and Associates, LLC. (Attachments: # 1 Text of Proposed Order)(Dean, Gilbert) (Entered: 11/23/2005) |
| 11/28/2005 | ●380 | PAPERLESS ORDER GRANTING 330 Motion to Seal; GRANTING 372 Motion to Seal. Signed by Judge Peter J. Messitte on 11/28/05. (Messitte, Peter) (Entered: 11/28/2005) |
| 11/28/2005 | ●381 | ORDER "Granting" in part, "Denying" in part 333 Motion in Limine to Exclude Certain Evidence that Plaintiffs have Relied on at Summary Judgment and in Prior Pleadings; "Denying" 326 Motion in Limine to Preclude Defendants from Introducing at Trial Evidence of Purported Consumer Satisfaction; "Denying" 327 Motion in Limine to Exclude Gary T. Ford Ph.D. from Testifying at Trial; "Granting" 328 Motion in Limine to Preclude Andris Pukke from Providing Testimony at Trial; "Granting" 329 Motion in Limine to Admit into Evidence Consumer Complaints and Consumer Declarations; "Granting" in part, "Denying" in part 331 Motion in Limine to Bar Defendants from Introducing Evidence Relating to Purported Number of Consumers Who Paid Reduced or No Initial Fees; "Granting" 332 Motion in Limine to Exclude Evidence Relating to Defendants' Purported Reliance Upon the Review and Advice of Others and "Denying" without prejudice 334 Motion in Limine to Exclude the Testimony, in Whole or in Part, of plaintiffs' Expert Witnesses Signed by Judge Peter J. Messitte on 11/28/05 (c/m) (ajh, Deputy Clerk) (Entered: 11/28/2005) |
| 11/29/2005 | ●382 | MOTION *Regarding Pretrial Order and Pretrial Conference* by Debtworks, Inc., Andris Pukke. Responses due by 12/16/2005 (Williams, John) (Entered: 11/29/2005) |
| 11/30/2005 | ●383 | PAPERLESS ORDER GRANTING 382 Defendants Andris Pukke and DebtWorks Motion Extending Time to File Their Pretrial Order by |

| | | |
|---|---|---|
| | | 12/2/05. Signed by Judge Peter J. Messitte on 11/30/05. (Messitte, Peter) (Entered: 11/30/2005) |
| 11/30/2005 | 384 | RESPONSE in Opposition re 382 MOTION *Regarding Pretrial Order and Pretrial Conference* filed by Federal Trade Commission. Replies due by 12/14/2005. (Attachments: # 1 Exhibit 1)(Brown, Allison) (Entered: 11/30/2005) |
| 11/30/2005 | 385 | REPLY Response to re 382 MOTION Regarding Pretrial Order and Pretrial Conference filed by Debtworks, Inc., Andris Pukke. (Williams, John) (Entered: 11/30/2005) |
| 12/01/2005 | 386 | Proposed Pretrial Order submitted by Federal Trade Commission. (Attachments: # 1 Appendix A - FTC Exhibit List# 2 Appendix B - FTC Deposition Designations)(Brown, Allison) (Entered: 12/01/2005) |
| 12/01/2005 | 387 | PAPERLESS ORDER APPROVING 379 Stipulation filed by Robb Evans and Associates, LLC,.. Signed by Judge Charles B. Day on 12/01/2005. (Day, Charles) (Entered: 12/01/2005) |
| 12/02/2005 | 388 | Proposed Pretrial Order submitted by Debtworks, Inc., Andris Pukke. (Attachments: # 1 Appendix A# 2 Appendix B# 3 Appendix C) (Williams, John) (Entered: 12/02/2005) |
| 12/05/2005 | ● | Pretrial Conference held on 12/5/2005 held before Judge Peter J. Messitte. (esp, Deputy Clerk) (Entered: 12/07/2005) |
| 12/07/2005 | 389 | ORDER "Directing" the Receiver to release an additional $10,000 from the Receivership Estate for a total of $35,000 for payment of expenses as therein set forth Signed by Judge Peter J. Messitte on 12/7/05 (c/m)(ajh, Deputy Clerk) (Entered: 12/08/2005) |
| 12/08/2005 | 391 | (FILED IN ERROR) Revised ORDER Assigning Magistrate Judge and for Limited Modification of Receivership Provisions of Preliminary Injunction Order Signed by Judge Peter J. Messitte on 12/13/05 (c/m) (ajh, Deputy Clerk) Modified on 12/13/2005 (ajh, Deputy Clerk) (Entered: 12/13/2005) |
| 12/09/2005 | 390 | Proposed Pretrial Order submitted by Federal Trade Commission. (Attachments: # 1 Appendix A-1 (FTC Exhibit List)# 2 Appendix A-2 (Defendants' Exhibit List)# 3 Appendix B-1 (FTC Witness List)# 4 Appendix B-2 (Defendants' Witness List)# 5 Appendix C-1 (FTC Deposition Designations)# 6 Appendix C-2 (Defendants' Deposition Designations))(Brown, Allison) (Entered: 12/09/2005) |
| 12/13/2005 | 392 | Revised ORDER Assigning Magistrate Judge and for Limited Modification of Receivership Provisions of Preliminary Injunction Order Signed by Judge Peter J. Messitte on 12/8/05 (c/m)(ajh, Deputy Clerk) (Entered: 12/13/2005) |
| 12/14/2005 | 393 | MOTION for Jamie E. Hine to Appear Pro Hac Vice by Federal Trade Commission (ajh, Deputy Clerk) (Entered: 12/16/2005) |
| 12/14/2005 | 394 | ORDER "Granting" 393 Motion for Jamie E. Hine to Appear Pro Hac |

| | | |
|---|---|---|
| | | Vice for Federal Trade Commission Signed by Felicia C. Cannon, Clerk on 12/5/05 (c/m) (ajh, Deputy Clerk) (Entered: 12/16/2005) |
| 12/16/2005 | 🔾395 | Witness List by Federal Trade Commission. (Attachments: # 1 Plaintiff FTC's Witness List)(Brown, Allison) (Entered: 12/16/2005) |
| 12/16/2005 | 🔾396 | MOTION for Attorney Fees by Robb Evans and Associates, LLC. Responses due by 1/2/2006 (Attachments: # 1 memorandum in support of motion# 2 Affidavit of Gary Owen Caris# 3 Affidavit Brick Kane)(Dean, Gilbert) (Entered: 12/16/2005) |
| 12/16/2005 | 🔾397 | NOTICE by Robb Evans and Associates, LLC re 396 MOTION for Attorney Fees Receiver's Appendix of Exhibits Filed in Connection with Receiver's Motion for Order (1) Approving Receiver's Reports; and (2) Approving Receiver's and Attorneys' Fees and Expenses and Authorizing Payment Thereof; Declarations of Brick Lane and Gary Owen Caris in Support Thereof (Attachments: # 1 Notice of Lenghty Exhibit 1# 2 Notice of Lenghty Exhibit 2# 3 Notice of Lenghty Exhibit 3# 4 Exhibit 4# 5 Notice of Lenghty Exhibit 5# 6 Notice of Lenghty Exhibit 6# 7 Exhibit 7# 8 Notice of Lenghty Exhibit 8)(Dean, Gilbert) (Paper pleadings recv'd. 12/19/05) (ajh, Deputy Clerk) (Entered: 12/16/2005) |
| 12/16/2005 | 🔾398 | NOTICE by Robb Evans and Associates, LLC re 373 Notice (Other), Notice (Other) *Supplement to Motion by Receiver for Order Authorizing Receiver to Sell North Bay Property and Approving Sale Procedures and in Support of Entry of Order Approving Sale* (Attachments: # 1 Text of Proposed Order)(Dean, Gilbert) (Entered: 12/16/2005) |
| 12/16/2005 | 🔾399 | CERTIFICATE OF SERVICE by Robb Evans and Associates, LLC re 397 Notice (Other), Notice (Other), Notice (Other), 398 Notice (Other), Notice (Other), 396 MOTION for Attorney Fees (Dean, Gilbert) (Entered: 12/16/2005) |
| 12/16/2005 | 🔾400 | Witness List by Pamela Pukke. (Adler, Robert) (Entered: 12/16/2005) |
| 12/16/2005 | 🔾 | Telephone Conference held on 12/16/2005 held before Judge Peter J. Messitte. (esp, Deputy Clerk) (Entered: 12/19/2005) |
| 12/19/2005 | 🔾401 | MOTION *for an Order Approving the Settlement Agreement and Releases Between the State of Missouri and Debtowrks, Infinity Resources Group and Andris Pukke* by Andris Pukke. Responses due by 1/5/2006 (Attachments: # 1 Exhibit A# 2 Exhibit B)(Williams, John) (Entered: 12/19/2005) |
| 12/19/2005 | 🔾402 | MOTION re 401 MOTION *for an Order Approving the Settlement Agreement and Releases Between the State of Missouri and Debtowrks, Infinity Resources Group and Andris Pukke Motion for Hearing* by Debtworks, Inc., Andris Pukke. Responses due by 1/5/2006 (Williams, John) (Entered: 12/19/2005) |
| 12/20/2005 | 🔾403 | ORDER "Allowing" Mr. Williams an opportunity to review the Fee Examiner's Report first and indicate if he has any objections to its distribution in unredacted form by noon on 12/22/05 as therein set forth |

| | | |
|---|---|---|
| | | Signed by Judge Peter J. Messitte on 12/20/05 (c/m)(ajh, Deputy Clerk) (Entered: 12/20/2005) |
| 12/20/2005 | ❍ | Telephone Conference held on 12/20/2005 before Judge Peter J. Messitte. (rank, Deputy Clerk) (Entered: 12/28/2005) |
| 12/21/2005 | ❍404 | Witness List by Debtworks, Inc., Andris Pukke. (Attachments: # 1 Witness List)(Williams, John) (Entered: 12/21/2005) |
| 12/27/2005 | ❍405 | ORDER "Granting" 373 Notice/Motion by Receiver to Sell North Bay Property and Approving Sale Procedures as therein set forth filed by Robb Evans and Associates, LLC Signed by Judge Peter J. Messitte on 12/27/05 (c/m)(ajh, Deputy Clerk) (Entered: 12/28/2005) |
| 12/30/2005 | ❍406 | Joint Motion for Entry of Stipulated Final Judgment and Order as to Pamela Pukke by Federal Trade Commission (Attachments: # 1 Stipulated Final Judgment and Order)(Brown, Allison) (Entered: 12/30/2005) |
| 12/30/2005 | ❍408 | ORDER "Continuing" trial until 1/10/06 Signed by Judge Peter J. Messitte on 12/30/05 (c/m)(ajh, Deputy Clerk) (Entered: 01/03/2006) |
| 01/03/2006 | ❍407 | Joint MOTION to Amend/Correct 406 Settlement Agreement *as to Pamela Pukke* by Federal Trade Commission. Responses due by 1/20/2006 (Attachments: # 1 Stipulated Final Judgment and Order as to Pamela Pukke (Corrected))(Brown, Allison) (Entered: 01/03/2006) |
| 01/05/2006 | ❍409 | RESPONSE in Opposition re 402 MOTION re 401 MOTION *for an Order Approving the Settlement Agreement and Releases Between the State of Missouri and Debtowrks, Infinity Resources Group and Andris Pukke Motion for Hearing,* 401 MOTION *for an Order Approving the Settlement Agreement and Releases Between the State of Missouri and Debtowrks, Infinity Resources Group and Andris Pukke Receiver's Opposition To Motion Of Andris Pukke For An Order Approving The Settlement Agreement And Releases Between The State of Missouri and Debtwrks, Inc., Infinity Resources Group, Inc. and Andris Pukke* filed by Robb Evans and Associates, LLC. Replies due by 1/19/2006. (Attachments: # 1 Exhibit 1)(Dean, Gilbert) (Entered: 01/05/2006) |
| 01/06/2006 | ❍410 | NOTICE by Robb Evans and Associates, LLC re 397 Notice (Other), Notice (Other), Notice (Other), 396 MOTION for Attorney Fees *Proposed Order Granting Receiver's Motion For Order (1) Approving Receiver's Reports; and (2) Approving Receiver's and Attorneys' Fees and Expenses and Authorizing Payment Thereof* (Dean, Gilbert) (Entered: 01/06/2006) |
| 01/09/2006 | ❍411 | Motion to Enter Stipulation by Federal Trade Commission (Attachments: # 1 Stipulated Final Judgment and Permanent Injunction as to Defendants DebtWorks, Inc. and Andris Pukke)(Brown, Allison) Modified on 1/19/2006 (ajh, Deputy Clerk) (Entered: 01/09/2006) |
| 01/09/2006 | ❍412 | ORDER "TAKING" the Consolidated trial of cases PJM-04-631 and PJM-03-3317 off the Court's Calendar. Signed by Judge Peter J. Messitte |

| | | |
|---|---|---|
| | | on 1/9/06. (rank, Deputy Clerk) (Entered: 01/10/2006) |
| 01/11/2006 | 413 | ORDER "Directing" parties to file written response by 1/18/06 as therein set forth 396 MOTION for Attorney Fees filed by Robb Evans and Associates, LLC Signed by Judge Peter J. Messitte on 1/11/06 (c/m)(ajh, Deputy Clerk) (Entered: 01/11/2006) |
| 01/11/2006 | 414 | ORDER "Directing" that the Fee Examiner's Report will be docketed as therein set forth Signed by Judge Peter J. Messitte on 1/10/06 (c/m)(ajh, Deputy Clerk) (Entered: 01/11/2006) |
| 01/11/2006 | 415 | Fee Examiner's Report (ajh, Deputy Clerk) (Entered: 01/11/2006) |
| 01/12/2006 | 416 | STIPULATION re 359 Emergency MOTION to Quash *Subpoena or, in the Alternative, for Protective Order Stipulation for Second Extension of Deadline for Receiver to File Opposition to Motion of Non-Party Stephen Todd Cook to Quash Subpoena or, in the Alternative, for Protective Order* by Robb Evans and Associates, LLC. (Attachments: # 1 Proposed Order)(Dean, Gilbert) (Entered: 01/12/2006) |
| 01/13/2006 | 417 | ORDER "Approving" re 416 Stipulation filed by Robb Evans and Associates, LLC and "Extending" deadline for Receiver to file opposition to Motion of Non-Party Stephen Todd Cook to Quash Subpoena, or in the Alternative, for Protective Order to and including 2/10/06 Signed by Judge Charles B. Day on 1/13/06 (c/m)(ajh, Deputy Clerk) (Entered: 01/13/2006) |
| 01/17/2006 | 418 | PAPERLESS ORDER granting 268 Motion to Seal. Signed by Judge Peter J. Messitte on 1/17/06. (Messitte, Peter) (Entered: 01/17/2006) |
| 01/18/2006 | 419 | RESPONSE in Support re 396 MOTION for Attorney Fees filed by Federal Trade Commission. Replies due by 2/1/2006. (Morris, Lucy) (Entered: 01/18/2006) |
| 01/18/2006 | 420 | RESPONSE in Opposition re 396 MOTION for Attorney Fees filed by Debtworks, Inc., Andris Pukke. Replies due by 2/1/2006. (Williams, John) (Entered: 01/18/2006) |
| 01/20/2006 | 421 | ORDER "Directing" Receiver to pay Ms. Kolish's fee of $17,637.50 in full Signed by Judge Peter J. Messitte on 1/20/06 (c/m) (ajh, Deputy Clerk) (Entered: 01/20/2006) |
| 01/25/2006 | 422 | NOTICE by Robb Evans and Associates, LLC *Response to Letter Dated December 22, 2005 from John Williams to the Court* (Dean, Gilbert) (Entered: 01/25/2006) |
| 01/25/2006 | 423 | REPLY to Response to Motion re 396 MOTION for Attorney Fees *Reply to Defendants Andris Pukke's and Debtwork's Opposition to the Receiver's Motion for Order (1) Approving Receiver's Report; and (2) Approving Receiver's and Attorney's Fees and Expenses and Authorizing Payment Therof* filed by Robb Evans and Associates, LLC. (Dean, Gilbert) (Entered: 01/25/2006) |
| 01/25/2006 | 424 | NOTICE by Robb Evans and Associates, LLC re 423 Reply to Response |

| | | |
|---|---|---|
| | | to Motion, *Declaration of Gary Owen Caris in Support of Reply to Defendants Andris Pukke's and Debtwork's Opposition to the Receiver's Motion for Order (1) Approving Receiver's Report; and (2) Approving Receiver's and Attorney's Fees and Expenses and Authorizing Payment Thereof* (Attachments: # 1 Exhibit 1# 2 Exhibit 2)(Dean, Gilbert) (Entered: 01/25/2006) |
| 01/25/2006 | 425 | NOTICE by Robb Evans and Associates, LLC re 423 Reply to Response to Motion, *Declaration of Brick Kane in Support of Reply to Defendants Andris Pukke's and Debtwork's Opposition to the Receiver's Motion for Order (1) Approving Receiver's Report; and (2) Approving Receiver's and Attorney's Fees and Expenses and Authorizing Payment Thereof* (Dean, Gilbert) (Entered: 01/25/2006) |
| 01/25/2006 | 426 | CERTIFICATE OF SERVICE by Robb Evans and Associates, LLC re 422 Notice (Other), 425 Notice (Other), Notice (Other), 424 Notice (Other), Notice (Other), 423 Reply to Response to Motion, (Dean, Gilbert) (Entered: 01/25/2006) |
| 01/27/2006 | 427 | ORDER "INFORMING" parties that the Court will hold a conference call; "DIRECTING" the parties to bumit brief memoranda by 2/1/06 and "DIRECTING" counsel to initiate the conference call. Signed by Judge Peter J. Messitte on 1/27/06. (rank, Deputy Clerk) (Entered: 01/30/2006) |
| 01/31/2006 | 428 | NOTICE by Pamela Pukke *Memorandum Regarding Scheduled Conference Call with the Court for February 2, 2006* (Adler, Robert) (Entered: 01/31/2006) |
| 01/31/2006 | 429 | NOTICE to Substitute Attorney *Notice of Withdrawal of Appearance and Substitution of Attorney and Request for Approval Thereof; and Order Thereon* (Attachments: # 1 Certificate of Service)(Dean, Gilbert) (Entered: 01/31/2006) |
| 01/31/2006 | 430 | RESPONSE re 427 Order, *Receiver's Statement in Response to Court's January 27, 2006 Order* filed by Robb Evans and Associates, LLC. (Dean, Gilbert) (Entered: 01/31/2006) |
| 02/01/2006 | 431 | NOTICE by Federal Trade Commission re 427 Order, *Memorandum in Response* (Morris, Lucy) (Entered: 02/01/2006) |
| 02/02/2006 | | Telephonic Conference held on 2/2/2006 held before Judge Peter J. Messitte. (Court Reporter Sharon O"Neill.) (rank, Deputy Clerk) (Entered: 02/06/2006) |
| 02/03/2006 | 432 | RESPONSE re 122 Order *Receiver's Response to Limited Objection of Stephen Todd Cook to Debtor's Motion For An Order Approving Settlement Agreement in the FTC and Polacsek Class Action Cases* filed by Robb Evans and Associates, LLC. (Dean, Gilbert) (Entered: 02/03/2006) |
| 02/08/2006 | 433 | PAPERLESS ORDER APPROVING 429 Notice to Substitute Attorney. ENTERING the appearance of Gary Owen Caris and Lesley Anne Hawes of McKenna Long & Aldridge, LLP; TERMINATING the appearance of |

| | | |
|---|---|---|
| | | Frandzel Robins Bloom & Csato, CL as counsel for the Receiver. Signed by Judge Peter J. Messitte on 2/7/06. (Messitte, Peter) (Entered: 02/08/2006) |
| 02/09/2006 | ○434 | STIPULATED FINAL JUDGMENT AND ORDER AS TO PAMELA PUKKE. Signed by Judge Peter J. Messitte on 02/08/2006.(c/m 2/9/06) (elt, Deputy Clerk) (Entered: 02/09/2006) |
| 02/09/2006 | ○435 | ORDER GRANTING RECEIVER'S MOTION FOR ORDER (1) APPROVING RECEIVER'S REPORTS; AND (2) APPROVING RECEIVER'S AND ATTORNEYS' FEES AND EXPENSES AND AUTHORIZING PAYMENT THEREOF. Signed by Judge Peter J. Messitte on 02/09/2006. (c/m 2/9/06)(elt, Deputy Clerk) (Entered: 02/09/2006) |
| 02/10/2006 | ○436 | NOTICE by Robb Evans and Associates, LLC re 359 Emergency MOTION to Quash *Subpoena or, in the Alternative, for Protective Order Stipulation For Third Extension Of Deadline For Receiver To File Opposition To Motion Of Non-Party Stephen Todd Cook To Quash Subpoena Or, In the Alternative, For Protective Order* (Attachments: # 1 Proposed Order)(Dean, Gilbert) (Entered: 02/10/2006) |
| 02/14/2006 | ○437 | MOTION for Order of Sale *of Fidelity and Trust Financial Corporation Stock and Approval of Modified Sale Procedures* by Robb Evans and Associates, LLC. Responses due by 3/3/2006 (Attachments: # 1 Memorandum in Support of Motion)(Dean, Gilbert) (Entered: 02/14/2006) |
| 02/14/2006 | ○438 | AFFIDAVIT re 437 MOTION for Order of Sale *of Fidelity and Trust Financial Corporation Stock and Approval of Modified Sale Procedures* by Robb Evans and Associates, LLC. (Attachments: # 1 Exhibit 1# 2 Exhibit 2# 3 Notice of Filing of Lengthy Exhibit 3# 4 Exhibit 4)(Dean, Gilbert) Modified on 2/15/2006 (elt, Deputy Clerk). (Lengthy exhibit rec'd - FILED SEPARATELY) (Entered: 02/14/2006) |
| 02/14/2006 | ○439 | CERTIFICATE OF SERVICE by Robb Evans and Associates, LLC re 437 MOTION for Order of Sale *of Fidelity and Trust Financial Corporation Stock and Approval of Modified Sale Procedures*, 438 Affidavit, *of Robb Evans in Support of Motion for Order of Sale of Fidelity and Trust Financial Corporation Stock and Approval of Modified Sale Procedures* (Dean, Gilbert) (Entered: 02/14/2006) |
| 02/22/2006 | ○440 | PAPERLESS ORDER GRANTING re 436 Stipulation for Third Extension of Deadline. Signed by Judge Charles B. Day on 02/22/2006. (Day, Charles) (Entered: 02/22/2006) |
| 03/01/2006 | ○441 | MOTION for Other Relief *Receiver's Motion for Order Authorizing Distribution of 50% of Net Proceeds From Sale of Dulles Property to Claridge LLC* by Robb Evans and Associates, LLC. Responses due by 3/20/2006 (Attachments: # 1 Memorandum of Law in Support of Motion# 2 Proposed Order)(Dean, Gilbert) (Entered: 03/01/2006) |
| 03/01/2006 | ○442 | AFFIDAVIT re 441 MOTION for Other Relief *Receiver's Motion for* |

| | | |
|---|---|---|
| | | *Order Authorizing Distribution of 50% of Net Proceeds From Sale of Dulles Property to Claridge LLC Declaration of M. Val Miller in Support of Motion by Receiver Robb Evans & Associates, LLC for Order Authorizing Receiver to Distribute 50% of Net Proceeds from Sale of Dulles Property to Claridge LLC* by Robb Evans and Associates, LLC. (Attachments: # 1 Exhibit 1# 2 Exhibit 2# 3 Exhibit 3# 4 Exhibit 4# 5 Exhibit 5)(Dean, Gilbert) (Entered: 03/01/2006) |
| 03/01/2006 | 443 | CERTIFICATE OF SERVICE by Robb Evans and Associates, LLC re 441 MOTION for Other Relief *Receiver's Motion for Order Authorizing Distribution of 50% of Net Proceeds From Sale of Dulles Property to Claridge LLC,* 442 Affidavit,, *Certificate of Service* (Dean, Gilbert) (Entered: 03/01/2006) |
| 03/03/2006 | 444 | NOTICE by Robb Evans and Associates, LLC re 438 Affidavit,, 437 MOTION for Order of Sale *of Fidelity and Trust Financial Corporation Stock and Approval of Modified Sale Procedures,* 439 Certificate of Service, *Notice of Filing of Proposed Order* (Attachments: # 1 Proposed Order)(Dean, Gilbert) (Entered: 03/03/2006) |
| 03/03/2006 | 445 | NOTICE by Robb Evans and Associates, LLC *Notice of Filing of Report of Receiver's Activities September 30, 2005 Through December 31, 2005* (Attachments: # 1 Report of Receiver's Activities# 2 Tab 1# 3 Tab 2# 4 Tab 3# 5 Tab 4# 6 Tab 5# 7 Tab 6# 8 Tab 7# 9 Tab 8)(Dean, Gilbert) (Entered: 03/03/2006) |
| 03/14/2006 | 446 | Memo/ORDER regarding Receiver to release funds for the payment of attorneys' fees and costs.. Signed by Judge Peter J. Messitte on 03/14/2006. (c/m 3/14/06)(elt, Deputy Clerk) (Entered: 03/14/2006) |
| 03/15/2006 | 447 | ORDER granting 437 Motion for Order of Sale. Signed by Judge Peter J. Messitte on 3/14/2006. (c/m 3/15/06) (elts, Deputy Clerk) (Entered: 03/15/2006) |
| 03/17/2006 | 448 | PAPERLESS ORDER FINDING AS MOOT 402 Motion For Hearing on Motion for an Order Approving the Settlement Agreement. Signed by Judge Peter J. Messitte on 3/17/06. (Messitte, Peter) (Entered: 03/17/2006) |
| 03/17/2006 | 449 | PAPERLESS ORDER GRANTING 401 Motion for an Order Approving the Settlement Agreement. Signed by Judge Peter J. Messitte on 3/17/06. (Messitte, Peter) (Entered: 03/17/2006) |
| 03/24/2006 | 450 | ORDER granting 250 Appeal of Refusal to Approve Attorneys Fees and Order the Receiver to release $220,00 for payment of Andris Pukke's attorneys' fees and costs. Signed by Judge Peter J. Messitte on 3/24/06. (rank, Deputy Clerk) (Entered: 03/24/2006) |
| 03/27/2006 | 451 | Order "DIRECTING" the FTC to prepare and serve notice of the 5/15/06 as required by the Bankruptcy Code and Rules (Signed by Judge Peter J. Messitte) on 3/27/06 (c/m 3/27/06 rk) (Entered: 03/27/2006) |
| 03/28/2006 | 452 | [FILED IN ERROR BY CLERK - LINK DISABLED] ORDER |

| | | |
|---|---|---|
| | | scheduling hearing on Motion of Andris Pukke for an Order Approving the Settlement Agreements in the FTC and Polacsek Class Action Cases. The FTC is DIRECTED to prepare and serve notice of this hearing as required by the Bankruptcy Code and Rules. Signed by Judge Peter J. Messitte on 3/27/2006. (c/m 3/28/06)(elt, Deputy Clerk) Modified on 3/28/2006 (elt, Deputy Clerk). (Entered: 03/28/2006) |
| 03/28/2006 | ❹453 | ORDER "AMENDING" the Court's 450 Order "DIRECTING" the Receiver to release $222,000 for for payment of Andris Pukke's attorneys' fees and costs. Signed by Judge Peter J. Messitte on 3/24/06. (rank, Deputy Clerk) (rec'd 3/27/06 rk) (Entered: 03/28/2006) |
| 04/05/2006 | ❹454 | ORDER GRANTING 441 Motion for an Order Authorizing Receiver to Distribute Fifty Percent of Net Proceeds From the Sale of Dulles Property. Signed by Judge Peter J. Messitte on 4/5/06. (Messitte, Peter) Additional attachment(s) added on 4/5/2006 (elt, Deputy Clerk). Modified on 4/5/2006 (elt, Deputy Clerk). (Entered: 04/05/2006) |
| 04/05/2006 | ❹455 | NOTICE by Federal Trade Commission *of filing Notice of Hearing in bankruptcy case* (Attachments: # 1 Notice of Hearing)(Brown, Allison) (Entered: 04/05/2006) |
| 04/07/2006 | ❹456 | STIPULATION re 359 Emergency MOTION to Quash *Subpoena or, in the Alternative, for Protective Order Stipulation for Limited Extension of Deadline for Receiver to File Opposition to Motion of Non-Party Stephen Todd Cook to Quash Subpoena or, in the Alternative, for Protective Order* by Robb Evans and Associates, LLC. (Attachments: # 1 Text of Proposed Order)(Dean, Gilbert) (Entered: 04/07/2006) |
| 04/17/2006 | ❹457 | STIPULATION *and Order Regarding Division of Settlement Funds* by Federal Trade Commission. (Morris, Lucy) (Entered: 04/17/2006) |
| 04/19/2006 | ❹458 | RESPONSE to Motion re 359 Emergency MOTION to Quash *Subpoena or, in the Alternative, for Protective Order* filed by Robb Evans and Associates, LLC. Replies due by 5/3/2006. (Dean, Gilbert) (Entered: 04/19/2006) |
| 04/19/2006 | ❹459 | RESPONSE re 359 Emergency MOTION to Quash *Subpoena or, in the Alternative, for Protective Order (Memorandum in Support of Opposition to Motion to Quash)* filed by Robb Evans and Associates, LLC. (Dean, Gilbert) (Entered: 04/19/2006) |
| 04/19/2006 | ❹460 | AFFIDAVIT re 459 Response, 458 Response to Motion *(Declaration of Gary Owen Caris in Support of Receiver's Opposition to Motion of Non-Party Stephen Todd Cook to Quash Subpoena or, in the Alternative, for Protective Order)* by Robb Evans and Associates, LLC. (Attachments: # 1 Exhibit 1# 2 Exhibit 2# 3 Exhibit 3# 4 Exhibit 4# 5 Notice of Lengthy Exhibit 5)(Dean, Gilbert) Modified on 4/20/2006 (elt, Deputy Clerk). (Exhibit 5 rec'd - FILED SEPARATELY) (Entered: 04/19/2006) |
| 04/19/2006 | ❹461 | NOTICE by Robb Evans and Associates, LLC re 459 Response, 458 Response to Motion *Request for Judicial Notice in Support of Receiver's Opposition to Motion of Non-Party Stephen Todd Cook to Quash* |

| | | |
|---|---|---|
| | | *Subpoena or, in the Alternative, for Protective Order* (Dean, Gilbert) (Entered: 04/19/2006) |
| 04/19/2006 | 462 | CERTIFICATE OF SERVICE by Robb Evans and Associates, LLC re 459 Response, 460 Affidavit,, 461 Notice (Other), Notice (Other), 458 Response to Motion (Dean, Gilbert) (Entered: 04/19/2006) |
| 04/27/2006 | 463 | Correspondence re: Stipulation and Order Regarding Division of Settlement Funds (Williams, John) (Entered: 04/27/2006) |
| 04/28/2006 | 464 | MOTION for Other Relief *Receiver's Motion for Order Authorizing and Confirming Sale of Ballenger Lot 4 by Auction Pursuant to Modified Sale Procedures of 28 U.S.C. Sections 2001 and 2002* by Robb Evans and Associates, LLC. Responses due by 5/15/2006 (Attachments: # 1 Memorandum in support of motion# 2 Proposed Order# 3 Exhibit A to proposed Order)(Dean, Gilbert) (Entered: 04/28/2006) |
| 04/28/2006 | 465 | Declaration of M. Val Miller in Support of Motion by Receiver for Order Authorizing and Confirming Sale of Ballenger Lot 4 by Auction Pursuant to Modified Sale Procedures of 28 USC Sections 2001 and 2002 by Robb Evans and Associates, LLC. Responses due by 5/15/2006 (Attachments: # 1 Exhibit 1# 2 Exhibit 2# 3 Exhibit 3)(Dean, Gilbert) Modified on 4/28/2006 (elt, Deputy Clerk). (Entered: 04/28/2006) |
| 04/28/2006 | 466 | CERTIFICATE OF SERVICE by Robb Evans and Associates, LLC re 464 MOTION for Other Relief *Receiver's Motion for Order Authorizing and Confirming Sale of Ballenger Lot 4 by Auction Pursuant to Modified Sale Procedures of 28 U.S.C. Sections 2001 and 2002,* 465 MOTION for Other Relief *Declaration of M. Val Miller in Support of Motion by Receiver for Order Authorizing and Confirming Sale of Ballenger Lot 4 by Auction Pursuant to Modified Sale Procedures of 28 USC Sections 2001 and 2002* (Dean, Gilbert) (Entered: 04/28/2006) |
| 05/01/2006 | 467 | PAPERLESS ORDER APPROVING 463 Correspondence re: Stipulation and Order Regarding Division of Settlement Funds. Signed by Judge Peter J. Messitte on 5/1/06. (Messitte, Peter) (Entered: 05/01/2006) |
| 05/04/2006 | 468 | Correspondence re: briefing schedule (Morris, Lucy) (Entered: 05/04/2006) |
| 05/04/2006 | 469 | PAPERLESS ORDER APPROVING 468 Request to Respond to Andris Pukke's Objection to Stipulation by May 11, 2006. Signed by Judge Peter J. Messitte on 5/4/06. (Messitte, Peter) (Entered: 05/04/2006) |
| 05/12/2006 | 470 | RESPONSE in Support re 359 Emergency MOTION to Quash *Subpoena or, in the Alternative, for Protective Order* filed by Stephen Todd Cook. Replies due by 5/26/2006. (Kobbe, Charles) (Entered: 05/12/2006) |
| 05/15/2006 | 471 | MOTION for Order of Sale *Receiver's Motion for Order Authorizing and Confirming Sale of 6493 Allison Road, Miami Beach, Florida, Free and Clear of Liens and Interests and Approving Sale Procedures* by Robb Evans and Associates, LLC. Responses due by 6/1/2006 (Attachments: # 1 Memorandum of Law in Support of Sale Motion# 2 Declaration in |

| | | |
|---|---|---|
| | | Support of Sale Motion# 3 Exhibit 1 to Declaration)(Dean, Gilbert) (Entered: 05/15/2006) |
| 05/16/2006 | | Hearing held on Motion to Enter Stipulation by Federal Trade Commission Stipulated Final Judgment and Permanent Injunction as to defendant Debtworks, Inc. and Andris Pukke. (Paper No. 411) - "granted" for reasons stated on the record in open court. (Reporter: Williams) (esp, Deputy Clerk) (Entered: 05/16/2006) |
| 05/17/2006 | 472 | Stipulation and Order Regarding Division of Settlement Funds. Signed by Judge Peter J. Messitte on 5/16/2006. (c/m 5/17/06)(elt, Deputy Clerk) (Entered: 05/17/2006) |
| 05/17/2006 | 473 | Stipulated Final Judgment and Permanent Injunction as to Defendants Debtworks, Inc. and Andris Pukke. Signed by Judge Peter J. Messitte on 5/16/2006. (c/m 5/17/06)(elt, Deputy Clerk) (Entered: 05/17/2006) |
| 06/06/2006 | 474 | NOTICE by Robb Evans and Associates, LLC re 471 MOTION for Order of Sale *Receiver's Motion for Order Authorizing and Confirming Sale of 6493 Allison Road, Miami Beach, Florida, Free and Clear of Liens and Interests and Approving Sale Procedures Notice of Filing of Proposed Order* (Attachments: # 1 Proposed Order)(Dean, Gilbert) (Entered: 06/06/2006) |
| 06/07/2006 | 475 | ORDER granting 464 Motion by Receiver for Order Authorizing and Confirming Sale of Ballenger Lot 4 by Auction Pursuant to Modified Sale Procedures of 28 USC 2001 and 2002. Signed by Judge Peter J. Messitte on 06/06/2006. (c/m 6/7/06) (Attachments: # 1 Exhibit A) (elt, Deputy Clerk) (Entered: 06/07/2006) |
| 06/15/2006 | 476 | MOTION for Leave to File *Initiate Adversary Proceeding to Determine Rights and Interests with Respect to Real Estate (35 Ocean Heights Drive, Newport Coast, California 92657)* by Stephen Todd Cook. Responses due by 7/3/2006 (Attachments: # 1 Exhibit 1# 2 Certificate of Service)(Kobbe, Charles) (Entered: 06/15/2006) |
| 06/21/2006 | 477 | MOTION to Quash *or, in the Alternative, for Protective Order* by Media Choice, LLC. Responses due by 7/10/2006 (Attachments: # 1 Exhibit 1# 2 Exhibit 2# 3 Exhibit 3# 4 Certificate of Service# 5 Proposed Order) (Kobbe, Charles) (Entered: 06/21/2006) |
| 06/22/2006 | 478 | ORDER granting 471 Motion for Order of Sale. Signed by Judge Peter J. Messitte on 06/22/2006. (c/m 6/22/06) (elt, Deputy Clerk) (Entered: 06/22/2006) |
| 06/29/2006 | 479 | Status Report Submitted *Notice of Filing of Report of Receiver's Activities January 1, 2006 through June 21, 2006* by Robb Evans and Associates, LLC (Attachments: # 1 Receiver's Activities January 12, 2006 through June 21, 2006# 2 Tab 1 to Receiver's Report# 3 Tab 2 to Receiver's Report# 4 Tab 3 to Receiver's Report# 5 Tab 4 to Receiver's Report# 6 Tab 5 to Receiver's Report# 7 Tab 6 to Receiver's Report# 8 Tab 7 to Receiver's Report# 9 Tab 8 to Receiver's Report# 10 Tab 9 to Receiver's Report# 11 Tab 10 to Receiver's Report# 12 Tab 11 to |

| | | |
|---|---|---|
| | | Receiver's Report# <u>13</u> Tab 12 to Receiver's Report# <u>14</u> Tab 13 to Receiver's Report# <u>15</u> Tab 14 to Receiver's Report# <u>16</u> Tab 15 to Receiver's Report)(Dean, Gilbert) (Entered: 06/29/2006) |
| 06/29/2006 | ❂<u>480</u> | MOTION for Attorney Fees *Receiver's Motion for Order (1) Approving Receiver's Report for the Period September 20, 2005 through December 31, 2005; and (2) Approving Receiver's and Attorneys' Fees and Expenses for Second Expense Period and Authorizing Payment Thereof* by Robb Evans and Associates, LLC. Responses due by 7/17/2006 (Attachments: # <u>1</u> Memorandum in Support of Motion# <u>2</u> Declaration of Gary Caris in Support of Motion# <u>3</u> Declaration of Brick Kane in Support of Motion)(Dean, Gilbert) (Entered: 06/29/2006) |
| 06/29/2006 | ❂<u>481</u> | NOTICE by Robb Evans and Associates, LLC re <u>480</u> MOTION for Attorney Fees *Receiver's Motion for Order (1) Approving Receiver's Report for the Period September 20, 2005 through December 31, 2005; and (2) Approving Receiver's and Attorneys' Fees and Expenses for Second Expense P Receiver's Appendix of Exhibits Filed in Connection with Receiver's Motion for Order (1) Approving Receiver's Report for the Period September 20, 2005 through December 31, 2005; and (2) Approving Receiver's and Attorneys' Fees and Expenses for Second Expense Period and Authorizing Payment Thereof (Attachments: # <u>1</u> Notice of Lengthy Exhibit 1# <u>2</u> Notice of Lengthy Exhibit 2# <u>3</u> Notice of Lengthy Exhibit 3# <u>4</u> Exhibit 4# <u>5</u> Exhibit 5# <u>6</u> Notice of Lengthy Exhibit 6# <u>7</u> Notice of Lengthy Exhibit 7# <u>8</u> Notice of Lengthy Exhibit 8# <u>9</u> Notice of Lengthy Exhibit 9)(Dean, Gilbert) Modified on 6/30/2006 (elt, Deputy Clerk). (Exhibits rec'd - FILED SEPARATELY) (Entered: 06/29/2006)* |
| 06/29/2006 | ❂<u>482</u> | CERTIFICATE OF SERVICE by Robb Evans and Associates, LLC re <u>480</u> MOTION for Attorney Fees *Receiver's Motion for Order (1) Approving Receiver's Report for the Period September 20, 2005 through December 31, 2005; and (2) Approving Receiver's and Attorneys' Fees and Expenses for Second Expense P, <u>481</u> Notice (Other), Notice (Other), Notice (Other), Notice (Other), <u>479</u> Status Report Submitted,,,* (Dean, Gilbert) (Entered: 06/29/2006) |
| 06/30/2006 | ❂<u>483</u> | RESPONSE to Motion re <u>476</u> MOTION for Leave to File / *Initiate Adversary Proceeding to Determine Rights and Interests with Respect to Real Estate (35 Ocean Heights Drive, Newport Coast, California 92657)* filed by Robb Evans and Associates, LLC. Replies due by 7/14/2006. (Dean, Gilbert) (Entered: 06/30/2006) |
| 06/30/2006 | ❂<u>484</u> | Limited Opposition to Motion of Stephen Todd Cook for Leave to Initiate Adversary Proceeding to Determine Rights and Interests with Respect to Real Estate by Federal Trade Commission. Responses due by 7/17/2006 (Attachments: # <u>1</u> Certificate of Service)(Brown, Allison) Modified on 8/10/2006 (elt, Deputy Clerk). (Entered: 06/30/2006) |
| 07/03/2006 | ❂<u>485</u> | RESPONSE in Opposition re <u>476</u> MOTION for Leave to File / *Initiate Adversary Proceeding to Determine Rights and Interests with Respect to Real Estate (35 Ocean Heights Drive, Newport Coast, California 92657)* |

| | | |
|---|---|---|
| | | *Joinder in the Federal Trade Commission's and Receiver's Limited Oppositions to Motion* filed by UNITED STATES OF AMERICA. Replies due by 7/17/2006. (Attachments: # 1 Certificate of Service) (Fischbein, Stuart) (Entered: 07/03/2006) |
| 07/10/2006 | 486 | RESPONSE in Opposition re 477 MOTION to Quash *or, in the Alternative, for Protective Order /Receiver's Opposition to Motion of Non-Party Media Choice, LLC to Quash Subpoena or, in the Alternative, for Protective Order* filed by Robb Evans and Associates, LLC. Replies due by 7/24/2006. (Attachments: # 1 Memo of Law# 2 Request for Judicial Notice# 3 Declaration of Gary Owen Caris# 4 Exhibit 1 to Declaration# 5 Exhibit 2 to Declaration# 6 Certificate of Service) (Walker, Irving) (Entered: 07/10/2006) |
| 07/10/2006 | 487 | MOTION to Seal */Notice of Motion and Motion by Receiver for Order Authorizing Filing of Supplemental Declaration of Gary Owen Caris in Support of Opposition to Motion by Media Choice, LLC to Quash Subpoena Under Seal* by Robb Evans and Associates, LLC. Responses due by 7/27/2006 (Attachments: # 1 Findings of Fact and Conclusions of Law in Support of Motion# 2 Proposed Order# 3 Notice of Filing of Document Under Seal# 4 Certificate of Service)(Walker, Irving) (Entered: 07/10/2006) |
| 07/17/2006 | 488 | MOTION for Settlement *Motion by Receiver for Order Approving Settlement Agreement with Villa C Acquisition Co., LLC, and Patrick J. Callahan, III* by Robb Evans and Associates, LLC. Responses due by 8/3/2006 (Attachments: # 1 Memorandum of Law in Support of Motion# 2 Declaration of M. Val Miller in Support of Motion)(Dean, Gilbert) (Entered: 07/17/2006) |
| 07/17/2006 | 489 | RESPONSE re 480 MOTION for Attorney Fees *Receiver's Motion for Order (1) Approving Receiver's Report for the Period September 20, 2005 through December 31, 2005; and (2) Approving Receiver's and Attorneys' Fees and Expenses for Second Expense P (LIMITED OBJECTION)* filed by Stephen Todd Cook. (Kobbe, Charles) (Entered: 07/17/2006) |
| 07/20/2006 | 490 | CERTIFICATE OF SERVICE by Robb Evans and Associates, LLC re 479 Status Report Submitted,,, (Dean, Gilbert) (Entered: 07/20/2006) |
| 07/20/2006 | 491 | REPLY to Response to Motion re 480 MOTION for Attorney Fees *Receiver's Motion for Order (1) Approving Receiver's Report for the Period September 20, 2005 through December 31, 2005; and (2) Approving Receiver's and Attorneys' Fees and Expenses for Second Expense P Reply to Limited Objection of Stephen Todd Cook to Receiver's Motion for Order Approving Receiver's Report for the Period September 20, 2005 through December 31, 2005 filed by Robb Evans and Associates, LLC. (Attachments: # 1 Exhibit 1# 2 Text of Proposed Order) (Dean, Gilbert) (Entered: 07/20/2006)* |
| 07/24/2006 | 492 | REPLY to Response to Motion re 477 MOTION to Quash *or, in the Alternative, for Protective Order* filed by Media Choice, LLC. (Kobbe, |

| | | Charles) (Entered: 07/24/2006) |
|---|---|---|
| 07/28/2006 | ❍493 | RESPONSE re 479 Status Report Submitted,,, filed by Debtworks, Inc., Andris Pukke. (Attachments: # 1 Exhibit A# 2 Exhibit B)(Williams, John) (Entered: 07/28/2006) |
| 07/31/2006 | ❍494 | RESPONSE re 493 Response *Errata to Response* filed by Debtworks, Inc., Andris Pukke. (Attachments: # 1 Exhibit B)(Williams, John) (Entered: 07/31/2006) |
| 08/04/2006 | ❍495 | ORDER scheduling telephonic motions hearing on Tuesday, August 8, 2006 at 4:00 pm. Counsel are directed to initial the call and call Chambers once all parties are on the line. Signed by Judge Peter J. Messitte on 08/03/2006. (c/m 8/4/06)(elt, Deputy Clerk) (Entered: 08/04/2006) |
| 08/07/2006 | ❍496 | RESPONSE re 493 Response *Reply to Response of Andris Pukke to Report of Receiver's Activities January 1, 2006 through June 23, 2006* filed by Robb Evans and Associates, LLC. (Dean, Gilbert) (Entered: 08/07/2006) |
| 08/08/2006 | ❍497 | PAPERLESS CORRESPONDENCE to counsel of record confirming that the motions hearing by telephone originally scheduled for August 8, 2006 at 4:00 p.m. has been RESCHEDULED to AUGUST 9, 2006 at 3:00 p.m. Counsel are directed to initiate the telephonic conference call. (Messitte, Peter) (Entered: 08/08/2006) |
| 08/09/2006 | ❍498 | ORDER granting 480 Receiver's Motion for Order Approving Receiver's Report for the period of 9/20/05 through 12/31/05; and Approving Receiver's and Attorneys' fees and Expenses for the Second Expense Period and Authnorizing payment thereof. Signed by Judge Peter J. Messitte on 8/8/06. (rank, Deputy Clerk) (Entered: 08/09/2006) |
| 08/09/2006 | ❍499 | NOTICE by Robb Evans and Associates, LLC re 488 MOTION for Settlement *Motion by Receiver for Order Approving Settlement Agreement with Villa C Acquisition Co., LLC, and Patrick J. Callahan, III /Notice of Filing of Proposed Order* (Attachments: # 1 Text of Proposed Order Proposed Order)(Dean, Gilbert) (Entered: 08/09/2006) |
| 08/09/2006 | ❍ | Telephone Conference held on 8/9/2006 held before Judge Peter J. Messitte. (Court Reporter G. Williams) (esp, Deputy Clerk) (Entered: 08/11/2006) |
| 08/16/2006 | ❍500 | NOTICE by Stephen Todd Cook re 476 MOTION for Leave to File / *Initiate Adversary Proceeding to Determine Rights and Interests with Respect to Real Estate (35 Ocean Heights Drive, Newport Coast, California 92657) NOTICE OF FILING PROPOSED ORDER* (Attachments: # 1 Proposed Order)(Kobbe, Charles) (Entered: 08/16/2006) |
| 08/21/2006 | ❍501 | NOTICE of Appearance by Daniel E Johnson on behalf of Robb Evans and Associates, LLC (Johnson, Daniel) (Entered: 08/21/2006) |
| 08/21/2006 | ❍502 | MOTION to Compel *ANDRIS PUKKE TO APPEAR FOR DEPOSITION* |

| | | |
|---|---|---|
| | | *PURSUANT TO STIPULATED FINAL JUDGMENT; REQUEST FOR SANCTIONS* by Robb Evans and Associates, LLC. Responses due by 9/7/2006 (Attachments: # 1 Exhibit MEMORANDUM IN SUPPORT OF RECEIVER'S MOTION TO COMPEL ANDRIS PUKKE TO APPEAR FOR DEPOSITION PURSUANT TO STIPULATED FINAL JUDGMENT; REQUEST FOR SANCTIONS# 2 Exhibit CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 104.7# 3 Exhibit DECLARATION OF GARY OWEN CARIS# 4 Exhibit EXHIBIT 1 TO DECLARATION OF GARY OWEN CARIS)(Johnson, Daniel) (Entered: 08/21/2006) |
| 08/21/2006 | ❍503 | CERTIFICATE OF SERVICE by Robb Evans and Associates, LLC re 501 Notice of Appearance (Johnson, Daniel) (Entered: 08/21/2006) |
| 08/21/2006 | ❍504 | PAPERLESS ORDER GRANTING 476 Motion for Leave to File and APPROVING 500 Proposed Order re 476 Motion. Signed by Judge Peter J. Messitte on 8/21/06. (Messitte, Peter) (Entered: 08/21/2006) |
| 08/21/2006 | ❍505 | MOTION to Withdraw as Attorney *for Receiver* by Saul Ewing, LLP. Responses due by 9/7/2006 (Attachments: # 1 Memorandum in Support of Motion# 2 Text of Proposed Order)(Dean, Gilbert) (Entered: 08/21/2006) |
| 08/22/2006 | ❍506 | PAPERLESS ORDER GRANTING 505 Motion to Withdraw as Attorney. Signed by Judge Peter J. Messitte on 8/22/06. (Messitte, Peter) (Entered: 08/22/2006) |
| 08/24/2006 | ❍507 | ORDER granting 488 Motion for Settlement with Villa C. Acquisition Co., LLC and Patrick J. Callahan, III. Signed by Judge Peter J. Messitte on 08/24/2006. (elt, Deputy Clerk) (Entered: 08/24/2006) |
| 08/29/2006 | ❍508 | MOTION for Other Relief *Motion by Receiver for Order Approving Purchase and Sale Agreement with Canyon Grill Enterprises, L.L.C.* by Robb Evans and Associates, LLC. Responses due by 9/15/2006 (Attachments: # 1 Exhibit Memorandum of Law in Support of Receiver's Motion for Order Approving Purchase and Sale Agreement with Canyon Grill Enterprises, L.L.C.# 2 Exhibit Declaration of Brick Kane in Support of Motion by Receiver for Order Approving Purchase and Sale Agreement with Canyon Grill Enterprises, L.L.C.# 3 Exhibit Exhibit 1 to Declaration of Brick Kane in Support of Motion by Receiver for Order Approving Purchase and Sale Agreement with Canyon Grill Enterprises, L.L.C.)(Johnson, Daniel) (Entered: 08/29/2006) |
| 09/07/2006 | ❍509 | RESPONSE in Opposition re 502 MOTION to Compel *ANDRIS PUKKE TO APPEAR FOR DEPOSITION PURSUANT TO STIPULATED FINAL JUDGMENT; REQUEST FOR SANCTIONS* filed by Andris Pukke.Replies due by 9/21/2006. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D# 5 Exhibit E# 6 Exhibit F)(Williams, John) (Entered: 09/07/2006) |
| 09/11/2006 | ❍510 | MEMORANDUM OPINION granting in part and denying in part 359 ; 477 Motion to Quash. Signed by Judge Charles B. Day on 9/11/06. (rank, Deputy Clerk) (Entered: 09/12/2006) |

| 09/18/2006 | 511 | REPLY to Response to Motion re 502 MOTION to Compel *ANDRIS PUKKE TO APPEAR FOR DEPOSITION PURSUANT TO STIPULATED FINAL JUDGMENT; REQUEST FOR SANCTIONS* filed by Robb Evans and Associates, LLC. (Johnson, Daniel) (Entered: 09/18/2006) |
| 09/19/2006 | 512 | FILED IN ERROR- MOTION to Appear Pro Hac Vice *of Malini Mithal* by Federal Trade Commission. (Morris, Lucy) Modified on 9/19/2006 (rank, Deputy Clerk).(to be filed in paper format) (Entered: 09/19/2006) |
| 09/19/2006 | 513 | NOTICE by Robb Evans and Associates, LLC re 508 MOTION for Other Relief *Motion by Receiver for Order Approving Purchase and Sale Agreement with Canyon Grill Enterprises, L.L.C. Order Approving Purchase and Sale Agreement with Canyon Grill Enterprises, L.L.C.* (Johnson, Daniel) (Entered: 09/19/2006) |
| 09/20/2006 | 514 | MOTION for Malini Mithal to Appear Pro Hac Vice by Federal Trade Commission. (elt, Deputy Clerk) (Entered: 09/20/2006) |
| 09/20/2006 | 515 | ORDER granting 514 Motion for Malini Mithal to Appear Pro Hac Vice. Signed by Clerk on 09/20/2006. (elt, Deputy Clerk) (Entered: 09/20/2006) |
| 09/20/2006 | 517 | ORDER granting in its entirety 508 Motion by the Receiver for the Purchase and Sale Agreement with Canoyn Grill Enterprises, L.L.C. ; Authorizing the Receiver to execute, acknowledge and deliver any and all greements, assignments, documents and instruments required, necessary or convenient to transfer Puck Key Investments L-1LLC's interest in Cannoyon Grill to Canyon Grill or its designee and otherwise complete, implement, effectuate and consummate the Purchase and Sale Agreement. Signed by Judge Peter J. Messitte on 9/20/06. (rank, Deputy Clerk) (Entered: 09/21/2006) |
| 09/21/2006 | 516 | REPLY to Response to Motion re 502 MOTION to Compel *ANDRIS PUKKE TO APPEAR FOR DEPOSITION PURSUANT TO STIPULATED FINAL JUDGMENT; REQUEST FOR SANCTIONS* filed by Federal Trade Commission. (Mithal, Malini) (Entered: 09/21/2006) |
| 09/25/2006 | 518 | MOTION to Withdraw *Specific Attorneys* by Federal Trade Commission. Responses due by 10/12/2006 (Attachments: # 1 Text of Proposed Order) (Brown, Allison) (Entered: 09/25/2006) |
| 09/26/2006 | 519 | STIPULATION *Regarding Confidentiality of Discovery Materials (Local Rule 104.13)* by Robb Evans and Associates, LLC. (Johnson, Daniel) (Entered: 09/26/2006) |
| 09/29/2006 | 520 | MOTION for Leave to File *Sur-Reply in Opposition to Receiver's Motion to Compel and Request for Sanctions* by Debtworks, Inc., Andris Pukke. Responses due by 10/16/2006 (Attachments: # 1 Sur-Reply)(Williams, John) (Entered: 09/29/2006) |
| 10/02/2006 | 521 | PAPERLESS ORDER APPROVING 519 Stipulation Regarding Confidentiality of Discovery Material. Signed by Judge Peter J. Messitte |

| | | |
|---|---|---|
| | | on 9/29/06. (Messitte. Peter) (Entered: 10/02/2006) |
| 10/13/2006 | 522 | PAPERLESS ORDER GRANTING 518 Motion to Withdraw Specific Attorneys. Signed by Judge Peter J. Messitte on 10/13/06. (Messitte, Peter) (Entered: 10/13/2006) |
| 10/17/2006 | 523 | STIPULATION *and Order Regarding Receiver's Interim Distribution of Settlement Funds* by Federal Trade Commission. (Brown, Allison) (Entered: 10/17/2006) |
| 10/20/2006 | 524 | NOTICE of Appearance by Christina Marleen Carroll on behalf of Robb Evans and Associates, LLC (Carroll, Christina) (Entered: 10/20/2006) |
| 10/23/2006 | 525 | MOTION for Other Relief *Application for Order to Show Cause as to Why Andris Pukke and Peter Baker Should Not be Held in Contempt of Court and for Related Relief* by Robb Evans and Associates, LLC. Responses due by 11/9/2006 (Attachments: # 1 Memorandum of Law# 2 Affidavit Declaration of Gary Owen Caris# 3 Affidavit Declaration of Brick Kane# 4 Affidavit Declaration of David Kempton# 5 Affidavit Declaration of Colin Medhurst# 6 Affidavit Declaration of Claudia Pott Sherman# 7 Text of Proposed Order Order to Show Cause)(Carroll, Christina) (Entered: 10/23/2006) |
| 10/23/2006 | 526 | NOTICE by Robb Evans and Associates, LLC re 525 MOTION for Other Relief *Application for Order to Show Cause as to Why Andris Pukke and Peter Baker Should Not be Held in Contempt of Court and for Related Relief Request for Judicial Notice in Support of Receiver's Application for Order to Show Cause as to Why Andris Pukke and Peter Baker Should Not be Held in Contempt of Court and For Related Relief* (Attachments: # 1 Appendix Appendix of Exhibits# 2 Exhibit 1 to Appendix of Exhibits# 3 Exhibit Exhibit 2 to Appendix of Exhibits# 4 Exhibit Exhibit 3 to Appendix of Exhibits# 5 Exhibit Exhibit 4 to Appendix of Exhibits# 6 Exhibit Exhibit 5 to Appendix of Exhibits# 7 Exhibit Exhibit 6 to Appendix of Exhibits# 8 Exhibit Exhibit 7 to Appendix of Exhibits# 9 Exhibit Exhibit 8 to Appendix of Exhibits# 10 Exhibit Exhibit 9 to Appendix of Exhibits# 11 Exhibit Exhibit 10 to Appendix of Exhibits# 12 Exhibit Exhibit 11 to Appendix of Exhibits# 13 Exhibit Exhibit 12 to Appendix of Exhibits# 14 Exhibit Exhibit 13 to Appendix of Exhibits# 15 Exhibit Exhibit 14 to Appendix of Exhibits# 16 Exhibit Exhibit 15 to Appendix of Exhibits# 17 Exhibit Exhibit 16 to Appendix of Exhibits# 18 Exhibit Exhibit 17 to Appendix of Exhibits# 19 Exhibit Exhibit 18 to Appendix of Exhibits# 20 Exhibit Exhibit 19 to Appendix of Exhibits# 21 Exhibit Exhibit 20 to Appendix of Exhibits# 22 Exhibit Exhibit 21 to Appendix of Exhibits# 23 Exhibit Exhibit 22 to Appendix of Exhibits# 24 Exhibit Exhibit 23 to Appendix of Exhibits# 25 Exhibit Exhibit 24 to Appendix of Exhibits# 26 Exhibit Exhibit 25 to Appendix of Exhibits# 27 Exhibit Exhibit 26 to Appendix of Exhibits# 28 Exhibit Exhibit 27 to Appendix of Exhibits# 29 Exhibit Exhibit 28 to Appendix of Exhibits# 30 Exhibit Exhibit 29 to Appendix of Exhibits# 31 Exhibit Exhibit 30 to Appendix of Exhibits# 32 Exhibit Exhibit 31 to Appendix of Exhibits# 33 Exhibit Exhibit 32 to Appendix of Exhibits# 34 Exhibit Exhibit 33 to Appendix of Exhibits# 35 Exhibit Exhibit 34 to |

|  |  | Appendix of Exhibits# <u>36</u> Exhibit Exhibit 35 to Appendix of Exhibits# <u>37</u> Exhibit Exhibit 36 to Appendix of Exhibits# <u>38</u> Exhibit Exhibit 37 to Appendix of Exhibits# <u>39</u> Exhibit Exhibit 38 to Appendix of Exhibits# <u>40</u> Exhibit Exhibit 39 to Appendix of Exhibits# <u>41</u> Exhibit Exhibit 40 to Appendix of Exhibits# <u>42</u> Exhibit Exhibit 41 to Appendix of Exhibits# <u>43</u> Exhibit Exhibit 42 to Appendix of Exhibits# <u>44</u> Exhibit Exhibit 43 to Appendix of Exhibits# <u>45</u> Exhibit Exhibit 44 to Appendix of Exhibits# <u>46</u> Exhibit Exhibit 45 to Appendix of Exhibits# <u>47</u> Exhibit Exhibit 46 to Appendix of Exhibits# <u>48</u> Exhibit Exhibit 47 to Appendix of Exhibits# <u>49</u> Exhibit Exhibit 48 to Appendix of Exhibits# <u>50</u> Exhibit Exhibit 49 to Appendix of Exhibits# <u>51</u> Exhibit Exhibit 50 to Appendix of Exhibits# <u>52</u> Exhibit Exhibit 51 to Appendix of Exhibits# <u>53</u> Exhibit Exhibit 52 to Appendix of Exhibits# <u>54</u> Exhibit Exhibit 53 to Appendix of Exhibits# <u>55</u> Exhibit Exhibit 54 to Appendix of Exhibits# <u>56</u> Exhibit Exhibit 55 to Appendix of Exhibits# <u>57</u> Exhibit Exhibit 56 to Appendix of Exhibits# <u>58</u> Exhibit Exhibit 57 to Appendix of Exhibits# <u>59</u> Exhibit Exhibit 58 to Appendix of Exhibits# <u>60</u> Exhibit Exhibit 59 to Appendix of Exhibits# <u>61</u> Exhibit Exhibit 60 to Appendix of Exhibits# <u>62</u> Exhibit Exhibit 61 to Appendix of Exhibits# <u>63</u> Exhibit Exhibit 62 to Appendix of Exhibits# <u>64</u> Exhibit Exhibit 63 to Appendix of Exhibits# <u>65</u> Exhibit Exhibit 64 to Appendix of Exhibits# <u>66</u> Exhibit Exhibit 65 to Appendix of Exhibits# <u>67</u> Exhibit Exhibit 66 to Appendix of Exhibits# <u>68</u> Exhibit Exhibit 67 to Appendix of Exhibits# <u>69</u> Exhibit Exhibit 68 to Appendix of Exhibits# <u>70</u> Exhibit Exhibit 69 to Appendix of Exhibits# <u>71</u> Exhibit Exhibit 70 to Appendix of Exhibits# <u>72</u> Exhibit Exhibit 71 to Appendix of Exhibits# <u>73</u> Exhibit Exhibit 72 to Appendix of Exhibits# <u>74</u> Exhibit Exhibit 73 to Appendix of Exhibits# <u>75</u> Exhibit Exhibit 74 to Appendix of Exhibits# <u>76</u> Exhibit Exhibit 75 to Appendix of Exhibits# <u>77</u> Exhibit Exhibit 76 to Appendix of Exhibits# <u>78</u> Exhibit Exhibit 77 to Appendix of Exhibits# <u>79</u> Exhibit Exhibit 78 to Appendix of Exhibits# <u>80</u> Exhibit Exhibit 79 to Appendix of Exhibits)(Carroll, Christina) Modified on 10/25/2006 (elt, Deputy Clerk). (Hard copy rec'd 10/24 - c/s to judge - FILED SEPARATELY) Modified on 10/25/2006 Reflect Exhibits no Errata (rank, Deputy Clerk). (Entered: 10/23/2006) |
| 10/24/2006 | ●<u>527</u> | ORDER granting Stipulation Regarding Receiver's Interm Distribution of Settlement Funds. Signed by Judge Peter J. Messitte on 10/23/2006. (elt, Deputy Clerk) (Entered: 10/24/2006) |
| 10/24/2006 | ●<u>528</u> | CERTIFICATE OF SERVICE by Robb Evans and Associates, LLC *of Documents Associated with Receiver's Application for Order to Show Cause re Contempt* (Carroll, Christina) (Entered: 10/24/2006) |
| 11/06/2006 | ●<u>529</u> | MOTION for Other Relief *for Order (1) Approving Receiver's Report for the Period January 1, 2006 Through June 23, 2006; and (2) Approving Receiver's and Attorneys' Fees and Expenses for Third Expense Period and Authorizing Payment Thereof* by Robb Evans and Associates, LLC. Responses due by 11/27/2006 (Attachments: # <u>1</u> Memorandum of Law# <u>2</u> Affidavit of Brick Kane with Exhibit 1 Attached# <u>3</u> Affidavit of Gary Owen Caris# <u>4</u> Appendix of Exhibits# <u>5</u> Exhibit No. 1# <u>6</u> Exhibit No. 2# <u>7</u> Exhibit No. 3# <u>8</u> Exhibit No. 4# <u>9</u> Exhibit No. 5# <u>10</u> Exhibit No. 6# <u>11</u> |

| | | |
|---|---|---|
| | | Exhibit No. 7)(Carroll, Christina) Modified on 11/8/2006 (elt, Deputy Clerk). (Lengthy exhibits received - filed separately) (Entered: 11/06/2006) |
| 11/06/2006 | ❏530 | CERTIFICATE OF SERVICE by Robb Evans and Associates, LLC re 529 MOTION for Other Relief *for Order (1) Approving Receiver's Report for the Period January 1, 2006 Through June 23, 2006; and (2) Approving Receiver's and Attorneys' Fees and Expenses for Third Expense Period and Authorizing Payment Th MOTION for Other Relief for Order (1) Approving Receiver's Report for the Period January 1, 2006 Through June 23, 2006; and (2) Approving Receiver's and Attorneys' Fees and Expenses for Third Expense Period and Authorizing Payment Th MOTION for Other Relief for Order (1) Approving Receiver's Report for the Period January 1, 2006 Through June 23, 2006; and (2) Approving Receiver's and Attorneys' Fees and Expenses for Third Expense Period and Authorizing Payment Th ereof* (Carroll, Christina) (Entered: 11/06/2006) |
| 11/06/2006 | ❏531 | MOTION for Order to Show Cause *Why Andris Pukke and Peter Baker Should Not Be Held in Contempt and for Related Relief* by Federal Trade Commission. Responses due by 11/27/2006 (Attachments: # 1 Affidavit Declaration of Andris Pukke# 2 Affidavit Affidavit for Receipt of Final Order)(Mithal, Malini) (Entered: 11/06/2006) |
| 11/07/2006 | ❏532 | PAPERLESS ORDER granting unopposed (487) Motion to Seal in case 8:03-cv-03317-PJM. Signed by Judge Charles B. Day on 11/07/2006. Associated Cases: 8:03-cv-03317-PJM, 8:05-cv-02362-PJM, 8:06-cv-02396-PJM, 8:06-mc-00012(Day, Charles) (Entered: 11/07/2006) |
| 11/17/2006 | ❏533 | Memorandum/ORDER summarizing rulings made during phone conference held today. Signed by Judge Peter J. Messitte on 11/17/2006. (elt, Deputy Clerk) (Entered: 11/17/2006) |
| 11/17/2006 | ❏534 | ORDER to Show Cause as to Why Andris Pukke and Peter Baker Should Not Be Held in Contempt of Court and for Related Relief, Defendant Andris Pukke and non-party Peter C. Baker shall appear in person before this Court for a hearing to be conducted at 10:00 am on February 6, 2007, written opposition or response to Show Cause shall be filed with the Court and served on counsel for the Receiver and the parties to this action on or before December 8, 2006; Reply to any written opposition or response may be filed by Receiver and served on opposing party and all parties on or before December 31, 2006; Service of this Order to Show Cause shall be effectuated by the Receiver on defendant and proposed contemnor Andris Pukke by no later than December 8, 2006, and service of this Order to Show Cause shall be effectuated by the Receiver to proposed non-party Peter C. Baker - Mr. Baker agrees to be available to accept service at his home in California on November 27, 2006. Signed by Judge Peter J. Messitte on 11/17/2006. (elt, Deputy Clerk) (Entered: 11/17/2006) |
| 11/29/2006 | ❏535 | NOTICE by Robb Evans and Associates, LLC re 529 MOTION for Other Relief *for Order (1) Approving Receiver's Report for the Period* |

| | | |
|---|---|---|
| | | *January 1, 2006 Through June 23, 2006; and (2) Approving Receiver's and Attorneys' Fees and Expenses for Third Expense Period and Authorizing Payment Th MOTION for Other Relief for Order (1) Approving Receiver's Report for the Period January 1, 2006 Through June 23, 2006; and (2) Approving Receiver's and Attorneys' Fees and Expenses for Third Expense Period and Authorizing Payment Th MOTION for Other Relief for Order (1) Approving Receiver's Report for the Period January 1, 2006 Through June 23, 2006; and (2) Approving Receiver's and Attorneys' Fees and Expenses for Third Expense Period and Authorizing Payment Th ereof [Proposed Order] (Carroll, Christina) (Entered: 11/29/2006)* |
| 12/04/2006 | ❍536 | PAPERLESS ORDER APPROVING 535 Receiver's Report for Period 1/1/06 through 6/23/06 and Receiver's and Attorneys' Fees and Expenses. Signed by Judge Peter J. Messitte on 12/1/06. (Messitte, Peter) (Entered: 12/04/2006) |
| 12/08/2006 | ❍537 | RESPONSE re 526 Notice (Other) filed by Andris Pukke. (Attachments: # 1 Exhibit A# 2 Exhibit B# 3 Exhibit C# 4 Exhibit D)(Williams, John) Modified on 12/11/2006 (elt, Deputy Clerk). (Entered: 12/08/2006) |
| 12/14/2006 | ❍538 | MOTION to Withdraw as Attorney. Responses due by 1/2/2007 (Attachments: # 1 Text of Proposed Order)(Williams, John) (Entered: 12/14/2006) |
| 12/15/2006 | ❍539 | PAPERLESS ORDER GRANTING 538 Motion to Withdraw as Attorney.. Signed by Judge Peter J. Messitte on 12/15/06. (Messitte, Peter) (Entered: 12/15/2006) |
| 12/22/2006 | ❍541 | PAPERLESS ORDER GRANTING 520 Motion for Leave to File Surreply. Signed by Judge Peter J. Messitte on 12/22/06. (Messitte, Peter) (Entered: 12/22/2006) |
| 12/28/2006 | ❍542 | REPLY to Response to Motion re 531 MOTION for Order to Show Cause *Why Andris Pukke and Peter Baker Should Not Be Held in Contempt and for Related Relief* filed by Robb Evans and Associates, LLC. (Carroll, Christina) (Entered: 12/28/2006) |
| 01/08/2007 | ❍543 | PRETRIAL MEMORANDUM by Andris Pukke. (Williams, John) (Entered: 01/08/2007) |
| 01/11/2007 | ❍ | Telephone Conference held on 1/11/2007 held before Judge Peter J. Messitte. (Court Reporter Marshall) (esp, Deputy Clerk) (Entered: 01/18/2007) |
| 01/16/2007 | ❍544 | PRETRIAL MEMORANDUM by Robb Evans and Associates, LLC. (Carroll, Christina) (Entered: 01/16/2007) |
| 01/16/2007 | ❍545 | PRETRIAL MEMORANDUM by Federal Trade Commission. (Mithal, Malini) (Entered: 01/16/2007) |
| 01/17/2007 | ❍546 | PRETRIAL MEMORANDUM by Andris Pukke. (Williams, John) (Entered: 01/17/2007) |

| 01/18/2007 | 🔵547 | ORDER parties should prepare to go forward as planned on February 6, 2007 on a nonjury basis. Signed by Judge Peter J. Messitte on 1/18/2007. (elt, Deputy Clerk) (Entered: 01/18/2007) |
| 01/31/2007 | 🔵548 | MOTION for Peter J. Romatowski to Appear Pro Hac Vice by Andris Pukke. (elt, Deputy Clerk) (Entered: 01/31/2007) |
| 01/31/2007 | 🔵549 | ORDER granting 548 Motion for Peter J. Romatowski to Appear Pro Hac Vice. Signed by Clerk on 1/31/2007. (elt, Deputy Clerk) (Entered: 01/31/2007) |
| 02/05/2007 | 🔵550 | Proposed Exhibit List *for Hearing on Civil Contempt Proceeding Against Andris Pukke and Peter C. Baker* by Robb Evans and Associates, LLC.. (Carroll, Christina) (Entered: 02/05/2007) |
| 02/05/2007 | 🔵551 | Proposed Exhibit List *Respondent's Exhibit List* by Andris Pukke.. (Williams, John) (Entered: 02/05/2007) |
| 02/06/2007 | 🔵 | Contempt Hearing - Day One held before Judge Peter J. Messitte as to Andris Pukke and Peter Baker.(Reporter: Marshall) (esp, Deputy Clerk) (Entered: 02/06/2007) |
| 02/07/2007 | 🔵 | Contempt hearing - Day 2 held before Judge Peter J. Messitte as to Andris Pukke and Peter Baker. (Reporter: Marshall) (esp, Deputy Clerk) (Entered: 02/07/2007) |
| 02/08/2007 | 🔵 | Contempt hearing - Day 3 held before Judge Peter J. Messitte as to Andris Pukke and Peter Baker.(Reporter: Marshall) (esp, Deputy Clerk) (Entered: 02/09/2007) |
| 02/09/2007 | 🔵 | Contempt hearing - Day 4 held before Judge Peter J. Messitte as to Andris Pukke and Peter Baker.(Reporter: Marshall) (esp, Deputy Clerk) (Entered: 02/09/2007) |
| 02/13/2007 | 🔵 | Contempt hearing - Day 5 held before Judge Peter J. Messitte as to Andris Pukke and Peter Baker.(Reporter: Marshall) (esp, Deputy Clerk) (Entered: 02/13/2007) |
| 02/14/2007 | 🔵 | Contempt Hearing - Day 6 before Judge Peter J. Messitte. (FTR Gold 4C - Derro until 11:02 a.m.; Court Reporter - O'Neill for remainder of day) (td, Deputy Clerk) (Entered: 02/14/2007) |
| 02/15/2007 | 🔵 | Contempt hearing - Day 7 held before Judge Peter J. Messitte as to Andris Pukke and Peter Baker.(Reporter: Marshall) (Entered: 02/15/2007) |
| 02/27/2007 | 🔵552 | MOTION for Other Relief *(Motion for Order Authorizing and Confirming Sale of Andris Pukke's Boat by Private Sale Pursuant to Modified Sale Procedures of 28 U.S.C. §§ 2001(b) and 2004)* by Robb Evans and Associates, LLC. Responses due by 3/16/2007 (Attachments: # 1 Memorandum of Law in Support of Receiver's Motion for Order Authorizing and Confirming Sale of Andris Pukke's Boat by Private Sale Pursuant to Modified Sale Procedures of 28 U.S.C. §§ 2001(b) and 2004# 2 Declaration of Kenton Johnson in Support of Motion by Receiver for |

| | | |
|---|---|---|
| | | Order Authorizing and Confirming Sale of Andris Pukke's Boat by Private Sale Pursuant to Modified Sale Procedures of 28 U.S.C. §§ 2001 (b) and 2004# 3 Text of Proposed Order)(Carroll, Christina) (Entered: 02/27/2007) |
| 03/01/2007 | 553 | TRANSCRIPT of Proceeding held on 2/14/07 before Judge Peter J. Messitte. (Electronic Recording portion) (krc, Deputy Clerk) (Entered: 03/01/2007) |
| 03/06/2007 | 554 | TRANSCRIPT of Proceedings held on February 6, 2007 before Judge Peter J. Messitte. Court Reporter: Linda C. Marshall. (FILED SEPARATELY) (elt, Deputy Clerk) (Entered: 03/06/2007) |
| 03/06/2007 | 555 | TRANSCRIPT of Proceedings held on February 7, 2007 before Judge Peter J. Messitte. Court Reporter: Linda C. Marshall. (FILED SEPARATELY) (elt, Deputy Clerk) (Entered: 03/06/2007) |
| 03/06/2007 | 556 | TRANSCRIPT of Proceedings held on February 8, 2007 before Judge Peter J. Messitte. Court Reporter: Linda C. Marshall. (FILED SEPARATELY) (elt, Deputy Clerk) (Entered: 03/06/2007) |
| 03/06/2007 | 557 | TRANSCRIPT of Proceedings held on February 9, 2007 before Judge Peter J. Messitte. Court Reporter: Linda C. Marshall. (FILED SEPARATELY) (elt, Deputy Clerk) (Entered: 03/06/2007) |
| 03/06/2007 | 558 | TRANSCRIPT of Proceedings held on February 13, 2007 before Judge Peter J. Messitte. Court Reporter: Linda C. Marshall. (FILED SEPARATELY) (elt, Deputy Clerk) (Entered: 03/06/2007) |
| 03/06/2007 | 559 | TRANSCRIPT of Proceedings held on February 15, 2007 before Judge Peter J. Messitte. Court Reporter: Linda C. Marshall. (FILED SEPARATELY) (elt, Deputy Clerk) (Entered: 03/06/2007) |
| 03/07/2007 | | Contempt Hearing - Day 8 held before Judge Peter J. Messitte as to Andris Pukke and Peter Baker. (Reporter: Marshall) (esp, Deputy Clerk) (Entered: 03/07/2007) |
| 03/08/2007 | | Contempt Hearing - Day 9 before Judge Peter J. Messitte as to Andris Pukke and Peter Baker.(Reporter: Marshall) (esp, Deputy Clerk) (Entered: 03/08/2007) |
| 03/14/2007 | | Contempt Hearing - Day 10 held before Judge Peter J. Messitte as to Andris Pukke and Peter Baker. (Court Reporter Marshall) (esp, Deputy Clerk) (Entered: 03/15/2007) |
| 03/14/2007 | | Oral Motion of defendants Andris Pukke and Peter Baker for Judgment as a matter of law - argued - "denied" for reasons stated on the record in open court before Judge Peter J. Messitte.(Reporter: Marshall) (esp, Deputy Clerk) (Entered: 03/15/2007) |
| 03/14/2007 | | Closing statements (Contempt hearing) of counsel as to defendants Andris Pukke and Peter Baker before Judge Peter J. Messitte.(Reporter: Marshall) (esp, Deputy Clerk) (Entered: 03/15/2007) |
| | | |

| 03/14/2007 | | Oral opinion rendered by Judge Peter J. Messitte re: contempt hearing as to defendants Andris Pukke and Peter Baker.(Reporter: Marshall) (esp, Deputy Clerk) (Entered: 03/15/2007) |
|---|---|---|
| 03/15/2007 | ❍560 | ORDER denying as Moot 502 MOTION to Compel Andris Pukke to Appear for Deposition Pursuant to Stipulated Final Judgment and request for Sanctions filed by Robb Evans and Associates, LLC. Signed by Judge Peter J. Messitte on 3/15/07. (aap, Deputy Clerk) (Entered: 03/15/2007) |
| 03/23/2007 | ❍561 | NOTICE by Robb Evans and Associates, LLC *Proposed Order Holding Andris Pukke and Peter Baker in Contempt of Court* (Carroll, Christina) (Entered: 03/23/2007) |
| 03/23/2007 | ❍562 | NOTICE by Robb Evans and Associates, LLC *of Proposed Order for Vesting and Control of Dolphin Development Company Limited and Proceeds in Receiver* (Carroll, Christina) (Entered: 03/23/2007) |
| 03/23/2007 | ❍563 | NOTICE by Robb Evans and Associates, LLC *of Proposed Order Compelling Janis Pukke to Turn Over Receivership Property* (Carroll, Christina) (Entered: 03/23/2007) |
| 03/23/2007 | ❍564 | TRANSCRIPT of Proceedings held on March 14, 2007 before Judge Peter J. Messitte. Court Reporter: Linda C. Marshall. (rank, Deputy Clerk) (Entered: 03/23/2007) |
| 03/23/2007 | ❍565 | CERTIFICATE OF SERVICE by Robb Evans and Associates, LLC re 561 Notice (Other), 563 Notice (Other), 562 Notice (Other) (Carroll, Christina) (Entered: 03/23/2007) |
| 03/23/2007 | ❍566 | ORDER granting 552 Motion for Order Authorizing and Confirming Sale of Andris Pukke's Boat bu Private Sale Pursuant to Modified Sale Procedures of 28 USC 2001(b) and 2004. Signed by Judge Peter J. Messitte on 3/22/2007. (elt, Deputy Clerk) (Entered: 03/23/2007) |
| 03/27/2007 | ❍567 | NOTICE by Robb Evans and Associates, LLC re 561 Notice (Other), 563 Notice (Other), 562 Notice (Other) *Response to Letters Dated March 26, 2007 From Counsel for Andris Pukke and Peter Baker and From Counsel for Janis Pukke with Respect to Proposed Contempt and Turnover Orders* (Attachments: # 1 Exhibit 1# 2 Exhibit 2)(Carroll, Christina) (Entered: 03/27/2007) |
| 03/28/2007 | ❍568 | MOTION to Withdraw as Attorney by Debtworks, Inc., Andris Pukke. Responses due by 4/16/2007 (Attachments: # 1 Text of Proposed Order) (Williams, John) (Entered: 03/28/2007) |
| 03/28/2007 | ❍569 | NOTICE by Federal Trade Commission re 561 Notice (Other), 563 Notice (Other), 562 Notice (Other) *Joinder in the Receiver's Response to Letters Dated March 26, 2007* (Mithal, Malini) (Entered: 03/28/2007) |
| 03/30/2007 | ❍570 | Correspondence from Jones Day dated 3/29/2007 in response to recent submissions from the Receiver and the FTC excoriating Respondents Andris Pukke and Peter Baker for providing comments to the draft orders filed with the Court by the Receiver. (elt, Deputy Clerk) (Entered: 03/30/2007) |

| 03/30/2007 | ●571 | ORDER holding Andris Pukke and Peter Baker in Contempt of Court. Signed by Judge Peter J. Messitte on 3/30/2007. (Attachments: # 1 Exhibit 1)(elt, Deputy Clerk) (Entered: 03/30/2007) |
| 03/30/2007 | ●572 | ORDER for Vesting and Control of Dolphin Development Company Limited and Proceeds in Receiver. Signed by Judge Peter J. Messitte on 3/30/2007. (elt, Deputy Clerk) (Entered: 03/30/2007) |
| 03/30/2007 | ●573 | ORDER Compelling Janis Pukke to Turn Over Receivership Property. Signed by Judge Peter J. Messitte on 3/30/2007. (Attachments: # 1 Exhibit 1)(elt, Deputy Clerk) (Entered: 03/30/2007) |
| 03/30/2007 | ●574 | MEMORANDUM to Counsel of Record re: Order Compelling Janis Pukke to Turn Over Property, Order Holding Andris Pukke and Peter Barker in Contempt of Court and Order for Vesting and Control of Dolphin Development Company Limited and Proceeds in Receiver. Signed by Judge Peter J. Messitte on 3/30/2007. (elt, Deputy Clerk) (Entered: 03/30/2007) |
| 04/04/2007 | ●575 | RESPONSE re 568 MOTION to Withdraw as Attorney *Receiver's Conditional Non-Opposition to Motion to Withdraw by Jones Day* filed by Robb Evans and Associates, LLC. (Attachments: # 1 Exhibit 1# 2 Exhibit 2# 3 Exhibit 3)(Carroll, Christina) (Entered: 04/04/2007) |
| 04/16/2007 | ●576 | RESPONSE to Motion re 568 MOTION to Withdraw as Attorney *Conditional Non-Opposition* filed by Federal Trade Commission.Replies due by 4/30/2007. (Mithal, Malini) (Entered: 04/16/2007) |
| 04/16/2007 | ●577 | REPLY to Response to Motion re 568 MOTION to Withdraw as Attorney filed by Debtworks, Inc., Andris Pukke. (Williams, John) (Entered: 04/16/2007) |
| 04/17/2007 | ●578 | Instructions to Clerk/Notice to All Parties-"Authorities" by Andris Pukke (ch, Deputy Clerk) (Entered: 04/18/2007) |
| 04/18/2007 | ●579 | ORDER denying (568) Motion to Withdraw as Attorney. in case 8:03-cv-03317-PJM; denying (28) Motion to Withdraw as Attorney. in case 8:06-cv-02396-PJM. Signed by Judge Peter J. Messitte on 4/17/2007. Associated Cases: 8:03-cv-03317-PJM, 8:06-cv-02396-PJM(elt, Deputy Clerk) (Entered: 04/18/2007) |
| 04/19/2007 | ●580 | NOTICE to All Parties, Claim of Rights; Declarations by Andris Pukke (elt, Deputy Clerk) (Entered: 04/19/2007) |
| 04/19/2007 | ●581 | MOTION (Demand) for Extension of Time to Respond by Andris Pukke. Responses due by 5/7/2007 (elt, Deputy Clerk) (Entered: 04/19/2007) |
| 04/19/2007 | ●582 | MOTION (Demand) for Abeyance of Action by Andris Pukke. Responses due by 5/7/2007 (elt, Deputy Clerk) (Entered: 04/19/2007) |
| 04/19/2007 | ●583 | MOTION for Reconsideration re 579 Order on Motion to Withdraw as Attorney,,, by Debtworks, Inc., Andris Pukke. Responses due by 5/7/2007 (Williams, John) (Entered: 04/19/2007) |

| 04/20/2007 | 584 | ORDER denying 581 Motion (Demand) for Extension of Time; denying 582 Motion (Demand) for Abeyance of Action. Signed by Judge Peter J. Messitte on 4/20/2007. (elt, Deputy Clerk) (Entered: 04/20/2007) |
|---|---|---|
| 04/24/2007 | 585 | MOTION for Order of Sale *OF TAFT CRESCENT, LOT #11.002, CENTERPORT, NEW YORK FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS AND APPROVING SALE PROCEDURES* by Robb Evans and Associates, LLC. Responses due by 5/11/2007 (Attachments: # 1 MEMORANDUM OF LAW IN SUPPORT OF RECEIVERS MOTION FOR ORDER AUTHORIZING AND CONFIRMING SALE OF TAFT CRESCENT, LOT #11.002, CENTERPORT, NEW YORK FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS AND APPROVING SALE PROCEDURES# 2 REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF RECEIVERS MOTION FOR ORDER AUTHORIZING AND CONFIRMING SALE OF TAFT CRESCENT, LOT #11.002, CENTERPORT, NEW YORK FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS AND APPROVING SALE PROCEDURES# 3 DECLARATION OF M. VAL MILLER IN SUPPORT OF RECEIVERS MOTION FOR ORDER AUTHORIZING AND CONFIRMING SALE OF TAFT CRESCENT, LOT #11.002, CENTERPORT, NEW YORK FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS AND APPROVING SALE PROCEDURES# 4 EXHIBITS TO DECLARATION OF M. VAL MILLER IN SUPPORT OF RECEIVERS MOTION FOR ORDER AUTHORIZING AND CONFIRMING SALE OF TAFT CRESCENT, LOT #11.002, CENTERPORT, NEW YORK FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS AND APPROVING SALE PROCEDURES)(Carroll, Christina) (Entered: 04/24/2007) |
| 04/25/2007 | 586 | RESPONSE in Opposition re 583 MOTION for Reconsideration re 579 Order on Motion to Withdraw as Attorney,,, filed by Robb Evans and Associates, LLC.Replies due by 5/9/2007. (Attachments: # 1 Exhibit 1# 2 Exhibit 2)(Carroll, Christina) (Entered: 04/25/2007) |
| 04/25/2007 | 587 | Challenge to Jurisdiction;Challenge to Standing by Andris Pukke (ch, Deputy Clerk) (Entered: 04/25/2007) |
| 04/25/2007 | 588 | CERTIFICATE OF SERVICE by Robb Evans and Associates, LLC re 585 MOTION for Order of Sale *OF TAFT CRESCENT, LOT #11.002, CENTERPORT, NEW YORK FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS AND APPROVING SALE PROCEDURES* (Carroll, Christina) (Entered: 04/25/2007) |
| 04/25/2007 | 589 | RESPONSE in Opposition re 583 MOTION for Reconsideration re 579 Order on Motion to Withdraw as Attorney,,, filed by Federal Trade Commission.Replies due by 5/9/2007. (Mithal, Malini) (Entered: 04/25/2007) |
| 04/27/2007 | 590 | Sealed Document. (aap, Deputy Clerk) Modified on 4/27/2007 (aap, Deputy Clerk). (Entered: 04/27/2007) |
| 04/27/2007 | 591 | Sealed Document. (aap, Deputy Clerk) (Entered: 04/27/2007) |

| 04/27/2007 | ❍592 | Sealed Document. (aap, Deputy Clerk) (Entered: 04/27/2007) |
|---|---|---|
| 04/27/2007 | ❍593 | Sealed Document. (aap, Deputy Clerk) (Entered: 04/27/2007) |
| 04/30/2007 | ❍594 | PAPERLESS CORRESPONDENCE to parties of record CONFIRMING that an IN-COURT STATUS CONFERENCE has been SCHEDULED for Wednesday, MAY 2, 2007 (at 2:00 p.m.) (Courtoom 4B). (Messitte, Peter) (Entered: 04/30/2007) |
| 04/30/2007 | ❍595 | NOTICE by Robb Evans and Associates, LLC re 583 MOTION for Reconsideration re 579 Order on Motion to Withdraw as Attorney,,, *ORDER MODIFYING ORDER DENYING MOTIONS TO WITHDRAW BY JONES DAY* (Carroll, Christina) (Entered: 04/30/2007) |
| 04/30/2007 | ❍596 | NOTICE by Robb Evans and Associates, LLC *RECEIVERS APPLICATION FOR SUPPLEMENTAL RELIEF UNDER ORDER HOLDING ANDRIS PUKKE AND PETER BAKER IN CONTEMPT OF COURT; REQUEST FOR IMMEDIATE INCARCERATION OF ANDRIS PUKKE AND PETER BAKER TO COERCE COMPLIANCE WITH COURT ORDERS* (Attachments: # 1 MEMORANDUM OF LAW IN SUPPORT OF RECEIVERS APPLICATION FOR SUPPLEMENTAL RELIEF UNDER ORDER HOLDING ANDRIS PUKKE AND PETER BAKER IN CONTEMPT OF COURT; REQUEST FOR IMMEDIATE INCARCERATION OF ANDRIS PUKKE AND PETER BAKER TO COERCE COMPLIANCE WITH COURT ORDERS# 2 Exhibit Declaration of M. Val Miller including exhibits# 3 Exhibit Declaration of Brick Kane including exhibits# 4 Exhibit Declaration of Gary Owen Caris including exhibits)(Carroll, Christina) (Entered: 04/30/2007) |
| 04/30/2007 | ❍597 | NOTICE by Federal Trade Commission *FTC's Application for Immediate Incarceration* (Mithal, Malini) (Entered: 04/30/2007) |
| 05/01/2007 | ❍598 | PAPERLESS CORRESPONDENCE to parties of record ADVISING that the hearing scheduled for May 2, 2007 at 2:00 p.m. and previously designated as an In-Court Status Conference should have been designated as a FURTHER HEARING ON THE CONTEMPT APPLICATION AND HEARING ON REQUEST FOR INCARCERATION. (Messitte, Peter) (Entered: 05/01/2007) |
| 05/02/2007 | ❍ | Hearing held before Judge Peter J. Messitte on Notice by Robb Evans and Associates, LLC Receivers Application for Supplemental Relief Under order holding Andris Pukke and Peter Baker in Contempt of Court; Request for Immediate Incarceration of Andris Pukke and Peter Baker to Coerce Compliance with Court Orders. (Paper No. 596) and Notice by Federal Trade Commission FTC's Application for Immediate Incarceration. (Paper No. 597) - argument of counsel -.(Reporter: Marshall) (esp, Deputy Clerk) (Entered: 05/02/2007) |
| 05/02/2007 | ❍599 | RECEIVER'S EXHIBIT LIST by Robb Evans and Associates, LLC. (esp, Deputy Clerk) (Entered: 05/03/2007) |
| 05/03/2007 | ❍600 | NOTICE OF APPEAL by Peter Baker, Andris Pukke (Filing Fee $455.00, received, 5/7/07 - receipt no. 84637009514) Appeal Record due |

| | | by 6/4/2007. (Williams, John) Modified on 5/8/2007 (krc, Deputy Clerk). (Entered: 05/03/2007) |
|---|---|---|
| 05/03/2007 | ❑601 | MOTION to Stay by Peter Baker, Andris Pukke. Responses due by 5/21/2007 (Williams, John) (Entered: 05/03/2007) |
| 05/04/2007 | ❑602 | NOTICE by Robb Evans and Associates, LLC re 596 Notice (Other), Notice (Other), Notice (Other), 597 Notice (Other) *Order for Immediate Incarceration of Andris Pukke and Peter Baker to Coerce Compliance with Court Orders* (Carroll, Christina) (Entered: 05/04/2007) |
| 05/04/2007 | ❑603 | Transmission of Notice of Appeal and Docket Sheet to US Court of Appeals re 600 Notice of Appeal. IMPORTANT NOTICE: To access forms which you are required to file with the United States Court of Appeals for the Fourth Circuit please go to http://www.ca4.uscourts.gov and click on Forms & Notices. (krc, Deputy Clerk) Additional attachment(s) added on 5/8/2007 (krc, Deputy Clerk). (Entered: 05/04/2007) |
| 05/04/2007 | ❑ | Assembled Electronic Record Transmitted to Fourth Circuit -- Initial (krc, Deputy Clerk) (Entered: 05/04/2007) |
| 05/04/2007 | ❑604 | ORDER Noting the Court has executed the Arrest Warrants on 4/27/07 for the Arest of Pukke and Baker; directing Pukke shall remain in custody of the U.S. Marshal until Pukke purges his contempt by complying with the Contempt Order; and directing Baker shall remain in the custody fo the U.S. Marshal until Baker purges his contempt by comploy with the Contempt Order. Signed by Judge Peter J. Messitte on 5/2/07. (2/cc usms 5/4/07 rk) (Attachments: # 1 Exhibit 1)(rank, Deputy Clerk) (Entered: 05/04/2007) |
| 05/04/2007 | ❑605 | Sealed Document. (elt, Deputy Clerk) (Entered: 05/04/2007) |
| 05/04/2007 | ❑606 | Sealed Document. (elt, Deputy Clerk) (Entered: 05/04/2007) |
| 05/04/2007 | ❑607 | PAPERLESS ORDER DENYING 601 Motion to Stay. Signed by Judge Peter J. Messitte on 5/4/07. (Messitte, Peter) (Entered: 05/04/2007) |
| 05/04/2007 | ❑ | Telephone Conference held on 5/04/2007 held before Judge Peter J. Messitte. (Court Reporter O'Neill.) (esp, Deputy Clerk) Modified on 5/25/2007 (esp, Deputy Clerk). (Entered: 05/25/2007) |
| 05/07/2007 | ❑608 | TRANSCRIPT of Telephone Conference held on 5/4/07 before Judge Judge Peter J. Messitte. Court Reporter: Sharon O'Neill, RMR. (chs, Deputy Clerk) (Entered: 05/08/2007) |
| 05/07/2007 | ❑ | USCA Case Number 07-1381 for 600 Notice of Appeal filed by Andris Pukke, Peter Baker. (Case Manager - Catherine A. Tyree) (krc, Deputy Clerk) (Entered: 05/08/2007) |
| 05/08/2007 | ❑609 | TRANSCRIPT of Proceedings held on May 2, 2007 before Judge Peter J. Messitte. Court Reporter: Linda C. Marshall. (FILED SEPARATELY) (elt, Deputy Clerk) (Entered: 05/08/2007) |
| 05/08/2007 | ❑610 | ORDER of USCA "DENYING" Appellants' motion for stay of the |

| | | USDC's incarceration Order on 5/4/07 as to 600 Notice of Appeal filed by Andris Pukke, Peter Baker (krc, Deputy Clerk) (Entered: 05/08/2007) |
|---|---|---|
| 05/09/2007 | 611 | NOTICE by Robb Evans and Associates, LLC re 585 MOTION for Order of Sale *OF TAFT CRESCENT, LOT #11.002, CENTERPORT, NEW YORK FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS AND APPROVING SALE PROCEDURES Proposed Order* (Carroll, Christina) (Entered: 05/09/2007) |
| 05/10/2007 | 612 | ORDER of USCA "GRANTING" Appellant's motion to amend the briefing schedule as to 600 Notice of Appeal filed by Andris Pukke, Peter Baker (krc, Deputy Clerk) (Entered: 05/11/2007) |
| 05/10/2007 | | Telephone Conference held on 5/10/2007 held before Judge Alexander Williams Jr. (Court Reporter Linda Marshall) (has, Deputy Clerk) (Entered: 05/11/2007) |
| 05/14/2007 | 613 | MEMORANDUM to Counsel of Record summarizing events of the last week regarding the continued incarceration of Andris Pukke and Peter Baker, and scheduling a telephone conference for May 15, 2007 at 4:00 p.m. to address the merits of continuing incarceration. Signed by Judge Alexander Williams Jr. on 5/14/2007. (elt, Deputy Clerk) (Entered: 05/14/2007) |
| 05/15/2007 | 614 | STIPULATION *for Conditional Release of Peter Baker From Incarceration Subject to Compliance with Court Orders* by Robb Evans and Associates, LLC. (Attachments: # 1 Text of Proposed Order ORDER APPROVING STIPULATION FOR CONDITIONAL RELEASE OF PETER BAKER FROM incarceration SUBJECT TO COMPLIANCE WITH COURT ORDERS AND DIRECTING IMMEDIATE, CONDITIONAL RELEASE FROM CONFINEMENT)(Caris, Gary) (Entered: 05/15/2007) |
| 05/15/2007 | 615 | ORDER approving the Baker Conditional Release Stipulation; that the United States Marshal's office is hereby directed to immediately and conditionally release Baker from custody in the Charles County Detention Center subject to re-incarceration if Baker fails to fully and strictly comply with the Contempt Order and the Incarceration Order; and that the Baker Conditional Release Stipulation and this Order shall not in any way limit or waive the Receiver's and the FTC's right to seek and obtain further permissible contempt remedies against Baker. Signed by Judge Alexander Williams Jr. on 05/15/2007. (elt, Deputy Clerk) (Entered: 05/15/2007) |
| 05/15/2007 | | Telephone Conference held on 5/15/2007 held before Judge Alexander Williams Jr. (Court Reporter Linda Marshall) (has, Deputy Clerk) (Entered: 05/16/2007) |
| 05/17/2007 | 616 | MOTION for Other Relief *RECEIVER'S MOTION FOR ORDER APPROVING RECEIVER'S AND ATTORNEYS' FEES AND EXPENSES FOR FOURTH EXPENSE PERIOD AND AUTHORIZING PAYMENT THEREOF* by Robb Evans and Associates, LLC. Responses due by 6/4/2007 (Attachments: # 1 Memorandum of Law In Support Thereof# 2 |

| | | Declaration of Gary Owen Caris# 3 Declaration of Brick Kane# 4 Appendix of Exhibits# 5 Exhibit 1# 6 Exhibit 2# 7 Exhibit 3# 8 Exhibit 4# 9 Exhibit 5# 10 Exhibit 6# 11 Exhibit 7# 12 Certificate of Service) (Carroll, Christina) (Entered: 05/17/2007) |
|---|---|---|
| 05/17/2007 | 617 | CERTIFICATE OF SERVICE by Robb Evans and Associates, LLC re 616 MOTION for Other Relief *RECEIVER'S MOTION FOR ORDER APPROVING RECEIVER'S AND ATTORNEYS' FEES AND EXPENSES FOR FOURTH EXPENSE PERIOD AND AUTHORIZING PAYMENT THEREOF (Certificate of Service of Receiver's Lengthy Exhibits Filed in Paper Format)* (Caris, Gary) Modified on 5/18/2007 (aap, Deputy Clerk). (Hard Copy rec'd 5/18/07) (Entered: 05/17/2007) |
| 05/22/2007 | 618 | (FILED IN ERROR - Certificate of Service to be removed per guidance from chambers) ORDER granting 585 Motion for Order of Sale. Signed by Judge Peter J. Messitte on 5/22/07. (aap, Deputy Clerk) Modified on 5/23/2007 (aap, Deputy Clerk). (Entered: 05/22/2007) |
| 05/22/2007 | 619 | ORDER granting re 585 MOTION for Order of Sale OF TAFT CRESCENT, LOT #11.002, CENTERPORT, NEW YORK FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS AND APPROVING SALE PROCEDURES filed by Robb Evans and Associates, LLC. Signed by Judge Peter J. Messitte on 5/22/07. (aap, Deputy Clerk) Additional attachment(s) added on 6/1/2007 (elt, Deputy Clerk). (Entered: 05/23/2007) |
| 05/22/2007 | 621 | ORDER of USCA "DISMISSING" Appellant's unopposed motion to dismiss this appeal as to 600 Notice of Appeal filed by Andris Pukke, Peter Baker (krc, Deputy Clerk) (Entered: 05/23/2007) |
| 05/23/2007 | 620 | STATUS REPORT *Interim Status Report Following Order for Immediate Incarceration of Andris Pukke and Peter Baker to Coerce Compliance With Court Orders* by Robb Evans and Associates, LLC. (Attachments: # 1 Exhibit 1# 2 Exhibit 2# 3 Exhibit 3# 4 Exhibit 4) (Carroll, Christina) (Entered: 05/23/2007) |
| 05/30/2007 | 622 | STIPULATION re 604 Order, *for Conditional Release of Andris Pukke From Incarceration Subject to Compliance With Court Orders* by Robb Evans and Associates, LLC. (Carroll, Christina) (Entered: 05/30/2007) |
| 05/30/2007 | 623 | NOTICE by Robb Evans and Associates, LLC re 604 Order, *Proposed Order Approving Stipulation for Conditional Release of Andris Pukke From Incarceration Subject to Compliance With Court Orders* (Carroll, Christina) (Entered: 05/30/2007) |
| 05/31/2007 | 624 | NOTICE by Robb Evans and Associates, LLC re 604 Order, *Proposed Order for Release of Andris Pukke From Incarceration Pursuant to Order Approving Stipulation for Conditional Release of Andris Pukke From Incarceration Subject to Compliance With Court Orders* (Carroll, Christina) (Entered: 05/31/2007) |
| 05/31/2007 | 625 | ORDER Approving Stipulation for Conditional Release of Andris Pukke from incarceration subject to compliance with Court Orders. Signed by |

| | | |
|---|---|---|
| | | Judge Peter J. Messitte on 05/31/2007. (Attachments: # 1 Exhibit 1)(elt, Deputy Clerk) (Entered: 05/31/2007) |
| 05/31/2007 | ❍626 | ORDER for Release of Andris Pukke from incarceration pursuant to Order approving stipulation for conditional release of Andris Pukke from incarceration subject to compliance with Court Orders. Signed by Judge Peter J. Messitte on 5/31/2007. (elt, Deputy Clerk) (Entered: 05/31/2007) |
| 06/04/2007 | ❍627 | MANDATE of USCA (certified copy) Order as to 600 Notice of Appeal filed by Andris Pukke, Peter Baker (Attachments: #(1) Order)(krc, Deputy Clerk) (Entered: 06/04/2007) |
| 06/05/2007 | ❍628 | NOTICE by Robb Evans and Associates, LLC re 616 MOTION for Other Relief *RECEIVER'S MOTION FOR ORDER APPROVING RECEIVER'S AND ATTORNEYS' FEES AND EXPENSES FOR FOURTH EXPENSE PERIOD AND AUTHORIZING PAYMENT THEREOF (Proposed Order Granting Motion)* (Carroll, Christina) (Entered: 06/05/2007) |
| 06/05/2007 | ❍629 | ORDER granting 616 MOTION for Other Relief RECEIVER'S MOTION FOR ORDER APPROVING RECEIVER'S AND ATTORNEYS' FEES AND EXPENSES FOR FOURTH EXPENSE PERIOD AND AUTHORIZING PAYMENT THEREOF; further ORDERED that the fees and expenses of the Receiver, the Receiver's staff and Receiver's attorneys for the period of October 1, 2006 through March 31, 2006("Fourth Expense Period") described in detail in the Receiver's Fee Motion are hereby approved, and the Court hereby authorizes payment thereof as requestd in Fee Motion. Signed by Judge Peter J. Messitte on 6/5/07. (aap, Deputy Clerk) Additional attachment(s) added on 6/6/2007 (aap, Deputy Clerk). (Entered: 06/06/2007) |